WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
James C. Wyly (*Pro Hac Vice*)
Email: jwyly@wylyrommel.com
2311 Moores Lane
Texarkana, Texas 75503
(903) 334-8646 (Telephone)
(903) 334-8645 (Fax)

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
Email: rlutz@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

*Attorneys for Plaintiff*

COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
MACO STEWART (288999) (maco.stewart@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Google Inc.*

Additional Counsel on Signature Page

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE INC. GMAIL LITIGATION | Case No.: 5:13-MD-002430-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        April 18, 2013<br>Time:        1:30 p.m.<br>Judge:       Hon. Lucy H. Koh<br>Location:   Courtroom 5 – 4th Floor |

The Consolidated Plaintiffs (hereinafter "Plaintiffs") and Defendant Google Inc. ("Google") hereby submit their Joint Case Management Statement pursuant to Civil Local Rule 16-9, the applicable Standing Order, and this Court's April 15, 2013 Order.

**1.    Jurisdiction and Service**

Pursuant to the Transfer Order dated April 1, 2013, from the United States Judicial Panel on Multidistrict Litigation, and 28 U.S.C. § 1407, the following cases were transferred to this Court for coordinated or consolidated pretrial proceedings: *Keith Dunbar v. Google, Inc.*, C.A. No. 5:12-03305, Northern District of California; *Brad Scott, et al. v. Google, Inc*., C.A. No. 5:12-03413,Northern District of California; *Brent Matthew Scott v. Google, Inc.*, C.A. No. 4:12-00614, Northern District of Florida ("*Scott* II"); *A.K. v. Google, Inc.*, C.A. No. 3:12-01179, Southern District of Illinois; *Matthew C. Knowles v. Google, Inc.*, C.A. No. 1:12-02022, District of Maryland; and *Kristen Brinkman v. Google, Inc.*, C.A. No. 2:12-06699, Eastern District of Pennsylvania.  As to all of the cases, service is complete.  The Court has subject matter jurisdiction over the cases pursuant to (1) 28 U.S.C. § 1331, in that the claims of Plaintiffs *Dunbar* and *A.K.* arise under the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510 *et seq.,* a law of the United States; and (2) the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), in that the claims of Plaintiffs *Scott, Scott II, Knowles,* and *Brinkman* are brought on behalf of citizens of states different than Google and the amounts in controversy exceed $5,000,000, exclusive of interests and costs.

**2.    Factual & Procedural Background of Action**

*Plaintiffs' Position:*

Google operates a popular email service known as Gmail, through which users send and receive email messages.  Before a Gmail user ever opens an email message from their inbox, Google reads the content of all email messages sent from others to the Gmail user through a series of distinct and separate devices.  These distinct devices have different applications. During the process of delivering the email message to the Gmail user, the individual devices scan the entirety of the email message to acquire its content.

While the email is in transit or during its transmission to the Gmail recipient, Google reads the entire email to collect important, or in Google's words, "interesting," content, and then uses that content to create or generate information called "metadata." The generated metadata, consists of at least two types (1) "keywords" (captured words or phrases) and (2) associated PHIL clusters (inferred meaning from the particular words or phrases). Google uses the metadata for various purposes. One particular device within Gmail uses the metadata for the application of targeted advertising. However, regardless of whether Google displays targeted advertising with the email message, the distinct devices still scan the content from the email message. These actions apply to all incoming messages to Gmail users.

Plaintiffs have not determined whether Google scans outgoing messages because Google has taken inconsistent positions in discovery in the *Dunbar* case and has not produced documents on this topic. Whether Google applies the distinct devices and their scanning to those outgoing emails must be answered through discovery.

The content of these incoming intercepted emails has value to Google because Google considers the emails indicative of the thought processes of the Gmail user. While Google routinely pays third parties for the same type of data and content, Google avoids paying further "traffic acquisition costs" by intercepting messages to Gmail users.

This case does not involve Google's scanning of emails for spam, viruses, malware, or other processes necessary to ensure the email is safe to deliver. That type of scanning occurs in different processes and in separate devices.

There are two types of Gmail users: (1) regular Gmail users who receive content-based advertising within Gmail; and, (2) Google Apps users who do not receive content-based advertising within Gmail.

Although some Google Apps users like Cable One Google Apps users don't receive content-based advertising, Google still extracts and uses the meaning and content of their incoming emails. However, Google never discloses that it is intercepting the incoming email to the Google Apps user. In fact, the Google Apps Terms of Service prohibit the very scanning at issue here.

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1    While Google claims that it discloses the scanning of email content for the purpose of

2    targeted advertising within Gmail, Google never informs the user that it acquires the content

3    during an "interception."   Google never discloses to Gmail users at what point in time the

4    scanning occurs, i.e. during the transmission process, after receipt in the Gmail users' inboxes, or

5    when the Gmail users display the messages on their screen.  Accordingly, Google never discloses

6    an actual "interception" to which it can obtain consent.

7    Google falsely asserts that it only reviews static "keywords" and omits that it actually

8    extracts information to determine meaning through PHIL.  Google falsely claims no humans read

9    the emails, when in fact Google engineers routinely examine the extracted metadata.   While

10    Google's disclosures only mention advertising with the email, Google fails to tell the Gmail user

11    that it builds user profiles and uses the content of the email for functions beyond advertising and

12    Gmail.  Because Google has not disclosed that it reads intercepted email, its "disclosures" are

13    false, ambiguous at best, and in violation of its user agreements.

14    a.    *Keith Dunbar v. Google, Inc.*, C.A. No. 5:12-03305:  The Third Amended

15    Complaint is the operative pleading and is settled.    Dunbar's Motion for Class

16    Certification is pending and fully briefed.

17    b.    *Brad Scott, et al. v. Google, Inc.*, C.A. No. 5:12-03413:    The First

18    Amended Complaint is the operative pleading.   Google's Motion to Dismiss is pending

19    and fully briefed.  The Court set the Motion and a case management conference for July

20    25, 2013.

21    c.    *Brent Matthew Scott v. Google, Inc.*, C.A. No. 4:12-00614:   The Class

22    Action Complaint filed on November 29, 2012, is the operative pleading.  No motions are

23    currently pending.  By agreement among the parties, Defendant has not filed a responsive

24    pleading.

25    d.    *A.K. v. Google, Inc.*, C.A. No. 3:12-01179: The *A.K.* case is a class action

26    brought on behalf of a national class of minor Gmail users under E.C.P.A. and the Illinois

27    state analogue.[1]    The Class Action Complaint filed on November 15, 2012, is the

---

28    [1]    The *A.K.* case is  the only case before the Court: (1) brought on behalf of Gmail users;
and (2) brought on behalf of minors.

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

operative pleading.  By agreed motion and order, Google has not filed an answer or otherwise responded.

   e.   *Matthew C. Knowles v. Google, Inc.*, C.A. No. 1:12-02022:  The Class Action Complaint filed on July 9, 2012, is the operative pleading.  Currently pending is Google's Motion to Dismiss or, in the alternative, stay Plaintiff's Class Action Complaint.  Plaintiff filed a Response to this Motion.  By agreement among the parties, Defendant has not filed a Reply.

   f.   *Kristen Brinkman v. Google, Inc.*, C.A. No. 2:12-06699:  The Class Action Complaint filed on November 30, 2012, is the operative pleading.  No motions are currently pending.  By agreement among the parties, Defendant has not filed a responsive pleading.

***Google's Position:***

This matter involves Gmail: Google's free, web-based email service.  Google launched Gmail in 2004 and it is now used by over 400 million users worldwide.  Like all email services, the Gmail system applies automated processing to emails for various purposes.  This includes scanning email messages to filter out spam, to detect computer viruses, and to provide various helpful features to Gmail users, including functions that allow users to search their email messages, forward messages to other email accounts, send auto-responses, automatically flag important messages, and automatically prioritize selected messages in their inboxes, among others.

Automated processing is also applied to provide more relevant advertising to Gmail users.  Google includes small ads in the Gmail interface and uses the revenue to offset the cost of providing Gmail as a free service.  To make these ads more relevant to users, Google sometimes matches the ads to terms in the user's email messages.  For example, Mr. Dunbar testified that when he sent emails to a Gmail account, an email mentioning "pizza" was accompanied by an ad for pizza.  These processes are automated and involve no human review (any engineering testing of these processes is done on internal Google emails or emails for which Google obtains express

consent to use).  Google also does not share any personally identifiable information from emails with any third-party, including advertisers.

To use Gmail, users must agree to Google's Terms of Service ("TOS") and the incorporated Privacy Policy.  Pursuant to the TOS and Privacy Policy, all Gmail users agree to the processing and use of email text to deliver Google services, including the display of advertisements and other features in Gmail.   Google Apps users agree to the same Privacy Policy, and also agree to Google's Google Apps Terms of Service, which similarly provides for explicit consent to the processing and use of emails for purposes of delivering advertising, similar to the general Google TOS.

In addition to these contractual terms, Google has fully disclosed, in public sources available to Gmail users *and* non-users, the automated processing of emails in the Gmail system. Several of these disclosures are detailed in the class certification briefing in the *Dunbar* matter. In addition, since the inception of Gmail in 2004, numerous *non*-Google sources in various media channels have publicly discussed the automated processing in Gmail generally and the scanning of emails to deliver advertisements specifically.

Google disputes Plaintiffs' characterizations of facts and denies that there is any liability under any theory for the automated processing applied in Gmail.

**3.**  **Legal Issues**

*Plaintiffs' Position:*

Plaintiffs request class treatment.  The legal issues applicable to both the individual claims and claims of the Class(es) include:

### ECPA Claims

a.   Whether Google intentionally intercepted, endeavored to intercept, or procured any other person to intercept or endeavor to intercept the electronic communications "sent" by Plaintiffs and the Class Members to Gmail users and those "received" by Plaintiff and Class Members?  Included in this common question(s) are the following common questions regarding the elements of 18 U.S.C. § 2511(1)(a) and § 2520 and various state law claims, which are based upon the statutory definitions:

i.     Whether Plaintiffs' and Class Members' "sent" and "received" emails were electronic communications?

ii.     Whether Google used an electronic, mechanical, or other device?

iii.     Whether Google acquired any content of the emails?

iv.     Whether that content amounted to any information concerning the substance, purport, or meaning of the emails?

v.     Whether Google acted intentionally?

vi.     Whether statutory damages against Google should be assessed? and,

vii.     Whether injunctive and declaratory relief against Google should be issued?

b.     Whether Google intentionally used, or endeavored to use, the contents of the Plaintiffs' and Class Members' "sent" and "received" electronic communications knowing or having reason to know that the information was obtained through the interception of the electronic communication in violation of 28 U.S.C. § 2511(1) and the various state law claims?

Included in this common question(s) are the same common questions cited in (a.) above regarding the elements of 18 U.S.C. § 2511(1)(d), § 2520, and state law claims which are based upon the statutory definitions.

c.     Whether the "ordinary course of business" exception granted to an "electronic communication service" provider extends to activities that do not relate to the "ability to send or receive electronic communications"?

d.     Whether the "necessary incident to the rendition of service" exception granted to employees of an "electronic communication service" provider extends to activities that do not relate to the "ability to send and receive electronic communications"?

e.     Whether Plaintiffs and Class Members consent to Google's interception and use of "sent" email content?

f.      Whether Gmail users consent to the interception and use of "received" email content?

## California Invasion of Privacy § 631 Claims

g.      Whether Google, as a corporation, is a "person?"

h.      Whether Google uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiffs' and the Class Members' emails.

i.      Whether, at the time when Google reads, attempts to read, or to learn the content or meaning of Plaintiffs' and Class Members' emails, Google acts willfully.

j.      Whether, at the time when Google reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' emails, Google has the consent of all parties to the communication or does it act in an unauthorized manner?

k.      Whether Google's scanning, processing, or copying of Plaintiffs' and Class Members' email amounts to Google reading, attempting to read, or learning the content or meaning of Plaintiffs' and Class Members' emails.

l.      Whether Plaintiffs' and Class Members' emails amount to "any message, report, or communication?"

m.      Whether, at the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' emails, the emails are in transit to the Gmail recipients?

n.      Whether, at the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' emails, the emails are passing over any wire, line, or cable?

## California Invasion of Privacy § 632 Claims

o.      Whether Google, as a corporation, is a "person?"

p.      Whether Google intentionally and without the consent of all parties to the communication eavesdrops upon or records Plaintiffs' and Class Members' emails sent to Gmail recipients?

1       q.    Whether Google uses any electronic amplifying or recording device to

2  eavesdrop upon Plaintiffs' and Class Members' emails sent to Gmail recipients?

3       r.    Whether the emails sent by Plaintiffs and Class Members to Gmail

4  recipients are confidential communications?

5       s.    Whether the emails sent by Plaintiffs and Class Members to Gmail

6  recipients are carried on among those parties by means of a device not a radio?

7  ***Google's Position:***

8  Without waiving any arguments or positions, Google identifies the following legal

9  issues:

10       a.    Whether the express consent defense under the Federal Wiretap Act and

11  related statutory claims applies in light of Google's contractual terms with its users.

12       b.    Whether the implied consent defense under the Federal Wiretap Act and

13  related statutory claims applies in light of the various Google and non-Google sources

14  that have disclosed the automated processing applied in the Gmail system.

15       c.    Whether the Stored Communications Act, 18 U.S.C. §§ 2701-2712,

16  authorizes Google, as a provider of an "electronic communications service" ("ECS") to

17  apply automated processing to emails sent to its systems. *See* 18 U.S.C. §§ 2701(c)(1),

18  2702(b) (generally authorizing an ECS provider to receive, store, and access electronic

19  communications).

20       d.    Whether the "ordinary course of business" exception of the Federal

21  Wiretap Act and related statutory claims applies to Google's use of automated processing

22  to provide various Gmail features. *See* 18 U.S.C. § 2510(5)(a)(ii) (exempting from

23  liability devices used by ECS providers in the ordinary course of their businesses).

24       e.    With respect to certain state statutory claims, whether there was a

25  reasonable expectation of privacy as to a particular email communication alleged to be at

26  issue.

27       f.    With respect to certain statutory claims including the California Invasion

28  of Privacy Act ("CIPA"), whether emails are covered at all within the terms of the

statute.  *See* November 9, 2012 Order Granting Demurrer, *Diamond v. Google Inc.*, Case No. CIV-1202715 (Marin County Superior Court) (holding that CIPA does not apply to emails).

        g.     What state law applies with respect to the overlapping claims in *Scott* (which applies California law to a nationwide class outside of California), *Knowles* (which applies Maryland law to a Maryland class), *Brinkman* (which applies Pennsylvania law to a Pennsylvania class), and *Scott II* (which applies Florida law to a Florida class).

        h.     Whether federal law preempts the state law claims.

        i.     For certain state statutory claims, whether the statute provides for a civil remedy in an action brought by a private plaintiff.

        j.     As to common law claims under state law, whether plaintiffs have stated sufficient facts to state a claim.

With respect to class certification issues, Google disputes that any of the proposed classes in the various matters can be certified consistent with the requirements of Rule 23.  Among other problems, Rule 23(b)(3)'s requirements of predominance and superiority cannot be met given the individualized issues that would be needed to (1) ascertain the proposed classes, particularly with respect to the proposed classes of non-Gmail users, (2) resolve whether the various statutory consent defenses apply to any particular email communication, (3) determine whether the particular form(s) of automated processing that Plaintiffs claim to be improper were applied to a specific email, and (4) resolve damages issues, among other issues that prevent class certification.

**4.**    **Motions**

***Plaintiff's Position:***

Dunbar's Motion for Class Certification is fully briefed and pending.  On April 8, 2013, the Court ordered the Parties to file a joint status report providing the Parties' position on how the *Dunbar* case should proceed in light of the MDL Panel's Order.  (Doc. 279.)  On April 10, 2013, the Parties filed a Joint Status Report indicating the Parties were prepared to move forward

1   with the *Dunbar* class certification hearing scheduled for April 18, 2013.  (Doc. 280.)  On April

2   15, 2013, the Court continued the hearing on Plaintiff *Dunbar's* Motion for Class Certification

3   and set a case management conference for all consolidated cases for April 18, 2013.  (Doc. 282.)

4   In that Order, the Court asked whether the Court should proceed with the *Dunbar* class

5   certification motion separately from the other cases.   *Dunbar* Counsel conferred with

6   Consolidated Plaintiffs' Counsel and reached a consensus that *Dunbar* should proceed with class

7   certification motion separately from the other cases.   *Dunbar* Counsel and Google Counsel

8   reached the same consensus.   As such, both Dunbar's Counsel and Google's Counsel are

9   prepared to proceed with the hearing on Dunbar's Motion For Class Certification; or, if the Court

10  is not inclined to hear Dunbar's Motion separately, the Parties are prepared to proceed in

11  accordance with the Court's instructions.

12                    **Pending Motions in Consolidated Cases**

13                        ***(Non-Administrative only)***

14  *Dunbar v. Google, Inc.*, 5:12-cv-03305 *Filed on:* 11/17/2010

15          (Doc. 249) Plaintiff's Motion For Class Certification (*1/28/13*)

16  *Scott, et al. v. Google, Inc.*, 5:12-cv-03413 *Filed on*: 06/29/2012

17          (Doc. 42) Google's Motion to Dismiss Plaintiff's First Amended Class Action Complaint

18          (*10/10/12*)

19  *Knowles v. Google, Inc.*, 5:12-cv-01601 *Filed on*: 07/09/2012

20          (Doc. 24) Google's Motion to Dismiss or, in the alternative, Stay Plaintiff's Class Action

21          Complaint (*11/9/12*).  No reply brief has been filed by agreement.

22  *A.K. v. Google, Inc.*, 5:13-cv-01600 *Filed on*: 11/15/2012

23          No pending motions, no responsive pleading filed by Defendant by agreement.

24  *Brent Scott v. Google, Inc.*, 5:13-cv-01599 *Filed on*: 11/29/2012

25          No pending motions, no responsive pleading filed by Defendant by agreement.

26  *Brinkman v. Google, Inc.*, 5:13-md-02430 *Filed on*: 11/30/2012

27          No pending motions, no responsive pleading filed by Defendant by agreement.

28  ***Google's Position:***

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
10

1    Google believes that Plaintiffs should file a consolidated complaint, as noted in Section 5,

2    below.  Google intends to file a motion to dismiss that complaint.  If Plaintiffs do not file a

3    consolidated complaint, Google intends to move to dismiss (or complete briefing on its pending

4    motions to dismiss) the individual complaints.  In the *AK v. Google Inc.*, *Brinkman v. Google*

5    *Inc.*, and Florida *Scott v. Google Inc.* actions, the parties have not yet briefed Google's motion to

6    dismiss.  In the *Knowles v. Google Inc.* matter, Google filed a motion to dismiss and the plaintiff

7    filed an opposition, but the case was stayed before Google filed its reply.  In the California *Scott*

8    *v. Google Inc.* action, Google's motion to dismiss has been fully briefed, but the parties agreed to

9    defer the hearing on Google's motion pending the MDL Panel's decision.

10        **5.    Consolidated Complaint and Response or Amendment of Pleadings**

11   *Plaintiffs' Position:*

12        Plaintiffs are not convinced that a Consolidated Complaint is the most advantageous

13   procedural vehicle for orderly management of the Consolidated Actions and will be prepared to

14   discuss the reasons for Plaintiffs concerns at the Case Management Conference.  If the Court

15   desires to proceed with just coordinated discovery, Plaintiffs offer their position in Section 7

16   regarding Discovery Matters.

17        In the event the Court orders a Consolidated Complaint, Plaintiffs request twenty eight

18   days from the date of that order to file a Consolidated Complaint.  Plaintiffs also request that the

19   Order requiring the Consolidated Complaint: (1) deem the Consolidated Complaint Plaintiffs'

20   initial filing for purposes of Fed. R. Civ. P. 15(a); (2) relate the Consolidated Complaint back to

21   the date of the first-filed action, *Dunbar v. Google, Inc.,* 5:10-cv-03305-LHK; (3) relieve Google

22   from all obligations to answer, move, or otherwise plead in response to the previously-filed

23   Complaints; and, (4) adopt the following schedule for the pleadings:

24        a.    Within twenty eight (28) days of service, Google shall answer, move, or

25        otherwise plead in response to the Consolidated Complaint.  If Google responds with a

26        motion to dismiss:

27            i.    Google shall file a single consolidated motion and memorandum of

28            points and authorities, not exceeding forty pages in length.

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

ii.     Plaintiffs shall file a single consolidated opposition and memorandum of points and authorities within twenty-eight days, not exceeding forty pages in length.

iii.    Google may file a single consolidated reply and memorandum of points and authorities within fourteen days, not exceeding twenty pages in length.

iv.     No further pleading challenges are allowed for the *Dunbar* action.

In the event that the Court does not order a Consolidated Complaint, Plaintiffs request twenty eight days in which to file the Amended Complaints.

**Google's Position:**

Google believes that a single consolidated complaint should be filed in the MDL proceeding in order to streamline further motion practice and to help focus discovery going forward. Among other benefits, a consolidated complaint will clarify the alleged facts and issues that are common to all pending matters for purposes of defining the scope of coordinated discovery in the MDL proceeding. In addition, a consolidated complaint will streamline motion practice at both the pleading and class certification stages. Absent a consolidated complaint, the Court and the parties would have to address potentially six separate motions at each phase, creating duplicative efforts on overlapping issues and potential confusion.

The inclusion of the current *Dunbar* claims as part of a consolidated complaint would not impact the current class certification motion, since the proposed class in *Dunbar* can be identified as a discrete subclass in the consolidated complaint and the result of the class certification motion would then be binding as to that proposed subclass. Regardless of whether or not a consolidated complaint is ordered, Google reserves the right to file a Rule 12(c) motion for judgment on the pleadings with respect to the *Dunbar* claims.

In the event the Court order the filing of a consolidated complaint, Google proposes the following schedule:

| Deadline for Plaintiffs to file Consolidated Complaint | 28 days after Court orders that Plaintiffs file Consolidated Complaint |
| --- | --- |

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

| Deadline for Google's Motion to Dismiss Consolidated Complaint | 28 days after Plaintiffs file their Consolidated Complaint |
|---|---|
| Deadline to file any Opposition to Google's Motion to Dismiss | 28 days after Google files its Motion to Dismiss |
| Deadline to file any Reply to Motion to Dismiss | 21 days after deadline to file Opposition to Motion to Dismiss<br><br>The hearing to be set at the Court's convenience. |

With respect to Plaintiffs' proposed page limits for the motion to dismiss briefing, Google agrees that additional pages should be permitted beyond the default page limits contemplated by the Northern District Local Rules but cannot take a position on the precise page extensions until it is able to review the consolidated complaint.

Google disputes that any consolidated complaint would relate back to the filing date of the original Dunbar complaint under Rule 15 or be deemed an initial complaint under Rule 15(a).

**6.      Evidence Preservation**

*Plaintiffs' Position:*

Pursuant to Fed. R. Civ. P. 26, the parties have discussed the retention, disclosure and discovery of electronically stored data and agree that they are preserving all relevant electronically stored information.

*Google's Position:*

Google is aware of and is taking reasonable steps to comply with its evidence preservation obligations under the Federal Rules of Civil Procedure.

**7.      Disclosures**

Google proposes that the parties exchange initial disclosures 30 days after the filing of a consolidated complaint.

**8.      Discovery Matters**

**a.      Protective Order**

*Plaintiffs' Position:*

Plaintiffs request that the Court enter the form Northern District Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets and have all production in *Dunbar* subject to that Protective Order *and made available for the consolidated actions without the need for formal requests for production of documents.* Plaintiffs further request that the Court allow the Parties fourteen days to meet and confer and petition the Court for any modifications to the form protective order.

*Google's Position:*

Google agrees that the Northern District Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets is an appropriate starting point for further negotiations among the Parties. Google further agrees, in general, that the documents previously produced in the *Dunbar* matter can be made available for use in the consolidated proceedings, subject to potential limitations to be identified and resolved among the Parties (for example, Google would not produce confidential data or information about one named plaintiff for use in all matters absent an appropriate authorization from all named plaintiffs).

b.     **Discovery Plan**

*Plaintiffs' Position:*

Plaintiffs request that the Court order the Parties to submit a comprehensive Discovery Plan within twenty eight days.

*Google's Position:*

Google agrees to confer with Plaintiffs' counsel regarding an appropriate Discovery Plan and believes any Discovery Plan must include provisions to avoid redundant depositions and discovery requests on issues that are common to the coordinated proceedings.

9.     **Class Actions**

*Plaintiffs' Position:*

In the event the Court orders a Consolidated Complaint, Plaintiffs propose the following briefing schedule: (1) Plaintiffs' Motion for Class Certification due on September 5, 2013, (2)

1  Defendants Opposition to Plaintiffs' Motion for Class Certification due on October 10, 2013; (3)

2  Plaintiffs' Reply In Support of Plaintiffs' Motion for Class Certification due on October 31,

3  2013;

4            a.      Plaintiffs shall file a single consolidated Motion for Class Certification

5     and Memorandum of Points and Authorities, not exceeding forty pages in length on or

6     before September 5, 2013;

7            b.      Defendant shall file a single consolidated Opposition to Plaintiffs' Motion

8     for Class Certification and Memorandum of Points and Authorities, not exceeding forty

9     pages in length, on or before October 10, 2013;

10           c.      Plaintiffs may file a single consolidated Reply In Support of Plaintiffs'

11    Motion for Class Certification and Memorandum of Points and Authorities, not

12    exceeding twenty-five pages in length, on or before October 31, 2013.

13  **Google's Position:**

14        Google proposes the following schedule for class certification (these dates follow on the

15  proposed dates above for motion to dismiss briefing and assume the filing of a consolidated

16  complaint):

17

| | |
|---|---|
| Plaintiffs' Motion for Class Certification and any supporting expert reports | September 5, 2013 |
| Deadline for Google to file its Opposition to Plaintiffs' Motion for Class Certification and any supporting expert reports | October 10, 2013 |
| Deadline for Plaintiffs to file Reply in support of Motion for Class Certification | October 31, 2013 |
| Hearing on Motion for Class Certification | November 21, 2013 or at the Court's convenience |

25        With respect to Plaintiffs' proposed page limits for class certification briefing, Google

26  agrees that additional pages should be permitted beyond the default page limits contemplated by

27  the Northern District Local Rules but cannot take a position on the precise page extensions until

28  it is able to review the class certification motion.

10.   **Related Cases**

*Stuart Diamond, Esq. v. Google, Inc*., Superior Court of the State of California, Marin County, Case No. CIV-1202715, Hon. Roy O. Chernus, Presiding.  Counsel for Plaintiff and Defendant in *Diamond* are the same counsel in *Dunbar*.  Plaintiff Diamond brings this class action on behalf of all California resident non-Gmail users for Google's non-consensual content scanning and recording of Plaintiff's and Class Members' emails sent to Gmail users.  Plaintiff states claims for violations of Cal. Penal Code sections 631 (wiretapping) and 632 (eavesdropping and recording).

Plaintiff's initial complaint was dismissed with leave to amend.  Plaintiff's First Amended Complaint is the operative complaint.  Google filed a demurrer which is pending. Also pending is Google's motion to stay.  Briefing on both of these Motions is not complete. Both Motions are currently scheduled for hearing on May 15, 2013.  The Court will hear a joint ex parte motion to continue the briefing schedule and hearing date this week.  The Parties seek this relief jointly in an effort to reach an agreement governing the coordination of discovery in *Diamond* with discovery in the MDL.

*Julie Sheppard v. Google, Inc.,* No. CV 2012-11-2, In the Circuit Court of Little River County, Arkansas.  Counsel for Mr. Dunbar are the same counsel for Mrs. Sheppard. Google has separate counsel in Arkansas.  Plaintiff Sheppard maintains a complaint for declaratory judgment to have the data in her email declared her personal property prior to the email messages' receipt by the Gmail user.  She further alleges that Google profits from her email messages to users through Google's misappropriation of her name and likeness.  Google has moved to dismiss the complaint, and Google has moved to stay the Sheppard case pending coordinated discovery efforts in this matter.  The Parties contemplate negotiating an agreement governing the coordination of discovery in *Sheppard* with discovery in the MDL.

11.   **Relief**

Plaintiffs' Class Action Complaints seek broad relief on behalf of multiple classes.

12.   **Settlement and ADR**

The Parties are not engaged in settlement discussions.

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

13.     **Consent to Magistrate Judge For All Purposes**

The parties have not consented to have this matter determined by a Magistrate Judge.

14.     **Other References**

The parties do not believe that reference to any other tribunal or judge is appropriate at this time.

15.     **Narrowing of Issues**

Google believes that a consolidated complaint is the best vehicle for identifying issues among the currently separate complaints that can be narrowed or consolidated for purposes of further motion practice and discovery.

16.     **Expedited Trial Procedure**

An Expedited Trial Procedure does not appear to be appropriate for this Multidistrict Litigation.

17.     **Plaintiffs' Proposed Leadership Structure**

On April 12, 2013, all Counsel for Plaintiffs in MDL-2430 held an organizational meeting in Dallas, Texas.  Counsel representing Plaintiffs Keith Dunbar, Brad Scott, Todd Harrington, Matthew Knowles, A.K., Brent Scott, and Kristen Brinkman, attended the meeting. Counsel reached a consensus concerning the leadership structure.   Counsel for Plaintiffs respectfully recommends the unanimously agreed upon leadership structure for purposes of coordinated discovery and scheduling as follows:  Plaintiffs' Co-Lead Counsel, Sean F. Rommel and F. Jerome Tapley; Plaintiffs' Liaison Counsel, Kirk J. Wolden; and Plaintiffs' Executive Committee Members, Richard Golomb, C. Lance Gould, Hirlye R. (Ryan) Lutz, III, Thomas P. Rosenfeld, Michael W. Slocumb, Christopher L. Travis, M. Chad Trammell, James C. Wyly, and Michael Ng.

18.     **Miscellaneous Matters**

*Plaintiffs' Position:*

Plaintiffs request that the Court enter an order deeming all communications, including e-mail communications among Co-Lead Counsel, Liaison Counsel, members of the PEC and any attorney for a Plaintiff protected as attorney-client privilege and/or work product doctrine, to the

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1  extent the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the

2  confidentiality of said communications.  Google does not object to this request.

3

4                                                              Respectfully submitted,

5

6  Dated:  April 17, 2013                              /s/ F. Jerome Tapley
                                                       F. Jerome Tapley (*Pro Hac Vice*)
7                                                      Email: jtapley@cwcd.com
                                                       Attorney for Plaintiffs Dunbar, Scott and
8                                                      Harrington and Proposed Co-Lead Counsel

9                                                      /s/ Sean F. Rommel
                                                       Sean F. Rommel (*Pro Hac Vice*)
10                                                     Email: srommel@wylyrommel.com
                                                       Attorney for Plaintiffs Dunbar, Scott and
11                                                     Harrington and Proposed Co-Lead Counsel

12                                                     /s/ Kirk J. Wolden
                                                       Kirk J, Wolden, SBN 65070
13                                                     Email: kirk@cwclawfirm.com
                                                       Attorney for Plaintiffs Dunbar, Scott and
14                                                     Harrington and Proposed Liaison Counsel

15                                                     /s/ Richard Golomb
                                                       Richard Golomb
16                                                     Email: rgolomb@GolombHonik.com
                                                       Attorney for Plaintiffs Brinkman and
17                                                     Knowles and Proposed Executive
                                                       Committee
18
                                                       /s/ C. Lance Gould
19                                                     C. Lance Gould
                                                       Email: lance.gould@beasleyallen.com
20                                                     Attorney for Plaintiff Brent Scott and
                                                       Proposed Executive Committee
21
                                                       /s/ Hirlye R. "Ryan" Lutz, III
22                                                     Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
                                                       Email: rlutz@cwcd.com
23                                                     Attorney for Plaintiffs Dunbar, Scott and
                                                       Harrington and Proposed Executive
24                                                     Committee

25                                                     /s/ Thomas P. Rosenfeld
                                                       Thomas P. Rosenfeld
26                                                     Email: tom@ghalaw.com
                                                       Attorney for Plaintiff A.K. and Proposed
27                                                     Executive Committee

28

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
                                18

1
2
3

*/s/ Michael W. Slocumb*
Michael W. Slocumb
Email: mike@slocumblaw.com
Attorney for Plaintiff Knowles and Proposed
Executive Committee

4
5
6

*/s/ Christopher L. Travis*
Christopher L. Travis
Email: travis@gill-law.com
Attorney for Plaintiffs Dunbar, Scott and
Harrington and Proposed Executive
Committee

7
8
9
10

*/s/ M. Chad Trammell*
M. Chad Trammell
Email: chad@thetrammellfirm.com
Attorney for Plaintiffs Dunbar, Scott and
Harrington and Proposed Executive
Committee

11
12
13

*/s/ James C. Wyly*
James C. Wyly (*Pro Hac Vice*)
Email: jwyly@wylyrommel.com
Attorney for Plaintiffs Dunbar, Scott and
Harrington and Proposed Executive
Committee

14
15
16

*/s/ Michael Ng*
Michael Ng
Email: mng@kerrwagstaffe.com
Attorney for Plaintiff A.K. and Proposed
Executive Committee

17
18
19
20

/s/ *Whitty Somvichian*
Whitty Somvichian (194463)
Email: wsomvichian@cooley.com
Attorney for Defendant Google Inc.

21
22
23
24
25
26
27
28

Case No.: 5:13-MD-002430-LHK
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
19