WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

Plaintiffs' Interim Co-Lead Counsel

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: GOOGLE INC. GMAIL LITIGATION | Case No.: 5:13-MD-002430-LHK<br><br>**PLAINTIFFS' INTERIM CO-LEAD COUNSELS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT RE: PLAINTIFFS' LEADERSHIP PROPOSAL**<br><br>Date: May 8, 2013<br>Time: 2:00 p.m.<br>Judge: Hon. Lucy H. Koh<br>Location: Courtroom 5 – 4th Floor |

Pursuant to this Court's April 19, 2013 Order (Doc. 9), Plaintiffs' Interim Co-Lead Counsel offer the following: (1) descriptions of the Individual Cases that comprise the Consolidated Actions, (2) move for approval of Plaintiffs' Interim Co-Lead Counsels' Plaintiffs' Leadership Proposal, and (3) approval of Plaintiffs' Interim Co-Lead Counsels' proposed oversight guidelines.

## I. OVERVIEW OF ACTIONS

MDL 2430 is currently comprised of six cases (the "Individual Cases"). These cases all share common questions of fact and core allegations, but each differs, in part, in terms of the substantive legal claims at issue and the scope of the classes which are proposed.

**A.**     *Dunbar v. Google, Inc.*, **Case No. 5:12-03305, (N.D. Cal.)**

The *Dunbar* action was originally filed on November 17, 2010, and seeks to represent a class of Cable One Google Apps users whose email messages were unlawfully intercepted by Google in violation of the Electronic Communications Privacy Act ("ECPA").

**B.**     *Scott, et al. v. Google, Inc.,* **Case No. 5:12-03413, (N.D. Cal.)**

The *Scott* action was originally filed on June 29, 2012, and seeks to represent a nationwide class of non-California resident non-Gmail users who have sent an e-mail to a Gmail user, and whose email messages were intercepted by Google in violation of the California Invasion of Privacy Act ("CIPA"). Cal. Pen. Code §§ 630 *et seq.*

**C.**     *Knowles v. Google, Inc.,* **Case No. 1:12-02022, (D. Md.)**

The *Knowles* action was originally filed on July 7, 2012, and seeks to represent a class of Maryland non-Gmail users who have sent an e-mail to Maryland Gmail users, and whose email messages were unlawfully intercepted by Google in violation of the Maryland analogue to ECPA.

**D.**     *A.K. v. Google, Inc.*, **Case No. 3:12-01179, (S.D. Ill.)**

The *A.K.* action was originally filed on November 15, 2012, and seeks to represent a nationwide class of minor Gmail users who have sent email messages to other minor Gmail users or to non-Gmail users, and whose email messages were unlawfully intercepted by Google in violation of ECPA. The *A.K.* action also seeks to represent a statewide class of Illinois minor Gmail users who have sent email messages to other minor Gmail users or to non-Gmail users, and whose email messages were unlawfully intercepted by Google in violation of the Illinois analogue to ECPA, as well as Illinois claims for Intrusion Upon Seclusion and Unjust Enrichment.

**E.**     *Scott v. Google, Inc.*, **Case No. 4:12-00614, ("***Scott II***")(N.D. Fla.)**

The *Scott II* action was originally filed on November 29, 2012, and seeks to represent a class of Florida non-Gmail users who have sent an e-mail to Florida Gmail users, and whose email messages were unlawfully intercepted by Google in violation of the Florida analogue to ECPA.

F. *Brinkman v. Google, Inc.*, Case No. 2:12-06699, (E.D. Penn.)

The *Brinkman* action was originally filed on November 30, 2012, and seeks to represent a class of Pennsylvania non-Gmail users who have sent an e-mail to Pennsylvania Gmail users and whose email messages were unlawfully intercepted by Google in violation of the Pennsylvania analogue to ECPA.

The Court has ordered the Plaintiffs to file a consolidated complaint by May 16, 2013. It is anticipated the consolidated complaint will include subclasses representative of the separate classes now sought.

## II. PROPOSED PLAINTIFFS' LEADERSHIP STRUCTURE

Mindful of the Court's efficiency concerns and respectful of the distinctions among the Consolidated Actions, Interim Co-Lead Counsel respectfully recommend the following unanimously agreed upon leadership structure and appointment of the following named members: Plaintiffs' Co-Lead Counsel: Sean F. Rommel (*Dunbar & Scott)* and F. Jerome Tapley (*Dunbar & Scott)*; Plaintiffs' Liaison Counsel: Kirk J. Wolden (*Dunbar & Scott)*; and Plaintiffs' Executive Committee Members: Lance Gould (*Knowles & Scott II*), Richard Golomb (*Knowles & Brinkman*), Thomas Rosenfeld (*A.K.),* and Michael Ng (*A.K.*).

### A. Proposed Responsibilities of Plaintiffs' Co-Lead Counsel

Plaintiffs' Co-Lead Counsel request authority and responsibility over the following matters subject to consultation with other members of Plaintiffs' Executive Committee ("PEC"): (1) convening meetings; (2) the initiation, response, scheduling, briefing, and argument of all motions; (3) the scope, order, and conduct of all discovery proceedings; (4) assigning work as may be appropriate; (5) collecting time and expense reports from all Plaintiffs' Counsel on a monthly basis; (6) retaining common experts as approved by the PEC; (7) designating the appearance of Plaintiffs' Counsel at hearings and conferences; (8) leading common settlement negotiations and entering into prospective agreements with Defendant; (9) acting as the treasurer for any common benefit assessments and expenses; and (10) all other matters concerning the prosecution of the Consolidated Action, including entering into discussions and stipulations with Opposing Counsel as necessary for the conduct of the

Consolidated Action. Regarding those matters or issues unique to one of the Individual Cases, Co-Lead Counsel's authority and responsibility will be deferred to the members of the PEC from that Individual Case, subject to consultation and coordination with Plaintiffs' Co-Lead Counsel and the PEC.

### B. Proposed Responsibilities of Plaintiffs' Liaison Counsel

Plaintiffs' Counsel requests that Liaison Counsel be given responsibility for, among other things: (1) receiving, on behalf of Plaintiffs' Counsel, notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and Plaintiffs' Counsel; (2) preparing and transmitting copies of such received as Liaison Counsel; (3) establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all documents served upon Plaintiffs' Counsel; (4) establishing and maintaining a current Master Service List of counsel of record; and (5) assisting in the scheduling of depositions with Defendant and Plaintiffs' Counsel.

### C. Proposed Responsibilities of Plaintiffs' Executive Committee

Plaintiffs' Counsel request a Plaintiffs' Executive Committee, ("PEC"), chaired by Plaintiffs' Co-Lead Counsel, and composed of Plaintiffs' Co-Lead Counsel, Plaintiffs' Liaison Counsel and Plaintiffs' Executive Committee Members. The proposed PEC is comprised of Counsel representing the array of cases and distinct legal and factual issues present in MDL 2430 and is intended to create a mechanism to not only allow for the joint prosecution of the common issues but to also allow for the advancement of any discreet and unique issue(s) which may concern only a particular consolidated sub-class. Plaintiffs' Counsel request that the Court give the PEC the responsibility for working in concert with Plaintiffs' Co-Lead Counsel and conferring, on a regular basis, regarding the administration and prosecution of the litigation, to include matters involving discovery, briefing and filings, experts, and dispute resolution.

///

///

///

///

**PLAINTIFFS' INTERIM CO-LEAD COUNSELS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT RE: PLAINTIFFS' LEADERSHIP PROPOSAL**
Case No.: 5:13-MD-002430-LHK            4

***A.K.* Plaintiffs' Counsel Additional Proposal:**

**D.      Minors' Committee**

Plaintiff in the *A.K.* case proposes a Minors' Committee to clarify how the distinct legal and factual issues in that case will be managed.

The *A.K.* case seeks to represent a finite, known class of minor children who subscribe to Google's email service ("Gmail") and whose emails have been intercepted by Google, without lawful consent, for the purpose of sending targeted advertisements to the children. While the Individual Cases include many common issues, *A.K.* presents unique issues regarding minors that are not found in the others,[1] including:

1. Whether minor children may lawfully consent to Google's Terms of Service and Privacy Policy;
2. Whether minor children may lawfully consent to Google's conduct;
3. What additional policies and procedures, if any, Google must adopt to protect the interests and rights of minors; and
4. Whether any proposed settlement adequately addresses the interests and rights of minors.

"[W]here diverse interests exist among the parties, the court may designate a committee of counsel representing different interests." *Manual For Complex Litigation, Fourth*, § 10.224, at p. 48 (2011).

To accommodate the Court's request for a Consolidated Action and, at the same time, protect the distinct interests and rights related to minors, Counsel in *A.K.* propose that this Court designate a "Minors' Committee" within the Plaintiffs' Leadership Structure to direct and coordinate with Co-Lead Counsel, the PEC and Opposing Counsel, discovery and prosecution of the unique issues related to minors. The Minors' Committee will ***not*** direct or control common issues present in the Consolidated Action. The Minors' Committee will not create inefficiency or additional burden because it will not create additional work. Rather, it will

---

[1] The *A.K.* class does not overlap with other classes in the Consolidated Action – the Minor Gmail users are neither Cable One Google App users (*Dunbar*) nor non-Gmail users (*Scott I, Knowles, Scott II, Brinkman*).

**PLAINTIFFS' INTERIM CO-LEAD COUNSELS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT RE: PLAINTIFFS' LEADERSHIP PROPOSAL**
Case No.: 5:13-MD-002430-LHK            5

logically allocate work on discreet issues relating to the minors' claims while promoting efficiency by clarifying in advance the roles and responsibilities relating to the discrete issues.

*A.K.* Counsel requests that the Minors' Committee be comprised of Michael Ng of Kerr & Wagstaffe LLP and Thomas P. Rosenfeld of Goldenberg Heller Antognoli & Rowland, P.C., the two firms that represent A.K. These firms have a proven commitment to responsible advocacy, knowledge of the applicable law, extensive complex and class action litigation experience, and are currently representing other putative classes of minors in different actions involving the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*

**Counsel for *Dunbar, Scott, Scott II, Brinkman, and Knowles* Oppose the Additional Proposal, but request additional orders regarding time and expense.**

While the remaining Plaintiffs' Counsel oppose the inclusion of the proposed subcommittee or similar subcommittees as unnecessary, in the event the Court orders the creation of the proposed subcommittee, the remaining Plaintiffs' Counsel respectfully request further orders that all time and expense associated with the minor consent issue and those issues identified by *A.K.* Counsel be deemed as non-common time; Co-Lead Counsel be relieved of any of the obligations pursuant to Sections IIA and III as to the minor consent issue; Liaison Counsel be relieved of any obligations pursuant to Section IIB as to the minor consent issue; and Co-Lead Counsel, Liaison Counsel, and all remaining members of the PEC be relieved of any fiduciary obligations associated with the subcommittee and any issues for which the subcommittee has fiduciary responsibilities.

**III.    PLAINTIFFS' COUNSEL TIME AND EXPENSE REQUIREMENTS**

Plaintiffs' Co-Lead Counsel has developed certain policies and procedures in order to track, monitor and document time and expenses incurred by Plaintiffs' Counsel participating in these MDL proceedings and to manage work assignments so that work is being performed properly and efficiently. Plaintiffs' Co-Lead Counsel recommends that the Court adopt the following guidelines shall apply for all services performed and expenses incurred by Plaintiffs' Counsel participating in MDL 2430.

**A.    Coordination of Efforts**

1. Time and Expense Records

All participating firms must maintain contemporaneous time and expense records in the billing program of their choosing. The failure to maintain contemporaneous time and expense records will result in the disallowance of fees and/or expenses. All time expenses submitted must be only for work authorized in advance by Co-Lead Counsel.

2. Non-Duplication of Billing

Co-Lead Counsel will assign or manage all work and be advised of the continuing status of the work being performed. The number of attorneys that can work on all discrete or ongoing projects or attend any particular event will be carefully managed. No attorneys shall perform any work or attend any event without authority to do so by Co-Lead Counsel. For example, as a general matter, only those attorneys designated by Co-Lead Counsel to conduct or attend depositions may bill for the participation. Further, status hearings will generally be attended by Plaintiffs' Co-Lead Counsel, Liaison Counsel, and possibly a member of the PEC.[2] Other Court hearings may require additional attorney attendance, which will be determined by Co-Lead Counsel on an ad hoc basis.

**B. Reporting Requirements**

All participating Counsel are required to submit quarterly time and expense reports electronically to Plaintiffs' Co-Lead Counsel. Time and/or expense reports repeatedly submitted late, or not in conformity with these guidelines, may be excluded from any fee and expense application(s) later submitted to the Court. Moreover, firms that fail to comply with these requirements will not be given additional assignments in these MDL proceedings.

The first time and expense reports will be due on May 15, 2013 and shall include all time and expenses incurred from the inception of Counsels' involvement in these MDL proceedings through the preceding month. Thereafter, time and expense reports are due

---

[2] It is contemplated that at the next scheduled CMC of May 8, 2013, both of the Co-Leads, the Liaison Counsel, and the four-members of the PEC will be in attendance in the event the Court has any questions about the proposed leadership structure or needs to hear from any particular group represented by the proposed leadership structure.

PLAINTIFFS' INTERIM CO-LEAD COUNSELS' SUPPLEMENTAL CASE
MANAGEMENT STATEMENT RE: PLAINTIFFS' LEADERSHIP PROPOSAL
Case No.: 5:13-MD-002430-LHK          7

quarterly on the fifteenth day of the months of July, October, January, and April, and shall include all time and expenses incurred during the preceding quarter.

### C. Time Records

Actual time entries based on one-tenth (1/10th) of an hour should include a detailed description of the particular service performed (such as "12.50 hours: prepare for/defend deposition of D. Jindal"). All time should be reported at the regular billing rates in effect for each professional during the particular quarter for which the Time Report is submitted. Only assignments authorized by Co-Lead Counsel will be considered compensable. To avoid duplication of efforts, firms are discouraged from billing for time spent by multiple attorneys reading and reviewing correspondence, depositions, discovery responses, document production and pleadings unless specifically related to an authorized assignment. Billing for unassigned and duplicated efforts will not be considered compensable.

### D. Expense Records

Expenses Reports must be submitted quarterly. Supporting documentation need not be submitted quarterly, but Co-Lead Counsel is authorized to request supporting documentation, including all receipts, at any time.

### E. Litigation Costs

At this time, no shared cost fund has been established and no assessments have been requested from Plaintiffs' Counsel. Co-lead Counsel reserves the right to create a shared cost fund and seek assessments from Plaintiffs' Counsel in the future. Co-Lead Counsel recognizes that certain types of expenses may require significant expenditure, including but not limited:

1. Deposition and Court Reporter Costs;
2. Document Depository and Review Expenses;
3. Legal and Accounting Fees;
4. Expert Witness and Consultant Fees and Expenses;
5. Bank or Financial Institution Charges;
6. Investigative Services;
7. Notice and/or Claims Administrator Charges; and

**PLAINTIFFS' INTERIM CO-LEAD COUNSELS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT RE: PLAINTIFFS' LEADERSHIP PROPOSAL**
Case No.: 5:13-MD-002430-LHK          8

        8.      <u>Mediator or Special Master Expenses</u>.

Co-Lead Counsel will make a case-by-case determination of how such expenses will be handled during the course of litigation.

**F.      Non-Travel Expense Limitations**

The following rules will apply to the billing of non-travel related expenses:

        1.      <u>Long Distance and Cellular Telephone</u>: Actual long distance and cellular telephone charges related to this litigation may be reimbursed only if not covered by the firm's existing subscription or monthly contract rate;

        2.      <u>Facsimile Charges</u>: The per-fax charge shall not exceed $0.50 per page;

        3.      <u>Postage Charges</u>: Charges are to be claimed at actual cost;

        4.      <u>Shipping, Courier, and Delivery Charges</u>: Charges are to be claimed at actual cost. Priority FedEx should be used if absolutely necessary.

        5.      <u>Photocopy</u>: The maximum copy charge is $0.25 per page; and

        6.      <u>Computerized Research – Lexis/Westlaw</u>: Computerized legal research charges should only be claimed where the research is not covered by the firm's existing subscription. In such event, the actual amount of charge may be claimed.

**G.      Travel Expense Limitations**

Except in extraordinary circumstances authorized by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

        1.      <u>Airfare</u>: All domestic travel should be by coach fare unless first-class travel is specially justified. If first class is flown and only coach fare is reimbursable, proof of applicable coach fare shall be provided;

        2.      <u>Hotel</u>: Hotel costs should be limited to the average cost of a business hotel, (e.g. the Fairmont, Westin, Hyatt, Hilton, or Sheraton) for the particular city;

        3.      <u>Meals</u>: Meal expenses must be reasonable and documented;

        4.      <u>Cash Expenses</u>: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) may be claimed as long as expenses are properly documented; and

     5.    <u>Taxi Service, Car Service, and Car Rentals</u>: Taxis should be used wherever possible. Car services may be used when taxi service is not readily available or practical. Rental car reimbursement will be at the rate for full size sedan rentals.

                               Respectfully submitted,

Dated: April 26, 2013

*/s/ F. Jerome Tapley*
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
Plaintiffs' Interim Co-Lead Counsel

*/s/ Sean F. Rommel*
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
Plaintiffs' Interim Co-Lead Counsel

**PLAINTIFFS' INTERIM CO-LEAD COUNSELS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT RE: PLAINTIFFS' LEADERSHIP PROPOSAL**
Case No.: 5:13-MD-002430-LHK       10