# EXHIBIT 1

## (submitted under seal)

WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

Plaintiffs' Co-Lead Counsel

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Master Docket No: 5:13-md-02430-LHK |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | **PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**<br><br>JURY DEMANDED<br><br>Judge:    Hon. Lucy H. Koh<br>Dept.:    Courtroom 8, 4th Floor |

///

///

///

///

///

///

///

///

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK

# TABLE OF CONTENTS

I.  **INTRODUCTION** ..................................................................................1

II.  **THE PARTIES** ..................................................................................3

III.  **JURISDICTION AND VENUE** ............................................................5

IV.  **GENERAL STATEMENT OF FACTS** ....................................................6

    A.  **Gmail** ....................................................................................6

    B.  **Gmail Processes** .....................................................................6

        1.  ███████████████████ ...............................6

            *a.*  *Incoming Messages* ..................................6

            *b.*  *Outgoing Messages* ..................................7

        2.  ██████████████████████ ..............9

            *a.*  *Incoming Messages* ..................................9

            *b.*  *Outgoing Messages* ................................12

            *c.*  *Advertising Opt-Out and Method of Access To Gmail* ............13

            *d.*  ██████████████ ........................14

        3.  ███████████████████ ..............................14

        4.  **Additional Devices** ...............................................16

        5.  **Google's Unlawful Conduct Occurs In Transit, In Transmission, and/or In Transfer of the Message** ........................................16

        6.  **Google's Use of Collected Data From Email Messages** ....................16

    C.  **Gmail User Types** ................................................................17

    D.  **Google's Failure To Disclose That Its Gmail Processes Read, Acquire, and Use Email Message Content Violates Google's Express Agreements With Gmail Users, Cable One Google Apps Users, and Google Apps EDU Users.** ...........................................................................18

        1.  **No user consents to Google's unlawful conduct because Google's agreements are silent on the processes, contradict other agreements, or violate the terms of service and legal notices.** ..........18

        2.  **No Cable One Google Apps user consents to Google's unlawful conduct because Google's agreements are silent on the processes, contradict other agreements, or violate the terms of service and legal notices.** ..........................................................................22

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK                    i

3.     No Google Apps EDU user consents to Google's unlawful conduct because    Google's agreements are silent on the processes, contradict other agreements, or violate the terms of service and legal notices. ............................................................................26

4.     No Gmail user, Cable One Google Apps user, or Google Apps EDU user consents to Google's unlawful conduct because Google's Privacy Policies are silent on the processes, contradict other agreements, or violate the terms of service and legal notices. ..........29

5.     No person consents to Google's unlawful conduct based on other statements about Gmail processing because: (a) Google is the sole source of the information contained within the statement; and, (b) the information provided by Google is materially false, misleading, or omits material facts. ........................................................................32

6.     No person consents to Google's unlawful conduct because Google violates its user agreements and notices, because Google makes false and/or misleading statements, and because Google does not disclose the accused conduct. ...............................................................34

E.     **Google's Unlawful Devices** ................................................................35

V.     **CAUSES OF ACTION** ........................................................................36

**COUNT ONE** (Violations of 18 U.S.C. §§ 2510 *et seq.*) ............................................36

A.     **Plaintiffs** ......................................................................................36

     1.     *Plaintiff Keith Dunbar* ..........................................................36

     2.     *Plaintiffs Fread and Carrillo* ................................................37

     3.     *Plaintiff A.K., as Next Friend of Minor, J.K.* .......................40

     4.     *Scott, Harrington, and the Class of Non-Gmail Users* ...........................41

B.     **ECPA Violations**................................................................................41

**COUNT TWO** (Violations of Cal. Penal Code §§ 630, *et seq.*) ..................................47

A.     **Violations of Cal. Penal Code § 631(a)** ..............................................48

B.     **Violations of Cal. Penal Code § 632** ...................................................50

C.     **Cal. Penal Code § 637.2 Relief** ........................................................51

**COUNT THREE** (Violations of Maryland Courts and Judicial Proceedings Code Ann. §§ 10-402, *et seq.*) .....................................................51

**COUNT FOUR** (Violations of Florida Statute §§ 934.03, *et seq.*) .............................55

**COUNT FIVE** (Violations of 18 Pa. Const. Stat. §§ 5701, *et seq.*) .............................59

VI.     **CLASS ALLEGATIONS** ........................................................................62

PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT
5:13-md-02430-LHK             ii

A.  Ascertainability ..........................................................................64

      1.  *The Cable One Google Apps Class* .........................................64

      2.  *The Google Apps EDU Class* ...............................................65

      3.  *The Minor Class* .................................................................65

      4.  *The Scott, Brinkman, Scott II, and Knowles Classes* ...........65

B.  Numerosity .............................................................................  66

C.  Commonality ..........................................................................67

D.  Typicality ...............................................................................70

      1.  *Plaintiff Keith Dunbar* .......................................................70

      2.  *Robert Fread and Rafael Carrillo* .......................................70

      3.  *Brad Scott and Todd Harrington* ........................................71

      4.  *A.K., Next Friend of Minor Child, J.K.* ...............................71

      5.  *Plaintiffs Matthew C. Knowles, Brent Matthew Scott, and Kristen Brinkman* ....................................................................71

E.  Adequacy of Representation ...................................................72

F.  Predominance – There Are No Individual Issues and a Class Action is Superior ..................................................................................72

VII.  JURY DEMANDED ...................................................................73

VIII. PRAYER FOR RELIEF .............................................................73

PLAINTIFFS, by and through LEAD PLAINTIFF, KEITH DUNBAR, file this CONSOLIDATED CLASS ACTION COMPLAINT against Defendant Google, Inc. ("Google"), and allege the following:

## I.   __INTRODUCTION__

1.      Google's Mindset:

*Google policy is to get right up to the creepy line and not cross it.*  – October 2010.

*We know where you are. We know where you've been.  We can more or less know what you're thinking about.*  - October 2010.

*If you have something that you don't want anyone to know maybe you shouldn't be doing it in the first place.*  - December 2009.

*We do worry that as this [personal] information gets collected, it becomes a treasure trove.*  - August 2008.

*Your digital identity will live forever...because there's no delete button.* – April 2013.

Eric Schmidt, Former CEO, Google Inc.

2.      Unbeknownst to millions of people, on a daily basis and for years, Google has systematically and intentionally crossed the "creepy line" to read private email messages containing information "you don't want anyone to know," and to acquire, collect, or "mine" valuable information from that mail.  Google has one intended purpose for this systematic practice of reading private messages and collecting the data therein: to know and profit from what "you're thinking about."

█      In short, Google unlawfully opens up, reads, and acquires the content of people's private email messages.  Google may say it automatically "scans" messages and that no humans are involved, ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████

4.   ██████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

1
2
3
4
5
6
7

8          5.      Google tells people that Gmail messages are automatically scanned or filtered for

9   unwanted spam and viruses.

10
11
12
13
14
15
16

17          6.      Google tells people that users' emails are automatically processed to display

18   content based advertising to its users.  Google told potential customers and users who did not

19   (or would not) receive advertising with their email service that their private email messages

20   would not be processed by Google's "advertising systems."  But, Google does not disclose the

21   extent of its processing.

22
23
24
25

26          7.      Plaintiffs bring this Consolidated Individual and Class Action Complaint on

27   behalf of themselves and those classes of similarly situated persons: (1) to require Google to

28   fully and truthfully disclose its practices; and (2) for damages resulting from Google's unlawful

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1  conduct in violation of their statutory privacy rights.

2  ## II. THE PARTIES

3      8.    Lead Plaintiff, Keith Dunbar ("Dunbar"), is a resident of the State of Texas and
4  is over the age of nineteen (19) years. Dunbar asserts claims, individually, and on behalf of a
5  class of similarly situated Cable One Google Apps subscribers, against Google for Google's
6  unlawful interception and use of Dunbar's electronic communications in violation of the
7  Electronic Communications Privacy Act of 1985 ("ECPA"), 18 U.S.C. §§ 2510 *et seq.* Dunbar
8  and the Class he seeks to represent are Cable One Google Apps subscribers who do not receive
9  advertising. Google nonetheless unlawfully intercepts and uses the content of their email
10 messages in violation of 18 U.S.C. §§ 2511(1)(a) and (1)(d). No person consents to Google's
11 unlawful conduct.

12     9.    Plaintiff, Brad Scott ("Scott"), is a resident of the State of Maryland and is over
13 the age of nineteen (19) years. Plaintiff, Todd Harrington ("Harrington"), is a resident of the
14 State of Alabama and is over the age of nineteen (19) years. Scott and Harrington assert claims,
15 individually, and on behalf of a class of similarly situated non-California residents and non-
16 Gmail subscribers, against Google for Google's unlawful recording of and wiretapping of their
17 communications in violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code
18 §§ 630 *et seq.* CIPA requires all parties to a communication to consent to the reading of a
19 private message. Scott, Harrington, and their Class of non-Gmail users have not consented to
20 Google's unlawful conduct. In addition, Scott, Harrington, and a nationwide Class of non-
21 Gmail users they seek to represent allege violations of ECPA, specifically §§ 2511(1)(a) and
22 (1)(d).

23     10.    Plaintiff, Matthew C. Knowles ("Knowles"), is a resident of the State of
24 Maryland and is over the age of nineteen (19) years. Knowles asserts claims, individually, and
25 on behalf of a class of similarly situated Maryland residents and non-Gmail subscribers, against
26 Google for Google's unlawful interception and use of Knowles' electronic communications in
27 violation of Maryland's Wiretap Act, Md. Code Ann. § 10-402 *et seq.* Maryland requires all
28 parties to a communication to consent to the reading of a private message. Knowles and his

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1  Class of non-Gmail users have not consented to Google's unlawful conduct.

2        11.    Plaintiff, A.K., next friend of Minor Child, J.K., is a resident of the State of

3  Illinois and is over the age of nineteen (19) years.  Minor Child, J.K., is a resident of the State of

4  Illinois and is sixteen (16) years of age.  A.K. asserts claims on behalf of Minor Child J.K.,

5  individually, and on behalf of a class of similarly situated minor Gmail subscribers, against

6  Google for Google's unlawful interception and use of J.K.'s electronic communications in

7  violation of ECPA, specifically §§ 2511(1)(a) and (1)(d).  As minors, A.K. and the Minor Class

8  have not consented to Google's unlawful conduct in violation of ECPA.

9        12.    Plaintiff, Brent Matthew Scott ("Scott II"), is a resident of the State of Florida

10  and is over the age of nineteen (19) years.  Scott II asserts claims, individually, and on behalf of

11  a class of similarly situated Florida residents and non-Gmail subscribers, against Google for

12  Google's unlawful interception and use of Scott's electronic communications in violation of

13  Florida's Wiretap Act, Florida Statute §§ 10-402 *et seq.*  Florida requires all parties to a

14  communication to consent to the reading of a private message. Scott II and his Class of non-

15  Gmail users have not consented to Google's unlawful conduct.

16        13.    Plaintiff, Kristen Brinkman ("Brinkman"), is a resident of the State of

17  Pennsylvania and is over the age of nineteen (19) years.  Brinkman asserts claims, individually,

18  and on behalf of a class of similarly situated Pennsylvania residents and non-Gmail subscribers,

19  against Google for Google's unlawful interception and use of Brinkman's electronic

20  communications in violation of Pennsylvania's Wiretapping and Electronic Surveillance

21  Control Act, 18 Pa. Cons. Stat. §§ 5701 *et seq.*  Pennsylvania requires all parties to a

22  communication to consent to the reading of a private message.  Brinkman and her Class of non-

23  Gmail users have not consented to Google's unlawful conduct.

24        14.    Plaintiff, Robert Fread, is a resident of the State of Hawaii and is over the age of

25  nineteen (19) years.  Plaintiff, Rafael Carrillo, is a resident of the State of California and is over

26  the age of nineteen (19) years.  Fread and Carrillo assert claims, individually, and on behalf of a

27  class of similarly situated Google Apps for Education ("Google Apps EDU") subscribers

28  against Google for Google's unlawful interception and use of their electronic communications

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1    in violation ECPA.  Even though Google does not serve advertising to these accounts, Google

2    still unlawfully intercepts and uses the content of Plaintiffs' email messages in violation of 18

3    U.S.C. §§ 2511(1)(a) and (1)(d).  No person consents to Google's unlawful conduct.

4         15.    Google Inc. ("Google") is a Delaware corporation, whose principal place of

5    business is at 1600 Amphitheatre Parkway, Mountain View, County of Santa Clara, State of

6    California.  Google conducts business in all fifty (50) States.  Plaintiffs served Google and

7    Google is a party.

8                        **III.    JURISDICTION AND VENUE**

9         16.    Pursuant to the Transfer Order dated April 1, 2013, from the United States

10   Judicial Panel on Multidistrict Litigation, and 28 U.S.C. § 1407, the following cases were

11   transferred to this Court for coordinated or consolidated pre-trial proceedings: *Keith Dunbar v.*

12   *Google, Inc.*, C.A. No. 5:12-03305, Northern District of California; *Brad Scott, et al. v. Google,*

13   *Inc.*, C.A. No. 5:12-03413, Northern District of California; *Brent Matthew Scott v. Google, Inc.*,

14   C.A. No. 4:12-00614, Northern District of Florida ("*Scott* II"); *A.K. v. Google, Inc.*, C.A. No.

15   3:12-01179, Southern District of Illinois; *Matthew C. Knowles v. Google, Inc.*, C.A. No. 1:12-

16   02022, District of Maryland; and *Kristen Brinkman v. Google, Inc.*, C.A. No. 2:12-06699,

17   Eastern District of Pennsylvania.  By stipulated administrative motion, this Court ordered

18   *Fread, et al. v. Google, Inc.,* C.A. No. 13-01961, Northern District of California, to be related,

19   coordinated, and consolidated as part of MDL 2430.  Service is complete for all underlying

20   actions.  The Court has subject matter jurisdiction over the actions pursuant to: (1) 28 U.S.C. §

21   1331 because Plaintiffs *Dunbar, A.K., Fread, Carrillo, Scott,* and *Harrington,* bring claims

22   arising under the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§

23   2510 *et seq.,* a law of the United States; and, (2) the Class Action Fairness Act ("CAFA"), 28

24   U.S.C. § 1332(d)(2), because Plaintiffs *Scott, Scott II, Knowles,* and *Brinkman* bring claims on

25   behalf of citizens of states different than Google and the amounts in controversy exceed

26   $5,000,000.00 exclusive of interests and costs.

27        17.    This Court has general and specific personal jurisdiction over Google because

28   Google is a resident of California.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK                    5

18.    Venue is proper in this district for all 28 U.S.C. § 1407 purposes as a result of the April 1, 2013 Transfer Order from the United States Judicial Panel on Multidistrict Litigation.

### IV.    GENERAL STATEMENT OF FACTS

**A.    Gmail**

19.    Google operates an electronic communication service named Gmail.

20.    Google considers Cable One Google Apps users and Google Apps EDU users as Gmail users with Gmail accounts.  Google employs the same processes for Cable One Google Apps and Google Apps EDU accounts as Google does with Gmail accounts.

21.    Within Gmail, users can send and receive email messages.  Users send outgoing messages and receive incoming messages.

**B.    Gmail Processes**

1.    ███████████████████████████████

*a.    Incoming Messages*





*b.*     *Outgoing Messages*



**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK                         8



a.    *Incoming Messages*

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**



**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**



**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**



**b.** *Outgoing Messages*



### c.    Advertising Opt-Out and Method Of Access To Gmail

70.    Google claims that Gmail users may opt-out of content-based advertising ("If you don't want to see ads in Gmail, you can choose to use Gmail's basis HTML view, or POP or IMAP[]") or access their email using a method that does not display advertising at all (*e.g.* messages that are "pushed" to mobile devices like iPhones, iPads, and Blackberries).

72.    Google claims that it does not process certain Google Apps users' email messages through its advertising servers;

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**





**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

**4.      Additional Devices**

**5.      Google's Unlawful Conduct Occurs In Transit, In Transmission, and/or In Transfer of the Message**

**6.      Google's Use of Collected Data From Email Messages**

Google uses the content of email messages                    to avoid paying for "traffic acquisition costs" as defined by Google on page 32 of its 10K filed with the Securities Exchange Commission for the year ended December 31, 2010.  Google has no rights or license in the email message content data at issue.  But, through Google's reading, acquisition, and use of private message content, Google obtains for free the exact type of information and data for which it pays third parties.  Google uses the content of email messages and t

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1      ███ Google uses the content of the email messages and t████████████

2 for its own benefit ████████████████ unrelated to the service of email or ████████

3 ███

4      98.    Google uses the content of the email message and ██████████████████

5 for other purposes and for Google's profit.

6     **C.**    **Gmail User Types**

7      99.    Google offers free email accounts through Gmail.

8      100.    Through its Google Apps Partner program, Google also operates its Gmail

9 service on behalf of Internet Service Providers (ISP's), such as Cable One. Cable One then re-

10 sells the Gmail service labelled e.g. "Cable One, Powered by Google" or "Mycableone.com,"

11 under its domain name and service to their customers, including Plaintiff Dunbar. This type of

12 account is referred to as the Cable One Google Apps account. As a matter of contract between

13 Cable One and Google, no Google service offered through the Cable One Google Apps

14 accounts can display advertisements. Google considers Cable One Google Apps users who use

15 Gmail to be Gmail users with Gmail accounts and processes incoming email messages the same,

16 except for serving content-based advertising.

17      101.    Through Google Apps for Education (EDU), Google operates its Gmail email

18 service on behalf of educational organizations for students, faculty, staff, alumni, and members

19 of these organizations. Like the Google Apps Partner program, the educational organizations

20 require students who pay tuition for this service (and the other users) to use the Gmail service

21 labelled as, *e.g.*, "name.institution.edu," but "Powered by Google." This type of account is

22 referred to as the Google Apps EDU account. Google considers Google Apps EDU users who

23 use Gmail to be Gmail users with Gmail accounts, and Google processes these incoming email

24 messages the same, even though Google Apps EDU users do not receive content-based

25 advertising.

26 ///

27 ///

28 ///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

**D.**   **Google's Failure To Disclose That Its Gmail Processes Read, Acquire, and Use Email Message Content Violates Google's Express Agreements With Gmail Users, Cable One Google Apps Users, and Google Apps EDU Users.**

**1.**   **No user consents to Google's unlawful conduct because Google's agreements are silent on the processes, contradict other agreements, or violate the terms of service and legal notices.**

102.   For Gmail users there are two applicable Google Terms of Service within the class periods beginning in November of 2008: the Google Terms of Service dated April 16, 2007, and the Google Terms of Service dated March 1, 2012.

103.   Google's Terms of Service, the Gmail Legal Notices, and the Gmail Program Policy do not disclose Google's unlawful conduct and do not obtain consent for the unlawful activities.

104.   At ¶ 8.3 of the 2007 version of the "Terms of Service," Google states:

> Google reserves the right (but shall have no obligation) to pre-screen, review, flag, filter, modify, refuse or remove any or all Content from any Service.  For some Services, Google may provide tools to filter out explicit sexual content.  These tools include the SafeSearch preference settings (see http://www.google.com/help/cutomoze.html#safe).  In addition, there are commercially available services and software to limit access to material that you may find objectionable.

Google removed this language from Google's March 2012 Terms of Service.

105.   The first sentence of ¶ 8.3 of the "Terms of Service," when viewed in the context of the entirety of Section 8 and the remaining sentences within ¶ 8.3, is limited to Google's reservation of rights to protect its services and users.  No wording in ¶ 8.3 addresses or obtains consent to allow Google to read email message content, acquire such content, collect such content, ███████████████████████████████████████████████████ ████████████████████████ from the email messages.

106.   The words "pre-screen," "review," "flag," "filter," "modify," "refuse," and "remove" used in the context of ¶ 8.3 of the Terms of Service, Section 8 of the Terms of Service, the "Terms of Service," the "The Terms of Service Highlights," the "Gmail Legal Notices," the "Program Policies," and the "Privacy Policy"  do not address or obtain consent to allow Google to read email message content, acquire such content, collect such content, ████ ████████████████████████████████████████████████████████████

1  ██████████ from the email messages.

2      107.   Paragraph 17.1 of the "Terms of Service" advises users that "*Some* of the

3  Services are supported by advertising revenue and may display advertisements and

4  promotions." (Emphasis added).  Google does not refer to Gmail as a Service to which this

5  provision is applicable.  Google removed this language from Google's March 2012 Terms of

6  Service.

7      108.   Paragraph 17.1 of the "Terms of Service" further provides, "These

8  advertisements may be content-based to the *content* information *stored* on the Services, queries

9  made through the Service or other information." (Emphasis added).  Google does not refer to

10  Gmail as a service to which this provision is applicable or define the applicable "content."

11      109.   At ¶ 17.1 in the "Terms of Service," Google does not advise the user how the

12  "content" is "content-based."

13      110.   At ¶ 17.1 in the "Terms of Service," Google does not advise the user that

14  "content" may be derived from incoming or outgoing messages in transit.

15      111.   At ¶ 17.1 in the "Terms of Service," Google does not use the capitalized word

16  "Content" as defined in ¶ 8.1 and used throughout the "Terms of Service," thereby specifically

17  excluding the incoming data or content from others.

18      112.   At the time Gmail users send or receive messages, those messages are not stored

19  on Google's Gmail.  Google's unlawful conduct does not occur during storage.

20      113.   At the time Gmail users send or receive messages, those messages are not

21  queries through Gmail or other information.

22      114.   The language of ¶ 17.1 in the "Terms of Service," when compared to the context

23  of the "Terms of Service," the "Gmail Legal Notices," "The Program Policies," and the

24  "Privacy Policy," do not address or obtain consent to allow Google to read email message

25  content, acquire such content, ████████████████████████████████████

26  ████████████████████████████████████████ from the email messages.

27      115.   Paragraph 17.3 of the "Terms of Service" provides, "In consideration for Google

28  granting you access to and use of the Services, you agree that Google may *place such*

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

*advertising on the Services.*"  Google removed this language from Google's March 2012 Terms of Service.  Paragraph 17.3 only allows Google to place advertisements on the unidentified services; it does not address or obtain consent to allow Google to read email message content, acquire such content, collect such content, ███████████████████████ ████████████████████████████████████████████████

116.   Pursuant to ¶ 1.5 of the "Terms of Service," the Additional Terms or Legal Notices for a particular Service, like Gmail, take precedence over any term within the "Terms of Service."

117.   The Gmail Legal Notices do not address or obtain consent to allow Google to read email message content, acquire such content, collect such content, ███████████████ ████████████████████████████████████████████████ ████████████

118.   The "Gmail Legal Notices" specifically states, "Google does not claim any ownership in any of the content, including any text, data, information, images, photographs, music, sound, video, or other material, that you upload, transmit or store in your Gmail account."

119.   Google's reading of email message content, the act of acquiring and collecting email message content for separate storage apart from the user's email message, and Google's exclusive access and use of that message content violates the "Gmail Legal Notices." ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████

121.   The "Gmail Legal Notices" specifically state, "We will not use any of your content for any purpose except to provide you with the Service." Google removed this language from Google's March 2012 Terms of Service.

122.   The electronic communication service known as Gmail is the only applicable Google "Service" within the "Gmail Legal Notices."

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

123. Advertising is not the applicable Google "Service" within the "Gmail Legal Notices."

124. Advertising is not a Google "Service" to Gmail users.

125. Advertising is not a "Service" within Gmail.

126. Paragraph 17.1 of the "Terms of Service" distinguishes "Services" from advertising revenues which pay for the "Services."

127. Paragraph 17.3's specific request for the user to agree to the placement of advertisements on Services evidences that advertisements are not "Services."

128. Paragraphs 7.1, 7.2, 8.3, 17.1, and 17.3 of the "Terms of Service" contradict the Gmail Legal Notices and are invalid to the extent that they attempt to allow Google to read email message content, acquire such content, collect such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

129. Paragraphs 7.1, 7.2, 8.3, 17.1, and 17.3 of the "Terms of Service" and "Gmail Legal Notices" are silent with regard to allowing Google to read email message content, acquire such content, collect such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

130. Paragraphs 7.1, 7.2, 8.3, 17.1 and 17.3 of the "Terms of Service" and "Gmail Legal Notices" do not address or obtain consent to allow Google to read email message content, acquire such content, collect such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

131. Due to Google's violations of its own Terms of Service and Legal Notices with Gmail users, no Gmail user ever gives Google consent to read email message content, acquire such content, collect such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

132. Due to Google's violations of its own Terms of Service and Legal Notices with Gmail users, Google is not operating within the ordinary course of business when it reads email message content, acquires such content, collects such content, ▮▮▮▮▮▮▮▮▮▮▮▮

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

[redacted]

133.   Due to Google's violations of its own Terms of Service and Legal Notices with the Gmail user, the Gmail user does not and cannot consent to Google's unlawful conduct in the transmission of any email message to or from any Plaintiff or Class Member.

134.   Due to Google's violations of its own Terms of Service and Legal Notices with the Gmail user, Google's actions are not within the ordinary course of business in the transmission of any email message to or from any Plaintiff or Class Member.

135.   Due to the silence of Google's Agreements with the Gmail user, the Gmail user does not consent to Google's unlawful conduct in the transmission of any email message to or from any Plaintiff or Class Member.

136.   Due to the silence of Google's Agreements with the Gmail user, Google's actions are not within the ordinary course of business in the transmission of any email message to or from any Plaintiff or Class Member.

**2.   No Cable One Google Apps user consents to Google's unlawful conduct because Google's agreements are silent on the processes, contradict other agreements, or violate the terms of service and legal notices.**

137.   Paragraph 1.2 of the Google Apps Partner Edition Agreement with Cable One provides that Google will "protect against unauthorized access to or *use of Customer data*." (Emphasis Added).

138.   The Google Apps Partner Edition Agreement defines "Customer data" as "data, *including email*, provided, generated, transmitted or displayed via the Services by Customer or End Users." (Emphasis Added). Cable One Google Apps users are the "End Users."

139.   Google's reading of email message content, acquiring such content, collecting such content, [redacted] is the "unauthorized access to or use of Customer data." Google's unlawful conduct violates Paragraph 1.2 of the Google Apps Partner Edition Agreement with Cable One.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

140.   Paragraph 1.7 of the Google Apps Partner Edition Agreement with Cable One states, "<u>Ads.</u>  Google will not serve Ads in connection with the Service."

141.   The Google Apps Partner Edition Agreement defines "Service" as "the Google Apps Partner Edition services provided by Google and used by Customer under this Agreement."  Service is not limited to Gmail.

142.   Google's application of the same processes for the service of Ads by reading of email message content, acquiring such content, collecting such content, ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████ violates ¶ 1.7 of the Google Apps Partner Edition Agreement.

143.   The Google Apps Terms of Service, the Gmail Legal Notices, and the Gmail Program Policy do not disclose Google's unlawful conduct and do not obtain consent for the unlawful conduct.

144.   Paragraph Three (3) of the Google Apps Terms of Service applicable to Google Apps Cable One users expressly limits Google's "access" to a Google Apps user's "Content" to only those instances where Google is: (1) "required to do so by law;" or, (2) "in a good faith belief that such access" is "reasonably necessary" to: (a) satisfy any applicable law, regulation, legal process, or enforceable government request; (b) enforce the Terms of Service, including investigation of potential violations hereof; (c) detect, prevent, or otherwise address fraud, security, or technical issues (including, without limitation, the filtering of spam); or, (d) protect against imminent harm to the rights, property, or safety of Google, its users or the public as required or permitted by law.

145.   Google's reading of email message content, acquiring such content, collecting such content, █████████████████████████████████████████████████████████ ███████████████████████████████████████████ violates ¶ 3 of the Google Apps Terms of Service.

146.   Paragraph 1 of the Google Apps Terms of Service specifically references and includes the Gmail Legal Notices.

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

147.   The Gmail Legal Notices do not address or obtain consent to allow Google to read email message content, acquire such content, collect such content, ███████████ ███████████████████████████████████████████████████████ from the email messages.

148.   The "Gmail Legal Notices" state, "Google does not claim any ownership in any of the content, including any text, data, information, images, photographs, music, sound, video, or other material, that you upload, transmit or store in your Gmail account."

149.   Google's reading of email message content, the act of acquiring and collecting email message content, and Google's exclusive access and use of that message content violates the Gmail Legal Notices.

150.   Google's creation, acquisition and collection of data derived from email message content, the separate ██████████████████████, and Google's exclusive ███████████ ████████████ violates the Gmail Legal Notices.

151.   The "Gmail Legal Notices" state, "We will not use any of your content for any purpose except to provide you with the Service."   Google removed this language from the March 2012 Legal Notice.

152.   The electronic communication service known as Gmail is the only applicable Google "Service" within the "Gmail Legal Notices."

153.   Because Google cannot by contract serve advertisements to Cable One Google Apps users, Google's reading of email message content, acquiring such content, collecting such content, █████████████████████████████████████████████ ███████████████████████ from the email messages in any way associated with Google's service of advertising to other Gmail users or processes related to the service of advertising violates the Gmail Legal Notices.

154.   Google cannot obtain consent for acts contrary to or in violation of the Google Apps Partner Edition Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices.

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

155.   Due to Google's violations of the Google Apps Partner Edition Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices, no Cable One Google Apps user ever gives Google consent to read email message content, acquire such content, collect such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ from the email messages.

156.   Google cannot operate in the ordinary course of business for acts contrary to or in violation of the Google Apps Partner Edition Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices.

157.   Due to Google's violations of the Google Apps Partner Edition Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices, Google cannot operate within the ordinary course of business when it reads email message content, acquires such content, collects such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ from the email messages.

158.   Because Cable One Google Apps users do not receive advertising, any purported statement related to content-based advertising in any Agreements with Google has no application Cable One Google Apps users.   Any purported statement related to content-based advertising in any Agreements with Google expressly contradicts the other terms, disclosures or contracts, and these statements do not address or obtain consent to allow Google to read email message content, acquire such content, collect such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from the email messages.

159.   Due to the silence of Google's Agreements with the Cable One Google Apps users, the user does not consent to Google's reading of email message content, acquiring such content, collecting such content, ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from the email messages.

160.   Due to the silence of Google's Agreements with the Cable One Google Apps users, Google's reading of email message content, acquiring such content, collecting such content, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

████████████████████████████ from the email messages are not within the ordinary course of business.

### 3. No Google Apps EDU user consents to Google's unlawful conduct because Google's agreements are silent on the processes, contradict other agreements, or violate the terms of service and legal notices.

161.  Paragraph 1.2 of the Google Apps Education Edition Agreement with educational institutions states that Google will "protect against unauthorized access to or *use of Customer data*." (Emphasis Added).

162.  The uniform Google Apps Education Edition Agreement defines "Customer data" as "data, *including email*, provided, generated, transmitted or displayed via the Services by Customer or End Users." (Emphasis Added).  Further, the definition specifically includes, "any Personally Identifiable Information, as defined in the Family Education Rights and Privacy Act 20 U.S.C. § 1232g ("FERPA"), of Customer or End users provided, generated, transmitted or displayed via the Services by Customer or End Users."  Google Apps EDU users are "End Users."

163.  Google's reading of email message content, acquiring such content, collecting such content, ██████████████████████████████ ████████ ██████████████████ from the email messages is the "unauthorized access to or use of Customer data," which violates Paragraph 1.2 of the Google Apps Education Edition Agreement.

164.  Paragraph 1.6 of the uniform Google Apps Education Edition Agreement states, "Ads.  a.  Default Setting.  The default setting for the Services is one that does not allow Google to serve Ads."

165.  The Google Apps Education Edition Agreement defines "Service" as "the Google Apps Education Edition services provided by Google and used by Customer under this Agreement."  Service is not limited to Gmail.

166.  Google's application of the same processes as the processes for the service of Ads by reading of email message content, acquiring such content, collecting such content, ████████████████████████████████████████████████████████

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

██████████████████ from the email messages, violates ¶ 1.6 of the Google Apps Education Edition Agreement.

167.   The Google Terms of Service discussed *supra* apply to Google Apps EDU users and are incorporated herein.

168.   Google's Terms of Service, the Gmail Legal Notices, and the Gmail Program Policy do not disclose Google's unlawful conduct and do not obtain consent for the unlawful conduct.

169.   Because Google cannot by contract serve advertisements to Google Apps EDU users, ¶ 17.3 of the Terms of Service is contrary to or in violation of the Google Apps Education Edition Agreement.   Google's reading of email message content, acquiring such content, collecting such content, ████████████████████████████████████ ███████████████████████████████████from the email messages violates ¶ 17.3 of the Google Apps Education Edition Agreement.

170.   Because Google cannot by contract serve advertisements to Google Apps EDU users, ¶ 17.3 of the Terms of Service or any purported statement relating to advertising are inapplicable and do not obtain consent for Google's reading of email message content, acquiring such content, collecting such content, █████████████████████████████ ███████████████████████████████████ from the email messages.

171.   The Gmail Legal Notices do not address or obtain consent from Google Apps EDU users to allow Google to read email message content, acquire such content, collect such content, ████████████████████████████████████████████ ████████████████████ from the email messages.

172.   The "Gmail Legal Notices" state, "Google does not claim any ownership in any of the content, including any text, data, information, images, photographs, music, sound, video, or other material, that you upload, transmit or store in your Gmail account."

173.   Google's reading of email message content, the act of acquiring and collecting email message content, and Google's exclusive access and use of that message content violates

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK                        27

the Gmail Legal Notices.

174.   Google's creation, acquisition and collection of data ███████ ████████████████████████████████████████ ████████ violates the Gmail Legal Notices.

175.   The "Gmail Legal Notices" state, "We will not use any of your content for any purpose except to provide you with the Service."   Google removed this language from the March 2012 Legal Notice.

176.   The electronic communication service known as Gmail is the only applicable Google "Service" within the "Gmail Legal Notices."

177.   Because Google cannot by contract serve advertisements to Google Apps EDU users, Google's reading of email message content, acquiring such content, collecting such content, ██████████████████████████████████████████ ████████████████████████ from the email messages in any way associated with Google's service of advertising to other Gmail users or processes related to the service of advertising violates the Gmail Legal Notices.

178.   Google cannot obtain consent for acts contrary to or in violation of the Google Apps Education Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices.

179.   Due to Google's violations of the Google Apps Education Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices, no Google Apps EDU user ever gives Google consent to read email message content, acquire such content, collect such content, ████████████████████████████████████████████ ███████████ from the email messages.

180.   Google cannot operate in the ordinary course of business for acts contrary to or in violation of the Google Apps Education Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices.

181.   Due to Google's violations of the Google Apps Education Agreement, the Google Apps Terms of Service, and the Gmail Legal Notices, Google cannot operate within the ordinary course of business when it reads email message content, acquires such content, collects

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

such content, ████████████████████████████████████████████

████████████████████████ from the email messages.

182.   Because Google Apps EDU users do not receive advertising, any purported statement related to content-based advertising in any Agreements with Google has no application Google Apps EDU users.   Any purported statement related to content-based advertising in any Agreements with Google expressly contradicts the other terms, disclosures or contracts, and these statements do not address or obtain consent to allow Google to read email message content, acquire such content, collect such content, ████████████████████ ████████████████████████████████████████ from the email messages.

183.   Due to the silence of Google's Agreements with the Google Apps EDU users, the user does not consent to Google's reading of email message content, ██████████████████ ████████████████████████████████████████████ ██████████████████████ from the email messages.

184.   Due to the silence of Google's Agreements with the Google Apps EDU users, Google's reading of email message content, acquiring such content, collecting such content, ████████████████████████████████████████████ ██████████████ from the email messages are not within the ordinary course of business.

**4.   No Gmail user, Cable One Google Apps user, or Google Apps EDU user consents to Google's unlawful conduct because Google's Privacy Policies are silent on the processes, contradict other agreements, or violate the terms of service and legal notices.**

185.   Every Privacy Policy since August 7, 2008, is silent as to Google's reading of email message content, acquiring such content, collecting such content, █████████████ ████████████████████████████████████████████ from the email messages.  No user can ever give consent pursuant to the Privacy Policies.

186.   To the extent any purported language within any Privacy Policy since August 7, 2008 addresses or seeks to obtain consent to allow Google to read email message content, acquire  such  content,  collect  such  content, ████████████████████████████████████

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK                    29

█████████████████████████████████ from the email messages, such language is contrary to user agreements. No user can ever give consent pursuant to the Privacy Policies.

187.   Within each version of the Privacy Policy, Google *expressly limits* the information it *collects* from Gmail users, Cable One Google Apps users, and Google Apps EDU users to only the following information: (1) personal information (specifically defined) provided by the user when the user signs up for a Google Account; (2) information derived from the placement of cookies on the user's computer or device; (3) log information; (4) user communications *directed at* Google (as a party); (5) personal information (specifically defined) provided from affiliated Google Services or other sites; (6) information from third party applications; (7) location data from location-enabled services; and, (8) unique application numbers from Google Toolbar.

188.   Google intentionally omits and excludes from any of these categories Google's reading of email message content, acquiring such content, collecting such content, ████ ████████████████████████████████████████ ████████████ from the email messages.

189.   Google amended its Privacy Policy on March 1, 2012, and again on July 27, 2012. In each version, Google *expressly limits* the information it *collects* from all users of Gmail to the following: (1) information the user gives to Google—the user's personal information; and, (2) information Google obtains from the user's use of Google services, wherein Google lists: (a) the user's device information; (b) the user's log information; (c) the user's location information; (d) the user's unique application number; (e) information stored locally on the user's device; and, (e) information derived from cookies placed on a user's device.

190.   Google intentionally omits and excludes from any of these categories Google's reading of email message content, acquiring such content, collecting such content, ████ ████████████████████████████████████████ ███████████ from the email messages ██████████████████

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1 ███████████████████████████████████████ it does not amount

2 to "Information we get from your use of our services."

3 ███ Google violates the express limitations of its Privacy Policies with its reading of

4 email message content, acquiring such content, collecting such content, ████████████

5 ████████████████████████████████████████████████████

6 from the email messages.

7    192.   Google cannot obtain consent for acts contrary to or in violation of Google's

8 Privacy Policies.

9    193.   Google cannot act in the ordinary course of business in violation of Google's

10 Privacy Policies.

11    194.   Due to Google's violations of its own Privacy Policies, no person ever gives

12 Google consent to read email message content, acquire such content, collect such content, ████

13 ████████████████████████████████████████████████████

14 ████████ from the email messages.

15    195.   Due to Google's violations of its Privacy Policies, Google does not operate

16 within the ordinary course of business when it reads email message content, acquires such

17 content, collects such content, ████████████████████████████████

18 ████████████████████████ from the email messages.

19    196.   Google's Privacy Policies are silent on, and do not address or obtain consent for

20 Google to read email message content, acquire such content, collect such content, ████████

21 ████████████████████████████████████████████████████

22 ████████ from the email messages.

23    197.   Google's Privacy Policies are silent on Google's reading of email message

24 content, acquiring such content, collecting such content, ████████████████████

25 ████████████████████████████████████████████ from the

26 email messages and these actions are not within the ordinary course of business.

27 ///

28 ///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

**5.**   **No person consents to Google's unlawful conduct based on other statements about Gmail processing because: (a) Google is the sole source of the information contained within the statement; and, (b) the information provided by Google is materially false, misleading, or omits material facts.**

198.   While Google claims that all email service providers filter for spam and viruses, users and persons can only consent to Google's filtering for spam and virus protection.

While Google claims that it processes messages for spell-check, language detection, and sorting, it fails to

201.   Google falsely claims that it simply filters or reviews email messages for "keywords," when in fact Google acquires, collects, and stores this type of content and uses it to

202.   Google falsely asserts that only static "keywords" are reviewed, omitting that it actually reads, acquires,

Google falsely implies or overtly creates the false impression that users can: (1) opt-out of advertising; (2) use various ways to access Gmail accounts which will not generate advertising; or, (3) use Apps accounts which will not generate advertising, to prevent Google from Google's reading of email message content, acquiring such content, collecting such content,

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

204.   Google falsely claims that no humans read the email message content when in fact Google e█████████████████████████████████████████████████████████

█████████████████████████Google omits the material fact that for years Google has acquired, collected, and created █████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

207.   Google never informs the Gmail user that Google acquires the content of the incoming electronic communication during an "interception."  In fact, Google falsely indicates that it acquires information from the users' inbox—not ██████████████████████ █████████   Accordingly, Google never discloses to the user at what point in time the unlawful conduct occurs, i.e. ██████████████████████████████████ ████████████████████████████   Accordingly, Google never discloses an actual interception for which it can obtain consent.

208.   Google makes other false or misleading statements and omits other material information about its practices.

209.   For users of Gmail who are required to accept the applicable Terms of Service, Legal Notices, Program Policy, and Privacy Policies, and wherein Google's has expressly contracted that (1) the Terms constitute the whole legal agreements, (2) the Terms replace all other agreements, and/or (3) Terms control the relationship between Google and the users.  The uniform, form contract(s) are the only applicable statements as to the issue of consent.

///

///

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

**6.    No person consents to Google's unlawful conduct because Google violates its user agreements and notices, because Google makes false and/or misleading statements, and because Google does not disclose the accused conduct.**

210.    Due to the silence, the conflicts, and the expressed limitations in Google's agreements with its users, Gmail users and other persons cannot and do not consent to Google's reading of email message content, ████████████████████████████ ████████████████████████████████████████████████ ████████████ from the email messages.

211.    Due to Google's false statements and material omissions about its reading of email message content, acquiring such content, collecting such content, ████████████ ████████████████████████████████████████████████ from the email messages, no person can and does consent to Google's unlawful conduct.

212.    Google is the sole source of information about its Gmail processes, and is the originator of the express terms of its form contracts with Gmail users.  Third party statements relating to Google's unlawful conduct or its user agreements are not probative of whether Google obtains consent for its unlawful practices.  Third party statements relating to Google's conduct are speculative and lack foundation.  To the extent such third party statements are based upon Google's representations, Google's representations are false, omit material information, or violate or contradict a contractual agreement.  The truth of Google's conduct is a tightly guarded secret.

213.    No party to any email message transmitted to or from any Plaintiff and Class Member consents to Google's reading of email message content, acquiring such content, collecting such content, ████████████████████████████████████ ████████████████████████████████ from the email messages.  Plaintiff and the Class Members are not given any reasonable opportunity to consent, cannot consent, and do not consent to Google's unlawful conduct.

///

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1    **E.**    <u>**Google's Unlawful Devices**</u>

2        214.    Google utilizes the following "accused devices," including: machines;

3    instruments; apparatuses; and/or contrivances, to intentionally intercept, endeavor to intercept,

4    use, endeavor to use, read, attempt to read, acquire, take, exert unauthorized control over, record

5    and collect the contents of, determine and learn the meaning and content of, eavesdrop upon,

6    and/or store, private email messages, the content of private email messages, and private

7    electronic communications without consent:



16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

## V.     CAUSES OF ACTION

### COUNT ONE
**(Violations of 18 U.S.C. §§ 2510 *et seq*.)**

215.    Plaintiffs adopt and incorporate each and every allegation of this complaint as if stated fully herein.

216.    Plaintiffs Dunbar; Fread and Carrillo; A.K., as Next Friend of Minor, J.K.; Scott and Harrington; assert violations of 18 U.S.C. §§ 2511(1)(a) and (1)(d) for Google's unlawful interception and use of Plaintiffs' electronic communications.

### A.     **Plaintiffs**

#### 1.     *Plaintiff Keith Dunbar*

217.    Cable One is an ISP.  Prior to November 16, 2010, Dunbar paid Cable One for his internet service, including email service for his business and family.

218.    Prior to November 16, 2010, Dunbar sent and received email messages to and from Gmail users wherein Google unlawfully intercepted and used the content of those electronic communications in violation of 18 U.S.C. §§ 2511(1)(a) and (1)(d).

219.    On November 16, 2010, Dunbar learned that Cable One required him and all other Cable One account holders to convert their email accounts to be "Powered by Google." Dunbar converted his account to be "Powered by Google" but continued as a Cable One subscriber and his email address remained the same.

220.    Similar to Dunbar's conversion, Cable One required the conversion of all other Cable One email accounts to be "Powered by Google."

221.    In addition, once Cable One set up its "Mycableone.com" platform using Google Apps for email, new Cable One subscribers opened their new "Powered by Google" Cable One email accounts through Google Apps, and thus, Gmail.

222.    Google services Cable One Google Apps email accounts through Gmail.

223.    After the conversion of his Cable One email account, Dunbar received email messages through his Cable One Google Apps email account, and sent email messages to Gmail and other Cable One Google Apps email accounts.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

224.   Accordingly, Dunbar has been (1) a non-Gmail user who sent and received emails to and from a Gmail user; and is: (2) a Cable One Google Apps user (Gmail user) who received messages; and, (3) a Cable One Google Apps user (Gmail user) who sent messages to Gmail users.

### 2.   *Plaintiffs Fread and Carrillo*

225.   Plaintiff Robert Fread has been a student at the University of Hawaii since January 2011.

226.   The University of Hawaii's migration of its email services to Google Apps EDU began in 2009, when the University investigated the possibility of contracting out its email services for its students, faculty, and staff.

227.   On June 21, 2010, Google contracted with the University of Hawaii ("the University," or "UH") to provide exclusive email services for all of the UH's students, faculty, and staff.  Google's contract with the University is titled "Google Apps Education Edition Agreement" ("Agreement"), stamped "Google Apps Edu Agreement 031809" ("UH Google Apps EDU Contract").  The UH Google Apps EDU Contract is essentially a form contract containing the same relevant and material terms, conditions and disclosures as other Google Apps EDU contracts.  Google has entered into these contracts throughout the United States including, *e.g.* with the University of the Pacific, and the California State University and University of California systems.  These analogous Google Apps EDU contracts include a provision regarding Google's claim to comply with FERPA by virtue of Google's false and fraudulent designation as a "school official" as a defined term in the contracts.

228.   Through the UH Google Apps EDU Contract, Google services the @hawaii.edu email accounts provided to all students, faculty, and staff of UH, including Plaintiff Fread.

229.   The @hawaii.edu email system is the official—and often exclusive—form of communication by UH for UH's students, faculty, and staff.

230.   In May of 2011, the University sent emails to @hawaii.edu account holders informing them of the forced migration of their email service to Google Apps EDU.

231.   On September 12, 2011, Fread received notice that his student email account

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1    would migrate to Google Apps EDU on September 24, 2011, without his consent.

2         232.   On January 4, 2012, UH's IT department informed Fread that his email account

3    would migrate to Google Apps EDU against his will on January 24, 2012.

4         233.   On July 23, 2012, Fread's @hawaii.edu email account migrated to a Google

5    Apps EDU account without his consent.   For months, Fread refused to use his Google Apps

6    EDU email account, but later Fread was forced to use the account in order to send and receive

7    official UH communications.

8         234.   Google failed to disclose to Fread and UH Google's reading of email message

9    content, acquiring such content, collecting such content, ███████████████████████████

10   ███████████████████████████████████████████████████████████████ from the

11   email messages.   Google processes all incoming email messages to UH students, faculty,

12   administrative staff, and alumni @hawaii.edu accounts this way.

13        235.   Fread did not consent to Google's reading of email message content, acquiring

14   such content, collecting such content, ███████████████████████████████████████

15   ██████████████████████████████████████ from the email messages.

16        236.   Google's reading of Fread's email message content, acquiring such content,

17   collecting such content, ████████████████████████████████████████████████████

18   ████████████████████████████████ from the email messages is an interception and

19   use of Fread's electronic communications.

20        237.   In 2010, the University of the Pacific ("UOP") located in Stockton, California

21   entered into a contract with Google for email services through its Google Apps for Education

22   program  ("UOP Google Apps EDU Contract").   McGeorge School of Law is part of UOP.

23   The UOP Google Apps EDU Contract applies to all UOP students, faculty, administrative staff,

24   and alumni, including those affiliated with McGeorge.

25        238.   The UOP Google Apps EDU Contract is essentially a form contract containing

26   the same relevant and material terms, conditions and disclosures as other Google Apps EDU

27   contracts.  Google has entered into these contracts throughout the United States including, *e.g.*

28   with the University of the Pacific, and the California State University and University of

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

California systems.  These analogous Google Apps EDU contracts include a provision regarding Google's claim to comply with FERPA by virtue of Google's false and fraudulent designation as a "school official" as a defined term in the contracts.

239.   At no time before or after entering into the UOP Google Apps EDU Contract has Google disclosed Google's reading of email message content, acquiring such content, collecting such content, ████████████████████████████████████████████ ████████████████████████████████ from the email messages.  Google processes all incoming email messages to UOP students, faculty, administrative staff, and alumni @u.pacific.edu accounts this way.

240.   Before Google began the Google Apps EDU service, all existing UOP students, faculty, administrative staff and alumni sent and received all communications with UOP through @u.pacific.edu accounts.  UOP operated the email system itself using a Novell Group Wise platform or server.  UOP then changed to Google Apps EDU email service and forced all UOP students, faculty, administrative staff and alumni to migrate their accounts to Google Apps EDU accounts.

241.   The forced migration process involved a series of prompts including a "Welcome to Your New Account" page which included terms and conditions and a privacy policy.  The instructions called for the individual to enter a word in a box and click on something which said words like "I accept" and "continue with my account."   UOP requires new students, faculty, and staff to open Google serviced @u.pacific.edu accounts through this same process.

242.   Plaintiff Rafael Carrillo attended McGeorge School of Law from August 2009 until his graduation in May 2012.  McGeorge required Carrillo to maintain an @u.pacific.edu email account for official UOP communications, including communications involving his enrollment.

243.   UOP forced Carrillo to migrate his @u.pacific.edu account in the manner described above, but Google did not inform Carrillo that Google treated his migrated account as a Gmail account.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

244.   Carrillo did not consent to Google's reading of email message content, acquiring such content, collecting such content ██████████████████████████ ████████████████████████████████ from the email messages.

245.   After the forced migration, Carrillo sent and received communications to and from UOP and others, including communications relating to private and confidential educational and financial information which are protected from disclosure under federal law, including FERPA.  Google's reading of Carrillo's email message content, acquiring such content, collecting such content, ██████████████████████████ ████████████████████████████████ from the email messages is an interception and use of Carrillo's electronic communications.

246.   Neither Fread nor Carrillo received Google advertising in their Google Apps EDU accounts.

### 3.     Plaintiff A.K., as Next Friend of Minor, J.K.

247.   Minor Child, J.K., is a sixteen (16) year old child who has a personal Gmail account.

248.   Minor Child, J.K., has used his personal Gmail account to communicate electronically with non-Gmail users and with other Gmail subscribers who are under the age of majority ("Minor Subscribers").

249.   Accordingly, Minor Child, J.K., has received email messages from non-Gmail users and Minor Subscribers.  In addition, Minor Child, J.K., has sent email messages to non-Gmail users and Minor Subscribers.

250.    Minor Child, a child under the legal age of majority, did not consent, and, as a matter of law, could not have consented to the interception of his electronic communications. As a result of their minority, Minor Class Members were and are incapable of consenting to Google's conduct.  Absent consent, Google's conduct violated and continues to violate ECPA.

251.   Google did not attempt to obtain the permission of the parents or guardians of Minor Child or other members of the Minor Class whose electronic communications were intercepted.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

252.   Non-Gmail subscribers or other Minor Subscribers who sent or received electronic communications to or from Gmail accounts of Minor Child or members of the Minor Class did not consent to Google's interception of the electronic communication.

### 4.   *Scott, Harrington, and the Class of Non-Gmail Users*

253.   Scott and Harrington are non-Gmail users who have sent email messages to Gmail users.  Scott and Harrington are non-Gmail users who have received email messages from Gmail users.

254.   Google unlawfully intercepted and used the content of the electronic communications (emails) which Scott, Harrington, and the Class they seek to represent sent to Gmail users.

255.   Google unlawfully intercepted and used the content of the electronic communications (emails) which Scott, Harrington, and the Class they seek to represent received from Gmail users.

### B.   ECPA Violations

256.   Google, as a corporation, is a "person" pursuant to 18 U.S.C. § 2510(6).

257.   ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

258.   Google's actions affect interstate commerce in that: (1) Plaintiffs are residents of various states; (2) Cable One does not offer services in State of California, Cable One and Google entered into a contractual agreement regarding the Google Apps Partner Program, Class Members from several states transferred their Cable One email accounts to Google Apps and Gmail, and *Dunbar*'s Class Members' use of their Cable One Google Apps accounts occurred outside of the State of California; (3) as exemplified by Fread and Carrillo, educational

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

institutions from various states have contracted with Google, those Class Members have transferred their email accounts to Google Apps EDU, and those Class Members' use of their Google Apps EDU accounts occurred within and outside the State of California; and (4) Minor, J.K., resides in Illinois, the Gmail service is offered throughout the United States, and those Class Members have used their Gmail accounts throughout the United States.  Finally, Google's actions as an electronic communication service provider offering Gmail throughout the United States demonstrates its actions affect interstate commerce.

259.   Pursuant to 18 U.S.C. § 2511(1)(a), Google intentionally intercepted, intercepts, or endeavored or endeavors to intercept the electronic communications: (1) Plaintiffs and Class Members sent to @gmail.com account users; and, (2) received by Plaintiffs and the Class Members based on the following:

a.   Through Google's reading of the email messages, Google acquired(s) the substance, purport, and meaning of email messages transmitted to and from Plaintiffs and Class Members.  The acquisition of content is further exemplified by Google's ██████████████████████████████████████████████████████ ████████████████.

b.   The email messages transmitted to and from Plaintiffs and Class Members are (were) electronic communications.  The conduct alleged herein does not occur in storage.  Google transfers, transmits, or routes each message to each accused device for the purpose of a designated function to acquire content from the message.

c.   Google utilized(s) one or more devices comprised of an electronic, mechanical or other device or apparatus to intercept the electronic communications transmitted to and from Plaintiffs and Class Members.  Such devices include, but are not limited to, the distinct pieces of Gmail infrastructure comprising ███████████ ████████████████████████.

d.   Google does not furnish the devices to Gmail or Google Apps users, and users do not use the devices for connection to the facilities.

e.   The intercepting devices are not used for the ability to send or receive

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

electronic communications.

f.      The devices are not used by Google, if operating as an electronic communication service, in the ordinary course of business as a provider of an electronic communication server.

g.      Google's interception of electronic communications sent by and to Plaintiffs and Class Members for; (a) undisclosed purposes; (b) for the purpose of delivering content-based advertising; (c) for purposes beyond the Service of Gmail; (d) in violation of its user agreements; (e) in violation of its contracts with third parties; (f) in violation of its statements to users; (g) in violation of States' and California law; and, (h) in violation of the property rights of Plaintiffs, Class Members, and third parties; is not within the ordinary course of business of a provider of an electronic communication service.

260.   Pursuant to 18 U.S.C. § 2511(1)(d), Google intentionally used, uses, or endeavored or endeavors to use the contents of Plaintiffs' and Class Members' electronic communications while knowing or having reason to know that it obtained the information through the interception of the electronic communication in violation of 18 U.S.C. § 2511(1)(a).

261.   Google's interception of and use of the contents of Plaintiffs' and Class Members' electronic communications were not performed by an employee engaged in any activity necessary for the rendition of an electronic communication service or for the protection of the rights or property of Google.

262.   The industry standard for webmail electronic communication services does not include the interception and use of the content of email messages.

263.   The ordinary course of business within the industry for webmail electronic communication services for the ability to send and receive electronic communications does not include the interception and use of content of an electronic communication as Google performs on the subject electronic communications.

264.   Google's services that are not related to the ability to send and receive electronic communications are not electronic communication services.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

265.   Google's content-based advertising and other uses of Plaintiffs' and Class Members' emails, including those sent to Plaintiffs and Class Members, are not a service of an electronic communication service as defined by 18 U.S.C. § 2510(15).

266.   No party to the electronic communications alleged herein consented to Google's interception or use of the contents of the electronic communications.

267.   As to consent, and pursuant to 18 U.S.C. § 2520(b)(1), Minor Child, J.K., and the Minor Class seek specific declaratory relief as follows.

268.   At all times relevant hereto, Minor Child, J.K., and the Minor Class were minor children.

269.   Emails, and the contents thereof, are personal property.

270.   Emails, and the contents thereof, sent or received by Gmail users are not in the immediate possession of Gmail users because an individual acquires possession of them only through Google.



273.   Google's reading, acquisition, and other uses of minor Gmail users' email content and data therein by its advertising servers relates to personal property not in the immediate possession or control of a minor Gmail user.

274.   Defendant's uniform (form) contracts with Minor Child, J.K., and the Minor Class are governed by California law, and violate Cal. Fam. Code § 6701(a) and/or (c), to the extent they purport to give both a delegation of power, and relate to personal property not in the immediate possession or control of a minor.

275.   Contracts that are contrary to Section 6701 are void without disaffirming the contract to avoid its apparent effect.

276.   The 2007 version of the Google Terms of Service provides, "If any court of law,

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

having the jurisdiction to decide on this matter, rules that any provision of these Terms is invalid, then that provision will be removed from the Terms without affecting the rest of the Terms.  The remaining provisions of the Terms will continue to be valid and enforceable."  The 2012 version of the Google Terms of Service provides, "If it turns out that a particular terms is not enforceable, this will not affect any other terms."   Accordingly, Google recognizes that aspects of its Terms found to be invalid may be separated from the Terms.

277.   The provisions, if any, of the Terms of Service and agreements with Google relating to the interception and use of Gmail messages of Minor Child, J.K., and the Minor Class are void.  In the alternative, said Terms of Service and agreements are void in their entirety.

278.   Accordingly, in addition to the other allegations against consent as to Gmail users, Minor Child, J.K., and the Minor Class seek a declaration that the provisions, if any, of the Terms of Service and agreements with Google relating to the interception and use of Gmail of Minor Child, J.K., and the Minor Class are in fact void, will be "removed from the Terms," and that Minor Child, J.K., and the Minor Class have not provided consent.

279.   Alternatively, in addition to the other allegations against consent as to Gmail users, Minor Child, J.K., and the Minor Class seek a declaration that the entire alleged contract between Google and Minor Child, J.K., and the Minor Class is void, and that Minor Child and the Minor Class have not provided consent.

280.   Alternatively, in addition to the other allegations against consent as to Gmail users, Minor Child and the Minor Class seek a declaration that Minor Child and the Minor Class cannot give the consent required under ECPA.

281.   Google intercepts Plaintiffs' and Class Members' electronic communications for the purpose of committing a criminal or tortious act in violation of the laws of any state, and as such, it cannot obtain consent pursuant to § 2511(2)(d).

282.   Google's interception and use of electronic communications violates the proprietary interests of the property owners of the email who have not consented to the interception.  Due to the expressed limitations in the Privacy Policies and content licenses

granted to Google by users, Google has no contractual rights to the data within email messages that Gmail users have yet received and yet submitted for public viewing.  At the moment Google reads the incoming email, it exercises unauthorized control over the data within that email to acquire content, make copies of content, ███████████████████████ ██████████████████████████████████████████████████████████ This data is valuable to Google.  Google openly claims to investors the monetary value in obtaining data as alleged herein, and Google pays specific and particularized sums of money for the same type of data to third parties.  Google defines the payment of monies to others for the same type of data as "traffic acquisition costs."  To avoid paying these "traffic acquisition costs," Google unlawfully exercises control over data within incoming electronic communications, ██████ ██████████████████████████████████████████████████all without compensation to the owner/party of the message and beyond the scope of its content license with its users.

283.   Google has no property rights or license in the email sent to users of Gmail and that have not been submitted, posted, uploaded, or displayed by the users of Gmail.

284.   Google has no property rights or license in the copies of emails sent to users of Gmail ███████████████████████████████ sent to Gmail users.

285.   As a result of Google's violations of § 2511, pursuant to § 2520, Plaintiffs and the Class Members are entitled to:

  a. Preliminary and permanent injunctive relief to require Google to fully disclose its activities, obtain proper parental consent of Minors, and halt Google's violations;

  b. Appropriate declaratory relief;

  c. For Plaintiffs and each Class Member, the greater of $100 a day for each day of violation or $10,000; and

  d. Reasonable attorneys' fees and other litigation costs reasonably incurred.

286.   While certain devices have been identified in this Complaint, Plaintiffs reserve the right to assert ECPA violations as to any further devices disclosed or those devices upon

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1  which Google provides additional information.

### COUNT TWO
### (Violations of Cal. Penal Code §§ 630, *et seq.*)

287.  Plaintiffs adopt and incorporate each and every allegation of this complaint as if stated fully herein.

288.  Plaintiffs Scott and Harrington individually, and on behalf of a Class of non-Gmail users residing outside of California, assert violations of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630, *et seq.,* specifically Cal. Penal Code §§ 631(a) and 632, for Google's unlawful reading and recording of email message content Plaintiffs sent to or received from Gmail users.  Google uses this information to learn information about the sender and recipient, and uses it for commercial advantage and profit.

289.  "The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."  Cal. Pen. Code § 630.

290.  Google's acts in violation of CIPA occurred in the State of California because those acts resulted from business decisions, practices, and operating policies that Google developed, implemented, and utilized in the State of California and which are unlawful and constitute criminal conduct in the state of Google's residence and principal business operations.  Google's implementation of its business decisions, practices, and standard ongoing policies which violate CIPA took place in the State of California.  Google profited in the State of California as a result of its repeated and pervasive violations of CIPA.  Google's unlawful conduct which occurred in the State of California harmed Plaintiffs and all Class Members.  Google developed, designed, built, and physically placed in California one or more of the accused devices used by Google to violate CIPA.

291.  Plaintiffs and the Class Members sent email messages to Gmail users and received original email messages from Gmail users.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

292. Google is not a party to Plaintiffs' and Class Members' emails exchanged with Gmail users.

293. The email messages exchanged by Plaintiffs and Class Members with Gmail users are messages.

294. These messages are communications between Plaintiffs and the Class Members, and the Gmail users.

295. Google transmits the messages in defined Internet Message Formats with destination address fields specifying the recipients of the message.

296. Pursuant to the destination address fields, messages exchanged with Gmail users are confined to those persons specified as recipients in the destination address fields.

297. Pursuant to the destination address fields, Plaintiffs' and Class Members' messages sent to and received from Gmail users are confined to those persons specified as recipients in the destination address fields.

A. **Violations of Cal. Penal Code § 631(a)**

298. Pursuant to Cal. Penal Code § 7, Google, as a corporation, is a "person."

299. Google uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiffs' and the Class Members' emails.

300. Google acts wilfully when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' emails.

301. Google does not have the consent of all parties to the communication, or it acts in an unauthorized manner, when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' emails.

302. Plaintiffs' and Class Members' emails are "any message, report, or communication."

303. At the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' emails, the emails are in transit to or from the Gmail user.

304. At the time Google reads, attempts to read, or learns the contents or meaning of

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

Plaintiffs' and Class Members' emails, the emails are passing over any wire, line, or cable.

305. Email, coded written messages sent electronically to remote locations, is telegraph within the meaning of this Act and section. As such, the wires, lines, cables and/or instruments which carry and facilitate the transmission of Plaintiffs' and Class members' email are telegraph wires, lines cables and/or instruments within the meaning of this Act and section.

306. Google Talk is part of Gmail. Google Talk allows those using Gmail who download the Google Chat application to make long distance calls anywhere in the world, audio conference, and chat with Gmail friends. Gmail is a telephone system which uses wires, lines, cables or instruments which are capable of and in fact transmit telephone calls. This telephone system includes an internal system of wires, lines, cables or instruments ███████ ███████████████████████████████████ which are capable of and do in fact transmit telephone calls. As such, the wires, lines, cables and/or instruments which transmit Plaintiffs' and Class Members' email are telephone wires, lines, cables and/or instruments within the meaning to this Act and section.

███████ Plaintiffs and Class Members do not consent, expressly or impliedly, to Google's eavesdropping upon and recording of their personal emails. Google does not disclose material information to anyone relating to its attempts at reading, reading, acquiring and collecting of email content, ███████████████████████

308. There is no knowledge or expectation among Plaintiffs and Class Members regarding the extent of Google's reading of message content, learning about the content or meaning of the messages, the acquisition of such content, the collection of such content, the ███████████████████████████████████████████ ████████████████████████—all beyond the normal occurrences, industry standard, and expectations regarding the transmittal of email messages.

309. Specifically, Google's actions are entirely separate from and are not the recording of the email message to the user's "inbox."

///

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

**B.** **Violations of Cal. Penal Code § 632**

310.   Pursuant to Cal. Penal Code §§ 7 and 632(b), Google, as a corporation, is a "person."

311.   Cal. Penal Code section 632 prohibits eavesdropping upon or the recording of any confidential communication, including those occurring by telephone, telegraph or other device, through the use of an amplification or electronic recording device without the consent of all parties to the communication.

312.   Google intentionally and without the consent of all parties to the communication eavesdrops upon and/or records Plaintiffs' and Class Members' email messages sent to and from Gmail users.

313.   Google uses any electronic amplifying or recording device, ███████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████

314.   Plaintiffs' and Class Members' email messages sent to and from Gmail users are confidential communications with specifically identified and designated recipients.

315.   At the time the Plaintiffs and Class Members transmitted emails to and from Gmail users, their communications are confidential because the communications are confined to those persons specified as recipients in the destination address fields and there would be no expectation that a third party, such as Google, would act in any manner other than within the industry standards for delivery of the communications.

316.   There is no knowledge or expectation among Plaintiffs and Class Members regarding the extent of Google's reading of message content, learning about the content or meaning of the messages, the acquisition of such content, the collection of such content, ███ ████████████████████████████████████████████████████████ ████████████████████████—all beyond the normal occurrences, industry standard, and expectations regarding the transmittal of email messages.

317.   Specifically, Google's actions are entirely separate from and are not the

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

recording of the email message to a user's "inbox."

318. Plaintiffs' and Class Members' email messages sent to and from Gmail users are carried on among those parties by means of an electronic device which is not a radio.

319. Plaintiffs and Class Members do not consent, expressly or impliedly, to Google's eavesdropping upon and recording of their personal emails. Google does not disclose material information to anyone relating to its attempts at reading, reading, acquiring and collecting of email content, ████████████████████████████████

320. While Plaintiffs identified certain accused devices in this Complaint, Plaintiffs reserve the right to assert §§ 631 and 632 violations as to any further devices disclosed or those devices upon which Google provides additional information.

**C.** **Cal. Penal Code § 637.2 Relief**

321. As a result of Google's violations of §§ 631 and 632, Plaintiffs and the Class are entitled to:

a. Preliminary and permanent injunctive relief to require Google to fully disclose its practices and halt its violations;

b. Appropriate declaratory relief;

c. Monetary relief in the amount set forth in § 637.2 (a)(1) for each Class member; and,

d. Reasonable attorneys' fees and other litigation costs reasonably incurred.

**COUNT THREE**
**(Violations of Maryland Courts And Judicial Proceedings Code Ann. §§ 10-402, *et seq.*)**

322. Plaintiffs adopt and incorporate each and every allegation of this complaint as if stated fully herein.

323. Within the Class Period, Plaintiff Matthew C. Knowles has sent emails to @gmail.com account holders.

324. Within the Class Period, Plaintiff Knowles has received emails from @gmail.com account holders.

325. At the time Plaintiff sent and the received the emails to and from @gmail.com

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

account holders, Plaintiff did so from his Yahoo® account.

326.  Plaintiff and the Class Members have transmitted email messages to and from Gmail users.

327.  Google is not a party to Plaintiff's and Class Members' emails exchanged with Gmail users.

328.  Pursuant to Maryland Court and Judicial Proceedings Code Annotated § 10-402, Google intentionally intercepted, intercepts, or endeavored or endeavors to intercept the electronic communications Plaintiff and Class Members sent to and received from @gmail.com account users:

a.  Through its reading of the email message, Google acquired(s) information concerning the identity of the parties or the existence, substance, purport, and meaning of email messages transmitted to and from Plaintiff and Class Members. The acquisition of content is further exemplified by Google's collection of such content and ██████████████████████████████████████████

b.  The email messages transmitted to and from Plaintiff and Class Members are (were) electronic communications.  The conduct alleged herein does not occur in storage.  Google transfers, transmits, or routes each message to each accused device for the purpose of a designated function ████████████████████.

c.  Google utilized(s) one or more electronic, mechanical, or other devices or electronic communication to intercept the electronic communications sent by and to Plaintiff and Class Members.  Such devices include, but are not limited to, the distinct pieces of Gmail infrastructure ████████████████████████████ ████████████████████████

d.  Google does not furnish the devices to the users of Gmail, and users do not use the devices for connection to the facilities.

e.  The intercepting devices are not used for the ability to send, receive, or transmit electronic communications.

f.  The devices are not used by Google, if operating as a communications

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

common carrier, in the ordinary course of business as a provider of a communications common carrier.

g.     Google's interception of electronic communications sent by and to Plaintiff and Class Members for: (a) undisclosed purposes; (b) for the purpose of delivering content-based advertising; (c) for purposes beyond the Service of Gmail; (d) in violation of its user agreements; (e) in violation of its contracts with third parties; (f) in violation of its statements to users; (g) in violation of States' laws; and, (h) in violation of the property rights of Plaintiff, Class Members, and third parties; is not within the ordinary course of business of a provider of an electronic communication service.

329.   Google intentionally used, uses, or endeavored or endeavors to use the contents of Plaintiff's and Class Members' electronic communications knowing or having reason to know that Google obtained the information through the interception of the electronic communication in violation of § 10-402(a)(3).

330.   Google's interception of and use of the contents of Plaintiff's and Class Members' electronic communications were not performed by an employee while engaged in any activity which is necessary incident to the rendition of Gmail or for the protection of the rights or property of Google.

331.   The industry standard for webmail electronic communication services does not include the interception and use of the content of the email alleged herein as Google performs on these electronic communications.

332.   The ordinary course of business within the industry for webmail electronic communication services for the ability to send and receive electronic communications does not include the interception and use of content of an electronic communication that Google performs on the subject electronic communications.

333.   Google's services that are not related to the ability to send and receive electronic communications are not electronic communication services or communications common carrier services.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

334.   Google's content-based advertising and other uses of Plaintiff's and Class Members' emails, and those sent to Plaintiff and Class Members, are not a service of a communication service as defined by §§ 10-401(3), (6), or (7).

335.   Google is not a party to the communications, and § 10-402(c)(3) and the defense of consent are not applicable to Google or Google's actions.

336.   If § 10-402(c)(3) is found applicable, all parties to the communication have not consented to Google's interception of the communications.

337.   Google intercepts Plaintiff's and Class Members' communications for the purpose of committing a criminal or tortious act in violation of the laws of any state, and as such, it cannot obtain consent pursuant to § 10-402(c)(3).

338.   Pursuant to § 10-402(c)(3), Google's interception and use of communications violates the proprietary interests of the property owners of the email who have not consented to the interception.  Due to the expressed limitations in the Privacy Policies and content licenses granted to Google by users, Google has no contractual rights to the data within email that Gmail users have yet received and yet submitted for public viewing.  At the moment Google reads the incoming email, it exercises unauthorized control over the data within that email to acquire content, ███████████████████████████████████████████████ ████████████████████████████████████████ This data is valuable to Google.  Google openly claims to investors the monetary value in obtaining data as alleged herein, and Google pays specific and particularized sums of money for the same type of data to third parties.  Google defines the payment of monies to others for the same type of data as "traffic acquisition costs."  To avoid paying these "traffic acquisition costs," Google unlawfully exercises control over data within incoming electronic communications, ███████████████ ██████████████████████████████████████—all without compensation to the owner/party of the message and beyond the scope of its content license with its users.

339.   Google has no property rights or license in the email sent to Gmail users and that have not been submitted, posted, uploaded, or displayed by the Gmail user.

340.   Google has no property rights or license in the copies of emails sent to Gmail

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

users or █████████████████████████████████

341.   As a result of Google's violations of § 10-402, pursuant to § 10-410, Plaintiff and the Class are entitled to:

      a.    For Plaintiff and each Class Member, the greater of $100 a day for each day of violation or $1,000 in liquidated damages;

      b.    Punitive damages; and

      c.    Reasonable attorneys' fees and other litigation costs reasonably incurred.

342.   While certain devices have been identified in this Complaint, Plaintiff reserves the right to assert violations as to any further devices disclosed or those devices upon which Google provides additional information.

### COUNT FOUR
**(Violations of Florida Statute §§ 934.03, *et seq.*)**

343.   Plaintiffs adopt and incorporate each and every allegation of this complaint as if stated fully herein.

344.   Within the Class Period, Plaintiff Brent Scott ("*Scott II*") has sent emails to @gmail.com account holders.

345.   Within the Class Period, Plaintiff Scott II has received emails from @gmail.com account holders.

346.   At the time Plaintiff sent and the received the emails to and from @gmail.com account holders, Plaintiff did so from his Hotmail® account.

347.   Plaintiff and the Class Members have transmitted email messages to and from Gmail users.

348.   Google is not a party to Plaintiff's and Class Members' emails exchanged with Gmail users.

349.   Pursuant to Florida Statutes § 934.03(1)(a),  Google intentionally intercepted, intercepts, or endeavored or endeavors to intercept the electronic communications Plaintiff and Class Members sent to and received from @gmail.com account users:

      a.    Through its reading of the email message, Google acquired(s)

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

information concerning the identity of the parties or the existence, substance, purport, and meaning of email messages transmitted to and from Plaintiff and Class Members. The acquisition of content is further exemplified by Google's ████████████████████████████████████████████████████

      b.     The email messages transmitted to and from Plaintiff and Class Members are (were) electronic communications.  The conduct alleged herein does not occur in storage.  Google transfers, transmits, or routes each message to each accused device ███████████████████████████████████████

      c.     Google utilized(s) one or more electronic, mechanical, or other devices or apparatuses to intercept the electronic communications sent by and to Plaintiff and Class Members.  Such devices include, but are not limited to, the distinct pieces of Gmail infrastructure comprising ████████████████████████████████████

      d.     Google does not furnish the devices to the users of Gmail, and users do not use the devices for connection to the facilities.

      e.     The intercepting devices are not used for the ability to send, receive, or transmit electronic communications.

      f.     The devices are not used by Google, if operating as an electronic communications service, in the ordinary course of business as a provider of an electronic communications service.

      g.     Google's interception of electronic communications sent by and to Plaintiff and Class Members for: (a) undisclosed purposes; (b) for the purpose of delivering content-based advertising; (c) for purposes beyond the service of Gmail; (d) in violation of its user agreements; (e) in violation of its contracts with third parties; (f) in violation of its statements to users; (g) in violation of States' laws; and, (h) in violation of the property rights of Plaintiff, Class Members, and third parties; is not within the ordinary course of business of a provider of an electronic communication service.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

350.   Google intentionally used, uses, or endeavored or endeavors to use the contents of Plaintiff's and Class Members' electronic communications knowing or having reason to know that Google obtained the information through the interception of the electronic communication in violation of § 934.03(1)(d).

351.   Google's interception of and use of the contents of Plaintiff's and Class Members' electronic communications were not performed by an employee while engaged in any activity which is necessary incident to the rendition of Gmail or for the protection of the rights or property of Google.

352.   The industry standard for webmail electronic communication services does not include the interception and use of the content of the email alleged herein as Google performs on these electronic communications.

353.   The ordinary course of business within the industry for webmail electronic communication services for sending and receiving electronic communications does not include the interception and use of content of an electronic communication as Google performs on the subject electronic communication.

354.   Google's services that are not related to the ability to send and receive electronic communications are not electronic communication services or communications common carrier services.

355.   Google's content-based advertising and other uses of Plaintiff's and Class Members' emails and those sent to Plaintiff and Class Members are not a service of an electronic communication service as defined by §§ 934.02(12), (14), and (15).

356.   Pursuant to § 934.03(2)(d), all parties to the communication have not consented to Google's interception of the communications.

357.   Google intercepts Plaintiff's and Class Members' communications for the purpose of committing a criminal violation, and as such, it cannot obtain consent pursuant to § 934.03(2)(e).

358.   Pursuant to § 934.03(2)(e), Google's interception and use of communications amounts to the taking of the proprietary interests of the property owners of the email who have

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

not consented to the interception.  Due to the expressed limitations in the Privacy Policies and content licenses granted to Google by users, Google has no contractual rights to the data within email that Gmail users have yet received and yet submitted for public viewing.  At the moment Google reads incoming email, it exercises unauthorized control over the data within that email to acquire content, ███████████████████████████████████████ ████████████████████████████████████████████████ This data is valuable to Google.  Google openly claims to investors the monetary value in obtaining data as alleged herein, and Google pays specific and particularized sums of money for the same type of data to third parties.  Google defines the payment of monies to others for the same type of data as "traffic acquisition costs."  To avoid paying these "traffic acquisition costs," Google unlawfully exercises control over data within incoming electronic communications, ██████ ████████████████████████████████████████████—all without compensation to the owner/party of the message and beyond the scope of its content license with its users.

359.    Google has no property rights or license in the email sent to Gmail users and that have not been submitted, posted, uploaded, or displayed by the Gmail user.

360.    Google has no property rights or license in the copies of emails sent to Gmail users or ██████████████████████████████████████

361.    As a result of Google's violations of § 934.03, pursuant to § 934.10, Plaintiff and the Class are entitled to:

        a.    Preliminary or equitable or declaratory relief as may be appropriate;

        b.    For Plaintiff and each Class Member, the greater of $100 a day for each day of violation or $1,000 in liquidated damages;

        c.    Punitive damages; and

        d.    Reasonable attorneys' fees and other litigation costs reasonably incurred.

362.    While certain devices have been identified in this Complaint, Plaintiff reserves the right to assert violations as to any further devices disclosed or those devices upon which Google provides additional information.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

**COUNT FIVE**
**(Violations of 18 Pa. Cons. Stat. §§ 5701, *et seq.*)**

363.   Plaintiffs adopt and incorporate each and every allegation of this complaint as if stated fully herein.

364.   Within the Class Period, Plaintiff Brinkman has sent emails to @gmail.com account holders.

365.   Within the Class Period, Plaintiff Brinkman has received emails from @gmail.com account holders.

366.   At the time Plaintiff sent and received the emails to and from @gmail.com account holders, Plaintiff did so from her Hotmail® account.

367.   Plaintiff and the Class Members have transmitted email messages to and from @gmail.com users.

368.   Plaintiff and the Class Members do not have or maintain personal Gmail accounts.

369.   Google is not a party to Plaintiff's and Class Members' emails exchanged with Gmail users.

370.   Pursuant to Title 18, Pennsylvania Consolidated Statutes § 5703(1),  Google intentionally intercepted, intercepts, or endeavored or endeavors to intercept the electronic communications Plaintiff and Class Members sent to and received from @gmail.com account users:

a.   ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

b.   The email messages transmitted to and from Plaintiff and Class Members are (were) electronic communications.  The conduct alleged herein does not occur in storage.  Google transfers, transmits, or routes each message to each accused device ███
████████████████████████████

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

c.      Google utilized(s) one or more electronic, mechanical, or other devices or apparatus to intercept the electronic communications sent by and to Plaintiff and Class Members.  Such devices include, but are not limited to, the distinct pieces of Gmail infrastructure ███████████████████████████████████ ███████████████████████

d.      Google does not furnish the devices to the users of Gmail, and users do not use the devices for connection to the facilities.

e.      The intercepting devices are not used for the ability to send, receive, or transmit electronic communications.

f.      The devices are not used by Google, if operating as a communication common carrier, in the ordinary course of business as a provider of electronic communications.

g.      Google's interception of electronic communications sent by and to Plaintiff and Class Members for: (a) undisclosed purposes; (b) for the purpose of delivering content-based advertising; (c) for purposes beyond the Service of Gmail; (d) in violation of its user agreements; (e) in violation of its contracts with third parties; (f) in violation of its statements to users; (g) in violation of States' laws; and, (h) in violation of the property rights of Plaintiffs, Class Members, and third parties; is not within the ordinary course of business of a communication common carrier.

371.   Google intentionally used, uses, or endeavored or endeavors to use the contents of Plaintiff's and Class Members' electronic communications knowing or having reason to know that Google obtained the information through the interception of the electronic communication in violation of Title 18, § 5703(3).

372.   Google's interception and use of the contents of Plaintiff's and Class Members' electronic communications were not performed by an employee while engaged in any activity which is necessary incident to the rendition of Gmail or for the protection of the rights or property of Google.

373.   Google's actions are not mechanical or service quality control checks.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

374.   The industry standard for webmail electronic communication services does not include the interception and use of the content of the email alleged herein as Google performs on these electronic communications.

375.   The ordinary course of business within the industry for webmail electronic communication services for the ability to send and receive electronic communications does not include the interception and use of content of an electronic communication as Google performs on the subject electronic communication.

376.   Google's services that are not related to the ability to send and receive electronic communications are not electronic communication services or communications common carrier services.

377.   Google's content-based advertising and other uses of Plaintiff's and Class Members' emails and those sent to Plaintiff and Class Members are not a service of an electronic communication service as defined by §§ 5702.

378.   Pursuant to § 5704(4), all parties to the communication have not consented to Google's interception of the communications.

379.   Google intercepts Plaintiff's and Class Members' communications for the purpose of committing a criminal violation of the laws of the any state, and as such, it cannot obtain consent pursuant to § 5704(1).

380.   Google's interception and use of communications are a taking of the proprietary interests of the property owners of the email who have not consented to the interception.  Due to the expressed limitations in the Privacy Policies and content licenses granted to Google by users, Google has no contractual rights to the data within email that the Gmail user has yet received and yet submitted for public viewing.  At the moment Google reads incoming email, it exercises unauthorized control over the data within that email to acquire content, ████████ ███████████████████████████████████████████████████ ██████████████████████████████  This data is valuable to Google.  Google openly claims to investors the monetary value in obtaining data as alleged herein, and Google pays specific and particularized sums of money for the same type of data to third parties.  Google

defines the payment of monies to others for the same type of data as "traffic acquisition costs." To avoid paying these "traffic acquisition costs," Google unlawfully exercises control over data within incoming electronic communications, ███████████████████████████████ ███████████████████████—all without compensation to the owner/party of the message and beyond the scope of its content license with its users.

381.   Google has no property rights or license in the email sent to Gmail users and that have not been submitted, posted, uploaded, or displayed by the Gmail user.

382.   Google has no property rights or license in the copies of emails sent to Gmail users or ████████████████████████████████.

383.   As a result of Google's violations of § 5703, pursuant to § 5725, Plaintiff and the Class are entitled to:

     a.   For Plaintiff and each Class Member, the greater of $100 a day for each day of violation or $1,000 in liquidated damages;

     b.   Punitive damages; and

     c.   Reasonable attorneys' fees and other litigation costs reasonably incurred.

384.   While certain devices have been identified in this Complaint, Plaintiffs reserve the right to assert violations as to any further devices disclosed or those devices upon which Google provides additional information.

## VI.   CLASS ALLEGATIONS

385.   Plaintiffs adopt and incorporate each and every allegation of this complaint as if stated fully herein.

386.   Plaintiffs bring this class action, pursuant to Rule 23(a) and (b)(3) of the *Federal Rules of Civil Procedure*, individually and on behalf of all members of the following Classes.

387.   As to each of the Class Definitions, the following exclusions apply and are incorporated into the definitions:

     i.   Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

ii.     Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

iii.    Current or former employees of Google;

iv.     Individuals, if any, who have previously settled or compromised claims(s) as identified herein for the Class; and,

v.      Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

388.    Plaintiff Dunbar seeks to represent the following Class consisting of:

**All Cable One users who have, through their Cable One Google Apps email accounts, (1) sent an email message to a Gmail account user with an @gmail.com address and received a reply, or (2) received an email message, within two years before the filing of this action up through and including the date of class certification.**

389.    Plaintiffs Fread and Carrillo seek to represent the following Class consisting of:

**All Google Apps for Education users who have, through their Google Apps for Education email accounts, (1) sent an email message to a Gmail account user with an @gmail.com address and received a reply, or (2) received an email message, within two years before the filing of this action up through and including the date of class certification.**

390.    Plaintiffs Scott and Harrington seek to represent the following Classes consisting of:

**All United States citizens, excluding California residents, who have, through their non-Gmail accounts, (1) received an original email message from a Gmail account user with an @gmail.com address, or (2) sent an email message to a Gmail account user with an @gmail.com address and received a reply, from within two years before the filing of this action up through and including the date of class certification;**

and,

**All United States citizens, who have, through their non-Gmail accounts, (1) received an original email message from a Gmail account user with an @gmail.com address, or (2) sent an email message to a Gmail account user with an @gmail.com email address and received a reply, within two years before the filing of this action up through and including the date of class certification.**

///

///

///

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK                        63

391.   Plaintiffs Brinkman, Scott II, and Knowles seek to represent the following Classes consisting of:

**All natural persons within the Commonwealth of Pennsylvania who have, through their non-Gmail accounts, (1) received an original email message from a Gmail account user with an @gmail.com address, or (2) sent an email message to a Gmail account user with an @gmail.com address and received a reply, from within the longest period of time allowed by statute before the filing of this action up through and including the date of certification.**

**All natural persons within the State of Florida who have, through their non-Gmail accounts, (1) received an original email message from a Gmail account user with an @gmail.com address, or (2) sent an email message to a Gmail account user with an @gmail.com address and received a reply, from within the longest period of time allowed by statute before the filing of this action up through and including the date of certification.**

**All natural person within the State of Maryland who have, through their non-Gmail accounts, (1) received an original email message from a Gmail account user with an @gmail.com address, or (2) sent an email message to a Gmail account user with an @gmail.com address and received a reply, from within the longest period of time allowed by statute before the filing of this action up through and including the date of certification.**

392.   Plaintiff A.K., as Next Friend of Minor, J.K., seeks to represent the following Class consisting of:

**All children in the United States who, within two years before the filing of this action up through and including the date of class certification, were under the legal age of majority, had a Gmail account, and used his or her Gmail account to send an email to or receive an email from either: (1) a non-Gmail subscriber; or (2) another Gmail subscriber under the legal age of majority.**

A.   <u>Ascertainability</u>

393.   The Classes are objectively defined.

394.   The Classes are ascertainable.

*1.    The Cable One Google Apps Class*

395.   Google treats Cable One Google Apps email accounts operated through Google Apps as Gmail accounts.

396.   Gmail accounts contain readily identifiable information as to the account user.

397.   Through the Google Apps account, direct notice can be given to the Class Member *via* email.

398.   A Cable One Google Apps user can be identified through the corresponding

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

Cable One account.

399.    The Cable One account contains readily identifiable information as to the account user.

400.    Through the Cable One accounts, direct notice can be given in a number of ways; one such method is by mail to the Cable One billing address for the accounts.

401.    Upon Court-approved notice, any Class Member who desires to seek actual damages pursuant to 28 U.S.C. § 2520(C)(2)(a) may opt-out OR remain in the Class and be bound by the remedies and results sought herein.

### 2.    *The Google Apps EDU Class*

402.    Google treats Google Apps EDU email accounts as Gmail accounts.

403.    Google Apps EDU accounts contain readily identifiable information as to the account user.

404.    Through the Google Apps EDU accounts, direct notice can be given to the Class Member *via* email.

405.    Upon Court-approved notice, any Class Member who desires to seek actual damages pursuant to 28 U.S.C. § 2520(C)(2)(a) may opt-out OR remain in the Class and be bound by the remedies and results sought herein.

### 3.    *The Minor Class*

406.    Minor Plaintiff, J.K., and the Minor Class have (had) Gmail accounts which contain readily identifiable information as to the account user.

407.    Through the Gmail accounts, direct notice can be given to the Class Member *via* email.

408.    Upon Court-approved notice, any Class Member who desires to seek actual damages pursuant to 28 U.S.C. § 2520(C)(2)(a) may opt-out OR remain in the Class and be bound by the remedies and results sought herein.

### 4.    *The Scott, Brinkman, Scott II, and Knowles Classes*

409.    The definition of the proposed classes involves email messages *received* by the Class Members demonstrating: (1) the receipt of an original email message sent directly from

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

@gmail.com account, and (2) initial receipt of the Class Members' sent email messages to the @gmail.com account (as demonstrated by the reply). ████████████████████ ████████████████████████████████ ████████████████████████ Likewise, the reply message received by the non-Gmail user demonstrates that the non-Gmail user's sent message was received by the Gmail user.  Accordingly, the proposed Classes are ascertainable by email messages contained in their own inboxes, rather than any requirement or necessity of viewing the @gmail.com user's account.

410.    Notice can be achieved through publication or by email.

411.    Upon Court-approved notice, any Class Member who desires to seek actual damages pursuant to respective States' laws may opt-out OR remain in the Class and be bound by the remedies and results sought herein.

**B.    Numerosity**

412.    The Classes are so numerous that joinder of all members is impracticable, in large part because Cable One does not offer services in California and the Class Members are from multiple states.

413.    The number of Cable One Google Apps users exceeds 100 persons.

414.    The number of Google Apps EDU users exceeds 100 persons.

415.    The number of minor Gmail users exceeds 100 persons.

416.    The number of non-Gmail, non-California United States residents who have exchanged email messages with Gmail subscribers exceeds 100 persons.

417.    The number of non-Gmail United States residents who have exchanged email messages with Gmail subscribers exceeds 100 persons.

418.    The number of non-Gmail Pennsylvania residents who have exchanged email messages with Gmail subscribers exceeds 100 persons.

419.    The number of non-Gmail Maryland residents who have exchanged email messages with Gmail subscribers exceeds 100 persons.

420.    The number of non-Gmail Florida residents who have exchanged email messages

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

with Gmail subscribers exceeds 100 persons.

**C.   Commonality**

421.   There are questions of law or fact common to the class.  These questions include, but are not limited to, the following:

422.   For all classes with the except the *Scott* CIPA Class:

      a.    Whether Google intentionally intercepted, endeavored to intercept, or procured any other person to intercept or endeavor to intercept Plaintiffs' and Class Members' electronic communications as made the basis of this suit.  Inclusive in this common question(s) are the common questions regarding the elements of ECPA, Maryland law, Florida law, and Pennsylvania law as alleged *supra* and based upon the respective statutory definitions:

         i.    Whether the emails sent by and to Plaintiff and Class Members were electronic communications;

        ii.    Whether Google used an electronic, mechanical, or other device;

        iii.    Whether Google acquired any content of email sent by and to Plaintiffs and Class Members;

        iv.    Whether that content amounted to any information concerning the substance, purport, or meaning of the electronic communications by and to Plaintiffs and Class Members;

        v.    Whether Google acted intentionally;

        vi.    Whether statutory or liquidated damages against Google should be assessed; and,

        vii.    Whether injunctive and declaratory relief against Google should be issued.

      b.    Whether Google intentionally used, or endeavored to use, the contents of Plaintiffs' and Class Members' electronic communications knowing or having reason to know that the information was obtained through the interception of the electronic communication in violation of ECPA, Maryland law, Florida law, and Pennsylvania law

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

as alleged *supra*. Inclusive in this common question(s) are the common questions regarding the elements of ECPA, Maryland law, Florida law, and Pennsylvania law as alleged *supra* and based upon the respective statutory definitions:

    i.    Whether the emails sent by and to Plaintiffs and Class Members were electronic communications;

    ii.    Whether Google used an electronic, mechanical, or other device;

    iii.    Whether Google acquired any content of email sent by and to Plaintiffs and Class Members;

    iv.    Whether that content amounted to any information concerning the substance, purport, or meaning of the emails sent by and to Plaintiffs and Class Members;

    v.    Whether Google used the content of Plaintiffs' and Class Members' electronic communications;

    vi.    Whether Google acted intentionally;

    vii.    Whether statutory or liquidated damages against Google should be assessed; and.

    viii.    Whether injunctive and declaratory relief against Google should be issued.

423.    For the Scott CIPA Class:

**§ 631 claims:**

a.    Whether Google, as a corporation, is a "person."

b.    Whether Google, as a corporation, acts through "persons" for whose actions Google is liable.

c.    Whether Google uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiffs' and the Class Members' emails.

d.    Whether Google acts willfully when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' emails.

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

e.      Whether Google has the consent of all parties to the communication or does it act in an unauthorized manner when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' emails.

f.      Does Google's review, processing, acquisition or copying of Plaintiffs' and Class Members' email amount to Google reading, attempting to read, or learning the content or meaning of Plaintiffs' and Class Members' emails.

g.      Do Plaintiffs' and Class Members' emails amount to "any message, report, or communication."

h.      At the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' emails, are the emails in transit to the Gmail recipients.

i.      At the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' emails, are the emails passing over any wire, line, or cable.

j.      Whether Google utilizes any telegraph or telephone line, wire, cable or instrument.

### § 632 claims

a.      Whether Google, as a corporation, is a "person."

b.      Whether Google, as a corporation, acts through "persons" for whose actions Google is liable.

c.      Whether Google intentionally and without the consent of all parties to the communication eavesdrops upon or records Plaintiffs' and Class Members' emails sent to Gmail recipients.

d.      Whether Google uses any electronic amplifying or recording device to eavesdrop upon Plaintiffs' and Class Members' emails sent to Gmail recipients.

e.      Whether the emails sent by Plaintiffs and Class Members to Gmail recipients are confidential communications in transit.

f.      Whether the emails sent by Plaintiffs and Class Members to Gmail

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

recipients are carried on among those parties by means of a device which is not a radio.

*§ 637.2 relief*

      a.     Whether Plaintiffs and the Class are entitled to preliminary and permanent injunctive relief to halt Google's violations.

      b.     Whether Plaintiffs and the Class are entitled to appropriate declaratory relief.

      c.     Whether each Plaintiff and each Class Member is entitled to $5,000 in statutory damages.

      d.     Whether Plaintiffs and the Class are entitled to reasonable attorneys' fees and other litigation costs reasonably incurred.

424.    Accordingly, all questions of law or fact are common to the respective Classes.

**D.    Typicality**

425.    Plaintiffs' claims are typical of the claims of the Classes they seek to represent.

     *1.    Plaintiff Keith Dunbar*

426.    Dunbar and the Class he seeks to represent are Cable One Google Apps users. Plaintiff and the Class received emails pursuant to their Cable One Google Apps account. Google intercepted and acquired the emails' contents, Google used or endeavored to use the emails' contents, neither Plaintiff nor the Class consented to Google's interception and uses of content, neither Gmail users nor the senders of the email consented to the interception and use of the emails, the user agreements between the parties are uniform, and Plaintiff and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to Google's conduct.

     *2.    Robert Fread and Rafael Carrillo*

427.    Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class are Google Apps EDU users, and: (1) Plaintiffs and Class Members' sent and/or received emails through their Google Apps EDU accounts;(2) Google intercepted and/or endeavored to intercept and acquired the emails' content;(3) Google used or endeavored to use the emails' content;(4) neither Plaintiffs nor the Class consented to Google's interception and uses of the

emails' content; (5) the Google Apps EDU contracts are uniform, and contain the same relevant and material terms, conditions and disclosures; and, (6) Plaintiffs and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief as a result of Google's unlawful conduct.

### 3. *Brad Scott and Todd Harrington*

428.   Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and Class Members sent email messages to Gmail users and Gmail users sent email messages to Plaintiffs and Class Members; Plaintiffs and Class Members are non-Gmail subscribers; Google (1) read, eavesdropped, or recorded, and, (2) intercepted and used Plaintiffs' and Class Members' message contents; neither Plaintiffs nor the Class Members consented to Google's reading, eavesdropping, or recording of their messages; neither Plaintiffs nor the Class Members consented to Google's interception and use of their messages; and, Plaintiffs and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to Google's conduct.

### 4. *A.K., Next Friend of Minor Child, J.K.*

429.   Plaintiff's claims are typical of the Minor Class because J.K. is a minor Gmail subscriber, the consent issues applicable to J.K. are applicable to all minor Gmail subscribers, Google intercepted and acquired the Plaintiff's and Class Members' emails' contents, Google used or endeavored to use the emails' contents, neither Plaintiff nor the Class consented to Google's interception and uses of content of email, neither minor Gmail users nor the senders of the email to Plaintiff and the Class Members consented to the interception and use of the emails, and Plaintiff and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to Google's conduct.

### 5. *Plaintiffs Matthew C. Knowles, Brent Matthew Scott, and Kristen Brinkman*

430.   Plaintiffs' claims are typical of the Classes they seek to represent in that Plaintiffs and the Class are non-Gmail subscribers; Plaintiffs and the Class Members exchanged email messages to and from @gmail.com users; none of the Plaintiffs or Class Members consented to the interception or use of their email messages; Google intercepted and acquired

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

the email messages' contents; Google used the contents of Plaintiffs' and the Class Members' email messages; and Plaintiffs and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to Google's conduct.

### E.   Adequacy of Representation

431.   Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs' interests do not conflict with the interests of the Class Members they seek to represent.  Furthermore, Plaintiffs have retained competent counsel experienced in class action litigation.  Plaintiffs' counsel will fairly and adequately protect and represent the interests of the Class.

### F.   Predominance - There Are No Individual Issues and a Class Action is Superior

432.   Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

433.   Google's reading of email message content, acquiring such content, collecting such content, █████████████████████████████████████████████████████ ████████████████████████ from the email messages are uniform.

434.   All disclosures made by Google to the Gmail users, Plaintiffs, Class Members, or any person upon which Google could assert a defense of consent are uniform.

435.   All disclosures made by third parties are based upon information from Google and may be uniformly adjudicated as if Google was the author of the information.

436.   A class action is superior to any individual actions available to affected Class Members because: (1) the individual members of the respective Classes are from several states; (2) for many Class Members, Google would likely require each affected individual Class Member using Gmail to litigate in California; and, (3) Google's non-disclosure and concealment of its unlawful conduct in communications with: (a) Gmail users; (b) the public; (c) Google Apps users, including Cable One Google Apps and Google Apps EDU users; and,

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

(d) Plaintiffs, make it unlikely that individuals  will be able to effectively or economically adjudicate their important individual privacy rights without this litigation; and, (4) one Class within the State of California on behalf of the affected Class Members is more efficient.

**VII.   JURY DEMANDED**

Plaintiffs, individually and for the Classes they seek to represent, demand trial by jury on each and every triable issue.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all Class members they respectively seek to represent, request:

(1)     that this matter be certified as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(2)     that Plaintiffs be appointed as Class Representatives of their respective Classes they seek to represent;

(3)     that Class counsel be appointed pursuant to Rule 23(g); and,

(4)     that Class notice be promptly issued.

Further, Plaintiffs request the Court enter judgment against the Defendant as follows:

(1)     a Verdict against the Defendant for the causes of action alleged against it and for Class Damages;

(2)     an award to Plaintiffs for their personal damages pursuant to their respective causes of action;

(3)     an award to Plaintiffs for litigation costs reasonably incurred;

(4)     an award to Plaintiffs and Class Counsel for attorney fees;

(5)     an Order for the entry of the Court approved Verdict claims process and Class Claim Form;

(6)     an Order for the appointment of the Class Claims Administrator;

(7)     an Order for the issuance of Verdict Notice to the Class Members;

(8)     an Order for the approval of Class Claims Administrator's findings as to Class Members' Claims;

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**

1    (9)    an Order for award of post-Verdict litigation costs reasonably incurred;

2    (10)    an Order for award of post-Verdict attorney fees;

3    (11)    Judgment for Plaintiffs and the Class Members for the amount of the approved

4 claims;

5    (12)    Judgment for Plaintiffs and the Class Members for litigation costs reasonably

6 incurred;

7    (13)    Judgment for Plaintiffs and the Class Members for attorney fees; and,

8    (14)    Judgment for all other relief to which Plaintiffs may prove and are entitled.

9 Respectfully submitted,

10

11 Dated:  May 16, 2013                     CORY WATSON CROWDER & DEGARIS, P.C.

12

13                             By: */s/ F. Jerome Tapley*
                                 F. Jerome Tapley (*Pro Hac Vice*)
14                               Email: jtapley@cwcd.com
                                 2131 Magnolia Avenue
15                               Birmingham, AL 35205
                                 Telephone: (205) 328-2200
                                 Facsimile: (205) 324-7896
16

17                               WYLY~ROMMEL, PLLC
                                 Sean F. Rommel (*Pro Hac Vice*)
18                               Email: srommel@wylyrommel.com
                                 4004 Texas Boulevard
19                               Texarkana, Texas 75503
                                 Telephone: (903) 334-8646
20                               Facsimile: (903) 334-8645

21                               Plaintiffs' Co-Lead Counsel

22                               CARTER WOLDEN CURTIS, LLP
                                 Kirk J. Wolden (SBN 138902)
23                               Email: kirk@cwclawfirm.com
                                 1111 Exposition Boulevard, Suite 602
24                               Sacramento, California 95815
                                 Telephone:  (916) 567-1111
25                               Facsimile:  (916) 567-1112

26                               Plaintiffs' Liaison Counsel

27

28

**PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**
5:13-md-02430-LHK                     74