WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

*Plaintiffs' Co-Lead Counsel*

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 138902)
Email: kirk@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Facsimile:  (916) 567-1112

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Master Docket No.: 13-MD-02430-LHK |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' CONSOLIDATED COMPLAINT UNDER SEAL**<br><br>Judge:   Hon. Lucy H. Koh<br>Place:    Courtroom 8—4th Floor |

///

///

///

**PLAINTIFFS' OPPOSITION TO GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' CONSOLIDATED COMPLAINT UNDER SEAL**
5:13-MD-002430-LHK

Google Inc. moves to redact information from the Consolidated Complaint by claiming some of the allegations "would likely harm users of Google's Gmail service, or would cause competitive harm to Google, if made public." (Doc. 40, at 2.) Plaintiffs oppose Google's Motion. Google has not demonstrated a "compelling reason," supported by specific factual findings, that outweighs the strong public policy interest that judicial records remain available to the public. The entirety of Plaintiffs' Consolidated Complaint should therefore be filed unsealed, unredacted, and available to the public.

I. **Applicable Legal Standard**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' This right is justified by the interest of citizens in 'keeping a watchful eye on the workings of public agencies.' Such vigilance is aided by the efforts of newspapers to 'publish information concerning the operation of government.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)(*quoting Nixon v. Warner Communs., Inc*., 435 U.S. 589, 597 at n.7, 597-98 (1978)). This Court observed, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Apple, Inc. v. Samsung Elecs. Co*., 2012 U.S. Dist. LEXIS 113132 at *16-17 (N.D. Cal. 2012)(*quoting Kamakana*, 447 F.3d at 1178).

"Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana*, 447 F.3d at 1180. *See, e.g*., *In re Nvidia Corp. Derivative Litig*., 2008 U.S. Dist. LEXIS 120077 at *11-12 (N.D. Cal. Apr. 22, 2008)("Thus, the Court concludes a request to seal all or part of a complaint must meet the 'compelling reasons' standard and not the 'good cause' standard."). Google, as the party seeking to seal judicial records, "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard" and articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). While publically filed court files should not be used for improper purposes, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or

**PLAINTIFFS' OPPOSITION TO GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' CONSOLIDATED COMPLAINT UNDER SEAL**
5:13-MD-002430-LHK

1

exposure to further litigation will not, without more, compel the court to seal its records." *Id*. at 1179.

Google has the burden of articulating a compelling reason for every factual allegation it seeks to redact from the Consolidated Complaint. These compelling reasons must be supported by "specific factual findings" that outweigh the public policy favoring disclosure. *See id.* at 1178-79. "A failure to meet that burden means that the default posture of public access prevails." *Id*. at 1182.

## II. These consolidated actions feature a strong public policy in favor of disclosure.

Google seeks redactions that would prevent the public from understanding the nature and scope of Plaintiffs' allegations. Plaintiffs allege widespread violations of privacy statutes which seek to protect the interests of millions of consumers, including students and faculty at public universities, minors, and their families.

Google's primary defense of consent is based upon its own public statements. Yet, the redactions Google seeks would prevent the public from knowing the extent of Google's unlawful conduct which stand in stark contrast to Google's public disclosures. The information Google wants redacted explains the reasons why Google's public statements are false and how these false public statements violate Google's own user agreements through its unlawful email processes. Mr. Lee's declaration that all Gmail users are aware of and consent to Google's automated processes proves that Google's undisclosed and unlawful conduct and its acquisition of user data are indeed unknown to the public. In fact, one observer from the University of California Berkeley School of Law has already commented, "[w]e, the users of bMail, however, will remain in the dark, because Google has sealed much of the record in these cases." *See* http://www.law.berkeley.edu/15356.htm.

The public's understanding of the legality of certain practices regarding electronic communications would be impossible if Plaintiffs' basic allegations are hidden under seal, away from the public eye. The impetus for public disclosure in this case is strong—especially when the allegations seek to challenge the very statements upon which Google asserts consent.

## III. Google has not articulated a compelling reason for sealing Plaintiffs' allegations.

PLAINTIFFS' OPPOSITION TO GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' CONSOLIDATED COMPLAINT UNDER SEAL
5:13-MD-002430-LHK

1  Google's activities regarding the unlawful acquisition, interception and use of electronic
2  communications may be "secret," but Google has not offered any "specific factual findings"
3  that outweigh the public policy favoring disclosure.

### A. Protection of Gmail Users

Google asserts that Gmail users would be harmed by the release of information because the Complaint supposedly gives "hackers and spammers insight into Google's defenses . . . ." (Doc. 40-2, at 5.) This justification for redaction is conjecture, and Google offers this Court no credible argument for a specific factual finding supporting a "compelling interest" for redaction.

The Consolidated Complaint offers hackers and spammers no *specifics* of the actual operation of Google's internal systems, *how* each device performs its role, or *why* Google has arranged these devices in a particular order. By providing the *order* in which Google's named processes occur during different time periods, Plaintiffs' Consolidated Complaint explains how Google's public disclosures about its "automated scanning for spam and viruses" are false and misleading.

Google's most detailed argument is that "disclosing dates when Google improved its defenses could permit a hacker or spammer to compare its success before and after Google made the changes, and potentially to deduce how the changes work and how they can be overcome." (Doc. 40-2, at 5.) Because Google does not seek to redact that a change occurred, there can be no proprietary information for when the change occurred. Yet, many institutions contracted with Google before the changes occurred and were never told that the processes thereafter changed, making the prior disclosure false. Instead of allowing the truth to become public, Google hides behind a generalized "hacker and spammer" justification for extensive redactions of Plaintiffs' material allegations.

### B. Trade Secrets and Google's Competitive Advantage

Google also argues that information contained in the Consolidated Complaint would disadvantage Google in the marketplace. "The Ninth Circuit has adopted the Restatements' definition of 'trade secret' for purposes of sealing, holding that a 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and

1  which gives him an opportunity to obtain an advantage over competitors who do not know or
2  use it.'" *Apple, Inc.*, 2012 U.S. Dist. LEXIS 113132 at *18 (*quoting In re Electronic Arts*, 298
3  Fed. App'x 568, 569-70 (9th Cir. 2008)).

4        Plaintiffs' factual allegations do not provide Google's competitors with the specifics of
5  *how* Gmail's processes perform. Plaintiffs' factual allegations do not disclose formulas,
6  patterns, or algorithms Google uses to perform its processing of Plaintiffs' emails. At most,
7  Plaintiffs' Consolidated Complaint offers an outline of the order of Google's processes,
8  including a name for each device that enables Plaintiffs to identify specifically which processes
9  violate Federal and State law. Plaintiffs' outline of Google's general practices is unlike the
10 proprietary information this Court sealed in *Apple v. Samsung*, wherein *actual lines of source*
11 *code* were not necessary for the public's understanding of that case. *See Apple, Inc.*, 2012 U.S.
12 Dist. LEXIS 113132 at *51-52 (sealed information consisted of reproduced source code and
13 descriptions of "Intel's scrambling code circuitry" in a detailed design description). By contrast,
14 Plaintiffs' Consolidated Complaint alleges *what* Google is doing, but not *how*. Furthermore, if
15 *what* Google is doing is in violation of federal and state privacy statutes, then the application of
16 controlling law to these alleged practices should be publically available.

17       Google has not offered this Court any specifics of how it would be competitively
18 disadvantaged by the public's access to Plaintiffs' allegations. While Google argues that "the
19 *mechanics of how* Google performs those processes is sensitive," (Doc. 40-2, at 2:19-20,
20 emphasis added), Google has not demonstrated where in the Consolidated Complaint the
21 mechanics of those processes is made available to the public. Instead, Google asserts, without
22 explanation or specific factual support, that "disclosure of details of Google's processes, or of
23 improvements to those processes, would allow competitors to copy them without investing time
24 or energy to do so . . . ." (Doc. 40-2 at 5).

25       Even if Google has some interest in concealing the general overview of its processes,
26 Google must still demonstrate that its interest is compelling enough to overcome the public
27 interest in disclosure—an interest that is particularly strong in this case. *See, e.g.*, *Apple, Inc.*,
28 2012 U.S. Dist. LEXIS 113132 at *23 ("The Court is not persuaded that Apple's interest in

**PLAINTIFFS' OPPOSITION TO GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' CONSOLIDATED COMPLAINT UNDER SEAL**
5:13-MD-002430-LHK

1 sealing its financial data outweighs the public's interest in accessing this information. . . . Apple has not sufficiently articulated facts that support a 'compelling reason' to keep this information from the public.") Google has not established that Plaintiffs' generalized allegations should be redacted in the face of a strong public interest in disclosure, especially in light of its own statements upon which it argues consent.

### C. Google Seeks to Conceal its Unlawful Processes Through its Redactions

Google seeks Court approval to conceal its unlawful processes—but Google's continued attempts to hide its actions from the public evidences the very need for the disclosure. For example, Google's discriminate redaction of certain terms is designed solely to conceal from the public its unlawful conduct and violation of Google's own Privacy Policies. Compare ¶¶ 90-91,186, 188, and 194-97 with ¶¶ 4, 47, 56-63, 74, and 86-89.

Similarly, while Google maintains publically that it performs a single act of "automated [email] processing," Google seeks to redact information alleging that the processes for advertising, filtering spam, acquiring content and using the acquired content actually occur separately, in different processes, at different times, and for different purposes. See pp. 22-24, 28. Google's attempt to maintain the fraudulent inference of a single act of "automated processing" continues to be at the heart of its deception to the public.

Finally, Google seeks to maintain as secret that its advertising servers read and collect much more than mere "keywords." While Google informs the public that it only reviews email for static "keywords," the public has a right to know that Google does much more. See pp. 29, 31, 47.

### IV. CONCLUSION

Google's failure to provide "compelling reasons" supported by "specific factual findings," requires this Court to deny Google's Motion in its entirety. The public has a right to know what Google is doing with their private communications.

///

///

///

**PLAINTIFFS' OPPOSITION TO GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' CONSOLIDATED COMPLAINT UNDER SEAL**
5:13-MD-002430-LHK

5

Respectfully submitted,

Dated: May 28, 2013                    CORY WATSON CROWDER & DEGARIS, P.C.


By: */s/ F. Jerome Tapley*
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

*Plaintiffs' Co-Lead Counsel*

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 138902)
Email: kirk@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Facsimile: (916) 567-1112

*Plaintiffs' Liaison Counsel*

**PLAINTIFFS' OPPOSITION TO GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' CONSOLIDATED COMPLAINT UNDER SEAL**
5:13-MD-002430-LHK

6