# EXHIBIT LL

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF MARIN

DATE: 11/09/12   TIME: 8:30 A.M.   DEPT: E   CASE NO: CV1202715

PRESIDING: HON. FAYE D'OPAL

REPORTER:                                    CLERK: P. OKUBO

| PLAINTIFF: | STUART DIAMOND | |
|---|---|---|
| | and | |
| DEFENDANT: | GOOGLE, INC. | |

NATURE OF PROCEEDINGS: HEARING ON DEMURRER – TO PLAINTIFF'S INDIVIDUAL AND CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND STATUTORY DAMAGES [DEFT] GOOGLE, INC.

## RULING

The request for judicial notice by defendant Google, Inc. (hereinafter "Google") is granted as to the declaration of Ray Sardo, Exhibit E. (Ev. Code, §452, subd.(b), (c).) The request is denied as to Exhibits A-D, which relate to other Penal Code statutes and thus are of marginal relevance here. Exhibits F, G, H and I relate to the factual questions of whether the senders of email to Gmail recipients "impliedly consented" to Google's alleged review (see supporting memorandum, p.12, pp.11-12), or have an "objectively reasonable expectation" of confidentiality within the meaning of *Flanagan* v. *Flanagan* (2002) 27 Cal.4th 766, 768. This issue cannot be resolved on demurrer, and is unnecessary to the court's ruling in any event.

The request for judicial notice by plaintiff Stuart Diamond, Esq., is granted as to Exhibits 4-6, and denied as to other exhibits. As explained below, documents from other cases involving Google (see Exhs.1-3, 7) do not support Plaintiff's position on this motion. Plaintiff cites no subdivision of Evidence Code, section 452, which would allow notice of his Exhibit 8. Notice of "evidence of Google's statement of mind" (see Plaintiff's request, p.4:19-20) cannot be compared to the notice taken in *In re Mille* (2010) 182 Cal.App.4th 635, 647 (government website containing "background" description of state hospital).)

Google's demurrer to the complaint is sustained. The legislative history of former Penal Code, section 629, does not prove the reach of Penal Code, sections 631 and 632—part of a different Penal Code chapter. (See Penal Code, §630 et seq.) However, the plain wording of sections 631 and 632 shows that Plaintiff has stated no claim under either provision.

FL1202715

Although section 631 is said to prohibit "'wiretapping' i.e., intercepting communications by an unauthorized *connection* to the transmission line" (*People* v. *Ratekin* (1989) 212 Cal.App.3d 1165, 1168-1169, and *People* v. *Chavez* (1996) 44 Cal.App.4th 1144, 1149-1150,), it actually "prescribes criminal penalties for three distinct and mutually independent patterns of conduct." (*Tavernetti* v. *Sup. Ct.* (1978) 22 Cal.3d 187, 192.) Nonetheless, the second provision—on which Plaintiff relies (see opposition memorandum, p.5:3-8)—does not cover "any" communication "in transit." It applies to one "who willfully and without the consent of all parties to *the communication*, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state." The words "the communication" necessarily relate back to the prior provision requiring some connection to a "telegraph or telephone wire, line, cable or instrument...." Statutes are to be read as a whole to give effect to every part, where possible. (Civ. Code, §1858.) Telephone communications were involved in both *Tavernetti, supra,* and *Ribas* v. *Clark* (1985) 38 Cal.3d 355. Plaintiff's view of the phrase "telegraph or telephone wire" (see opposition memorandum, p.7:5-11) is contrary to common sense and long-accepted principles of statutory interpretation. The words "wire, line, cable or instrument" immediately follow the words "telegraph or telephone," and can only be reasonably construed to apply to both. Plaintiff alleges no facts allowing email communications to be characterized as "telephone" or "telegraph" transmissions. Google's alternative argument as to an *exception* created by a different statute (18 U.S.C., §2510) does not constitute an admission to the contrary here. Plaintiff also does not explain how Google could have possibly "overheard" the emails, "by means of any electronic amplifying or recording device." (See Penal Code, §632, and, e.g., *Flanagan* v. *Flanagan, supra,* 27 Cal.4th at 768.) He also has not alleged facts showing that Google's practice constituted "recording" of the emails. As explained above, Google's proffered exhibits do not conclusively negate an objectively reasonable expectation that email communications will not be "reviewed" in the manner alleged. Still, the complaint does not show "eavesdropping" within the meaning of section 632.

The expressions of legislative intent in Penal Code, section 630, do not allow the court to disregard the only reasonable interpretations of section 631 and 632. (See, e.g., *Murphy* v. *Kenneth Cole Prods., Inc.* (2007) 40 Cal.4th 1094, 1103 ("words of the statute...generally provide the most reliable indicator of legislative intent").)

On the other hand, Plaintiff has adequately pleaded "injury" for purposes of Penal Code, section 637.2 (see subd.(c)), and Google has not shown that privacy claims involving emails would be preempted by federal law. The legislative history of the Electronics Communications Privacy Act (ECPA) provides no basis for distinguishing *People* v. *Conklin* (1974) 12 Cal.3d 259, 272, or *Kearney* v. *Salomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 106. (See *Shively* v. *Carrier IQ, Inc.* (N.D. Cal.2012) 2012 WL 3026553, and *Leong* v. *Carrier IQ Inc.* (C.D.Cal.2012) 2012 WL 1463313. See also *Valentine* v. *NebuAd, Inc.* (N.D.Cal.2011) 804 F.Supp.2d 1022.) Even in *In re Google Inc. Street View Elec. Communications Litig.* (N.D. Cal. 2010) 709 F.Supp.2d 762, the court disagreed with

Page 2 of 3

FL1202715

another court's "express preemption" finding, and found that a dependent unfair business practices claim was *not* preempted.

Though not clear from the complaint, Plaintiff's opposition memorandum suggests some intent to plead facts showing Google's use of "telegraph" or "telephone" equipment in its alleged unauthorized practice (see p.6), or Google's "recording" of communications. In the absence of a preemption finding or other reason to conclude that Plaintiff *cannot* state a cause of action, the court will allow an opportunity to amend.

Plaintiff is to file any first amended complaint within 20 days of the date he receives notice of the court's written ruling on this motion.