# EXHIBIT OO

Clifford L. Carter, SBN 149621
Kirk J. Wolden, SBN 138902
CARTER WOLDEN CURTIS
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 467-9488
Email: cliff@cwclawfirm.com, kirk@cwclawfirm.com

Sean F. Rommel (*Pro Hac Vice*)
James C. Wyly (*Pro Hac Vice*)
WYLY~ROMMEL, PLLC
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646, Facsimile: (903) 334-8645
Email: srommel@wylyrommel.com, jwyly@wylyrommel.com

F. Jerome Tapley (*Pro Hac Vice*)
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
CORY WATSON CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200; Facsimile: (205) 324-7896
Email: jtapley@cwcd.com, rlutz@cwcd.com

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| KEITH DUNBAR, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>Defendant | Case No.: 5:12-CV-03305-LHK<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: April 18, 2013<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh<br>Place: Courtroom 8, 4th Floor |

///

///

///

///

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO FOR CLASS CERTIFICATION
Case No. 5:12-cv-003305-LHK (PSG)

1   ███████████████████████████████████████████

2   (Tapley Reply Dec., Exh. EE, pp. 15:13-18:5.)  In fact, Mr. Weixel testified he was not familiar

3   ███████████████████████████████████████ (*Id.* at 18:17-25.)

Google sold the use of its Google Apps email service to Cable One for ████████ (Rommel Dec., Exh. A, p. 12 of 12.)  Pursuant to ¶ 1.7 of The Agreement, titled "Ads," "***Google will not serve Ads in connection with the Service.***"  (Rommel Dec., Exh. A; Tapley Reply Dec., Exh. EE, p. 18:6-16 (emphasis added.))  The "Service" is not limited to Gmail. (Rommel Dec., Exh. A, definition of "Service" p. 8.)

Pursuant to ¶ 1.2 of The Agreement, Google agreed to "protect against unauthorized *access to or use* of Customer Data."  (Rommel Dec., Exh. A (emphasis added.))  The Agreement defines "Customer Data" as "data, *including email*, provided, generated, transmitted or displayed via the Services by Customer or ***End Users.***"  (Rommel Dec., Exh. A, p. 7 (emphasis added.))  The Agreement defines "End Users" as the individuals Cable One "permits to use the Services." (*Id.*)  The "End Users" are the Class Members.

A jury can determine on a class-wide basis whether Google violates ¶¶ 1.2 and/or 1.7 of The Agreement through its undisclosed and unauthorized access to and use of End User email messages.[5]  This class-wide violation eliminates any individualized issue of consent, express or implied.

### 2. The Google Apps Terms of Service

In The Agreement, Google required Cable One's end-users to agree to the "End User TOS."  (Rommel Dec., Exh. A, p. 7.)  Jack Weixel testified that deposition Exhibit 44, the *Google Apps* Terms of Service, was the "End User TOS" referenced and relating to The Agreement.  (Tapley Reply Dec., Exhs. EE, pp. 10:17-11:24 and FF.)  Google has not disclosed any changes or amendments to The Agreement which modify the *Google Apps* Terms of Service applicable to the End Users—those being Plaintiff and the Class Members.  As such,

---

[5] At Rommel Dec., Exh. F, Plaintiff's Google Subscriber Information sheet indicates "Temp profile disabled by admin."  As such, any profiling resulting from any interception of Mr. Dunbar's and the Class Members' email accounts violates The Agreement between Cable One and Google.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 5:12-cv-003305-LHK (PSG)

3

the *Google Apps* Terms of Service, Exhibit FF, is the controlling user agreement between Cable One Google Apps users and Google.

Conspicuously, Google fails to acknowledge or rely upon the *actual Google Apps* Terms of Service agreement. Instead, Google cites to and relies upon its *general* Google Terms of Service which are not applicable to Cable One Google Apps users. (*Compare* St. Aubin Dec., Exhs. B and C, *with* Tapley Reply Dec., Exh. FF.) The reason is simple. Google expressly breaches this contract with Cable One Google Apps users through its interception and use of Plaintiff's and Class Members' "received" email message content. In addition to The Agreement, Google expressly limits its access to all Class Members' user content through its *Google Apps* Terms of Service:

> **Google Terms of Service**
> "[Y]ou agree to the following terms and conditions…including but not limited to the Program Policies and Legal Notices (collectively the 'The Terms").
>
> 3. **GOOGLE PRIVACY POLICY**
> For information about our data protection practices, please see our Privacy Policy at **http://www.google.com/a/help/intl/en/users/privacy.html**. By using Google services, you acknowledge and agree that Google may access, preserve, and disclose your account information ***and any Content associated with that account if required to do so by law or in a good faith belief that such preservation of disclosure is reasonably necessary to***: (**a**) satisfy any applicable law, regulation, legal process or enforceable governmental request, (**b**) enforce the Terms, including investigation of potential violations hereof, (**c**) detect, prevent, or otherwise address fraud, security or technical issues (including without limitation, the filtering of spam), or (**d**) protect against imminent harm to the rights, property or safety of Google, its users or the public as required or permitted by law.
>
> 19. **GENERAL INFORMATION**
> *Entire Agreement*. The Terms (including any policies, guidelines or amendments that may be presented to your form time to time such as Program Policies and Legal Notices) ***constitute the entire agreement between you and Google*** and govern your use of Google services, superceding any prior agreements between you and Google for the use of Google services. You also may be subject to additional terms and conditions that may apply when you use or purchase certain *other* Google services, affiliate services, third-party content or third-party software.

(Tapley Reply Dec., Exh. FF (emphasis added.))[6] There is no evidence that Google's unlawful interceptions and use of Class Members' "received" email messages have anything to do with a

---

[6] ¶ 11 of the *Google Apps* Terms of Service acknowledges that "[s]ome Google services are supported by advertising revenue" and the user agrees to receive advertising for those services. However, ¶ 1.7 of The Agreement expressly prohibits advertising in *any* Service offered

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 5:12-cv-003305-LHK (PSG)

4