1
2
3
4

WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email:  srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone:  (903) 334-8646
Facsimile:  (903) 334-8645

5
6
7
8

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email:  jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone:  (205) 328-2200
Facsimile:   (205) 324-7896

9

*Plaintiffs' Interim Co-Lead Counsel*

10
11
12
13
14

COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
KYLE WONG (224021) (kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

15

*Attorneys for Defendant Google Inc.*

16
17

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

18
19
20
21
22
23

| IN RE GOOGLE INC. GMAIL LITIGATION | Case No. 5:13-md-002430 LHK (PSG) |
|---|---|
| | **STIPULATED PROTECTIVE ORDER** |
| | Courtroom:  8 – 4th Floor |
| | Judge:  ~~Hon. Lucy H. Koh~~ |
| | Hon. Paul S. Grewal |

24
25
26
27
28

**STIPULATED PROTECTIVE ORDER**
**5:13-MD-002430-LHK (PSG)**

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>:   Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     <u>Disclosure or Discovery Material</u>:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, or that were previously produced or generated in disclosures

1.

or responses to discovery in the *Dunbar* Matter.

2.6     *Dunbar* Matter:  the litigation styled as *Dunbar v. Google Inc.*, No. 5:12-cv-03305 LHK (PSG), previously pending before this Court and now consolidated herein.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and, (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2.9     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and all information copied or extracted therefrom or otherwise reflecting Protected Material, in any form.

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 <u>Source Code</u>: any confidential, proprietary and/or trade secret source code or computer instructions.

2.18 <u>State Court Matters</u>: collectively, the litigation styled as *Diamond v. Google, Inc.*, No. CIV-1202715 and now pending in the Superior Court for the State of California, Marin County, and the litigation styled as *Sheppard v. Google, Inc.*, No. CV 2012-11-2 and now pending in the Circuit Court of Little River County, Arkansas.

2.19 <u>User Account Information</u>: any non-public text or image in the body, subject line, or attachment of an email, or associated metadata, from a Party's Google, Google Apps, or Gmail account.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

1    public record through trial or otherwise; and (b) any information known to the Receiving Party

2    prior to disclosure in this action or the *Dunbar* Matter or obtained by the Receiving Party after the

3    disclosure from a source who obtained the information lawfully and under no obligation of

4    confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed

5    by a separate agreement or order.

6    4.    <u>DURATION</u>

7          Even after final disposition of this litigation, the confidentiality obligations imposed by

8    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

9    order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

10   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

11   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

12   including the time limits for filing any motions or applications for extension of time pursuant to

13   applicable law.

14   5.    <u>DESIGNATING PROTECTED MATERIAL</u>

15         5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

16   or Non-Party that designates information or items for protection under this Order must take care

17   to limit any such designation to specific material that qualifies under the appropriate standards.

18   The Designating Party must take reasonable measures to designate for protection only those parts

19   of material, documents, items, or oral or written communications that qualify – so that other

20   portions of the material, documents, items, or communications for which protection is not

21   warranted are not swept unjustifiably within the ambit of this Order.

22         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

23   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

24   unnecessarily encumber or retard the case development process or to impose unnecessary

25   expenses and burdens on other parties) expose the Designating Party to sanctions.

26         If it comes to a Designating Party's attention that information or items that it designated

27   for protection do not qualify for protection, that Designating Party must promptly notify all other

28   Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, as appropriate, to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the

Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Source Code. If a Party seeks production of Source Code, and such Source Code is properly within the scope of discovery, that Source Code shall be made available for inspection, but need not be produced, except as agreed by the Parties. If an agreement cannot be reached, the Party seeking production may move the Court for an order to compel. If any Receiving Party determines that the inspection of Source Code of a Producing Party is reasonably

necessary to the Receiving Party's claims or defenses, the Parties agree to negotiate in good faith to reach accommodation on how the Source Code may reasonably be inspected and used in this action. Where Source Code is contained in a document that contains other information responsive to a Receiving Party's discovery requests, the Producing Party may redact such Source Code prior to production of the document, and the Parties shall meet and confer further on the potential inspection of the redacted Source Code, as set forth above.

5.4    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to appropriately designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Within a reasonable time after discovering an inadvertent failure to appropriately designate qualified information or items, the Designating Party shall provide written notice to the Receiving Party, and shall furnish the Receiving Party with replacement pages with the appropriate designation(s).  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and shall return or destroy the improperly designated material.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Notwithstanding the foregoing, a Challenging Party must take reasonable measures to ensure it challenges only those parts of designated material, documents, items, or oral or written communications that do not qualify for protection.  Indiscriminate challenges are prohibited.  Challenges that are clearly unjustified or that have been made for an improper purpose (e.g., to impose unnecessary expenses and burdens on other parties) are prohibited.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis

for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 28 days of the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier and which time may be extended by agreement of the Parties.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 28 days (or 21 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation, unless the Parties agree to extend the time for meeting and conferring. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass, delay or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Notwithstanding the foregoing, counsel for the Parties are negotiating and contemplate entering into a separate agreement allowing for the use of Disclosure or Discovery Material in connection with the State Court Matters, and the Parties intend to amend this Order accordingly once the Parties have reached agreement.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party, or to the Receiving Party where the Receiving Party is an individual, to the

extent disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have

been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", (2)  sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

1    If the Designating Party timely seeks a protective order or moves to quash or modify the

2    subpoena, the Party served with the subpoena or court order shall not produce any information

3    designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or

5    order issued, unless the Party has obtained the Designating Party's written permission. The

6    Designating Party shall bear the burden and expense of seeking protection in that court of its

7    confidential material – and nothing in these provisions should be construed as authorizing or

8    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

10   THIS LITIGATION

11   (a)    The terms of this Order are applicable to information produced by a Non-

12   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

14   this litigation is protected by the remedies and relief provided by this Order. Nothing in these

15   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

16   (b)    In the event that a Party is required, by a valid discovery request, to

17   produce a Non-Party's confidential information in its possession, and the Party is subject to an

18   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

19   Party shall:

20   (1)    promptly notify in writing the Requesting Party and the Non-Party

21   that some or all of the information requested is subject to a confidentiality agreement with a Non-

22   Party;

23   (2)    promptly provide the Non-Party with a copy of the Stipulated

24   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

25   description of the information requested; and

26   (3)    make the information requested available for inspection by the

27   Non-Party.

28   (c)    If the Non-Party fails to object or seek a protective order from this court

within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Notwithstanding the foregoing, nothing in this paragraph shall be construed as to limit a Designating Party's rights or remedies relating to the unauthorized disclosure of its Protected Material, or any injury resulting therefrom.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL; NO WAIVER OF PRIVILEGE

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, including attorney-client privilege, the work product immunity, the common interest doctrine, or other privilege doctrine, right or immunity (collectively "Privilege"), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Neither inadvertent production of material subject to a claim of Privilege nor any failure to promptly notify the Receiving Party of such claim shall be construed as a waiver thereof. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future, to enforce the terms hereof, or to seek such other relief as necessary to protect its legal rights or interests.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court. A Receiving Party seeking to use Protected Material at a public hearing shall give the Producing Party at least two (2) days notice prior to the hearing to allow the Receiving Party to request that the courtroom be sealed during the presentation of Protected Material or to take other steps to address the confidentiality of Protected Materials.

12.5 <u>Disclosure or Discovery Material Produced in the *Dunbar* Matter</u>. While this

Protective Order supersedes any prior protective order in *Dunbar,* except as otherwise provided in section 12.6, below, Disclosure or Discovery Material produced in the *Dunbar* Matter and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall remain so designated, shall be protected pursuant to this Protective Order as if produced pursuant to this Protective Order, and in connection therewith may be shared and used by and among all counsel of record for the Parties, subject to the terms of this Stipulated Protective Order. For the avoidance of doubt, Disclosure or Discovery Material designated "CONFIDENTIAL" in connection with the *Dunbar* Matter shall be treated as "CONFIDENTIAL" Information as defined in this Stipulated Protective Order. Likewise, Disclosure or Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in connection with the *Dunbar* Matter shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information as defined in this Stipulated Protective Order.

      12.6   <u>Information Relating to Named Plaintiffs' Accounts</u>. Google may be restricted by statute and/or contract from sharing User Account Information without the user's express consent. Accordingly, any named plaintiff who, in connection with this action, seeks production of his or her User Account Information shall first provide written consent to Google for the production of his or her User Account Information. Such consent must be made via email sent from each account for which the Named Plaintiff seeks User Account Information to an email address to be designated by defense counsel ("Email Consent"). The User Account Information will then be produced to the Named Plaintiff's Counsel from the originally filed case to allow that Plaintiff's Counsel an opportunity to redact any matters of privacy or privilege. Google's House Counsel and Outside Counsel of Record are not authorized to view User Account Information in their unredacted form, and all steps will be taken by Google to restrict the number of employees, if any, who view or need to view the information requested from the Named Plaintiff's User Account Information, and any viewing of the User Account Information will be treated as an inadvertent production of privileged or otherwise protected material with no waiver of privilege or privacy. Within 21 days following production to the Named Plaintiff's Counsel, Plaintiff's Counsel will then produce to Google's Counsel and the other Plaintiff's Counsel the User

Account Information or a privacy/privilege log for any matters withheld, at which time Google's inside and outside counsel shall be authorized to view the redacted User Account Information and to use them in the course of this litigation. Nothing in section 12.6 limits Google's rights under the Google Terms of Service or Google Privacy Policy, including any right to access user information as provided in those documents.

To the extent Plaintiff Dunbar seeks to make his User Account Information that was previously produced in connection with the *Dunbar* Matter available for use by the other named plaintiffs and their counsel of record, he must first provide Google with Email Consent thereto. Once Email Consent has been provided as described above, Dunbar's Counsel will then produce to Google's Counsel and the other Plaintiff's Counsel the redacted documents or a privacy/privilege log for any matters withheld in accordance with procedure identified above.

13.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

1316887 /SF

17.

1    IT IS SO STIPULATED, THROUGH COUNSEL.

2

3    DATED:  May 3, 2013                    /s/ F. Jerome Tapley
                                            F. Jerome Tapley
4                                           Plaintiffs' Co-Lead Counsel

5

6    DATED: May 3, 2013                     /s/ Sean F. Rommel
                                            Sean F. Rommel
7                                           Plaintiffs' Co-Lead Counsel

8

9    DATED: May 3, 2013                     /s/ Whitty Somvichian
                                            Whitty Somvichian
10                                          Attorney for Defendant Google Inc.

11

12

13   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

14

15   DATED: __June 17, 2013__

16                                          H̶o̶n̶o̶r̶a̶b̶l̶e̶ ̶L̶u̶c̶y̶ ̶H̶.̶ ̶K̶o̶h̶
                                            U̶n̶i̶t̶e̶d̶ ̶S̶t̶a̶t̶e̶s̶ ̶D̶i̶s̶t̶r̶i̶c̶t̶ ̶J̶u̶d̶g̶e̶
17                                          Paul S. Grewal

18                                          United States Magistrate Judge

19

20

21   *Filer's Attestation: Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, Whitty Somvichian hereby attests that concurrence in the filing of this document has been obtained.*

22

23

24

25

26

27

28

1316887 /SF                              18.

1

## EXHIBIT A

2

3

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4

I, _____ [print or type full name], of _____

5

[print or type full address], declare under penalty of perjury that I have read in its entirety and

6

understand the Stipulated Protective Order that was issued by the United States District Court for

7

the Northern District of California on [date] in the case of *In re Google Inc. Gmail Litigation*, No.

8

5:13-md-002430 LHK (PSG).  I agree to comply with and to be bound by all the terms of this

9

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11

not disclose in any manner any information or item that is subject to this Stipulated Protective

12

Order to any person or entity except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone

18

number] as my agent for service of process in connection with this action or any proceedings

19

related to enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

24

Printed name: _____

                           [printed name]

25

26

27

Signature: _____

                         [signature]

28

19.