WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

*Plaintiffs' Co-Lead Counsel*

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 138902)
Email: kirk@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Facsimile:  (916) 567-1112

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Master Docket No.: 13-MD-02430-LHK |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO DEFENDANT GOOGLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT**<br><br>Date:     September 5, 2013<br>Time:    1:30 p.m.<br>Judge:   Hon. Lucy H. Koh<br>Place:    Courtroom 8—4th Floor |

## I. INTRODUCTION.

COME NOW the Plaintiffs, by and through counsel, who Oppose Google's Request for Judicial Notice as to the certain documents identified below to the respective Declarations. *See* [**D.E. 47**]. Ignoring the fact that in deciding a motion to dismiss the Court must "accept all factual allegations in the complaint as true," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007), Google, through the Rothman and Wong Declarations and exhibits, improperly interjects facts and documents (a) specifically refuted by the Complaint, (b) which exceeds the scope of FED. R. CIV. P. 12(b)(6), and (c) which serves as additional argument by Google that improperly exceeds the thirty (30) page briefing limitation. Among these matters are documents that require legal interpretation and demonstrate that there exists a controversy to be litigated. The interpretation, and even more importantly the reliability and relevance of these documents, are "subject to reasonable dispute" and are thus inappropriate as support of a motion to dismiss under Fed. Rule Civ. Pro. 12(b)(6). *See* Fed. Rule of Evid. 201; *In re American Continental Corp./Lincoln Sav. & Loan Securities Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996). Accordingly, Plaintiffs oppose the below-identified documents as proper for Judicial Notice.

## II. LEGAL STANDARD

As a general rule, a court may not consider "'any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges,* 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)). A court "may, however, consider materials that are submitted with and attached to the Complaint . . . [and] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* at 998-99 (citing *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir.2006)); *Lee,* 250 F.3d at 688. However, the court must still accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir.1996).

Pursuant to Federal Rule of Evidence 201, a court may also take judicial notice of "matters of public record," **but not of facts that may be** "subject to reasonable dispute." *Id.* 250 F.3d at 689. More specifically, a court may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed. *See id.* at 689–90.[1]

## III. ARGUMENT

Plaintiffs oppose the Court taking judicial notice of the following documents on the basis provided as to each below:

(1) Exhibit AA;

(2) Exhibit BB;

(3) Exhibit MM; and

(4) Exhibit NN.

In addition to the arguments below, Plaintiffs hereby incorporate, as if stated herein, Plaintiffs' objections to Exhibits AA, BB, MM, and NN as asserted in Plaintiffs' Objections to the Declarations of Aaron Rothman and Kyle Wong and Exhibit Thereto, contemporaneously filed with this Opposition.

### A. Exhibit AA to the Wong Declaration

Defendant requests this Court to take judicial notice of Exhibit AA to the Wong Declaration, which claims to be a website printout of the Yahoo! Mail Privacy Policy as of June 10, 2013 at 4:31 pm. Plaintiffs oppose Defendant's request for judicial notice of this document for four reasons.

First, the content of this webpage is not generally known within the Court's jurisdiction and it is not a source whose accuracy cannot reasonably be questioned. *See Ibey v. Taco Bell Corp.*, No. 12-cv-0583, 2012 U.S. Dist. LEXIS 91030, at *3-4 (S.D. Cal. June 18, 2012)

---

[1] A judicially noticed fact must be: one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b) (emphasis added). In other words, for a fact to be judicially noticed, "indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks,* 69 F.3d 1344, 1354 (7th Cir. 1995).

**PLAINTIFFS' OPPOSITION TO GOOGLE'S REQUEST FOR JUDICIALNOTICE**
5:13-MD-002430-LHK

1  (declining to take judicial notice of a website printout from LinkedIn because it was not
2  generally known within the Court's jurisdiction and it was not a source whose accuracy cannot
3  reasonably be questioned). Second, the Yahoo! Mail Privacy Policy cannot be properly
4  authenticated by Google. *See Natural Wellness Ctrs. of Am., Inc. v. J. R. Andorin Inc.*, No. 11-
5  04642, 2012 U.S. Dist. LEXIS 7877, at *8-10 (N.D. Cal. Jan. 24, 2012) (refusing to take
6  judicial notice of websites because websites were not capable of being properly authenticated).
7  Third, "given the changing and changeable nature of internet websites," the Yahoo! Mail
8  Privacy Policy's appearance on June 10, 2013 is neither timely nor relevant to this action, does
9  not support any proposition advanced by Google in its Motion to Dismiss, and therefore the
10 Court should decline to take judicial notice of it. *See Caldwell v. Caldwell*, No. C-05-4166
11 PJH, 2006 U.S. Dist. LEXIS 13688, at *12 (N.D. Cal. Mar. 13, 2006).

12      Fourth, the website printout of the Yahoo! Mail Privacy Policy is not reliable or
13 relevant. In fact, Plaintiffs' counsel in this action investigated Yahoo!'s procedures and
14 practices regarding the scanning of emails and Yahoo! filed a sworn declaration stating that it
15 does not engage in the type of conduct that is at issue in this lawsuit. *See* Exhibit A attached
16 hereto (Declaration of Amir Doron, Engineering Manager at Yahoo! Mail filed in support of
17 unopposed motion to dismiss in *Sheppard v. Google Inc. and Yahoo! Inc.*, No. 4:12-cv-04022
18 SOH (W.D. Ark. Nov. 28, 2012)).

19      **B.    Exhibits BB, MM, and NN of the Wong Declaration**

20      Defendant asks this Court to take notice of the legislative history of Cal. Penal Code §
21 629 in Exhibits MM and NN of the Wong Declaration. However, Plaintiffs' Complaint is based
22 upon Cal. Penal Codes §§ 631 and 632, not § 629. Plaintiff concedes that legislative history
23 may properly be judicially noticed in situations <u>where the history is that of the statute relied
24 upon in the Complaint</u>. *See, e.g.*, *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012);
25 *Zephyr v. Saxon Mortg. Servs., Inc.*, 873 F. Supp. 2d 1223, 1226 (E.D. Cal. 2012); *Louis V.*
26 *McCormack and Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1156 n.4 (C.D. Cal. 2006).
27 However, Defendant here seeks to draw inferences in support of its arguments regarding the
28 meaning and interpretation of Cal. Penal Code Sections 631 and 632 by reference to the

**PLAINTIFFS' OPPOSITION TO GOOGLE'S REQUEST FOR JUDICIALNOTICE**
5:13-MD-002430-LHK
3

legislative history of Cal. Penal Code Section 629, which is a separate statute under a different Chapter of the Penal Code. Inferential use of such authority is inappropriate to interpret the meaning of a separate and distinct Chapter of the Penal Code.

Defendant then seeks judicial notice of the legislative history of the federal Electronic Communications Privacy Act of 1986 ("ECPA"), which is attached at Exhibit BB of the Wong Declaration. While Plaintiffs do reference this statute in the Complaint at Paragraph 16, defendant presents this legislative history in order to draw inferences regarding Cal. Penal Code Sections 631 and 632, which is not proper. In fact, Plaintiffs' Opposition to Defendant's Motion to Dismiss includes contrary arguments and interpretations regarding Defendant's analysis of this legislative history, demonstrating that there exists a matter in controversy to be resolved in litigation regarding ECPA. This necessarily means that judicial notice of this Exhibit is inappropriate and should not be taken by the Court.

### III. Conclusion

For the reasons set forth herein, Plaintiffs object to and oppose Google's Request for Judicial Notice in regards to Exhibits AA, BB, MM and NN of the Wong Declaration.

Respectfully submitted,

Dated: July 11, 2013                    CORY WATSON CROWDER & DEGARIS, P.C.

By: */s/ F. Jerome Tapley*
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

*Plaintiffs' Co-Lead Counsel*

**PLAINTIFFS' OPPOSITION TO GOOGLE'S REQUEST FOR JUDICIALNOTICE**
5:13-MD-002430-LHK

4

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 138902)
Email: kirk@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone:  (916) 567-1111
Facsimile:  (916) 567-1112

*Plaintiffs' Liaison Counsel*

**PLAINTIFFS' OPPOSITION TO GOOGLE'S REQUEST FOR JUDICIALNOTICE**
5:13-MD-002430-LHK

5