WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

*Plaintiffs' Co-Lead Counsel*

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 138902)
Email: kirk@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Facsimile:  (916) 567-1112

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Master Docket No.: 13-MD-02430-LHK |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF GOOGLE'S MOTION TO DISMISS**<br><br>Date:      September 5, 2013<br>Time:     1:30 p.m.<br>Judge:    Hon. Lucy H. Koh<br>Place:    Courtroom 8—4th Floor |

///

///

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK

1  **I.    INTRODUCTION.**

2          COME NOW the Plaintiffs, by and through counsel, who object to Declarations and

3  evidence set forth in the Declarations of Aaron Rothman and Kyle Wong In Support Of

4  Defendant Google Inc.'s Motion to Dismiss Plaintiffs' Consolidated Individual And Class

5  Action Complaint[1] And Its Request For Judicial Notice (the "Rothman Declaration" and the

6  "Wong Declaration") and exhibits identified below to the respective Declarations.  *See* [**D.E.**

7  **45- 46**].  Ignoring the fact that in deciding a motion to dismiss the Court must "accept all factual

8  allegations in the complaint as true," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

9  127 S. Ct. 2499, 2509 (2007), Google, through the Rothman and Wong Declarations and

10  exhibits, improperly interjects facts and documents (a) specifically refuted by the Complaint, (b)

11  which exceeds the scope of FED. R. CIV. P. 12(b)(6), and (c) which serves, in violation of this

12  Court's page limitation Order, an a vehicle for additional argument by Google well in excess of

13  its thirty (30) page briefing limitation.

14          Pursuant to Civil L.R. 7-5; FED. R. CIV. P. 12(b)(6); and the Court's Case Management

15  Order of May 8, 2013, [Doc. 37] setting for the page limitations for the parties' briefing,[2]

16  Plaintiffs object to the Court's consideration of the Rothman and Wong Declarations and certain

17  Exhibits thereto and/or move to strike the below-identified paragraphs of the Declarations and

18  certain Exhibits thereto.  Furthermore, Plaintiffs object to any arguments in Google's Motion to

19  Dismiss that rely on Rothman and Wong Declarations and certain exhibits thereto.

20  **II.    LEGAL STANDARD**

21          As a general rule, a court may not consider "'any material beyond the pleadings in ruling

22  on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges,* 655 F.3d 984, 998 (9th Cir.

23  2011) (quoting *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).  A court "may,

24  however, consider materials that are submitted with and attached to the Complaint . . . [and]

25  may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the

26  _____

[1] Hereinafter referred to as the "Complaint" and "CC" for citation purposes.

27  [2] The Court set a thirty (30) page limit for Defendant's opening brief and a twenty (20) page
limit for the reply brief.  Should the Court allow the Declaration to be considered, Plaintiffs

28  request in the alternative that the ten (10) pages used by Google in the Rothman Declaration be
counted against Defendants' total page limits of fifty (50) pages.

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN
AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF
GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                                1

1   complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no

2   party questions the authenticity of the document." *Id.* at 998-99 (citing *Marder v. Lopez,* 450

3   F.3d 445, 448 (9ᵗʰ Cir.2006)); *Lee,* 250 F.3d at 688.  However, the court must still accept all

4   factual allegations pled in the complaint as true, and must construe them and draw all

5   reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins.*

6   *Co.,* 80 F.3d 336, 337-38 (9th Cir.1996).

7          Pursuant to Federal Rule of Evidence 201, a court may also take judicial notice of

8   "matters of public record," **but not of facts that may be** "subject to reasonable dispute." *Id.* 250

9   F.3d at 689.  More specifically, a court may not, on the basis of evidence outside of the

10  Complaint, take judicial notice of facts favorable to Defendants that could reasonably be

11  disputed.  *See id.* at 689–90.[3]

12         While certain documents may be referenced in the Plaintiffs' Complaint and others

13  certainly are not, the Rothman's Declaration exceeds mere identification and authentication of

14  documents discussed by Google in its Motion.  Instead, the Rothman Declaration provides a

15  self-serving running commentary on the how the purported exhibits support the various

16  arguments Google makes in its motion and attempt to offer rebuttals to the Plaintiffs allegations.

17  While Plaintiffs do not necessarily contest the authenticity of any of the purported exhibits as

18  documents, their contents and Google's improper effort at extrapolation therefrom through a

19  Google witness is a different story.  The submitted exhibits and the testimony of Google

20  witnesses about such documents are "subject to reasonable dispute" based upon the Complaint.

21  Accordingly, they are improperly submitted to the Court.  Further, Rothman's declaration serves

22  as an extension of Google's arguments in violation of the Court's page limitations.

23  _____

24  [3] A judicially noticed fact <u>must be:</u>

25         <u>one not subject to reasonable dispute</u> in that it is either (1) generally known within
       the territorial jurisdiction of the trial court or (2) <u>capable of accurate and ready</u>
26     <u>determination by resort to sources whose accuracy cannot reasonably be</u>
       <u>questioned</u>.

27  Fed. R. Evid. 201(b) (emphasis added).  In other words, for a fact to be judicially noticed,
    "indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks,* 69 F.3d 1344, 1354
28  (7th Cir. 1995).

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN
AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF
GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                      2

III.    **ARGUMENT**

A.      **Plaintiffs Objections to the Rothman Declaration and Exhibits**

Plaintiffs object to and move to strike the following specific matters from the Rothman Declaration:

*Paragraph 2.* Rothman testimony as a Google witness states no facts and attaches no exhibits which are indisputably true nor otherwise alleged to be properly the subject of judicial notice. It constitutes his improper testimony regarding certain things about Gmail he claims to know. Plaintiffs have not admitted and contest Gmail is "offered to consumer users for free[,]" in the Consolidated Complaint. *See e.g.,* CC ¶¶ 2-6, 47-50, 74-79, 96.

*Paragraph 5*. The entirety of this paragraph contains facts which are not the proper subject of judicial notice. Paragraph 5 involves testimony by a Google witness which includes information which is "subject to reasonable dispute" as to what Google discloses and what it does not disclose at various points in time, and through what alleged modes of communication. Plaintiffs contests these factual assertions, including the inference or assertion that Google obtains valid consent to the practices alleged in the Complaint. *See e.g.,* CC, ¶¶ 102-159,185-197, 187-191, 22-91, 214.

*Paragraph 6*. Plaintiffs object to Exhibit A to the extent offered for anything more than a document which was alleged to exist on January 19, 2011. The Exhibit and Rothman's testimony, as a Google witness, regarding how Plaintiff J.K. would have encountered this Exhibit, and its alleged contents or meaning on a particular date and time are not indisputably true, and not admitted by virtue of the allegations of the Complaint. Plaintiffs, including J.K. contest these allegations including the inference or assertion that Google obtains consent to the practices alleged in the Consolidated Complaint through Exhibit "A" or otherwise. *See e.g.,* CC, ¶¶ 22-91, 102-213, 214.

///

///

///

///

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                    3

1    ***Paragraph 7.***  Plaintiffs object to Exhibit B as offered for anything more that proof of a

2    document which existed on some unknown date.  The Exhibit and Rothman's testimony, as a

3    Google witness, regarding Cable One, the contents or alleged meaning of its terms of service at

4    any particular time, or what Plaintiff Dunbar or others would have encountered, or been

5    obligated to or bound by are not indisputably true or otherwise subject to judicial notice, and not

6    admitted by virtue of the allegations of the Complaint.  Plaintiffs, including Dunbar, dispute the

7    contentions argued herein and vigorously dispute the purported assertion or implication that

8    Google's terms of service disclose or allow the practices complained about in the Consolidated

9    Complaint -- through Exhibit "B" or otherwise.  *See e.g.,* Consolidated Complaint, ¶¶ 144-45,

10   137-160.

11   ***Paragraphs 8-9***.  Plaintiffs object to Exhibits C and D as offered for anything more that

12   proof of a document which existed on some date, and, as to Exhibit D, that it is an authentic or

13   genuine contract with the terms or conditions included and discussed by Google witness

14   Rothman.   The Exhibits and Rothman's testimony, as a Google witness, regarding Google

15   Apps.' terms of service including their alleged contents or meaning at any particular time, or

16   what Plaintiffs Fread or Carrillo, would have encountered, or Fread, Carrillo or Google may

17   been obligated to or bound by are not indisputably true or otherwise subject to judicial notice,

18   and not admitted by virtue of the allegations of the Complaint.  Plaintiffs, including Carrillo and

19   Fread, dispute the contentions argued in these Paragraphs and vigorously dispute the purported

20   assertion that Google APPS Edu's terms or its contracts with university institutions like Hawaii

21   or UOP disclose or allow, or procure valid consent to the practices complained about in the

22   Consolidated Complaint -- through Exhibits C or D, or otherwise.  *See e.g.,* CC  ¶¶ 22-91, 116,

23   121-127, 152, 161-184.

24   ***Paragraph 10.*** Mr. Rothman's testimony as a Google witness regarding Google's TOS,

25   Privacy Policy, user agreements, and their terms, conditions or agreements, including what

26   Plaintiffs, or any of them, have agreed or been obligated to at various points in time is not

27   indisputably true or otherwise the proper subject of judicial notice, nor admitted by the

28   allegations of the complaint.  Plaintiffs dispute the contentions argued in this Paragraph and

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN
AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF
GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                    4

1   vigorously dispute the purported assertion or implication that Google discloses or is allowed by,

2   or procures valid consent to engage in the practices complained about in the Consolidated

3   Complaint.  *See e.g.,* CC, ¶¶ 102-197.

4       ***Paragraph 11***.  Plaintiffs object to Exhibit E as offered for anything more that proof as

5   to the existence of a document which existed on some date.  The Exhibit and Rothman's

6   testimony, as a Google witness, regarding what Rothman refers to as the April 16, 2007 version

7   of a TOS, or what that TOS may contain or mean or infer, are not indisputably true or otherwise

8   subject to judicial notice, and not admitted by virtue of the allegations of the Complaint.

9   Plaintiffs dispute the contentions argued in this Paragraph and vigorously dispute the purported

10  assertion or implication that Google discloses or allowed to, or procures valid consent, to

11  engage in the practices complained about in the Consolidated Complaint.  *See e.g.,* CC ¶¶22-91,

12  100, 107-130, 153.

13      ***Paragraph 12.***  Plaintiffs incorporate by reference in their entirety the objections lodged

14  as to Paragraph 11 as it relates Exhibit F or to a TOS that is claimed to have gone into effect on

15  a particular date or to be current.  Plaintiffs dispute the contentions argued in this Paragraph and

16  vigorously dispute the purported assertion or implication that Google discloses or allowed to, or

17  procures valid consent, to engage in the practices complained about in the Consolidated

18  Complaint.  *See* CC, ¶¶ 22-91, 187-191, 214.

19      ***Paragraph 13-16.***  Plaintiffs object to Exhibit G, H, I and J as offered for anything more

20  that proof of a document which existed on some date.  The Exhibit and Rothman's testimony, as

21  a Google witness, regarding what Rothman refers to as Google's Privacy Policy, including what

22  it contained or contains, what it may have been revised to or added to include, meant or means,

23  what it allegedly bound or obligated persons to, or allowed Google to use or do, are not

24  indisputably true or otherwise subject to judicial notice, and not admitted by virtue of the

25  allegations of the Complaint.  Plaintiffs, dispute the contentions argued herein and vigorously

26  dispute the purported assertion that Google discloses or is allowed, or procures valid consent, to

27  engage in the practices complained about in the Consolidated Complaint through its privacy

28  policy or otherwise.  See e.g., CC, ¶¶ 22-91, 187-191.

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN
AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF
GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                      5

*Paragraph 17.*  Mr. Rothman's testimony and opinions offered as a Google witness are not indisputably true nor otherwise subject to judicial notice.

*Paragraph 18.*  Plaintiffs object to Rothman's testimony, as a Google witness, regarding what Rothman refers to as "Help Pages." The matters are not part of any user agreements, and any discussion of such alleged additional disclosures is specifically addressed and disputed, *inter alia*, at CC, ¶¶ 198-213.  *See also*, CC, ¶¶ 22-91, 100, 153, and 214.

*Paragraph 19.*  Plaintiffs object to Exhibit K and the Rothman opinions in Paragraph 19. Exhibit K is not referenced in the Complaint.  Exhibit K and Mr. Rothman's opinions regarding this improperly included and referenced document are not the proper subject of judicial notice. The testimony Rothman seeks to adduce through this document is not admitted in the Complaint and is contested.  *See* CC, ¶¶ 40, 46-91, 96, 207, 261-263.

*Paragraph 20.*  Plaintiffs object to Paragraph 20 and Exhibit L.  Exhibit L is not referenced in the Complaint.  Exhibit L and Mr. Rothman's opinions as a Google witness regarding this improperly included and referenced document are not the proper subject of judicial notice.  Mr. Rothman's opinions and Exhibit L perpetuate Google's fraud upon its users and are reasonably disputed.  *See e.g.,* CC, ¶¶ 40, 46-91.

*Paragraph 21.*  Plaintiffs object to Paragraph 21 and Exhibit M.  Exhibit M is not referenced in the Complaint.  Exhibit M and Mr. Rothman's opinions as a Google witness regarding this improperly included and referenced document are not the proper subject of judicial notice.   The testimony of Google witness Rothman is not indisputable and is otherwise not the proper subject of judicial notice.  Plaintiffs dispute Rothman's facts.  *See, e.g.,* CC, ¶¶ 22-91, 207 and 214.

*Paragraph 22*.  Plaintiffs object to Paragraph 22 and Exhibit N.  Exhibit N is not referenced in the Complaint.  Plaintiffs incorporate their objections as to Paragraphs 18-21 in regard to Paragraph 22 and Exhibit N.  This exhibit and testimony relating thereto is neither indisputable nor otherwise the proper subject of judicial notice, and are disputed by Plaintiffs.

///

///

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                            6

***Paragraph 23.***     Plaintiffs object to Paragraph 23 and the "Why this ad?" link.   The "Why this ad?" link is not referenced in the Complaint.  Plaintiffs incorporate their objections as to Paragraphs 18-21.  Plaintiffs dispute the matters contained herein.  *See e.g.,* CC  ¶¶ 22-91, 214.

***Paragraphs 24-26.***   Plaintiffs object to Paragraphs 24-26 and Exhibits O-P and the recent iteration of "Why this Add?" link.  Exhibits O-P and the recent iteration of "Why this Add?" link are not referenced in the Complaint.     Plaintiffs incorporate their objections as to Paragraphs 18-21 in regard to Paragraphs 24-26 and Exhibits O-P and the recent iteration of "Why this Add?" link.  *See e.g.,* CC  ¶¶ 22-91, 214.

**B.**     **Plaintiffs Objections to the Wong Declaration and Exhibits**

***Paragraph 2 and 17.***  Plaintiffs object to Paragraphs 2 and 17 and Exhibits AA and PP. Exhibits AA and PP are not referenced in the Complaint.   They are documents but their meaning and content, and Google's claims re same, are neither indisputable nor otherwise the proper subject of judicial notice.  They are disputed.  *See e.g.,* CC, ¶¶ 257, 262-63, 331-32, 352-53, and 374-75.

Google and Mr. Wong omitted that Google was a ***co-defendant*** with Yahoo! in the matter of *Julie Sheppard v. Google, Inc., and Yahoo!, Inc.,* 4:12-cv-4022, In the United States District Court for the Western District of Arkansas, Texarkana Division.  Google and Mr. Wong also failed to disclose to the Court that along with the unopposed dismissal of Yahoo!, Yahoo! agreed to the filing a ***sworn declaration*** wherein Yahoo! specifically stated:

> I am familiar with the Complaint filed in this action, and aware that the plaintiffs contend that, prior to delivery, Yahoo! intercepts and reads person emails sent from non-Yahoo! Mail users to Yahoo! Mail users.  However, with the exception for scanning for viruses, malware and spam, Yahoo! ***does not engage in that practice.***

*See* Declaration of Sean F. Rommel, Exhibit A, (Declaration of Amir Doron)(emphasis added)). Accordingly, what other web-mail services providers either do or don't do is an area of "reasonable dispute" as alleged in the Complaint and as revealed by the court documents of which Google is aware.

///

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                              7

*Paragraphs 11 and 12.*  Plaintiffs object to Paragraphs 11 and 12 and Exhibits JJ and KK.  Exhibits JJ and KK are not referenced in the Complaint.  The objectionable portions of the Wong Declaration involve identification by a Google attorney of Federal Trade Commission ("FTC") reports that exist as website content and printouts.  Exhibits JJ and KK are website content alleged as FTC reports.  Google has not moved for judicial notice of these documents.  However, a "reasonable dispute" exists as to the application of the documents to the allegations in the Complaint.  COPPA's limits the type of data at issue to only include the "personal information" (as defined by § 6501(8)) of a minor under thirteen.  The Complaint involves the acquisition of the "substance, purport, and meaning" of an electronic communication for those minors using Gmail—which are all thirteen or older because Google only offers Gmailt to that age group.  As such, COPPA does not address the type of information being unlawfully gathered by Google, nor does it affect the contractual rights and liabilities for minors thirteen or older.  Further, the Complaint details the absolute lack of any attempt by Google to obtain consent for anything of which it is accused—rebutting Google's assertions that it doesn't need to do as much disclosure for kids (or any person) over the age of twelve to obtain ECPA consent regarding personal property.

## V.     CONCLUSION

Accordingly, Plaintiffs object to the Rothman and Wong Declarations and their Exhibits as set forth above.  Plaintiffs respectfully request the matters objected to not be considered or afforded any weight in the Court's analysis, and that they be stricken from the record.  Plaintiffs further request that Google's page limitations be reduced by the number of pages used within the Declarations given such Declarations were used to inject additional and improper argument.

///

///

///

///

///

///

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN
AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF
GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK                    8

1

2

3   Dated:  July 11, 2013

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

CORY WATSON CROWDER & DEGARIS, P.C.

By:*/s/ F. Jerome Tapley*
    F. Jerome Tapley (*Pro Hac Vice*)
    Email: jtapley@cwcd.com
    2131 Magnolia Avenue
    Birmingham, AL 35205
    Telephone: (205) 328-2200
    Facsimile: (205) 324-7896

    WYLY~ROMMEL, PLLC
    Sean F. Rommel (*Pro Hac Vice*)
    Email: srommel@wylyrommel.com
    4004 Texas Boulevard
    Texarkana, Texas 75503
    Telephone: (903) 334-8646
    Facsimile: (903) 334-8645

    *Plaintiffs' Co-Lead Counsel*

    CARTER WOLDEN CURTIS, LLP
    Kirk J. Wolden (SBN 138902)
    Email: kirk@cwclawfirm.com
    1111 Exposition Boulevard, Suite 602
    Sacramento, California 95815
    Telephone:  (916) 567-1111
    Facsimile:  (916) 567-1112

    *Plaintiffs' Liaison Counsel*

**PLAINTIFFS' OBJECTIONS TO THE DECLARATIONS OF AARON ROTHMAN
AND KYLE WONG AND EXHIBITS THERETO SUBMITTED IN SUPPORT OF
GOOGLE'S MOTION TO DISMISS**
5:13-MD-002430-LHK         9