UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE INC. GMAIL LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | Case No.: 13-MD-02430-LHK<br><br>ORDER GRANTING GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL |

Before the Court are the Parties' Administrative Motions to Seal Portions of the Consolidated Complaint in this multi-district litigation challenging Google, Inc.'s operation of Gmail under state and federal anti-wiretapping laws. *See* ECF Nos. 38, 40. Having considered the motions, accompanying declarations, and relevant law, the Court DENIES Plaintiffs' Motion and GRANTS Google's Motion.

**I.     PROCEDURAL HISTORY**

This litigation concerns six cases from various districts that were consolidated the Judicial Panel on Multidistrict Litigation, along with a seventh, which this Court subsequently related. On May 16, 2013, Plaintiffs, alleging individual and class injuries, filed an Administrative Motion to

1

File Under Seal Portions of Plaintiffs' Consolidated Complaint. ECF No. 38. In the declaration in support of the sealing motion, Plaintiffs' counsel indicated that the redactions in the Complaint were necessary because the Consolidated Complaint contained information and referenced documents that were marked as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by Google pursuant to the terms of a protective order entered into by the Parties. ECF No. 38-1. The declaration further indicated that Plaintiffs opposed the sealing of the redacted information. *Id.*

On May 23, 2013, Google filed its own Administrative Motion to Seal the Consolidated Complaint. ECF No. 40. Google agreed with Plaintiffs that not all the redacted material in the Consolidated Complaint that Plaintiffs requested to seal was in fact sealable. *Id.* Accordingly, Google re-filed the Consolidated Complaint with substantially fewer proposed redactions. ECF No. 40-3. In support of this narrower sealing request, Google submitted the declaration of Han Lee, a Software Engineer at Google. ECF No. 40-2. In his declaration, Lee contends that various portions of the Consolidated Complaint must be sealed because disclosure of the information contained in them could cause competitive harm to Google or could lead to a breach of security in the Gmail system. *Id.* at 2–4.

On May 28, 2013, Plaintiffs filed an opposition to Google's request to seal. ECF No. 42. In this opposition, Plaintiffs contended that the public has a strong interest in the information redacted because such information was critical to the Consolidated Complaint and because such information is contrary to Google's public statements. *Id.* at 2. Plaintiffs further contend that the information is not specific enough for disclosure to compromise Google's security or to reveal trade secrets. *Id.* at 3-4.

## II.     LEGAL STANDARD

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7

(1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178–79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136).

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original). In such situations, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the

3

Case No.: 13-MD-02430-LHK
ORDER GRANTING GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1   Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or

2   compilation of information which is used in one's business, and which gives him an opportunity to

3   obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006,

4   1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the

5   production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

6   business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to

7   prevent judicial documents from being used "as sources of business information that might harm a

8   litigant's competitive standing." *Nixon*, 435 U.S. at 598.

9       Even under the "good cause" standard of Rule 26(c), however, a party must make a

10  "particularized showing" with respect to any individual document in order to justify sealing the

11  relevant document. *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court,*

12  *N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by

13  specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.*

14  *v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

15  **III.   DISCUSSION**

16      Google moves to seal parts of Plaintiffs' Consolidated Complaint because Google contends

17  that disclosure of the information could cause competitive harm or could adversely affect the

18  security of Gmail. The Ninth Circuit has not explicitly stated the standard — good cause or

19  compelling reasons — that applies to the sealing of a complaint, but this Court and other courts

20  have held that the compelling reasons standard applies because a complaint is the foundation of a

21  lawsuit. *See Dunbar v. Google, Inc.,* 12-3305, 2013 WL 4428853 (N.D. Cal. Aug. 14, 2013)*; In re*

22  *NVIDIA Corp. Derivative Litig.*, 06-06110, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008);

23  *Nucal Foods, Inc. v. Quality Egg LLC,* 10-3105, 2012 WL 260078 (E.D. Cal. Jan. 27, 2012);

24  *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 09-1531, 2010 WL 2474387 (D. Ariz.

25  June 11, 2010).

4

Case No.: 13-MD-02430-LHK
ORDER GRANTING GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1    The Court finds that Google has narrowly tailored its request and has stated compelling
2 reasons to seal portions of the Consolidated Complaint.  The first set of materials that Google seeks
3 to seal relates to specific descriptions of how Gmail operates.  ECF No. 40-2 at 5–8.  This
4 information includes the structures that Google has in place and the order in which emails go
5 through these structures.  *Id.*  Google contends that if this information were disclosed, competitors
6 would be able to duplicate features of Gmail, which could cause competitive harm to Google.  *Id.*
7 at 3–4.  This Court has previously credited Google's concern about the competitive harm that could
8 result from disclosure of the precise operation of Gmail.  *Dunbar,* 2013 WL 4428853 at *2.  The
9 Court accepted Google's theory that Google's competitors could copy its email delivery
10 mechanisms if information about these mechanisms were made public.  *Id.*  Accordingly, the Court
11 has previously found that extraordinary circumstances justified sealing such information and has
12 granted Google's Motion to Seal a Complaint to prevent disclosure of information about the
13 precise operation of Gmail.  *Id.*
14    The second set of material Google seeks to seal concerns information that if made public
15 Google contends could lead to a breach in the security of the Gmail system.  ECF No. 40-2 at 8.
16 Specifically, this material concerns how users' interactions with the Gmail system affects how
17 messages are transmitted.  *Id.*  Google contends that hackers and spammers could use this
18 information to circumvent Google's anti-virus and anti-spam mechanisms.  *Id.* at 2–3.  The Court
19 credits Google's concern that "Google's ability to combat spammers, hackers, and others who
20 propagate these unwanted or harmful materials would be impaired if those individuals had
21 visibility into Google's defenses."  *Id.*  The Court further notes that there is no strong public
22 interest in disclosure of the material regarding the effect of users' actions on Google's processing,

5
Case No.: 13-MD-02430-LHK
ORDER GRANTING GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND DENYING
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

since this material is unlikely to be critical to the substantive issue of liability.[1]  Accordingly, the Court finds that compelling reasons support sealing of this material.

## IV. CONCLUSION

Neither party has contended that all the information redacted in the Consolidated Complaint attached to Plaintiffs' Administrative Motion to Seal, ECF No. 38, is sealable.  Accordingly, the Court DENIES Plaintiffs' Administrative Motion to Seal.  For the reasons stated above, the Court finds that there are compelling reasons to seal the information that Google contends should be sealed.  ECF No. 40.  Moreover, this Court notes that neither of the parties has relied upon the sealed material in their briefs on the Motion to Dismiss and that the sealed information is not material to this Court's order on the Motion to Dismiss.  Therefore, the Court GRANTS Google's Administrative Motion to Seal.  Plaintiffs shall file a redacted version of the Consolidated Complaint in accordance with the redactions proposed by Google within seven days.  *See* ECF No. 40-3.

**IT IS SO ORDERED.**

Dated: September 25, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] The Court rejects Plaintiffs' contention that Google is attempting to conceal allegedly unlawful practices through this Administrative Motion to Seal.  The Court, having reviewed the redacted Consolidated Complaint, ECF No. 40-3, concludes that redactions do not impair the public's ability to understand Plaintiffs' central allegation, that Google engaged in unlawful interceptions of emails in transit separate and apart from processes related to the functioning of Gmail, such as spam control or antivirus protection, for the purposes of creating user profiles and providing targeted advertising. The redactions only go to specific components of the Gmail delivery process that are not likely to materially increase the public's understanding of the alleged wrongdoing in this case.