WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

*Plaintiffs' Co-Lead Counsel*

KERR & WAGSTAFFE LLP
James M. Wagstaffe (95535)
Email: wagstaffe@kerrwagstaffe.com
Nancy L. Tompkins (183623)
Email: tompkins@kerrwagstaffe.com
Michael K. Ng (237915)
Email: mng@kerrwagstaffe.com
100 Spear Street, 18th Floor
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Facsimile: (415) 371-0500

*Plaintiffs' Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Master Docket No.: 13-MD-02430-LHK |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**<br><br>Date: October 29, 2013<br>Time: 10:00 a.m.<br>Judge: Hon. Lucy H. Koh<br>Place: Courtroom 8—4th Floor<br><br>Trial Date: October 20, 2014 |

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

# TABLE OF CONTENTS

*Page*

I. INTRODUCTION ...................................................................................................................1

II. FACTS .....................................................................................................................................2

III. ARGUMENT...........................................................................................................................3

    A. Standard Governing Certification Under § 1292(b). .............................................3

    B. There Is No Substantial Ground for Difference of Opinion as to the Proper Construction of the "Ordinary Course of Business" Exception........................................4

    C. Appellate Review of the Legal Question Google Framed Would Not Overcome the Court's Independent Basis for Denying the Motion to Dismiss, That by Violating Its Own Disclosures, Google Deviated From the Ordinary Course of Business.............................7

    D. Google's Contract-Based Arguments for Consent Are Not Amenable to Resolution by Interlocutory Appeal. ........................................................................................................7

    E. On the Facts Alleged, There Is No Substantial Ground for Believing Plaintiffs Consented to Google's Practice of Intercepting, Reading, Extracting and Using Their Email Content. ..........................................................................................................................9

    F. An Immediate Appeal Would Not Materially Advance the Ultimate Termination of the Litigation. .........................................................................................................................10

IV. CONCLUSION......................................................................................................................11

# **TABLE OF AUTHORITIES**

*Page*

**Cases**

*Ahrenholz v. Board of Trustees of the University of Illinois*,
    219 F.3d 674 (7th Cir. 2000) .................................................................................................. 7

*Ariz. Bd. For Charter Schools v. U.S. Dep't of Educ.*,
    464 F.3d 1003 (9th Cir. 2006) ................................................................................................ 5

*Berry v. Funk*,
    146 F.3d 1003 (D.C. Cir. 1998) ......................................................................................... 7, 9

*California v. Harvier*,
    700 F.2d 1217 (9th Cir. 1983) ................................................................................................ 2

*Caraballo-Seda v. Municipality of Hormigueros*,
    395 F.3d 7 (1st Cir. 2005) .................................................................................................... 11

*Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*,
    2010 WL 952273 (D. Or. Mar. 10, 2010) .............................................................................. 8

*Chiron Corp. v. Abbott Labs.*,
    1996 WL 15758 (N.D. Cal. Jan. 3, 1996) .......................................................................... 1, 3

*County of Santa Clara v. Astra USA, Inc.*,
    588 F.3d 1237 (9th Cir. 2009) ................................................................................................ 8

*Env. Protection Info. Ctr. v. Pacific Lumber Co.*, 2004 WL 838160 (N.D. Cal. Apr. 19, 2004) ... 1

*Faulkner v. ADT Sec. Services, Inc.*,
    706 F.3d 1017 (9th Cir. 2013) .............................................................................................. 10

*Flor v. Bot Financial Corp.*,
    79 F.3d 281 (2nd Cir. 1996) ................................................................................................... 3

*Gilday v. DuBois*,
    124 F.3d 277 (1st Cir. 1997) .................................................................................................. 9

*Griggs-Ryan v. Smith*,
    904 F.2d 112 (1st Cir. 1990) .................................................................................................. 9

*Hall v. Earthlink Network, Inc.*,
    396 F.3d 500 (2nd Cir. 2005) ............................................................................................. 1, 6

*Hulmes v. Honda Motor Co., Ltd.*,
    936 F.Supp. 195 (D. N.J. 1996) ............................................................................................. 8

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b)
CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

ii


# **TABLE OF AUTHORITIES**

*Page*

**Cases**

*Ahrenholz v. Board of Trustees of the University of Illinois*,
    219 F.3d 674 (7th Cir. 2000) .................................................................................................. 7

*Ariz. Bd. For Charter Schools v. U.S. Dep't of Educ.*,
    464 F.3d 1003 (9th Cir. 2006) ................................................................................................ 5

*Berry v. Funk*,
    146 F.3d 1003 (D.C. Cir. 1998) ......................................................................................... 7, 9

*California v. Harvier*,
    700 F.2d 1217 (9th Cir. 1983) ................................................................................................ 2

*Caraballo-Seda v. Municipality of Hormigueros*,
    395 F.3d 7 (1st Cir. 2005) .................................................................................................... 11

*Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*,
    2010 WL 952273 (D. Or. Mar. 10, 2010) .............................................................................. 8

*Chiron Corp. v. Abbott Labs.*,
    1996 WL 15758 (N.D. Cal. Jan. 3, 1996) .......................................................................... 1, 3

*County of Santa Clara v. Astra USA, Inc.*,
    588 F.3d 1237 (9th Cir. 2009) ................................................................................................ 8

*Env. Protection Info. Ctr. v. Pacific Lumber Co.*, 2004 WL 838160 (N.D. Cal. Apr. 19, 2004) ... 1

*Faulkner v. ADT Sec. Services, Inc.*,
    706 F.3d 1017 (9th Cir. 2013) .............................................................................................. 10

*Flor v. Bot Financial Corp.*,
    79 F.3d 281 (2nd Cir. 1996) ................................................................................................... 3

*Gilday v. DuBois*,
    124 F.3d 277 (1st Cir. 1997) .................................................................................................. 9

*Griggs-Ryan v. Smith*,
    904 F.2d 112 (1st Cir. 1990) .................................................................................................. 9

*Hall v. Earthlink Network, Inc.*,
    396 F.3d 500 (2nd Cir. 2005) ............................................................................................. 1, 6

*Hulmes v. Honda Motor Co., Ltd.*,
    936 F.Supp. 195 (D. N.J. 1996) ............................................................................................. 8

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b)
CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

ii

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
    212 F. Supp.2d 903 (S.D. Ind. 2002) ................................................................................. 8

*In re Conseco Life Ins. Cost of Ins. Litig.*,
    2005 WL 5678841 (C.D. Cal. May 31, 2005) ................................................................... 3

*In re Pharmatrack, Inc.*,
    329 F.3d 9 (1st Cir. 2003) ................................................................................................. 9

*In re St. Johnsbury Trucking Co.*,
    186 B.R. 53 (D. Vt. 1995) ................................................................................................. 8

*James v. Price Stern Sloan, Inc.*,
    283 F.3d 1064 (9th Cir. 2002) .......................................................................................... 4

*Joffe v. Google*, *Inc.*,
    2013 WL 4793247, (9th Cir. Sept. 10, 2013) ................................................................ 5, 9

*K Mart Corp. v. Cartier, Inc.*,
    486 U.S. 281 (1988) .......................................................................................................... 5

*Keystone Tobacco Co., Inc. v. United States Tobacco Co.*,
    217 F.R.D. 235 (D.D.C. 2003) .......................................................................................... 8

*Kirch v. Embarq Management Co.*,
    702 F.3d 1245 (10th Cir. 2012) ................................................................................ 1, 6, 7

*Klamath Water Users Protective Ass'n v. Patterson*,
    204 F.3d 1206 (9th Cir. 1999) .......................................................................................... 8

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) ............................................................................................ 1

*Lenz v. Universal Music Group*,
    2008 WL 4790669 (N.D. Cal. Oct. 28, 2008).................................................................. 3

*Loritz v. CMT Blues*,
    271 F. Supp. 2d 1252 (S.D. Cal. 2003) ............................................................................ 3

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) .......................................................................................... 3

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
    71 F. Supp. 2d 139 (E.D.N.Y. 1999) ................................................................................ 2

*North Carolina ex rel. Long v. Alexander & Alexander Servs., Inc.*,
     685 F. Supp. 114 (E.D. N.C. 1988) ............................................................................. 1, 8

*Oliner v. Kontrabecki*,
    305 B.R. 510 (N.D. Cal. 2004) ......................................................................................... 8

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

*Oneida Indian Nation v. County of Oneida*,
    622 F.2d 624 (2nd Cir. 1980) .................................................................................................. 2

*Rafton v. Rydex Series Funds*,
    2011 WL 1642588 (N.D. Cal. May 2, 2011) ............................................................................ 2

*Rottmund v. Continental Assur. Co.*,
    813 F. Supp. 1104 (E.D. Pa. 1992) .......................................................................................... 4

*S.A. v. Tulare County Office of Educ.*,
    2009 WL 331488 (E.D. Cal. Feb. 10, 2009) ............................................................................ 3

*Sec. & Exch. Comm'n v. First Jersey Sec., Inc.*,
    587 F. Supp. 535 (S.D. N.Y. 1984) .......................................................................................... 8

*Shurance v. Planning Control Int'l, Inc.*,
    839 F.2d 1347 (9th Cir. 1988) ................................................................................................ 11

*Stewart v. W. Virginia Employers' Mut. Ins. Co.*,
    2010 WL 1286623 (S.D. W. Va. Mar. 29, 2010) ................................................................... 11

*U.S. Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1996) .................................................................................................... 4

*U.S. v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959) .................................................................................................... 4

*Watkins v. L.M. Berry & Co.*,
    704 F.2d 577 (11th Cir. 1983) .................................................................................................. 9

*White v. Nix*,
    43 F.3d 374 (8th Cir. 1994) ...................................................................................................... 3

*Williams v. Poulos*,
    11 F.3d 271 (1st Cir. 1993) ....................................................................................................... 9

**Statutes**

18 U.S.C. 2510(5)(a)(ii) .................................................................................................................. 4

18 U.S.C. 2511(2)(a)(i) ................................................................................................................... 4

28 U.S.C. 1292(b) ................................................................................................................... passim

**Rules**

Federal Rules of Civil Procedure, Rule 30(b)(6) ......................................................................... 11

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

## I. INTRODUCTION

"The only substantial difference of opinion on the issue[s this case presents] is that which exists between [Google] and this Court."[1]  Google argues, "in 1986, Congress could not have had an inkling of the vast presence that online activity would have in everyday lives in 2013." (Google Mot., p. 13.)  It is precisely because of this "vast presence" that the privacy concerns addressed by the Wiretap Act and ECPA become more urgent.  But even in the age of Google, the courts, including the Ninth Circuit, have had no trouble divining that, with these statutes, "Congress wanted to protect electronic communications that are configured to be private, such as email." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 875 (9th Cir. 2002). In fact, in its thirty-page motion, the weightiest evidence Google cites of a "substantial ground for difference of opinion" *among the courts* is a supposed "tension" Google alone perceives between this Court's conclusions and those reached in other cases by the Second and Tenth Circuits. (Mot., p. 15.)  But there is no "confusion or inconsistency" beyond that which Google fabricates.  This Court closely analyzed these cases, *Hall v. Earthlink Network, Inc.*, 396 F.3d 500 (2nd Cir. 2005) and *Kirch v. Embarq Management Co.*, 702 F.3d 1245 (10th Cir. 2012), concluding correctly that both cut in favor of its narrow reading of the "ordinary course of business" exception to liability under the Wiretap Act.

As the Court has already concluded, Google's consent argument fares no better.  But the Court need not even rethink the merits of this claim to reject the present motion.  A ruling interpreting contract language does not provide the basis for certification under § 1292(b) because it presents a mixed question that cannot be a "controlling question of law."  *See*, *e.g.*, *North Carolina ex rel. Long v. Alexander & Alexander Servs., Inc.*, 685 F. Supp. 114, 115 (E.D. N.C. 1988) ("Decisions that are 'fact specific' may not be appealed under section 1292(b).").

That Google "would like the court to revisit the many …intricate arguments [the parties] articulated when litigating the predicate motion…is not the kind of 'difference' section 1292(b) targets." *Env. Protection Info. Ctr. v. Pacific Lumber Co.*, No. C 01-2821, 2004 WL 838160, at *3 (N.D. Cal. Apr. 19, 2004)  (the "reiteration of previously stated arguments—however

---

[1] *Chiron Corp. v. Abbott Labs.*, No. C-93-4380 MHP, 1996 WL 15758, *1 (N.D. Cal. Jan. 3, 1996) Patel, Chief J., denying certification for interlocutory review under 28 U.S.C. 1292(b).

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

1 forceful—is no surrogate for a demonstration of a legitimate and 'substantial ground for
2 difference' between judicial bodies.") Further, that no other court has "answered the exact
3 question[s] raised by the … defense" (Mot., p. 11) does not establish that the questions posed by
4 Google are novel or difficult in any meaningful sense. Rather, it simply demonstrates that
5 Google, unlike other ECS providers, has taken the risk—one whose profuse benefits were
6 surely calculated—of intercepting, reading, extracting and using consumers' email. That
7 Google's "business model" runs afoul of accepted and rational legal principles does not warrant
8 Ninth Circuit review of the nascent record.

9 Because Google has not shown that "novel and difficult questions of first impression are
10 presented," or that "the circuits are in dispute on the[se] question[s]," the Court should deny
11 Google's motion for § 1292(b) certification.

12 **II.    FACTS**

13 Google continues to push a version of the facts Google hopes to prove at trial—facts
14 inconsistent with those alleged by the Plaintiffs. But this is not a forum for rehearsing Google's
15 defenses. And Google's attempt to describe its "thought data" mining generically as
16 "automated processing" or "automated scanning" improperly rewrites Plaintiffs' allegations.
17 Whether customers consent to this practice and whether it is integral to (*i.e.,* in the ordinary
18 course of providing) the valuable service Gmail users sign up for, are pivotal and hotly-
19 contested questions in this case.[2] For now, the Court has held these questions cannot be decided
20 in Google's favor as a matter of law on a motion under Rule 12.

---

[2] That the facts are hotly disputed is an independent basis for postponing appellate review until the record is fully developed based upon the evidence admitted at trial. An appeal at this stage would deprive the Court of Appeals of the complete factual record that would permit full consideration of the questions at hand. *Oneida Indian Nation v. County of Oneida*, 622 F.2d 624, 628 (2nd Cir. 1980) ("The purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which evaporate in the light of full factual development." (internal quotations omitted)); *Rafton v. Rydex Series Funds*, No. 10-1171, 2011 WL 1642588, *1 (N.D. Cal. May 2, 2011) ("'[A]n interlocutory appeal prior to any discovery would deprive the appellate court of a factual record that likely would aid its consideration of the legal questions presented.'"); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 167 (E.D.N.Y. 1999) ("Appeal at this stage of the litigation, before full development of the facts, would significantly undermine the ability of the trial and appellate courts…to fully consider" the issues in dispute). *See also California v. Harvier*, 700 F.2d 1217, 1219 (9th Cir. 1983) ("[W]hen a legal question 'has serious consequences and is an issue upon which there is a diversity of opinions… [t]he developmental process before the district court would provide [the court of appeals] with a better foundation upon which to make [its] decision.'").

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b)
CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

As the Court correctly noted, "For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Applying this mandate, the Court was scrupulous in its order, tying each of its legal holdings to distinct and detailed allegations in the well-pled complaint. Google cannot ignore the complaint's recitation of the actual practices at issue, and Google cannot assert contrary facts as a basis for seeking interlocutory review under § 1292(b).

### III.   ARGUMENT

#### A.   Standard Governing Certification Under § 1292(b).

The Court may certify an order for interlocutory appeal if it: (1) "involves a controlling question of law"; (2) on which there is "substantial ground for difference of opinion"; and (3) "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This standard is not as lax as Google wants. "[E]very decision by a judge in an adversarial proceeding results in at least one party convinced that the court got it wrong; if such disagreement were sufficient under section 1292(b), every judgment would give rise to an interlocutory appeal." *Chiron v. Abbott*, 1996 WL 15758, at *2. "'[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion' under section 1292(b)." *In re Conseco Life Ins. Cost of Ins. Litig.*, No. ML 04-1610 AHM, 2005 WL 5678841, at *2 (C.D. Cal. May 31, 2005) (citing *Flor v. Bot Financial Corp.*, 79 F.3d 281, 284 (2nd Cir. 1996); *see also Lenz v. Universal Music Group*, No. C 07-3783 JF, 2008 WL 4790669, at *2 (N.D. Cal. Oct. 28, 2008). Similarly, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases." *S.A. v. Tulare County Office of Educ.*, No. CV F 08-1215 LJO, 2009 WL 331488, at *6 (E.D. Cal. Feb. 10, 2009) (quoting *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)).

Although certification is wholly discretionary with the district court, *Loritz v. CMT Blues*, 271 F. Supp. 2d 1252, 1253 (S.D. Cal. 2003), it should be granted "sparingly and only in exceptional cases," in furtherance of the long-standing federal policy against piecemeal appeals.

1  *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (noting certification is appropriate only in "rare circumstances"); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1996); *U.S. v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959); *Rottmund v. Continental Assur. Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992) (noting that § 1292(b) demands nothing less than "exceptional circumstances [to] justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after entry of a final judgment.").

### B. There Is No Substantial Ground for Difference of Opinion as to the Proper Construction of the "Ordinary Course of Business" Exception.

Google tries once again to demonstrate that Congress intended the "ordinary course of business" exception to liability under the Wiretap Act set forth in 18 U.S.C. § 2510(5)(a)(ii) to apply "where the interception [of email] assists the overall business of which email service is part." (Mot., p. 11.) But Google's self-serving reiteration is no more convincing an argument for certification under § 1292(b) than it was for dismissing the complaint.

Google again claims to find traction for its claim that 18 U.S.C. § 2511(2)(a)(i) applies only to wire communication services and not to ECS providers in a passage from the legislative history of ECPA:

> In applying the second clause only to wire communications, this provision reflects an important technical distinction between electronic communications and traditional voice telephone service. The provider of electronic communications services may have to monitor a stream of transmissions <u>in order to properly route, terminate, and otherwise manage the individual messages they contain</u>. These monitoring functions, <u>which may be necessary to the provision of an electronic communication service</u>, do not involve humans listening in on voice conversations. Accordingly, they are not prohibited. In contrast, the traditional limits on service "observing" and random "monitoring" do refer to human aural interceptions and are retained with respect to voice or "wire" communications.

(Wong Decl. Ex. BB at 20 (emphasis added).)

From this, Google concludes it is possible that "Congress simply was not concerned about the type of scanning presented here because it does not "involve humans listening in on voice conversations." The quoted passage, however, more easily substantiates Plaintiffs' and

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK
4

the Court's conclusion that Congress wanted to exempt from liability acts undertaken "to properly route, terminate, and otherwise manage individual messages" because such acts are "necessary to the provision of an electronic communication service."

Moreover, the latter interpretation "yields a coherent and consistent Wiretap Act. Google's . . . does not." *Joffe v. Google, Inc.*, No. 11-17483, 2013 WL 4793247, at *7 (9th Cir. Sept. 10, 2013) (citing *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) ("In ascertaining the plain meaning of the statute, the court must look at the particular statutory language at issue, as well as the language and design of the statute as a whole.")).  "When a natural reading of the statutes leads to a rational, common-sense result, an alteration of meaning is not only unnecessary but also extrajudicial." *Ariz. Bd. For Charter Schools v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006). "'[S]tatutory interpretations that would produce absurd results are to be avoided.'" *Id.*

Further, as the Court has already noted, Google's argument violates the rule that statutes must be interpreted so as to give meaning to each word. Google's interpretation ignores the word "ordinary" by suggesting that everything that Google does or may want to do "in the course of its business" is by definition ordinary. (Order, p. 14.) Google's interpretation strays from Congressional intent and would allow any provider to pursue any subjective business interest as "its ordinary course of business" with no objective statutory limitation on this pursuit. In effect, Google and every single ECS provider or telephone company using "automated processing" could begin acquiring and selling the contents of private conversations and emails to any third party because there would be no "device" within the meaning of the statute, no interception, and no barrier to disclosure.

No court has ever interpreted this language the way Google does. The Court thoroughly analyzed relevant case law out of the 2nd, 6th, 10th, 11th and D.C. Circuits, and determined that none would agree with Google in light of the specific facts Plaintiffs alleged. *See also Joffe*, 2013 WL 4793247, at *6 ("Google's proposed definition [of "radio communication"] is in tension with how Congress—and virtually everyone else—uses the phrase."). In particular, the Court closely analyzed recent decisions in *Hall v. Earthlink Network, Inc.*, 396 F.3d 500 (2nd

1  Cir. 2005) and *Kirch v. Embarq Management Co.*, 702 F.3d 1245 (10th Cir. 2012), and
2  explained how both support a narrow reading of the exception.

3       Google's renewed attempt, in this motion, to liken the facts of these cases to those
4  alleged in the instant action (Mot., p. 14.) fails because the facts are easily distinguishable, as
5  this Court found.  In *Hall*, the provider, Earthlink, did not intercept the plaintiff's email
6  messages in transit, but instead continued to receive and store them for a period of months after
7  plaintiff's email service had been cancelled.  In determining this was done in the ordinary
8  course of Earthlink's business, the Court noted that Earthlink "did not have the ability to bounce
9  e-mail back to senders after the termination of the account."  (Order, p. 16.)  Google attempts to
10 liken what Earthlink did to Google's acquisition, extraction, and reading of message content by
11 describing each as animated by a "business reason" (Mot., p. 14).  But these activities are easily
12 distinguishable on the ground that Earthlink's actions had no evident purpose but to serve the
13 customer while Google's "thought data" mining is plainly intended to use the customer to serve
14 Google's financial interest.  There is no substantial ground for disagreement among courts as to
15 the distinction this Court made.

16      In *Kirch,* NebuAd, a third party, paid Embarq, an ISP, for permission to install, for
17 testing purposes, a device to acquire information about Embarq's users so that NebuAd could
18 provide targeted advertising to those users.  Notably, however, "[t]he relationship between
19 Embarq and NebuAd's technology test did not expand the universe of data to which Embarq
20 had access beyond the data Embarq could access in its provision of internet services."  (Order,
21 p. 15, citing *Kirch*, 702 F.3d at 1250.)  On this basis, and commenting twice that "[w]e need not
22 decide where to draw the line between *access* to data and *acquisition* of data," the Court
23 determined that Embarq had done nothing outside the "ordinary course of business."  *Kirch*, 702
24 F.3d at 1249, 1251 n. 3.  The difference between "access to" and "acquisition of" data
25 distinguishes Google's secret data-acquisition from Embarq's necessary data access, and this
26 Court made that distinction.  This Court further, correctly concluded, "[c]onsidered practically,
27 Google is more akin to NebuAd, which intercepted data for the purpose of providing targeted
28 advertising—a purpose separate and apart from Embarq's provision of internet service."

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b)
CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

(Order, p. 15.)  *Kirch* is inapposite because Plaintiffs allege Google *does acquire* data from email.  There is no substance to Google's claim that the Court's "Order . . . is in tension with the Second and Tenth Circuits."  (Mot., p. 15.)

### C. Appellate Review of the Legal Question Google Framed Would Not Overcome the Court's Independent Basis for Denying the Motion to Dismiss, That by Violating Its Own Disclosures, Google Deviated From the Ordinary Course of Business.

Google's case for interlocutory review is further undermined by the fact that the Court rejected Google's "ordinary course of business" argument on the independent ground that Google's activities violated its agreements with its users and contracting parties like Cable One and EDU customers.  To avoid this alternative basis for the decision, Google attempts a low distinction between "internal policies" such as those discussed in *Berry v. Funk*, 146 F.3d 1003 (D.C. Cir. 1998), and the notices it provides to third-party customers.  (Mot., p. 17.)  There is no reason to imagine a court would ever agree that "one of the most successful technology companies in the world" (Mot., p. 3) could, in the ordinary course of its business, violate promises it makes to "billions of people worldwide" (*id.)*, and by doing so, qualify for an exemption from liability under the Wiretap Act.  Moreover, Google's argument that its representations to the public are somehow less trustworthy than "internal policies" misapprehends Google's responsibility for consent—Google must truthfully explain what it does, and then abide by its disclosures.

### D. Google's Contract-Based Arguments for Consent Are Not Amenable to Resolution by Interlocutory Appeal.

Mixed questions of fact and law, such as those involved in the interpretation of a contract or Google's opaque "disclosures", are not subject to certification under section 1292(b).  In *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676-677 (7th Cir. 2000), Judge Posner explained, "We think [Congress] used "question of law" in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest.  The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait until the

1  end of the case." *Id*. *See also Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*,
2  09-CV-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010); *Oliner v. Kontrabecki*, 305
3  B.R. 510, 529 (N.D. Cal. 2004) ("Because the alleged 'controlling questions of law' raised by
4  Kontrabecki are inextricably intertwined with the bankruptcy court's factual findings, an
5  interlocutory appeal is not appropriate."); *Keystone Tobacco Co., Inc. v. United States Tobacco*
6  *Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003) (When "the crux of an issue decided by the Court is
7  fact-dependent, the Court has not decided a 'controlling question of law' justifying immediate
8  appeal."); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F. Supp.2d 903, 907
9  (S.D. Ind. 2002) ("A question of law in this situation is one that presents 'an abstract legal
10 issue' that can be 'decide[d] quickly and cleanly without having to study the record.'"); *Hulmes*
11 *v. Honda Motor Co., Ltd.*, 936 F.Supp. 195, 210 (D. N.J. 1996) ("Section 1292(b) was not
12 designed to secure appellate review of 'factual matters' or of the application of the
13 acknowledged law to the facts of a particular case[.]"); *In re St. Johnsbury Trucking Co.*, 186
14 B.R. 53, 55 (D. Vt. 1995) (court found no "controlling question of law" existed because the
15 issue required resolution of fact questions); *North Carolina ex rel. Long v. Alexander &*
16 *Alexander Servs., Inc.*, 685 F. Supp. 114, 115 (E.D. N.C. 1988) ("decisions that are 'fact
17 specific' may not be appealed under section 1292(b)"); *Sec. & Exch. Comm'n v. First Jersey*
18 *Sec., Inc.*, 587 F. Supp. 535, 536 (S.D. N.Y. 1984) ("The Court's decision…was predicated at
19 least in part on specific factual findings…. Therefore, an appeal would necessarily present a
20 mixed question of law and fact, not a controlling issue of pure law.  Such an order is not
21 appropriate for certification pursuant to 28 U.S.C. § 1292(b)."). The Ninth Circuit has plainly
22 stated its view that interpretation of the terms of a contract is a mixed question of law and fact.
23 *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999); *see*
24 *also County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1243 (9th Cir. 2009) ("The
25 interpretation of a contract is a mixed question of law and fact").
26         As these cases recognize, scarce judicial resources should be diverted to the exceptional
27 practice of interlocutory review only when the resolution of contested issues will have a broad
28 and decisive practical impact.  Plaintiffs allege that Google must prove its affirmative defense

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b)
CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

of consent from the universe of written contracts and disclosures that Google drafted and that Google uses to operate its email business. Google must show where in its written contracts it informed its users about its extraction and acquisition of message content. The legal conclusion is whether Google obtained consent, but that conclusion is intertwined with the factual question of whether Google's contracts, in fact, obtain consent. Because the record in this case is still being developed, and the determination Google seeks is fact intensive, *see* fn. 2, *supra*, Google has not identified a "controlling issue of law" that would necessarily even be resolved on appeal, let alone one that would have "widespread effects on a broad swath of internet industries [and be of] important precedential value for other cases." (Mot., p. 10.)

### E.  On the Facts Alleged, There Is No Substantial Ground for Believing Plaintiffs Consented to Google's Practice of Intercepting, Reading, Extracting and Using Their Email Content.

Google's amplification of its *own* disagreements with the Court do not meet the standard for certification for review under § 1292(b). Google fails to show that any other *court* shares Google's impression of the matter, *i.e.*, that consent for **any** purpose (automated processing for routing or viruses) = consent for **every** purpose (extraction, acquisition, and use of email content). Google's contorted statutory construction and outcome-oriented argument does not result in a faithful interpretation of the Wiretap Act in view of the "statutory language at issue, as well as the language and design of the statute as a whole." *See Joffe,* 2013 WL 4793247, at *7.

Contrary to Google's protest, this Court's requirement that valid consent be purpose-specific is well founded. The law is clear that, above all, consent must be knowing. *Williams v. Poulos*, 11 F.3d 271, 281 (1st Cir. 1993); *Berry*, 146 F.3d at 1011; *In re Pharmatrack, Inc.*, 329 F.3d 9, 19 (1st Cir. 2003); *Watkins v. L.M. Berry & Co.*, 704 F.2d 577, 581 (11th Cir. 1983). Further, consent may be limited. *Phamatrack*, 329 F.3d at 19 ("A party may consent to the interception of only part of a communication or to the interception of only a subset of its communications."); *Gilday v. DuBois*, 124 F.3d 277, 297 (1st Cir. 1997); *Griggs-Ryan v. Smith*, 904 F.2d 112, 119 (1st Cir. 1990); *Watkins*, 704 F.2d at 582. It follows from these two propositions that consent cannot be inferred to extend beyond what a consenting party <u>knows</u>.

Accepting the Plaintiffs' allegations as true, Google cannot show that Google's contracts or disclosures actually disclosed its practice of intercepting, extracting, acquiring, and using email content, while in transit, to obtain the actual thoughts and ideas of its customers for purposes like creating secret user profiles. Absent this factual showing, there is no substantial ground for believing the parties to the email communications (which Google is not) expressly or impliedly consent to having their email messages intercepted, read, extracted, and secretly used by Google.

Finally, Google challenges "the Court's *apparent requirement* that Google list every purpose for which material is collected with specificity …" on the ground that such a requirement would be onerous to Google, and render its policies "less accessible to users, due to increased length, complexity, and excessive detail." (Mot., p. 23) (emphasis added). Not only would this straw-man argument be a featherweight ground for the extraordinary relief Google requests, the Court has *imposed no such requirement*. To the contrary, the Court expressly reserved this question for later resolution. (Order, p. 22 ("The Court need not determine at this stage whether Plaintiffs will ultimately be able to prove that the Privacy Policies were intended to comprehensively list the information Google may collect. Rather, Plaintiffs' plausible allegations that the Privacy Policies were exhaustive are sufficient.").)

### F. An Immediate Appeal Would Not Materially Advance the Ultimate Termination of the Litigation.

That Google seeks to challenge this Court's ruling on a motion to dismiss presents further obstacles to certification. First, in order for the Ninth Circuit to affirm this Court's ruling, it would need only find that Plaintiffs have made a "plausible" showing that they are entitled to relief. *See*, *e.g.*, *Faulkner v. ADT Sec. Services, Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). A reviewing court need not resolve the ultimate questions of whether the evidence supports Plaintiffs' allegations (as would be the case after summary judgment), or whether factual disputes should be resolved in Plaintiffs' favor (as would be the case after trial). In other words, Google cannot identify a "controlling issue of law" suitable for certification.

Second, an appeal from a motion to dismiss would be more likely to delay resolution of this matter than to "materially advance the ultimate termination of the litigation." *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (explaining that "an interlocutory appeal might well have the effect of delaying the resolution of this litigation" because such an appeal "probably could not be completed" before the scheduled trial date); *Stewart v. W. Virginia Employers' Mut. Ins. Co.*, No. 2:09-126, 2010 WL 1286623, at *1 (S.D. W. Va. Mar. 29, 2010) ("It is clear to the court that a certification of issues here, requiring further factual and legal development, would not 'materially advance the ultimate termination of the litigation….'"). Here, as in *Shurance*, an interlocutory appeal could delay the advancement of this case for years.[3] And, at the end of that long wait the Ninth Circuit could conclude that Google's claims are more appropriately addressed after development of a more robust factual record. *See* fn. 2, *supra*. It is for these reasons that the First Circuit has ruled categorically that section 1292(b) certification should not be granted from the denial of a motion to dismiss. *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) ("As a general rule, we do not grant interlocutory appeals from a denial of a motion to dismiss.")

## IV. CONCLUSION

Google's motion for 28 U.S.C. § 1292(b) certification should be denied.

Respectfully submitted,

Dated:  October 16, 2013         KERR & WAGSTAFFE LLP

By: */s/ Nancy L. Tompkins*
Nancy L. Tompkins (183623)
Email: wagstaffe@kerrwagstaffe.com
100 Spear Street, 18th Floor
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Facsimile: (415) 371-0500

---

[3] Although Google suggests that an interlocutory appeal could avoid the costs of discovery (Mot., pp. 9-10), that ignores the procedural history of this case in which Google has already produced upwards of 800,000 documents and Plaintiffs have already completed 5 depositions under Federal Rules of Civil Procedure, Rule 30(b)(6). On the basis of this discovery, Plaintiffs expect to move for class certification within 2 weeks. That the parties have already incurred significant costs in discovery only magnifies the prejudice that would be caused by the delay associated with an interlocutory appeal.

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896


WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

*Plaintiffs' Co-Lead Counsel*

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 138902)
Email: kirk@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone:  (916) 567-1111
Facsimile:  (916) 567-1112

*Plaintiffs' Liaison Counsel*

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SECTION 1292(b)
CERTIFICATION FOR INTERLOCUTORY REVIEW**
5:13-MD-002430-LHK

12