WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
Email: srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
Email: jtapley@cwcd.com
2131 Magnolia Avenue
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

*Plaintiffs' Co-Lead Counsel*

CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 138902)
Email: kirk@cwclawfirm.com
1111 Exposition Boulevard, Suite 602
Sacramento, California 95815
Telephone: (916) 567-1111
Facsimile:  (916) 567-1112

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Master Docket No.: 13-MD-02430-LHK |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**<br><br>Date:  January 16, 2014<br>Time:  1:30 p.m.<br>Judge:  Hon. Lucy H. Koh<br>Place:  Courtroom 8—4th Floor<br><br>Trial Date: October 20, 2014 |

///

///

///

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK

I, SEAN F. ROMMEL, Esq., declare:

1. I am a counsel for the Plaintiff in this action and have personal knowledge of the facts and matters herein stated, save and except where stated on information and belief. I believe the facts stated herein are true and correct.

2. I respectfully submit this Declaration in support of Plaintiffs' motion to have: (i) this action certified as a class action; (ii) Plaintiffs certified as class representatives; and (iii) Class Counsel appointed. I personally seek appointment as Class Counsel.

3. I have been involved in this action since its inception in the Eastern District of Texas, Texarkana Division, in *Dunbar, et al. v. Google, Inc.*, 5:10-cv-194, U.S. District Court Judge David Folsom presiding, filed on **November 17, 2010**. The original class sought involved non-Gmail users who had sent emails to Gmail users. On **February 4, 2011**, Google filed its first motion to dismiss. Based upon the arguments advanced by Google, Plaintiff amended his complaint on **February 21, 2011**, and included many of the known disclosures made by Google relating to its practices regarding Gmail processes. Google filed its Motion to Dismiss Plaintiff's First Amended Complaint on March 10, 2011. Judge Folsom denied Google's Motion to Dismiss on **May 23, 2011**.

4. On **May 12, 2011**, I caused to be served Mr. Dunbar's First Set of Interrogatories and Requests for Production to Google, Inc. On **June 17, 2011**, Google responded to the First Set of Interrogatories, and as to the basic interrogatories about the email content scanned by Google, the identification of each scanning activity, and the use of the email content following scanning, Google's substantive answers amounted to approximately twenty (20) lines. As to Interrogatories Nos. 5 & 6, requesting the identification of information Google possessed as to Mr. Dunbar, Google did not answer the interrogatories. In response to the Requests for Production of Documents, Google produced no documents, and as to Request for Production No. 2, indicated only objections. Throughout the remainder of June and July of 2011, I attempted numerous meet and confer sessions with Google's counsel to obtain supplemental responses to the interrogatories and requests for production. On **July 22, 2011**, the Friday before the Monday deposition of Thompson Gawley on the limited topics of Interrogatory Nos.

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK                                   1

1  5 & 6 (as Google would not answer the interrogatories), at 5:29 P.M., Google served its
2  Supplemental Objections and Answers to Plaintiff's Interrogatory Nos. 3, 5 & 6. In response to
3  Interrogatory No. 3, Google provided no identification of each scanning activity or email
4  content as the interrogatory sought. Rather, it added an additional use of the information,
5  "package tracking," to the previous list of fifteen functions. As to Interrogatory Nos. 5 & 6,
6  Google *for the very first time* disclosed the creation of "metadata resulting from scanning of
7  email."

8  5. On **July 25, 2011**, I deposed Google's 30(b)(6) witness, Thompson Gawley on
9  the limited topics of Interrogatory Numbers 5 & 6, which Google refused to answer in any
10  detail. Of importance to the case at that juncture was Thompson Gawley's testimony regarding
11  outgoing or sent email from Gmail users. On **July 28, 2011**, three days after Thompson
12  Gawley's deposition, Google began its document dump of 290,000 pages of production. On
13  **July 29, 2011**, Google's counsel *confirmed* that in the weeks prior to July 28, 2011, "the ***key
14  relevant documents on scanning*** and policies had been provided." Google's counsel also
15  stated, "Google's past production of over 500 documents and approximately 2,700 pages was
16  more than sufficient merits discovery for class purposes." The document dump, however,
17  continued and ultimately amounted to 718,600 pages. Included within that production were
18  several hundreds of thousands of pages of documents have no relevance to the case.

19  6. On **July 29, 2011**, Debra Marquis filed her class action lawsuit against Google
20  for violations of Massachusetts wire-tap act based upon Google's interception of her non-Gmail
21  email sent to Gmail users in the case entitled, *Debra L. Marquis v. Google, Inc.*, No. 11-2808-
22  BLS1, in the Superior Court of Suffolk County, Commonwealth of Massachusetts.

23  7. On **August 17, 2011**, Judge Folsom entered his order (Doc. 87) limiting
24  discovery to issues for class certification, setting an October 25th discovery cut-off date, and
25  staying discovery until after the Court ruled on the issue of class certification. Google's
26  document production from July 2011 until October 7, 2011, focused almost exclusively on
27  Google's scanning of email content within its CAT2 mixer. In reference to the first 2,700 pages
28  as Google's counsel suggested, all "scanning" documents were directed at the CAT2 mixer. As

1  to the 718,600 pages produced before October 7, 2011, while Plaintiff had a few documents
2  mentioning devices like Content Onebox (COB) and Medley Server, no document or diagram
3  demonstrated any email data flow that showed Content Onebox's or CAT2's location in the
4  delivery process.  From the documents that were provided and the description of Gmail
5  infrastructure provided from the testimony of Thompson Gawley, Google portrayed a picture of
6  scanning occurring only in the "back-end" of the delivery process when the user was retrieving
7  a message.  Further, the scarcity of documents about COB, as compared to the CAT2 mixer and
8  the advertising servers, revealed next to nothing about its location and operations within the
9  Gmail data flow or evidenced only experiments about its implementation.  Plaintiff did have
10 some testimony from Thompson Gawley about COB and Medley server scans of Mr. Dunbar's
11 email. But due to the limitation on the topics, Plaintiff could not inquire as to how and when
12 those occurred—only whether metadata existed from those scans.  Still, Plaintiff's counsel had
13 to review all of the 718,600 pages of production to determine their application, if any, to the
14 case

15         8.     On **September 15, 2011**, Plaintiff filed his Second Amended Class Action
16 Complaint and Motion for Class Certification.  On **October 7, 2011**, however, and contrary to
17 Google's counsel's statements about the production of relevant scanning documents, Google
18 produced the first and only document, GOOG000718616—000718622, diagramming and
19 explaining a two-part scanning operation. The implications to Plaintiff's case were of profound
20 import: (1) where Google in its filings and public communications had related scanning to spam
21 detection, document GOOG000718616—000718622 showed Google's statements to be false,
22 and (2) where Google had previously disclosed to the public and by deposition only scanning
23 for keywords as part of an advertising server or in relation to the services of advertisements,
24 GOOG000718616—000718622 revealed *every email*, regardless of advertising, was intercepted
25 for "substance, purport, and meaning."  The diagram and narrative also showed a clear uniform
26 depiction of Google's Gmail data flow.  While it appeared that pages GOOG000718619—
27 000718622 contained "draft" comments, the document explained for the first time in October of
28 2011 this two-part scanning system, and this was the last document produced by Google when

the discovery stay took effect later in October.

9. On **October 25, 2011**, the class discovery cut-off occurred. On **March 16, 2012**, Judge Folsom denied without prejudice Plaintiff's Motion for Class Certification. He retired the next day.

10. On **April 17, 2012**, Google served its answers to Debra Marquis' First Set of Interrogatories. However, even though the issues related specifically to the topics sought in Plaintiff's Request for Production and Interrogatories, the *Marquis* responses were not provided in the *Dunbar* case and no supplementation of responses occurred in *Dunbar*.

11. On **April 23, 2012**, Google filed its motion to dismiss or in the alternative transfer the present case to California, and the *Dunbar* matter was transferred to this Court on **June 22, 2012**.

12. On **June 13, 2012**, Google served its First Supplemental Responses to Debra Marquis' First Set of Interrogatories. No supplemental responses were provided in *Dunbar*. On **August 6, 2012**: Google served its Second Supplemental Responses to Debra Marquis' First Set of Interrogatories. At this time, the present case had been transferred to the Northern District of California and Google had the same counsel in both *Dunbar* and *Marquis*. However, even though the issues related specifically to the topics sought in Plaintiff Request for Production and Interrogatories, the *Marquis* responses were not provided in the *Dunbar* case and no supplementation of responses occurred.

13. On **August 7, 2012**, I began my requests for supplemental production of matters specifically referenced within the pages of GOOG000718616—000718622, those documents that involved Gmail infrastructure as discussed within the pages of GOOG000718616—000718622, and matters reliant to Google's two-part scanning process. Google resisted production of any kind, necessitating the filing of the original Motion to Compel.

14. On **August 28, 2012**, Plaintiff filed his Motion for Leave to File his Third Amended Class Action Complaint asserting "sent" and "received" claims on behalf of Cable One Google Apps users. This Court granted Plaintiff's motion, and Plaintiff filed the Third Amended Complaint on **December 14, 2013**.

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK                                    4

15. On **September 17, 2012**: Plaintiff served Google with his Second Requests for Production of Documents. At Request No. 16, Plaintiff sought, "To the extent not already produced in this litigation, produce all Google discovery responses and documents produced by Google in the matter of *Debra L. Marquis v. Google, Inc.*, No. 11-2808-BLS1, in the Superior Court of Suffolk County, Commonwealth of Massachusetts." On **January 18, 2013**, Google produced Google's production of Defendant Google Inc.'s *Second* Supplemental Responses and Objections to Plaintiff Debra L. Marquis' First Set of Interrogatories. This marked the first time in the litigation that Plaintiff's Counsel had been informed of *any* change in the email delivery flow occurring in October of 2010 or any time thereafter. In contrast to the *twenty* lines of generalized responses to interrogatories Google gave in the *Dunbar* case, as to the identical topics, Google provided approximately 143 lines—amounting to seven and a half pages—of response(s) to the *Marquis* interrogatories. By way of example, *Dunbar* Interrogatory No. 3 sought the identification of (1) *all* of Google's scanning activities, (2) the specific *email content* Google scanned, and (3) *each scanning activity* related to the email content scanned. *Marquis* Interrogatories Nos. 3 and 5 sought identification of (1) how the Device works, (2) a step by step description of the process, and (3) all the data obtained by Google. Where *Dunbar* sought identification of the scanning activities, *Marquis* sought how the Device works. Where *Dunbar* sought each scanning activity, *Marquis* sought a step by step description. Where *Dunbar* sought the email content scanned by each scanning activity, *Marquis* sought the type of data the Device acquires. Despite Google providing these detailed responses in *Marquis,* Google did not supplement its answers to the *Dunbar* interrogatories. Yet, instead of having detailed answers to Plaintiff's interrogatories as Google had done with apparent ease in *Marquis*, Plaintiff's counsel had to take the deposition of Thompson Gawley without substantive documents (or any documents on the change in delivery flow); spend substantial man hours to review over 700,000 pages of document production—all without the production of GOOG000718616—000718622 and the detailed responses to better put matters into context; and battle with Google in discovery disputes.

16. Google's inconsistent positions taken throughout the *Dunbar* case (and two

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK                    5

others) regarding its processes applied to sent or outgoing email from Gmail users has also been a major hindrance. In reliance upon the sworn testimony of Thompson Gawley occurring in **July of 2011**, Plaintiff *Dunbar* did not assert violations of ECPA for sent email from Gmail users—an issue that would have wholly overcome Google's initial argument against ascertainability. However, over the course of discovery since that time and culminating in the filing of the Consolidated Complaint in the MDL, filed on **May 16, 2013**, Plaintiffs now assert claims for ECPA violations when Gmail users send email messages.

17. Since transfer of the *Dunbar* matter to California, I have worked closely with my Co-Lead Counsel F. Jerome Tapley and Liaison Counsel Kirk. J. Wolden in the prosecution of what, in April 2013, became this MDL. As the docket entries and record reflects, prior to the establishment of the MDL, I worked extensively on the motion to dismiss Dunbar, Dunbar discovery including motion practice, and on the two Dunbar motions to certify (the second one fully briefed at the time the MDL was established). I, and my co-counsel, responded to Google's MDL petition, and we worked hard to develop a workable and efficient plan for the conduct of the Plaintiffs' cases in the likely event of consolidation or coordination by the Judicial Panel on Multi-District Litigation. Shortly after the MDL was established, I was appointed Co-Lead Counsel. Since then, my professional work has focused almost exclusively of the pursuit of these claims against Google, working closely with Co-Lead Counsel in the management and control, and prosecution of all aspects of this case including all briefing, discovery, and case management. I have worked closely with Co-Lead Counsel and Liaison Counsel in the day-to-day activities of this action, and have overseen and managed the work of the Plaintiffs' Executive Committee.

18. The work done in this matter to date reflects proposed Class Counsel's desire and commitment to prosecuting this action for the resolution of factual and legal issues. Counsel have investigated the claims, counseled with Plaintiffs, researched the law, drafted the pleadings, engaged in motion practice, argued before the Court on pending motions, engaged in discovery, hired experts, and moved the case forward for the purpose of class certification and ultimate trial. Over the past thirty-five (35) months, I have diligently pursued Google on behalf

of not only Plaintiff Dunbar but on behalf of all named plaintiffs and class members whose cases have been into this MDL.  These pursuits evidence recognition of the applicable law through the filing of the pleadings, motions, and presentation of arguments at hearings.  I have and will continue to commit the resources necessary to represent all plaintiffs' interests in this matter, to ensure that representation is zealous and competent, and act with due regard and loyalty to the interests of all Class Members.

19. James C. Wyly and I, co-members of the firm Wyly~Rommel, PLLC, have over forty (40) years of combined litigation experience, offering a practice representing both plaintiffs and defendants in class actions, mass torts, personal injury, intellectual property, and commercial litigation.  I am admitted to all state courts in Texas and Arkansas; the United States District Courts for the Eastern District of Texas, Western District of Arkansas, and the Eastern District of Arkansas; the Fifth Circuit Court of Appeals; and the Eighth Circuit Court of Appeals.  Mr. Wyly is admitted in all state courts in Texas, Arkansas, and Oklahoma; and the United States District Courts for the Eastern District of Texas, Western District of Arkansas, and Eastern District of Arkansas.

20. My firm and I have class-action and multi-district litigation experience as counsel of record for both plaintiffs and defendants, in a variety of jurisdictions, in the following matters:

- *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division (Co-lead Π's counsel);

- *Dunbar, et al. v. Google, Inc.*, Case No. 5:12-cv-03305, United States District Court for the Northern District of California, San Jose Division (Π's counsel);

- *Scott, et al. v. Google, Inc.*, 5:12-cv-03412, United States District Court for the Northern District of California, San Jose Division (Π's counsel).

- *In re Motors Liquidation Company, et al.*, Chapter 11 Case No. 09-50026, Adversary No. 09-00508, United States Bankruptcy Court for the Southern District of New York (Class counsel—class settlement);

- *Boyd Bryant, et al. v. General Motors Corp.,* Circuit Court of Miller County, Arkansas (Class counsel—certified national class, affirmed at *General*

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK                    7

*Motors, et al. v. Bryant*, 285 S.W.3d 634 (Ark. 2008), *cert. den.* 555 U.S. 1098, 129 S. Ct. 901, 173 L. Ed. 2d 107 (2009), settlement in *In re Motors Liquidation Company, et al.*);

- *Smajlaj v. Brocade Communications, et al.*, Consolidated Case No. C05-02233, United States District Court for the Northern District of California, San Francisco Division (Co-lead counsel, Class counsel—class settlement);

- *In Re Salomon Analyst Metromedia Litigation*, Case No. 02CV7966, United States District Court for the Southern District of New York (Class counsel—class settlement);

- *In Re Genetically Modified Rice Litigation*, 4:06 MD 1811 CDP, United States District Court for the Eastern District of Missouri, Eastern Division;

- *Gene Leslie, et al. v. Champion Parts, Inc., et al.,* Case No. 08CV4024, United States District Court for the Western District of Arkansas, Texarkana Division (Class counsel—class settlement);

- *Terry Walker, et al. v. Rent-A-Center, Inc., et al.*, Case No. 5:02CV3, United States District Court for the Eastern District of Texas, Texarkana Division (Class counsel—class settlement);

- *Lane's Gifts and Collectibles, L.L.C., et al. v. Yahoo! Inc., et al.,* Case No. CV-2005-52-1, Circuit Court of Miller County, Arkansas (Class counsel—class settlement);

- *Bradford et al. v. Union Pacific Railroad Company*, Case No. 4:05CV4075, United States District Court for the Western District of Arkansas, Texarkana Division (Defense counsel—class certification denied);

- *Vickers et al., v. Union Pacific Company*, Case No. CV-2005-5-2, Circuit Court of Lafayette County, Arkansas (Defense counsel—class certification reversed on appeal, *Union Pacific Railroad, et al. v. Vickers,* 308 S.W.3d 573 (Ark. 2009));

- *Whitehead et al., v. The Nautilus Group, Inc. et al.,* Case No. CV-2005-66-2, Circuit Court of Miller County, Arkansas (Δ's counsel);

- *Kenneth Luke and A.C. Brooks, et al. v. The Lincoln National Life Ins. Co., et al.,* Case No. 5:03CV0256, United States District Court for the Eastern District of Texas, Texarkana Division (Π's counsel);

- *In Re: Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*; MDL No. 1967; In the United States District Court, Western District of Missouri (Π's counsel);

- *In Re: Hoffman La Roche, Inc.; Roche Laboratories, Inc., F. Hoffman-La Roche LTD and Roche Holding LTD.*; Mass Tort; Superior Court of New Jersey, Atlantic County (Π's counsel);

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK            8

- *Tom West, on Behalf of Himself and All Others Similarly Situated v. Nissan North America, Inc.*; In the Circuit Court of Miller County, Arkansas; Civil Action No. CV2011-0573-3, (Π's counsel);

- *Kevin Holt, on Behalf of Themselves and All Others Similarly Situated v. Ford Motor Company*; In the Circuit Court of Miller County, Arkansas; Civil Action No. CV2012-0165-2, (Π's counsel).

- *In Re: Simply Orange Orange Juice Marketing and Sales Practices Litigation,* MDL No. 2361, United States District Court for the Western District of Missouri, Western Division;

- *In Re Wal-Mart Stores, Inc., Shareholder Derivative Litigation,* 4:12cv4041, United States District Court for the Western District of Arkansas, Texarkana Division;

- *Stephen Hearn, et al. v. BHP Billiton Petroleum (Fayetteville), LLC, et al.,* 4:11cv474, United States District Court for the Eastern District of Arkansas, Western Division.

21. I graduated with honors from the University of Miami in 1991, and I received my law degree from the University of Arkansas School of Law with high honors in 1994. Following law school, I served as a Captain in the U.S. Army Judge Advocate General's Corps from 1994 - 1998. My wife and I returned to Texarkana, and I served as a law clerk for the Honorable David Folsom, U.S. District Court, Eastern District of Texas (1998 - 1999). I am the author of "The Arkansas Obscenity Doctrine: It's Establishment and Evolution," Ark. Law Review, 1994. I am a member of the Arkansas, Texas, Texarkana, and American Bar Associations, as well as the Bar Association for the Eastern District of Texas. I have been named in "Texas Rising Stars" by Texas Monthly magazine. I also obtained success at the appellate level in *Ohio Cas. Ins. Co. v. Union Pacific Railroad Co.*, 469 F.3d 1158 (8th Cir. 2006).

22. Along with me, Mr. Wyly was involved in the first certified nation-wide class action in Arkansas. The matter was affirmed on appeal, *General Motors, et al. v. Bryant*, 285 S.W.3d 634 (Ark. 2008), and the United States Supreme Court denied the petition for writ of certiorari on January 12, 2009, *General Motors, et al. v. Bryant*, 555 U.S. 1098, 129 S. Ct. 901, 173 L. Ed. 2d 107 (2009). Mr. Wyly graduated from the University of Oklahoma and received his Juris Doctorate from the University of Arkansas in 1990. Mr. Wyly is board certified in

personal injury trial law by the Texas Board of Legal Specialization and has been recognized as a Top 100 Trial Lawyer in Texas. Most of Mr. Wyly's cases come from referrals from other lawyers.

23. The following Exhibits are attached hereto in support of Plaintiffs' Consolidated Motion for Class Certifcation:

*Exhibit A:* Attached hereto as Exhibit "A" is a true and correct copy of excerpts from the FED. R. CIV. P. 30(b)(6) deposition of Google's witness Brandon Long, dated August 28, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

*Exhibit B:* Attached hereto as Exhibit "B" is a true and correct copy of excerpts of RFC 2822—Internet Message Forma, dated April 2001.

*Exhibit C:* Attached hereto as Exhibit "C" is a true and correct copy of excerpts of Defendant Google, Inc.'s Objections and Responses to Plaintiffs' Interrogatories 1-7, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

*Exhibit D:* Attached hereto as Exhibit "D" is a true and correct copy of excerpts of the FED. R. CIV. P. 30(b)(6) deposition of Google's witness Thompson Gawley, dated July 25, 2011, *Keith Dunbar, et al. v. Google, Inc*., 5:10CV00194—DF, United States District Court for the Eastern District of Texas, Texarkana Division.

*Exhibit E:* Attached hereto as Exhibit "E" are true and correct pages of documents produced by Google and marked GOOG000002480—2489.

*Exhibit F:* Attached hereto as Exhibit "F" are true and correct pages of documents produced by Google and marked GOOG0000000562—568.

*Exhibit G:* Attached hereto as Exhibit "G" is a true and correct page from documents produced by Google and marked GOOG000707760.

*Exhibit H:* Attached hereto as Exhibit "H" are true and correct pages of documents produced by Google and marked GOOG000319256—319260.

*Exhibit I:* Attached hereto as Exhibit "I" is a true and correct copy of excerpts of

the FED. R. CIV. P. 30(b)(6) deposition of Google's witness Aaron Rothman, dated August 29, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

**Exhibit J:** Attached hereto as Exhibit "J" is a true and correct copy of Defendant Google, Inc.'s Third Supplemental Responses and Objections to Plaintiff's Debra Marquis' First Set of Interrogatories, *Debra L. Marquis v. Google, Inc.*, C.A. No. 11-2808—BLS, In the Superior Court of the Commonwealth of Massachusetts.

**Exhibit K:** Attached hereto as Exhibit "K" are true and correct pages of documents produced by Google and marked GOOG000718616—718622.

**Exhibit L:** Attached hereto as Exhibit "L" is a true and correct page from documents produced by Google and marked GOOG000733365.

**Exhibit M:** Attached hereto as Exhibit "M" are true and correct pages of documents produced by Google and marked GOOG000733356-733357.

**Exhibit N:** Attached hereto as Exhibit "N" are true and correct pages of documents produced by Google and marked GOOG000733021-733023.

**Exhibit O:** Attached hereto as Exhibit "O" are true and correct pages of documents produced by Google and marked GOOG000733009—733011.

**Exhibit P:** Attached hereto as Exhibit "P" are true and correct pages of documents produced by Google and marked GOOG000732639—732641.

**Exhibit Q:** Attached hereto as Exhibit "Q" are true and correct pages of documents produced by Google and marked GOOG0002232—2243.

**Exhibit R:** Attached hereto as Exhibit "R" is a true and correct copy of web-pages: http://support.google.com/a/bin/answer.py?hl=en&answer=60762 (8/22/2013) & http://web.archive.org/web/20111208111432/http://support.google.com/a/bin/answer.py?hl=en&answer=60762 (10/16/2013).

**Exhibit S:** Attached hereto as Exhibit "S" is a true and correct copy of excerpts of the FED. R. CIV. P. 30(b)(6) deposition of Google's witness Jack Weixel, dated August 26, 2011, *Keith Dunbar, et al. v. Google, Inc.*, 5:10CV00194—DF, United States District Court for

DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION
5:13-MD-002430-LHK                    11

the Eastern District of Texas, Texarkana Division.

   *Exhibit T:*   Attached hereto as Exhibit "T" is a true and correct copy of excerpts of Defendant Google, Inc.'s First Supplemental Responses and Objections to Plaintiff's Debra Marquis' First Set of Interrogatories, *Debra L. Marquis v. Google, Inc.*, C.A. No. 11-2808—BLS, In the Superior Court of the Commonwealth of Massachusetts.

   *Exhibit U:*   Attached hereto as Exhibit "U" is a true and correct copy of excerpts of Defendant Google, Inc.'s Objections and Answers to Plaintiff's Requests for Admission, *Julie Sheppard v. Google, Inc.*, 4:12cv4022, In the United States District Court for the Western Division of Arkansas, Texarkana Division.

   *Exhibit V:*   Attached hereto as Exhibit "V" is a true and correct copy of Defendant Google, Inc.'s Supplemental Objections and Responses to Plaintiffs' Interrogatory Nos. 1, 2, 3 and 4, *Keith Dunbar, et al. v. Google, Inc.*, 5:10CV00194—DF, United States District Court for the Eastern District of Texas, Texarkana Division.

   *Exhibit W:*   Attached hereto as Exhibit "W" are true and correct pages of documents produced by Google and marked GOOG000718506 & GOOG000002111.

   *Exhibit X:*   Attached hereto as Exhibit "X" is a true and correct copy of Google's press release entitled, "Google, Inc. Announces Third Quarter 2012 Results."

   *Exhibit Y:*   Attached hereto as Exhibit "Y" is a true and correct copy of web-page: http://www.google.com/apps/intl/en/edu/privacy.html (8/3/2012).

   *Exhibit Z:*   Attached hereto as Exhibit "Z" is Google Inc.'s Memorandum of Law in Support of Motion for Transfer and Coordination of Related Actions to the District Court of the Northern District of California Under 28 U.S.C. § 1407, filed December 28, 2013, before the United States Judicial Panel.

   *Exhibit AA:*   Attached hereto as Exhibit "AA" are true and correct pages of documents produced by Google and marked GOOG000749541, 000749548, 000749459-62, and 000749529.

   *Exhibit BB:*   Attached hereto as Exhibit "BB" are true and correct pages of documents produced by Google and marked GOOG000000705.

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK             12

**Exhibit CC:** Attached hereto as Exhibit "CC" is a true and correct copy of web-page: http://web.archive.org/web/20130930014005/http://support.google.com/a/bin/answer.py?hl=en&answer=60762 (10/17/2013).

**Exhibit DD:** Attached hereto as Exhibit "DD" is a true and correct copy of http://web.archive.org/web/20080913202415/hhtp://www.google.com/privacy_ads.html (8/23/2011) (Exhibit 36 of the deposition exhibits).

**Exhibit EE:** Attached hereto as Exhibit "EE" is a true and correct copy of excerpts of the deposition of Plaintiff Keith Dunbar, October 6, 2011, *Keith Dunbar, et al. v. Google, Inc.*, 5:10CV00194—DF, United States District Court for the Eastern District of Texas, Texarkana Division; and Plaintiff Keith Dunbar, September 25, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

**Exhibit FF:** Attached hereto as Exhibit "FF" is a true and correct copy of excerpts of the deposition of Plaintiff Brad Scott ("*Scott I*"), October 8, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

**Exhibit GG:** Attached hereto as Exhibit "GG" is a true and correct copy of excerpts of the deposition of Plaintiff Todd Harrington, September 23, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

**Exhibit HH:** Attached hereto as Exhibit "HH" is a true and correct copy of excerpts of the deposition of Plaintiff Robert Fread, October 3, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

**Exhibit II:** Attached hereto as Exhibit "II" is a true and correct copy of excerpts of the deposition of Plaintiff Rafael Carrillo, September 27, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

1      ***Exhibit JJ:***   Attached hereto as Exhibit "JJ" is a true and correct copy of excerpts of the deposition of Plaintiff A.K., October 4, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

     ***Exhibit KK:***   Attached hereto as Exhibit "KK" is a true and correct copy of excerpts of the deposition of Plaintiff J.K. (a minor), October 4, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

     ***Exhibit LL:***   Attached hereto as Exhibit "LL" is a true and correct copy of excerpts of the deposition of Plaintiff Matthew Knowles, October 7, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

     ***Exhibit MM:***   Attached hereto as Exhibit "MM" is a true and correct copy of excerpts of the deposition of Plaintiff Brent Scott ("*Scott II*"), October 16, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

     ***Exhibit NN:***   Attached hereto as Exhibit "NN" is a true and correct copy of excerpts of the deposition of Plaintiff Ronald Kovler, October 9, 2013, *In re: Google Inc., Gmail Litigation*, 5:13MD002430—LHK, United States District Court for the Northern District of California, San Jose Division.

     ***Exhibit OO:***   Attached hereto as Exhibit "OO" is a true and correct copy of web-pages: http://whois.net/ip-address-lookup/ (10/24/2013) & http://web.archive.org/web/20110429160917/http://www.google.com/postini/email.html (10/24/2013).

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed this 24th day of October, 2013, at Texarkana, Texas.

                              /s/ *Sean F. Rommel*
                              SEAN F. ROMMEL

**DECLARATION OF PROPOSED CLASS COUNSEL SEAN F. ROMMEL IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION FOR CLASS CERTIFICATION**
5:13-MD-002430-LHK             14