COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Case No. 5:13-md-002430 LHK (PSG)<br><br>**GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS AND PORTIONS OF DOCUMENTS UNDER SEAL**<br><br>Judge:      Hon. Lucy H. Koh<br>Dept.:      Courtroom 8, 4th Floor |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1339140/SF

1.

**GOOGLE INC.'S ADMIN. MOT. TO SEAL**
**CASE NO. 5:13-MD-002430 LHK (PSG)**

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google Inc. ("Google") files this administrative motion to seal documents and portions of documents Plaintiffs have submitted under seal. Google moves to seal seven documents in their entirety: Exhibits E, G, L, O, P, W, and AA to the Declaration of Proposed Class Counsel Sean F. Rommel in Support of Plaintiffs' Consolidated Motion for Class Certification (each a "Rommel Exhibit"). Google also seeks to redact limited information from twelve documents Plaintiffs filed completely under seal: Plaintiffs' Consolidated Motion for Class Certification ("Plaintiffs' Motion"), and Rommel Exhibits A, C, D, I, J, M, Q, S, T, U, and V. Google has reviewed this information and has made a careful case-by-case determination as to whether it is properly considered "Sealable Information." For each piece of information Google seeks to seal, it has determined that public disclosure would likely cause harm to users of Google's Gmail service, or would cause competitive harm to Google.

The information that is sealable, and the reasons why it is Sealable Information, are described with particularity in the Declaration of Han Lee (the "Lee Declaration"), filed with this motion. If the Court desires more information, however, Google is willing to present any additional information the Court may need, including by providing detailed explanations of sensitive information in a confidential setting.

**I.  BACKGROUND**

This Court has considered and granted numerous administrative motions to file Google's confidential and proprietary information under seal in this case, including in the predecessor litigation, *Dunbar v. Google Inc.*, No. 12-cv-03305-LHK (N.D. Cal. filed Nov. 17, 2010) ("*Dunbar*").[1] On August 14 and August 18, 2013, this Court issued two orders granting Google's 96 requests to seal documents and portions of documents. (*Dunbar* ECF Nos. 290, 292.) On September 25, 2013, this Court issued an order granting Google's requests to seal portions of Plaintiffs' Consolidated Complaint, noting that "[t]his Court has previously credited Google's concern about the competitive harm that could result from disclosure of the precise operation of

---

[1] By agreement of the parties, and pursuant to this Court's order, the parties continue to use the discovery produced in *Dunbar* in this case. (ECF No. 48 at ¶ 7.1.)

Gmail. . . . The Court accepted Google's theory that Google's competitors could copy its email delivery mechanisms if information about these mechanisms were made public." (ECF No. 68 at 5.)

On October 25, 2013, Plaintiffs filed an administrative motion to seal portions of Plaintiffs' Motion, and to seal 23 additional documents in their entirety:  Rommel Exhibits A, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, S, T, U, V, W, AA and BB.  (ECF No. 87.)

Three of the documents Plaintiffs filed under seal in their entirety have already been sealed, in whole or in part, by this Court.  This Court sealed Rommel Exhibits H and K[2] in their entirety, finding that both documents "cover[] essentially nothing but Google's proprietary information."  (*Dunbar* ECF No. 292 at 3.)  This Court also granted Google's request to seal portions of Rommel Exhibit N,[3] finding the proposed redactions were "narrowly tailored to protect Google's proprietary information."  (*Dunbar* ECF No. 292 at 4.)

Of the remaining documents that Plaintiffs filed under seal, Google proposes to make two entirely public, to seal seven entirely, and to make twelve public with limited redactions.

- Rommel Exhibits F and BB were filed under seal but contain no Sealable Informational and may be filed publicly.  Rommel Exhibit F has already been filed publicly in *Dunbar*.  (ECF No. 252, Exhibit N to the Declaration of Sean F. Rommel in Support of Plaintiffs' Motion for Class Certification.)

- Plaintiffs also filed Rommel Exhibits E, G, L, O, P, W, and AA entirely under seal.  These documents are essentially nothing but Sealable Information, and should be sealed in full.

- Plaintiffs filed their Motion in redacted form.  While the Motion contains Sealable Information, much of the information Plaintiffs redacted is not confidential.  Accordingly, attached as Exhibit A to the Lee Declaration is a copy of Plaintiffs' Motion with more narrowly tailored redactions which protect only Sealable Information.

---

[2] Rommel Exhibit H was previously filed under seal as Exhibit C to the Declaration of Kirk J. Wolden.  (*Dunbar* ECF No. 252.)  Rommel Exhibit K was previously filed under seal as Exhibit B to the Declaration of F. Jerome Tapley.  (*Dunbar* ECF No. 258.)  This Court granted Google's request to seal both of these documents in their entirety.  (ECF No. 292.)

[3] Rommel Exhibit N was previously filed as Exhibit A-3 to the Declaration of F. Jerome Tapley, and Google proposed limited redactions in its February 28, 2013 motion.  (*Dunbar* ECF No. 258.)

- Plaintiffs filed Rommel Exhibits A, C, D,[4] I, J, M, Q, S, T, U, and V entirely under seal. While these documents contain Sealable Information, they are not entirely sealable. Accordingly, attached as Exhibits B through L to the Lee Declaration are copies of these documents with redactions[5] narrowly tailored to protect only confidential information that, if made public, would harm Google or would likely harm Google's users.

Google now brings this Motion to Seal, supported by the accompanying Lee Declaration, to provide the Court with a particularized showing of these documents' competitively sensitive content and the likely harm to Google and its users if they are made public.

## II. LEGAL STANDARD

Courts have long recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents," which is "premised on the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Accenture LLP v. Sidhu*, No. C10-2977 TEH, 2011 U.S. Dist. LEXIS 140093, at *3 (N.D. Cal. Dec. 6, 2011) (quoting *Nixon v. Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). However, a sealing order is nevertheless appropriate where the party requesting such an order establishes that "the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a).

When a party seeks to seal documents relating to non-dispositive motions, a sealing order is appropriate if the party shows "good cause." *See Kamahana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'") (citation omitted)); *Pintos v. Pac. Creditors Ass'n*, 565

---

[4] Rommel Exhibit D contains excerpts from the deposition of Thompson Gawley. Many of these pages have already been reviewed and sealed with limited redactions. (*Dunbar* ECF Nos. 290, 292.) In the attached Lee Exhibit D, Google has applied the court-approved redactions to these previously sealed pages. To avoid duplicative work by the Court, the Lee Declaration focuses on pages that have not yet been examined by this Court, and does not repeat the explanations for redactions that the Court previously approved.

[5] Plaintiffs used yellow highlighting on many of the exhibits submitted under seal, but this highlighting appears to correspond with evidence Plaintiffs wish to bring to the Court's attention in connection with Plaintiffs' motion for class certification, rather than confidential information for purposes of sealing. To avoid confusion with Plaintiffs' argumentative highlighting, Google has applied green highlighting to the portions of Lee Exhibits A through L that it seeks to seal.

1 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive
2 materials, we apply the 'good cause' standard . . . ."); *Rich v. Hewlett-Packard Co.*, No. C06-
3 03361-JF, 2009 WL 2168688, at *1-2 (N.D. Cal. July 20, 2009). A party shows good cause
4 when, for example, public disclosure of the materials would put the party at a competitive
5 disadvantage. *See, e.g.*, *Oracle USA, Inc. v. SAP AG*, No. 07-cv-01658 PJH (EDL), 2009 U.S.
6 Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 12, 2009) (granting motion to seal where moving
7 party "considered and treated the information contained in the subject documents as confidential,
8 commercially sensitive and proprietary" and where "public disclosure of such information would
9 create a risk of significant competitive injury and particularized harm and prejudice"). Because a
10 motion for class certification is a non-dispositive motion, Google has applied the "good cause"
11 standard here, and seeks to seal only information it has good cause to protect from public
12 disclosure. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 U.S. Dist.
13 LEXIS 6606, at *8 (N.D. Cal. Jan. 15, 2013) (holding that because motion for class certification
14 is non-dispositive, parties need only demonstrate "good cause" to support their requests to seal).

15 **III.    ARGUMENT**

16 The Lee Declaration details the good cause for sealing each of the Rommel Exhibits that
17 Google asks the Court to seal entirely, and for sealing each redaction in the public versions of the
18 twelve Lee Declaration exhibits. As the Lee Declaration describes in detail, public disclosure of
19 the Sealable Information would cause Google significant economic harm by revealing sensitive
20 aspects of Google's proprietary systems and internal decision-making processes to Google's
21 competitors, depriving Google of competitive advantages it has earned through years of
22 innovation. Moreover, in many cases third parties could use this information to seek to
23 circumvent Google's systems for countering spam and viruses, harming Gmail users.

24 To make these issues clear for the Court, the Lee Declaration contains one or more
25 paragraphs for each document sought to be sealed in its entirety, providing an individualized
26 showing of why the document is entirely sealable. For documents sought to be filed publicly with
27 limited redactions, the Lee Declaration includes a table explaining why each individual redaction
28 is appropriate, and why the information sought to be redacted is sealable.

As set out in the Lee Declaration, the information sought to be sealed is Sealable Information and is properly withheld under the Ninth Circuit's "good cause" standard.

## IV. CONCLUSION

Google has attempted to narrow its sealing request as much as possible, and seeks to redact only sensitive information that the Lee Declaration demonstrates would cause harm to Google or its users if revealed publicly. As noted, if the Court determines that it requires any additional information, Google is willing to supply any additional information the Court may need, including by providing detailed explanations of sensitive information in a confidential setting. For these reasons, Google respectfully asks the Court to issue an order sealing the Sealable Information from the public record, and publicly filing Lee Exhibits A through L as the public versions of the partially sealable documents discussed above.[6]

Dated: October 29, 2013

COOLEY LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
KYLE C. WONG (224921)


/s/ Whitty Somvichian
Whitty Somvichian (194463)
Attorneys for Defendant
GOOGLE INC.

---

[6] Pursuant to Civil Local Rule 79-5(d)(1), the following attachments accompany this motion: (A) a declaration establishing that the documents sought to be filed under seal, or portions thereof, are sealable (the Lee Declaration); (B) a proposed order that is narrowly tailored to seal only the sealable material, listing in table format each document or portion thereof sought to be sealed; (C) redacted versions of documents sought to be filed under seal ("Redacted" Lee Exhibits A-L); and (D) unredacted versions of documents sought to be filed under seal with the sealable portions identified by highlighting within the text ("Unredacted" Lee Exhibits A-L).

Pursuant to this Court's long-standing instruction in the former Local Rule 79, Google does not re-file under seal Rommel Exhibits E, G, L, O, P, W, and AA, which Plaintiffs already lodged with this Court (ECF No. 87), and Rommel Exhibit N, which this Court has already sealed in redacted form (*Dunbar* ECF Nos. 258, 292.) If the Court desires additional copies, however, Google is prepared to provide them.

Pursuant to Civil Local Rule 79-5(d)(2), Google will provide a courtesy copy of this filing.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1339140/SF

6.

GOOGLE INC.'S ADMIN. MOT. TO SEAL
CASE NO. 5:13-MD-002430 LHK (PSG)