COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Case No. 5:13-md-002430 LHK (PSG) |
| | **GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT** |
| | Judge: Hon. Lucy H. Koh |
| | Courtroom: 8, 4th Floor |
| | Trial Date: October 20, 2014 |

## ANSWER

### I. INTRODUCTION

Defendant Google Inc. ("Google" or "Defendant") answers Plaintiffs' First Amended Consolidated Individual and Class Action Complaint ("Complaint") as follows:

**1.** Paragraph 1 contains purported quotes of statements by Google's former Chief Executive Officer, Eric Schmidt, which speak for themselves, and do not require a response.

**2.** Google denies paragraph 2.

**3.** In response to paragraph 3, Google admits that it applies automated processing to certain emails for various purposes in providing Google's services. Google denies all remaining allegations in paragraph 3.

**4.** In response to paragraph 4, Google admits that email messages contain data and that it applies automated processing to certain emails to identify information that is then stored with the email and used to provide various Google services. The sixth sentence of paragraph 4 purports to quote Google's former Chief Executive Officer, Eric Schmidt, which speaks for itself and does not require a response. Google denies all remaining allegations in paragraph 4.

**5.** In response to paragraph 5, Google admits that it applies automated processing to certain emails to offer various Gmail features, including spam and virus detection, and that Google makes this automated processing known to the public. Google admits that, prior to February 2012, Google applied automated processing to detect spam and viruses prior to applying certain other automated processing used to provide other Gmail features. Google denies all remaining allegations in paragraph 5.

**6.** In response to paragraph 6, Google admits that it applies automated processing to certain emails to provide Google services, including relevant advertising, and that Google makes this automated processing known to the public. To the extent the second sentence of paragraph 6 purports to characterize specific Google disclosures, those statements speak for themselves. Google admits that beginning in or around October 2010, Google changed certain aspects of the order of its automated processing. Google denies all remaining allegations of paragraph 6.

**7.** Paragraph 7 is Plaintiffs' characterization of their allegations and does not require a response; to the extent a response is required, Google denies the allegations therein.

## II.    THE PARTIES

**8.** The first sentence of paragraph 8 alleges facts regarding Plaintiff Keith Dunbar's citizenship, residence, and age, which are within Plaintiff's knowledge. Google has no current basis to deny these allegations. The second sentence of paragraph 8 is Plaintiffs' characterization of their allegations and does not require a response; to the extent a response is required, Google denies the allegations therein. The third sentence of paragraph 8 states Plaintiff Dunbar's proposed class definition and does not require a response; to the extent a response is

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1   required, Google denies the allegations therein.  The fourth and fifth sentences of paragraph 8 are

2   legal conclusions and do not require a response; to the extent a response is required, Google

3   denies the allegations in these sentences.

4          **9.**     The first, second, and third sentences of paragraph 9 allege facts regarding

5   Plaintiffs Brad Scott, Todd Harrington, and Ronald Kovler's citizenship, residence, and age,

6   which are within Plaintiffs' knowledge.  Google has no current basis to deny these allegations.

7   The fourth and seventh sentences of paragraph 9 are Plaintiffs' characterization of their

8   allegations and do not require a response; to the extent a response is required, Google denies the

9   allegations in the fourth and seventh sentences of paragraph 9.  The fifth and sixth sentences of

10  paragraph 9 are legal conclusions and do not require a response; to the extent a response is

11  required, Google denies the fifth and sixth sentences of paragraph 9.

12         **10.**    The first sentence of paragraph 10 alleges facts regarding Plaintiff Matthew C.

13  Knowles' citizenship, residence, and age, which are within Plaintiff's knowledge.  Google has no

14  current basis to deny these allegations.  The second sentence of paragraph 10 is Plaintiffs'

15  characterization of their allegations and does not require a response; to the extent a response is

16  required, Google denies the allegations therein.  The third and fourth sentences of paragraph 10

17  are legal conclusions and do not require a response; to the extent a response is required, Google

18  denies the allegations in the third and fourth sentences of paragraph 10.

19         **11.**    The first and second sentences of paragraph 11 allege facts regarding Plaintiff

20  A.K.'s and Minor Child J.K.'s citizenship, residence, and age, which are within Plaintiffs'

21  knowledge.  Google has no current basis to deny these allegations.  The third sentence of

22  paragraph 11 is Plaintiffs' characterization of their allegations and does not require a response; to

23  the extent a response is required, Google denies the allegations therein.  The fourth sentence of

24  paragraph 11 is a legal conclusion and does not require a response; to the extent a response is

25  required, Google denies the fourth sentence of paragraph 11.

26         **12.**    The first sentence of paragraph 12 alleges facts regarding Plaintiff Brent

27  Matthew Scott's citizenship, residence, and age, which are within Plaintiff's knowledge.  Google

28  has no current basis to deny these allegations.  The second sentence of paragraph 12 is Plaintiffs'

3.

characterization of their allegations and does not require a response; to the extent a response is required, Google denies the allegations therein.  The third and fourth sentences of paragraph 12 are legal conclusions and do not require a response; to the extent a response is required, Google denies the third and fourth sentences of paragraph 12.

13.     The first and second sentences of paragraph 13 allege facts regarding Plaintiffs Robert Fread's and Rafael Carrillo's citizenship, residence, and age, which are within Plaintiffs' knowledge.  Google has no current basis to deny these allegations.  The third sentence of paragraph 13 is Plaintiffs' characterization of their allegations and does not require a response; to the extent a response is required, Google denies the allegations therein.  The fourth and fifth sentences of paragraph 13 are legal conclusions and do not require a response; to the extent a response is required, Google denies the fourth and fifth sentences of paragraph 13.

14.     Google admits paragraph 14.

### III.     JURISDICTION AND VENUE

15.     Google admits the first, second, and third sentences of paragraph 15.  In response to the fourth sentence of paragraph 15, Google admits that this Court has federal question jurisdiction over claims under the Electronic Communications Privacy Act, and that this Court has diversity jurisdiction under the Class Action Fairness Act, but Google denies that Plaintiffs have standing under Article III of the United States Constitution.  To the extent that a response is required to the remaining allegations, Google denies the remaining allegations of paragraph 15.

16.     In response to paragraph 16, Google admits that this Court has personal jurisdiction.

17.     Google admits that venue is proper for pretrial purposes pursuant to the Transfer Order dated April 1, 2013.

### IV.     GENERAL STATEMENT OF FACTS

18.     In response to paragraph 18, Google admits that it operates an electronic communication service, as that phrase is defined under the Electronic Communications Privacy Act of 1985 ("ECPA"), 18 U.S.C. §§ 2510 *et seq*., named Gmail.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1    **19.**    Google denies paragraph 19.

2    **20.**    Google admits paragraph 20.

3    **21.**    Google admits that the SMTP process described in the first and second

4    sentences of paragraph 21 occurs in some circumstances.  In response to the third sentence of

5    paragraph 21, Google agrees there is no possible claim related to the SMTP process.

6    **22.**    Google admits that the process described in paragraph 22 occurs in certain

7    circumstances, but otherwise denies the allegation.

8    **23.**    In response to the first sentence of paragraph 23, Google admits that the

9    referenced server analyzes emails in order to determine whether the message should be classified

10   as spam.  In response to the second sentence of paragraph 23, Google agrees there is no possible

11   claim related to the referenced server.  Google denies all remaining allegations in paragraph 23.

12   **24.**    Google admits that the process described in paragraph 24 occurs in certain

13   circumstances, but otherwise denies the allegation.

14   **25.**    Google denies paragraph 25.

15   **26.**    In response to the first sentence of paragraph 26, Google admits that, at certain

16   times, emails were stored in the referenced server.  Google denies all remaining allegations in

17   paragraph 26.

18   **27.**    In response to the paragraph 27, Google admits that, at certain times, the

19   referenced server has been used in connection with the display of advertising in some emails and

20   that the process involves an automated matching of advertisements to certain email contents.

21   Google denies all remaining allegations in paragraph 27.

22   **28.**    Google denies paragraph 28.

23   **29.**    In response to paragraph 29, Google admits that, at certain times, the

24   referenced server has been part of the automated processing for certain emails.  Google denies all

25   remaining allegations in paragraph 29.

26   **30.**    In response to paragraph 30, Google admits that, at certain times, the

27   referenced server was part of the automated processing for certain emails.  Google denies all

28   remaining allegations in paragraph 30.

Cooley LLP
Attorneys At Law
San Francisco

5.

Google Inc.'s Answer to Plaintiffs' First
Amended Consolidated Individual and
Class Action Complaint No. 5:13-md-002430

**31.**     Google denies paragraph 31.

**32.**     In response to the first sentence of paragraph 32, Google admits that, in certain circumstances, the referenced server was involved in the automated processing of email.  Google denies all remaining allegations in paragraph 32.

**33.**     In response to paragraph 33, Google admits that, in certain circumstances, the referenced servers have implemented various aspects of the automated processing of emails, but otherwise denies the allegation.

**34.**     In response to the first sentence of paragraph 34, Google admits that the referenced server is involved in the automated processing of emails.  In response to the second sentence of paragraph 34, Google agrees there is no possible claim related to the referenced server.  Google denies all remaining allegations in paragraph 34.

**35.**     In response to paragraph 35, Google admits that, in certain circumstances, the SMTP-out server was involved in the automated processing of emails.  Google denies all remaining allegations in paragraph 35.

**36.**     In response to the first sentence of paragraph 36, Google admits that, in certain circumstances, the referenced servers were involved in the automated processing of certain emails.   Google denies all remaining allegations in paragraph 36.

**37.**     Google denies paragraph 37.

**38.**     Google denies paragraph 38.

**39.**     In response to the first sentence of paragraph 39, Google admits that beginning in or around the referenced time frame, it added the referenced process to the automated processing for email messages.  To the extent the first sentence of paragraph 39 purports to characterize specific Google disclosures, those statements speak for themselves.  In response to the second sentence of paragraph 39, Google admits that, in certain circumstances, the referenced server applied automated processing to certain email messages to implement various Google services.  Google denies all remaining allegations in paragraph 39.

**40.**     In response to the first sentence of paragraph 40, Google admits that the initial SMTP process described in the Complaint is applied in certain circumstances.  In response to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

second sentence of paragraph 40, Google agrees there is no possible claim related to the SMTP process.  Google denies all remaining allegations in paragraph 40.

**41.**     Google admits that the process described in the first sentence of paragraph 41 occurs in certain circumstances, but otherwise denies the allegation.  In response to the second sentence of paragraph 41, Google admits that email messages undergo other automated processing after transfer to the referenced server.  Google denies all remaining allegations in paragraph 41.

**42.**     In response to the first sentence of paragraph 42, Google admits that the referenced server is involved in the automated processing of certain email messages.  In response to the second sentence of paragraph 42, Google agrees there is no possible claim related to the referenced server.  Google denies all remaining allegations in paragraph 42.

**43.**     Google admits that the process described in paragraph 43 occurs in certain circumstances, but otherwise denies the allegation.

**44.**     In response to the first sentence of paragraph 44, Google admits that the referenced server is involved in the automated processing of certain emails.  In response to the second sentence of paragraph 44, Google agrees there is no possible claim related to the referenced server.  Google denies all remaining allegations in paragraph 44.

**45.**     Google admits that the process described in the first sentence of paragraph 45 occurs in certain circumstances, but otherwise denies the allegation.  Google denies all remaining allegations in paragraph 45.

**46.**     In response to paragraph 46, Google admits that the referenced process can potentially identify the type of information listed in paragraph 46.  Google denies all remaining allegations in paragraph 46.

**47.**     Google denies paragraph 47.

**48.**     In response to paragraph 48, Google responds that the first sentence is vague with respect to the terms used in the allegation.  Google denies all remaining allegations in paragraph 48.

**49.**     In response to paragraph 49, Google responds that the terms used are vague

Cooley LLP
Attorneys At Law
San Francisco

7.

**Google Inc.'s Answer to Plaintiffs' First
Amended Consolidated Individual and
Class Action Complaint No. 5:13-md-002430**

and ambiguous in the context of this allegation.

**50.**    Google denies paragraph 50.

**51.**    In response to paragraph 51, Google admits that, at certain times, the referenced server was involved in the automated processing of certain email messages.  Google denies all remaining allegations in paragraph 51.

**52.**    In response to paragraph 52, Google admits that, at certain times, the referenced server was involved in the automated processing of certain email messages.  Google denies all remaining allegations in paragraph 52.

**53.**    In response to paragraph 53, Google admits that it refers to some of the steps in its automated processing of emails as described in the last sentence of paragraph 53, but otherwise denies the allegations of paragraph 53.

**54.**    Google denies paragraph 54.

**55.**    In response to paragraph 55, Google admits that, at certain times and under certain circumstances, information identified through the automated processing of email is stored along with the email.  Google denies all remaining allegations in paragraph 55.

**56.**    In response to the first sentence of paragraph 56, Google admits that the referenced term is used by Google to refer to the display of advertisements in Gmail.  Google denies all remaining allegations in paragraph 56.

**57.**    In response to paragraph 57, Google admits that, at certain times, the referenced router was involved in the automated processing of emails.  Google denies all remaining allegations in paragraph 57.

**58.**    In response to paragraph 58, Google admits that, at certain times, the referenced server was involved in the automated processing of emails.  Google denies all remaining allegations in paragraph 58.

**59.**    In response to paragraph 59, Google admits that, at certain times, the referenced server was involved in the automated processing of emails.  Google denies all remaining allegations in paragraph 59.

**60.**    In response to paragraph 60, Google admits that, at certain times, the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

referenced server was involved in the automated processing of emails.   Google denies all remaining allegations in paragraph 60.

**61.**   Google denies paragraph 61.

**62.**   Google admits that the process described in the first sentence of paragraph 62 occurs in certain circumstances and at certain times, but otherwise denies the allegation.   Google denies the second, third, fourth and fifth sentences of paragraph 62.

**63.**   Paragraph 63 is vague and Google cannot respond.

**64.**   Google denies paragraph 64.

**65.**   Google admits that the process described in paragraph 65 occurs in certain circumstances, but otherwise denies the allegation and specifically denies the characterization of the process as involving "read[ing] or acquir[ing] the content of the message."

**66.**   In response to the first sentence of paragraph 66, Google admits that the referenced server is involved in the automated processing of emails.   In response to the second sentence of paragraph 66, Google agrees there is no possible claim related to the referenced server.   Google denies all remaining allegations in paragraph 66.

**67.**   In response to paragraph 67, Google admits that, in certain circumstances, the SMTP-out server is involved in the automated processing of emails.   Google denies all remaining allegations in paragraph 67.

**68.**   Google denies paragraph 68.

**69.**   In response to the first sentence of paragraph 69, Google admits that Gmail users can access their email using various methods that do not display advertising.   Google further admits that Gmail users can opt out of personalized ads, which results in certain aspects of Google's automated processing being bypassed.   Google denies all other allegations in paragraph 69.

**70.**   Google denies paragraph 70.

**71.**   Google denies paragraph 71.   To the extent the first sentence of paragraph 71 purports to refer to a specific disclosure, the statement speaks for itself.

**72.**   Google denies paragraph 72.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1   **73.**   In response to paragraph 73, Google admits that, at certain times and in certain
2   circumstances, the referenced server could contain the referenced information.  Google denies all
3   remaining allegations in paragraph 73.

4   **74.**   Google denies paragraph 74.

5   **75.**   Google denies paragraph 75.

6   **76.**   Google denies paragraph 76.

7   **77.**   Google denies paragraph 77.

8   **78.**   Google denies paragraph 78.

9   **79.**   In response to paragraph 79, Google admits that, beginning in approximately
10   the referenced date, Google switched the order of certain aspects of the automated scanning
11   process for emails.  Google denies all remaining allegations in paragraph 79.

12   **80.**   In response to the first sentence of paragraph 80, Google admits that the initial
13   SMTP process as described in the Complaint applies to certain emails.  In response to the second
14   sentence of paragraph 80, Google agrees there is no possible claim related to the SMTP process.
15   Google denies all remaining allegations in paragraph 80.

16   **81.**   Google admits that the process described in paragraph 81 occurs in certain
17   circumstances, but otherwise denies the allegation.

18   **82.**   Paragraph 82 is vague as to "the actions alleged *supra*" and Google generally
19   incorporates its other responses herein.

20   **83.**   In response to paragraph 83, Google admits that at certain times, the referenced
21   server has been part of the automated processing of email.   Google denies all remaining
22   allegations in paragraph 83.

23   **84.**   Google denies paragraph 84.

24   **85.**   In response to paragraph 85, Google admits that it applies automated
25   processing to certain emails to identify information that is then stored with the email and used to
26   provide various Google services.  Google denies all remaining allegations in paragraph 85.

27   **86.**   In response to paragraph 86, Google admits that, at certain times, the
28   referenced server and router have been used in the automated processing of certain emails.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

Google denies all remaining allegations in paragraph 86.

87.    Google admits that the process described in the first and second sentences of paragraph 87 occur in certain circumstances.  In response to the third sentence of paragraph 87, Google agrees there is no possible claim related to the referenced server.  Google denies all remaining allegations in paragraph 87.

88.    In response to paragraph 88, Google admits that at certain times, emails not marked as spam would be routed to the referenced server.  Paragraph 88 is vague as to "the same process alleged *supra*" and Google generally incorporates its other responses herein.

89.    Google denies paragraph 89.

90.    Paragraph 90 is vague as to the phrase "as alleged *supra*" and Google generally incorporates its other responses herein.

91.    Google denies paragraph 91.

92.    Google denies paragraph 92.

93.    Google denies paragraph 93.

94.    In response to paragraph 94, Google admits that it applies automated processing to certain emails and some information identified in this process may be stored for certain Gmail users.  Google denies all remaining allegations in paragraph 94.

95.    In response to the first sentence of paragraph 95, Google admits that its 10K filed with the United States Securities and Exchange Commission for the year ended December 31, 2010 refers to "traffic acquisition costs."  Google denies all remaining allegations in paragraph 95.

96.    Google denies paragraph 96.

97.    Paragraph 97 is vague as to "other purposes and for Google's profit."  To the extent Plaintiff is referring to advertisements in Gmail, Google admits that its automated processing of emails is used to display targeted advertising, which generates revenue that enables Google to provide Gmail as a free service.  Google otherwise denies paragraph 97.

98.    Google admits paragraph 98.

99.    In response to the first and second sentences of paragraph 99, Google admits

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1   that it offers "Google Apps Partner Edition."  Google admits that Partner Edition offers various

2   Google applications, including Gmail, to ISPs.  Google admits that Cable One is an ISP that

3   subscribes to Google's Partner Edition.  Google admits that ISPs like Cable One may customize

4   Google Apps.  Google admits that Cable One offers the various Google applications contained

5   within Partner Edition to its own customers.  Google denies the remaining allegations in the first

6   and second sentences of paragraph 99.  The third sentence of paragraph 99 is a characterization

7   by Plaintiffs to which no response is required.   The fourth sentence of paragraph 99 is a

8   characterization of the terms of a contract, which speaks for itself.  Google denies the fifth

9   sentence of paragraph 99.

10        **100.**   In response to the first and second sentences of paragraph 100, Google admits

11   that it offers "Google Apps for Education."  Google admits that Apps for Education offers various

12   Google applications, including Gmail, to educational organizations.   Google admits that

13   educational organizations may offer the various Google applications contained within Apps for

14   Education to their various constituents, including students and that educational institutions may

15   customize Apps for Education.  Google denies the remaining allegations in the first and second

16   sentences of paragraph 100.   The third sentence of paragraph 100 is a characterization by

17   Plaintiffs to which no response is required.  Google denies the fourth sentence of paragraph 100.

18        **101.**   In response to paragraph 101, Google admits that it maintained a "Google

19   Terms of Service" webpage from April 16, 2007 to March 1, 2012.  Google admits that on March

20   1, 2012, Google updated its Privacy Policy and Terms of Service, eliminating the more than 60

21   different privacy policies across Google and instituting terms that are shorter and easier to read

22   for Google's users.

23        **102.**   Google denies paragraph 102.

24        **103.**   In response to paragraph 103, Google admits that the quoted text appeared on

25   its "Google Terms of Service" webpage from April 16, 2007 to March 1, 2012.  Google admits

26   that on March 1, 2012, Google updated its Privacy Policy and Terms of Service, eliminating the

27   more than 60 different privacy policies across Google and instituting terms that are shorter and

28   easier to read for Google's users.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

104.     Paragraph 104 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 104.

105.     Paragraph 105 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 105.

106.     Paragraph 106 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 106.

107.     The first sentence of paragraph 107 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in the first sentence of paragraph 107.  The second sentence of paragraph 107 is a legal conclusion and does not require a response; to the extent a response is required, Google denies the second sentence of paragraph 107.

108.     Google denies paragraph 108.

109.     Google denies paragraph 109.

110.     Paragraph 110 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 110.

111.     The first sentence of paragraph 111 is vague as to the phrase "stored on Google's Gmail" and Google cannot respond.  Google denies the second sentence of paragraph 111.

112.     Paragraph 112 is so vague that Google cannot respond.

113.     Paragraph 113 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 113.

114.     Paragraph 114 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and

Cooley LLP
Attorneys At Law
San Francisco

13.

Google Inc.'s Answer to Plaintiffs' First
Amended Consolidated Individual and
Class Action Complaint No. 5:13-md-002430

1   interpretations in paragraph 114.

2       **115.**   Paragraph 115 reflects Plaintiffs' characterization of terms that speak for

3   themselves; to the extent a response is required, Google denies the characterizations and

4   interpretations in paragraph 115.

5       **116.**   Google denies paragraph 116.

6       **117.**   In response to paragraph 117, Google admits that the quoted text appeared on

7   its "Gmail Legal Notices" webpage at certain times.

8       **118.**   Google denies paragraph 118.

9       **119.**   Google denies paragraph 119.

10      **120.**   Paragraph 120 purports to compare text which appeared on Google's "Gmail

11  Legal Notices" webpage at certain times with Google's March 1, 2012 Terms of Service, which

12  are separate documents and which speak for themselves.

13      **121.**   Paragraph 121 reflects Plaintiffs' characterization of terms that speak for

14  themselves; to the extent a response is required, Google denies the characterizations and

15  interpretations in paragraph 121.

16      **122.**   Paragraph 122 reflects Plaintiffs' characterization of terms that speak for

17  themselves; to the extent a response is required, Google denies the characterizations and

18  interpretations in paragraph 122.

19      **123.**   Paragraph 123 reflects Plaintiffs' characterization of terms that speak for

20  themselves; to the extent a response is required, Google denies the characterizations and

21  interpretations in paragraph 123.

22      **124.**   Paragraph 124 reflects Plaintiffs' characterization of terms that speak for

23  themselves; to the extent a response is required, Google denies the characterizations and

24  interpretations in paragraph 124.

25      **125.**   Paragraph 125 reflects Plaintiffs' characterization of terms that speak for

26  themselves; to the extent a response is required, Google denies the characterizations and

27  interpretations in paragraph 125.

28      **126.**   Paragraph 126 reflects Plaintiffs' characterization of terms that speak for

Cooley LLP
Attorneys At Law
San Francisco

14.

Google Inc.'s Answer to Plaintiffs' First
Amended Consolidated Individual and
Class Action Complaint No. 5:13-md-002430

themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 126.

**127.** Paragraph 127 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 127.

**128.** Paragraph 128 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 128.

**129.** Paragraph 129 reflects Plaintiffs' characterization of terms that speak for themselves; to the extent a response is required, Google denies the characterizations and interpretations in paragraph 129.

**130.** Google denies paragraph 130.

**131.** Google denies paragraph 131.

**132.** Google denies paragraph 132.

**133.** Google denies paragraph 133.

**134.** Google denies paragraph 134.

**135.** Google denies paragraph 135.

**136.** Paragraph 136 purports to characterize certain terms in the Google Apps Partner Edition Agreement with Cable One executed on July 9, 2009, which speak for themselves.

**137.** Paragraph 137 purports to characterize certain terms in the Google Apps Partner Edition Agreement with Cable One executed on July 9, 2009, which speak for themselves.

**138.** Google denies paragraph 138.

**139.** Paragraph 139 purports to quote terms in the Google Apps Partner Edition Agreement with Cable One executed on July 9, 2009, which speak for themselves.

**140.** The first sentence of paragraph 140 purports to characterize certain terms in the Google Apps Partner Edition Agreement with Cable One executed on July 9, 2009, which

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1   speak for themselves.  Google denies the second sentence of paragraph 140.

2       **141.**   Google denies paragraph 141.

3       **142.**   Google denies paragraph 142.

4       **143.**   Paragraph 143 reflects Plaintiffs' characterization of terms that speak for

5   themselves; to the extent a response is required, Google denies the characterizations and

6   interpretations in paragraph 143.

7       **144.**   Google denies paragraph 144.

8       **145.**   Google admits paragraph 145.

9       **146.**   Google denies paragraph 146.

10      **147.**   In response to paragraph 147, Google admits that the quoted text appeared on

11  its "Gmail Legal Notices" webpage at certain times.

12      **148.**   Google denies paragraph 148.

13      **149.**   Google denies paragraph 149.

14      **150.**   Paragraph 150 purports to compare certain versions of the "Gmail Legal

15  Notices" webpage, which speak for themselves.

16      **151.**   Paragraph 151 characterizes certain terms in the Gmail Legal Notice, which

17  speaks for itself.

18      **152.**   Google denies paragraph 152.

19      **153.**   Google denies paragraph 153.

20      **154.**   Google denies paragraph 154.

21      **155.**   Google denies paragraph 155.

22      **156.**   Google denies paragraph 156.

23      **157.**   Google denies paragraph 157.

24      **158.**   Google denies paragraph 158.

25      **159.**   Paragraph 159 is vague as to which Google Apps Education Agreement applies

26  and Google cannot respond.

27      **160.**   In response to the first sentence of paragraph 160, Google denies that there is a

28  uniform Google Apps Education Edition Agreement.  As a result, paragraph 160 is vague as to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

**GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT No. 5:13-MD-002430**

1    which Google Apps Education Agreement applies and Google cannot respond.

2         **161.**    Google denies paragraph 161.

3         **162.**    In response to the first sentence of paragraph 162, Google denies that there is a

4    uniform Google Apps Education Edition Agreement.  As a result, paragraph 162 is vague as to

5    which Google Apps Education Agreement applies and Google cannot respond.

6         **163.**    Paragraph 163 is vague as to which Google Apps Education Agreement applies

7    and Google cannot respond.

8         **164.**    Google denies paragraph 164.

9         **165.**    Paragraph 165 characterizes the Google Terms of Service, which speak for

10   themselves.

11        **166.**    Google denies paragraph 166.

12        **167.**    Google denies paragraph 167.

13        **168.**    Google denies paragraph 168.

14        **169.**    Google denies paragraph 169.

15        **170.**    In response to paragraph 170, Google admits that the quoted text appeared on

16   its "Gmail Legal Notices" webpage at certain times.

17        **171.**    Google denies paragraph 171.

18        **172.**    Google denies paragraph 172.

19        **173.**    Paragraph 173 purports to compare versions of Google's "Gmail Legal

20   Notices" webpage, which speak for themselves.

21        **174.**    Paragraph 174 purports to characterize the "Gmail Legal Notices" document

22   which speaks for itself.

23        **175.**    Google denies paragraph 175.

24        **176.**    Google denies paragraph 176.

25        **177.**    Google denies paragraph 177.

26        **178.**    Google denies paragraph 178.

27        **179.**    Google denies paragraph 179.

28        **180.**    Google denies paragraph 180.

Cooley LLP
Attorneys At Law
San Francisco

17.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1   **181.**   Google denies paragraph 181.

2   **182.**   Google denies paragraph 182.

3   **183.**   Google denies paragraph 183.

4   **184.**   Google denies paragraph 184.

5   **185.**   Paragraph 185 reflects Plaintiffs' characterization of terms that speak for

6   themselves; to the extent a response is required, Google denies the characterizations and

7   interpretations in paragraph 185.

8   **186.**   Google denies paragraph 186.

9   **187.**   Paragraph 187 reflects Plaintiffs' characterization of terms that speak for

10   themselves; to the extent a response is required, Google denies the characterizations and

11   interpretations in paragraph 187.

12   **188.**   Google denies paragraph 188.

13   **189.**   Google denies paragraph 189.

14   **190.**   Google denies paragraph 190.

15   **191.**   Google denies paragraph 191.

16   **192.**   Google denies paragraph 192.

17   **193.**   Google denies paragraph 193.

18   **194.**   Google denies paragraph 194.

19   **195.**   Google denies paragraph 195.

20   **196.**   Paragraph 196 is so vague that Google cannot respond.

21   **197.**   In response to the second sentence of paragraph 197, Google admits that

22   certain information from the referenced process is used in connection with spam detection.

23   Google denies all other allegations in paragraph 197.

24   **198.**   Google denies paragraph 198.

25   **199.**   Google denies paragraph 199.

26   **200.**   Google denies paragraph 200.

27   **201.**   Google denies paragraph 201.

28   **202.**   Google denies paragraph 202.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18.

**GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430**

1     **203.**    Google denies paragraph 203.

2     **204.**    Google denies paragraph 204.

3     **205.**    Google denies paragraph 205.

4     **206.**    Google denies paragraph 206.

5     **207.**    The first sentence of paragraph 207 purports to characterize certain documents,

6 which speak for themselves.  Google denies all other allegations in paragraph 207.

7     **208.**    Google denies paragraph 208.

8     **209.**    Google denies paragraph 209.

9     **210.**    In response to the first sentence of paragraph 210, Google admits that it is the

10 originator of certain contracts between Google and Gmail users.  Google denies all remaining

11 allegations in paragraph 210.

12     **211.**    Google denies paragraph 211.

13     **212.**    Google denies paragraph 212.

14              **V.**    **CAUSES OF ACTION**

15                   **COUNT ONE**

16           **(Violations of 18 U.S.C. §§ 2510 *et seq*)**

17     **213.**    Google incorporates by reference its responses to paragraphs 1-212 in response

18 to paragraph 213, as if fully set forth herein.

19     **214.**    Paragraph 214 is Plaintiffs' characterization of their allegations and does not

20 require a response; to the extent a response is required, Google denies the allegations therein.

21     **215.**    In response to the first sentence of paragraph 215, Google admits that Cable

22 One is an ISP.  Google is without knowledge sufficient to admit or deny the remaining allegations

23 in paragraph 215.

24     **216.**    Google denies paragraph 216.

25     **217.**    In response to paragraph 217, Google is without knowledge sufficient to admit

26 or deny the allegations in paragraph 217 as they relate to Plaintiff's knowledge and conversations.

27 In response to the first sentence of paragraph 217, Google admits that Plaintiff's email account

28 was converted to the Google Apps service.  To the extent Plaintiff claims in paragraph 217 that he

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

did not become bound to the Google Apps Terms of Service, Google denies any such allegation.

**218.** In response to paragraph 218, Google admits that certain Cable One users were converted to the Google Apps service.

**219.** In response to paragraph 219, Google admits that Cable One was a Google Apps customer and offered certain Google Apps services to its users.

**220.** In response to paragraph 220, Google admits that it provides services to Cable One Google Apps end users.

**221.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 221 but admits that Plaintiff Dunbar has testified that he has sent and received email through his Cable One email account.

**222.** Paragraph 222 essentially reiterates Plaintiff Dunbar's proposed class definition and does not require a response.

**223.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 223 but admits that Plaintiff Fread has testified that he has been a student at the University of Hawai'i ("UH") since January 2011.

**224.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 224 because it concerns facts involving a non-party to this litigation.

**225.** In response to the first and second sentences of paragraph 225, Google admits that it entered into a Google Apps Education Edition Agreement with UH on June 21, 2010 which includes a footer stating "Google Apps Edu Agreement 031809". Google denies the third sentence of paragraph 225. In response to the fourth sentence of paragraph 225, Google admits that it has entered into agreements with certain educational institutions throughout the United States for the provision of its Google Apps for Education service. In response to the fifth sentence of paragraph 225, Google admits that certain of its agreements with educational institutions include a provision regarding FERPA but otherwise denies that its agreements with other educational institutions are necessarily analogous to its agreement with UH for the provision of its Google Apps for Education service. As a result, the fifth sentence of paragraph 225 is vague as to which Google Apps Education Agreement Plaintiffs refer and Google cannot

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1    respond.

2        **226.**    Paragraph 226 purports to characterize Google's agreement with UH, which

3    speaks for itself.

4        **227.**    Google is without direct knowledge sufficient to admit or deny the allegations

5    in paragraph 227 because it concerns facts involving a non-party to this litigation.

6        **228.**    Google is without direct knowledge sufficient to admit or deny the allegations

7    in paragraph 228 because it concerns facts involving a non-party to this litigation.

8        **229.**    Google is without knowledge sufficient to admit or deny the allegations in

9    paragraph 229.

10       **230.**    Google is without knowledge sufficient to admit or deny the allegations in

11   paragraph 230.

12       **231.**    Google denies paragraph 231.

13       **232.**    Google denies paragraph 232.

14       **233.**    Google denies paragraph 233.

15       **234.**    Google denies paragraph 234.

16       **235.**    In response to the first sentence of paragraph 235, Google admits that it

17   entered into a Google Apps Education Edition Agreement with the University of the Pacific

18   ("UOP") on December 9, 2009.  Google further responds that UOP states in public materials that

19   it has campuses in Stockton, California, San Francisco, California, and Sacramento, California.

20   Google has no factual basis to deny the second sentence of paragraph 235.  The third sentence of

21   paragraph 235 purports to characterize Google's agreement with UOP, which speaks for itself.

22       **236.**    Google denies the first sentence of paragraph 236.  In response to the second

23   sentence of paragraph 236, Google admits that it has entered into agreements with certain

24   educational institutions throughout the United States for the provision of its Google Apps for

25   Education service.  In response to the third sentence of paragraph 236, Google admits that certain

26   of its agreements with educational institutions include a provision regarding FERPA but

27   otherwise denies that its agreements with other educational institutions are necessarily analogous

28   to its agreement with UOP for the provision of its Google Apps for Education service.  As a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

result, the third sentence of paragraph 236 is vague as to which Google Apps Education Agreement Plaintiffs refer and Google cannot respond.

**237.** Google denies paragraph 237.

**238.** Google is without knowledge sufficient to admit or deny the allegations in the first and second sentences of paragraph 238 because they concern facts involving a non-party to this litigation. In response to the third sentence of paragraph 238, Google admits that it entered into a Google Apps Education Edition Agreement with UOP on December 9, 2009. Google is without direct knowledge sufficient to admit or deny the allegations in the third sentence of paragraph 238 because it concerns facts involving a non-party to this litigation.

**239.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 239 because it concerns facts involving a non-party to this litigation.

**240.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 240 but admits that Plaintiff Carillo has testified that he attended McGeorge School of Law from August 2009 until May 2012.

**241.** Google denies paragraph 241.

**242.** Google denies paragraph 242.

**243.** Google is without knowledge sufficient to admit or deny the allegations in the first sentence of paragraph 243. Google denies the second sentence of paragraph 243.

**244.** Google is without knowledge sufficient to admit or deny the allegations in paragraph 244.

**245.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 245 but admits that Plaintiff J.K. has testified that he opened Gmail accounts as a minor.

**246.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 246 but admits that Plaintiff J.K. has testified that he used Gmail accounts as a minor to communicate with non-Gmail users and with minor Gmail users.

**247.** Google is without direct knowledge sufficient to admit or deny the allegations in paragraph 247 but admits that Plaintiff J.K. has testified that he has received emails as

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1   referenced in paragraph 247.

2   **248.**   Google denies paragraph 248.

3   **249.**   Google denies paragraph 249.

4   **250.**   Google denies paragraph 250.

5   **251.**   Google is without direct knowledge sufficient to admit or deny the allegations

6   in paragraph 251 but admits that Plaintiffs Scott, Harrington, Kovler, Scott II, and Knowles have

7   each testified that he has sent and received emails as referenced in paragraph 251.

8   **252.**   Google denies paragraph 252.

9   **253.**   Google denies paragraph 253.

10   **254.**   In response to paragraph 254, Google does not dispute that it is a "person"

11   within the meaning of 18 U.S.C. § 2510(6).

12   **255.**   Google denies the first and third sentences of paragraph 255.   The second

13   sentence of paragraph 255 is so vague that Google cannot respond.

14   **256.**   Paragraph 256 consists of legal argument and does not require a response.

15   **257.**   Google denies paragraph 257.

16   **258.**   Google denies paragraph 258.

17   **259.**   Google denies paragraph 259.

18   **260.**   Google denies paragraph 260.

19   **261.**   Google denies paragraph 261.

20   **262.**   Google denies paragraph 262.

21   **263.**   Google denies paragraph 263.

22   **264.**   Google denies paragraph 264.

23   **265.**   Paragraph 265 is Plaintiffs' characterization of their allegations and does not

24   require a response.

25   **266.**   Google is without knowledge sufficient to admit or deny the allegations in

26   paragraph 266 as to the alleged Minor Class.

27   **267.**   Paragraph 267 is a legal conclusion and does not require a response; to the

28   extent a response is required, Google denies paragraph 267.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23.

**GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430**

1  **268.**   Google denies paragraph 268.

2  **269.**   Google denies paragraph 269.

3  **270.**   Google denies paragraph 270.

4  **271.**   Google denies paragraph 271.

5  **272.**   Google admits that California law applies to its Terms of Service but otherwise

6  denies paragraph 272.

7  **273.**   Paragraph 273 is a legal conclusion and does not require a response; to the

8  extent a response is required, Google denies paragraph 273.

9  **274.**   The first and second sentences of paragraph 274 purport to compare and

10  characterize various versions of Google's Terms of Service, which speak for themselves.  The

11  third sentence of paragraph 274 is a legal conclusion and does not require a response; to the

12  extent a response is required, Google denies the third sentence of paragraph 274.

13  **275.**   Google denies paragraph 275.

14  **276.**   Paragraph 276 is Plaintiffs' characterization of their allegations and does not

15  require a response; to the extent a response is required, Google denies that Plaintiffs are entitled

16  to any relief.

17  **277.**   Paragraph 277 is Plaintiffs' characterization of their allegations and does not

18  require a response; to the extent a response is required, Google denies that Plaintiffs are entitled

19  to any relief

20  **278.**   Paragraph 278 is Plaintiffs' characterization of their allegations and does not

21  require a response; to the extent a response is required, Google denies that Plaintiffs are entitled

22  to any relief.

23  **279.**   Google denies paragraph 279.

24  **280.**   Google denies paragraph 280.

25  **281.**   Paragraph 281 is a legal conclusion and does not require a response; to the

26  extent a response is required, Google denies paragraph 281.

27  **282.**   Paragraph 282 is a legal conclusion and does not require a response; to the

28  extent a response is required, Google denies paragraph 282.

Cooley LLP
Attorneys At Law
San Francisco

24.

Google Inc.'s Answer to Plaintiffs' First
Amended Consolidated Individual and
Class Action Complaint No. 5:13-md-002430

283. Google denies paragraph 283.

284. Paragraph 284 is Plaintiffs' characterization of their allegations and does not require a response; to the extent a response is required, Google denies the allegations therein.

## COUNT TWO

### (Violations of Cal. Penal Code §§ 630, *et seq*)

285. Google incorporates by reference its responses to paragraphs 1-284 in response to paragraph 285, as if fully set forth herein.

286. The first sentence of paragraph 286 is Plaintiffs' characterization of their allegations and does not require a response; to the extent a response is required, Google denies the allegations therein.  Google denies the second sentence of paragraph 286.

287. Paragraph 287 is a quotation to Cal. Pen. Code § 630 and does not require a response.

288. Google denies paragraph 288.

289. In response to paragraph 289, Google admits that Plaintiffs and Class Members may have engaged in email communications with Gmail users.

290. Paragraph 290 does not identify the emails it refers to and Google cannot respond.

291. In response to paragraph 291, Google admits that email messages can be characterized as "messages."

292. In response to paragraph 292, Google admits that Plaintiffs and Class Members may have engaged in email communications with Gmail users.

293. In response to paragraph 293, Google admits that emails are generally transmitted with "designation address fields specifying the recipients of the message."  Google further states that paragraph 293 is vague as to "Internet Message Formats."

294. In response to paragraph 294, Google admits that email messages are generally delivered to the persons identified as recipients in the email header.

295. In response to paragraph 295, Google admits that email messages are generally delivered to the persons identified as recipients in the email header.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

**296.**    In response to paragraph 296, Google does not dispute that it is a "person" within the meaning of Cal. Penal Code § 7.

**297.**    Google denies paragraph 297.

**298.**    Google denies paragraph 298.

**299.**    Google denies paragraph 299.

**300.**    Google denies paragraph 300 to the extent it purports to state that emails are covered by CIPA.

**301.**    Google denies paragraph 301.

**302.**    Google denies paragraph 302.

**303.**    Google denies paragraph 303.

**304.**    In response to the first sentence of paragraph 304, Google admits that certain features of Google Talk may be accessed from the Gmail interface.  In response to the second sentence of paragraph 304, Google admits that Google Talk had these capabilities at certain times and in certain circumstances.  Google denies the remaining allegations in the first and second sentences of paragraph 304.  The third, fourth, and fifth sentences of paragraph 304 are legal conclusions and do not require a response; to the extent a response is required, Google denies the third, fourth and fifth sentences of paragraph 304.

**305.**    Google denies paragraph 305.

**306.**    Google denies paragraph 306.

**307.**    Google denies paragraph 307.

**308.**    Google denies paragraph 308.

## COUNT THREE

### (Violations of Maryland Courts And Judicial Proceedings Code Ann. §§ 10-402, et seq)

**309.**    Google incorporates by reference its responses to paragraphs 1-308 in response to paragraph 309, as if fully set forth herein.

**310.**    Google is without knowledge sufficient to admit or deny the allegations in paragraph 310.

**311.**    Google is without knowledge sufficient to admit or deny the allegations in

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1   paragraph 311.

2        **312.**   Google is without knowledge sufficient to admit or deny the allegations in

3   paragraph 312.

4        **313.**   In response to paragraph 313, Google admits that Plaintiffs and Class Members

5   may have engaged in email communications with Gmail users.

6        **314.**   Paragraph 314 does not identify the emails it refers to and Google cannot

7   respond.

8        **315.**   Google denies paragraph 315.

9        **316.**   Google denies paragraph 316.

10        **317.**   Google denies paragraph 317.

11        **318.**   Google denies paragraph 318.

12        **319.**   Google denies paragraph 319.

13        **320.**   Google denies paragraph 320.

14        **321.**   Google denies paragraph 321.

15        **322.**   Google denies paragraph 322.

16        **323.**   Google denies paragraph 323.

17        **324.**   Google denies paragraph 324.

18        **325.**   Google denies paragraph 325.

19        **326.**   Paragraph 326 is a legal conclusion and does not require a response; to the

20   extent a response is required, Google denies paragraph 326.

21        **327.**   Paragraph 327 is a legal conclusion and does not require a response; to the

22   extent a response is required, Google denies paragraph 327.

23        **328.**   Google denies paragraph 328.

24        **329.**   Paragraph 329 is Plaintiffs' characterization of their allegations and does not

25   require a response; to the extent a response is required, Google denies the allegations therein.

26        **COUNT FOUR**

27        **(Violations of Florida Statute §§ 934.03, *et seq*)**

28        **330.**   Google incorporates by reference its responses to paragraphs 1-329 in response

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

to paragraph 330, as if fully set forth herein.

331. Google is without knowledge sufficient to admit or deny the allegations in paragraph 331.

332. Google is without knowledge sufficient to admit or deny the allegations in paragraph 332.

333. Google is without knowledge sufficient to admit or deny the allegations in paragraph 333.

334. In response to paragraph 334, Google admits that Plaintiffs and Class Members may have engaged in email communications with Gmail users.

335. Paragraph 335 does not identify the emails it refers to and Google cannot respond.

336. Google denies paragraph 336.

337. Google denies paragraph 337.

338. Google denies paragraph 338.

339. Google denies paragraph 339.

340. Google denies paragraph 340.

341. Google denies paragraph 341.

342. Google denies paragraph 342.

343. Google denies paragraph 343.

344. Google denies paragraph 344.

345. Google denies paragraph 345.

346. Paragraph 346 is a legal conclusion and does not require a response; to the extent a response is required, Google denies paragraph 346.

347. Paragraph 347 is a legal conclusion and does not require a response; to the extent a response is required, Google denies paragraph 347.

348. Google denies paragraph 348.

349. Paragraph 349 is Plaintiffs' characterization of their allegations and does not require a response; to the extent a response is required, Google denies the allegations therein.

Cooley LLP
Attorneys At Law
San Francisco

28.

Google Inc.'s Answer to Plaintiffs' First
Amended Consolidated Individual and
Class Action Complaint No. 5:13-md-002430

# VI.   CLASS ALLEGATIONS

**350.**   Google incorporates by reference its responses to paragraphs 1-349 in response to paragraph 350, as if fully set forth herein.

**351.**   Paragraph 351 is Plaintiffs' characterization of their allegations and does not require a response.

**352.**   Paragraph 352 contains purported exclusions to Plaintiffs' proposed class definition and does not require a response.

**353.**   Paragraph 353 is Plaintiff Dunbar's proposed class definition and does not require a response.

**354.**   Paragraph 354 is Plaintiffs Fread and Carrillo's proposed class definition and does not require a response.

**355.**   Paragraph 355 is Plaintiffs Scott, Harrington, and Kovler's proposed class definition and does not require a response.

**356.**   Paragraph 356 is Plaintiffs Scott, Harrington, Kovler, Scott II, and Knowles' proposed sub-class definitions and does not require a response.

**357.**   Paragraph 357 is Plaintiff A.K., as Next Friend of Minor, J.K.'s, proposed class definition and does not require a response.

**358.**   Paragraph 358 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 358.  Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**359.**   Paragraph 359 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 359.  Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**360.**   In response to paragraph 360, Google denies that Cable One email accounts operated through Google Apps are operated in the same manner as other Gmail accounts in all respects.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29.

**GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430**

**361.** Paragraph 361 is vague as to "readily identifiable information" and Google cannot respond.

**362.** Paragraph 362 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 362. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**363.** Paragraph 363 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 363. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**364.** Paragraph 364 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 364. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**365.** Paragraph 365 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 365. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**366.** Paragraph 366 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 366. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**367.** In response to paragraph 367, Google denies that Google Apps EDU email accounts are operated in the same manner as other Gmail accounts in all respects.

**368.** Paragraph 368 is vague as to "readily identifiable information" and Google cannot respond.

**369.** Paragraph 369 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 369. Google

Cooley LLP
Attorneys At Law
San Francisco

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1    denies that the proposed classes can be certified under the requirements of Federal Rule of Civil

2    Procedure 23.

3         **370.**    Paragraph 370 is a legal conclusion as to class certification and does not

4    require a response; to the extent a response is required, Google denies paragraph 370.  Google

5    denies that the proposed classes can be certified under the requirements of Federal Rule of Civil

6    Procedure 23.

7         **371.**    Paragraph 371 is vague as to "readily identifiable information" and Google

8    cannot respond.

9         **372.**    Paragraph 372 is a legal conclusion as to class certification and does not

10   require a response; to the extent a response is required, Google denies paragraph 372.  Google

11   denies that the proposed classes can be certified under the requirements of Federal Rule of Civil

12   Procedure 23.

13        **373.**    Paragraph 373 is a legal conclusion as to class certification and does not

14   require a response; to the extent a response is required, Google denies paragraph 373.  Google

15   denies that the proposed classes can be certified under the requirements of Federal Rule of Civil

16   Procedure 23.

17        **374.**    The first sentence of paragraph 374 is Plaintiffs Scott, Harrington, Kovler,

18   Scott II, and Knowles' proposed class definition and does not require a response; to the extent a

19   response is required, Google denies the allegations therein.  The second and third sentences of

20   paragraph 374 are legal conclusions and do not require a response; to the extent a response is

21   required, Google denies the second and third sentences of paragraph 374.

22        **375.**    Paragraph 375 is a legal conclusion as to class certification and does not

23   require a response; to the extent a response is required, Google denies paragraph 375.  Google

24   denies that the proposed classes can be certified under the requirements of Federal Rule of Civil

25   Procedure 23.

26        **376.**    Paragraph 376 is a legal conclusion as to class certification and does not

27   require a response; to the extent a response is required, Google denies paragraph 376.  Google

28   denies that the proposed classes can be certified under the requirements of Federal Rule of Civil

Procedure 23.

**377.** Paragraph 377 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 377. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**378.** Google admits paragraph 378.

**379.** Google admits paragraph 379.

**380.** Google admits paragraph 380.

**381.** Google admits paragraph 381.

**382.** Google admits paragraph 382.

**383.** Google admits paragraph 383.

**384.** Google admits paragraph 384.

**385.** Paragraph 385 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 385. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**386.** Paragraph 386 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 386. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**387.** Paragraph 387 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 387. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**388.** Paragraph 388 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 388. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**389.** Paragraph 389 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 389. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**390.** Paragraph 390 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 390. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**391.** Paragraph 391 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 391. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**392.** Paragraph 392 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 392. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**393.** Paragraph 393 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 393. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**394.** Paragraph 394 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 394. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**395.** Paragraph 395 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 395. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

**396.** Paragraph 396 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 396. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

**397.** Google denies paragraph 397.

**398.** In response to paragraph 398, Google denies that the issue of consent can be litigated on a class wide basis.

**399.** In response to paragraph 399, Google denies that the issue of consent can be litigated on a class wide basis.

**400.** Paragraph 400 is a legal conclusion as to class certification and does not require a response; to the extent a response is required, Google denies paragraph 400. Google denies that the proposed classes can be certified under the requirements of Federal Rule of Civil Procedure 23.

## VII.   JURY DEMANDED

Google hereby demands a jury trial on all issues which can be heard by a jury.

## VIII.   PRAYER FOR RELIEF

Google does not believe the prayer for relief requires a response. Google denies that Plaintiffs may satisfy their burden to establish all elements of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, denies that Google is liable to Plaintiffs or any class on any of the claims alleged, and denies that Plaintiffs or any class is entitled to damages, statutory or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment or post-judgment interest or to any relief whatsoever.

## SEPARATE AND ADDITIONAL DEFENSES

Google asserts the following separate and additional defenses to Plaintiffs' Consolidated Individual and Class Action Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs. Google reserves the right to supplement or amend these defenses as discovery is conducted, and does not knowingly or intentionally waive any applicable affirmative defense.

Cooley LLP
Attorneys At Law
San Francisco

34.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT No. 5:13-md-002430

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The named Plaintiffs, and each and every member of the purported Classes, are barred from recovery, in whole or in part, by the doctrines of waiver, estoppel, laches, and other applicable equitable defenses.

**THIRD DEFENSE**

The named Plaintiffs, and each and every member of the purported Classes, are barred from recovery, in whole or in part, by their failure to mitigate injury and their failure to mitigate damages.

**FOURTH DEFENSE**

This action is not suitable for class action treatment under Federal Rule of Civil Procedure 23.

**FIFTH DEFENSE**

Plaintiffs have no standing to bring this action under Article III of the United States Constitution.

**SIXTH DEFENSE**

Plaintiffs have no standing to bring this action under the Electronic Communications Protection Act, 18 U.S.C. 2510, *et seq.*

**SEVENTH DEFENSE**

Plaintiffs have no standing to bring this action under California Penal Code §§ 630, *et seq.*

**EIGHTH DEFENSE**

Plaintiffs have no standing to bring this action under Maryland Courts and Judicial Proceedings Code Ann. §§ 10-402, *et seq.*

**NINTH DEFENSE**

Plaintiffs have no standing to bring this action under Florida Statute §§ 934.03, *et seq.*

Cooley LLP
Attorneys At Law
San Francisco

35.

**GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED INDIVIDUAL AND CLASS ACTION COMPLAINT No. 5:13-md-002430**

**TENTH DEFENSE**

Plaintiffs have no standing to bring this action under 18 Pa. Cons. Stat. §§ 5701, *et seq.*

**ELEVENTH DEFENSE**

This action is barred because Plaintiffs, and each and every member of the purported Classes, expressly or impliedly approved, authorized, ratified, or consented to the complained acts or conduct, and are therefore precluded from recovery.

**TWELFTH DEFENSE**

This action is barred as a result of the doctrine of unclean hands.

**THIRTEENTH DEFENSE**

This action is barred by the First Amendment to the United States Constitution and/or by Article 1, Section 2 of the California Constitution.

**FOURTEENTH DEFENSE**

Punitive or exemplary damages should not be awarded or should otherwise be limited because: (i) any recovery of punitive or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (ii) imposition of any punitive or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

**FIFTEENTH DEFENSE**

Statutory damages under 18 U.S.C. 2510 should not be awarded or should otherwise be limited because: (i) such an award would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, and by the common law; and (ii) the imposition of such an award would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

**SIXTEENTH DEFENSE**

Plaintiffs' damages – including actual, punitive, compensatory, exemplary, or statutory

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430

1    damages – are limited by the terms of the contracts between Google and Plaintiffs.

2                        **SEVENTEENTH DEFENSE**

3            Google's liability for the alleged conduct at issue is precluded by the terms of the

4    contracts between Google and Plaintiffs.

5                        **EIGHTEENTH DEFENSE**

6            The claims made in the Complaint are barred, in whole or in part, because at all relevant

7    times, Google's actions were a necessary incident to the rendition of services.

8                        **NINETEENTH DEFENSE**

9            The claims in the Complaint are barred, in whole or in part, because Google's alleged

10   conduct was authorized.

11                       **TWENTIETH DEFENSE**

12           The claims in the Complaint are barred, in whole or in part, because at all relevant times,

13   Google's actions were within the ordinary course of business.

14                       **TWENTY-FIRST DEFENSE**

15           The claims in the Complaint are barred, in whole or in part, by applicable statutes of

16   limitations.

17                       **TWENTY-SECOND DEFENSE**

18           The relief prayed for in the Complaint cannot be granted because neither Plaintiff nor any

19   putative class member has sustained any loss, damage, harm, or detriment as a result of any

20   alleged acts, omissions, or other breach of duty by Google.

21                       **TWENTY-THIRD DEFENSE**

22           The claims in the Complaint are barred, in whole or in part, because the damages alleged

23   to have been suffered are not compensable under the law.

24                       **TWENTY-FOURTH DEFENSE**

25           The claims in the Complaint are barred, in whole or in part, because to the extent Google

26   engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

27                       **TWENTY-FIFTH DEFENSE**

28           The claims in the Complaint are barred, in whole or in part, because any recovery by

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37.

**GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT NO. 5:13-MD-002430**

1  Plaintiffs would constitute unjust enrichment of Plaintiffs.  In particular, the claims in the

2  Complaint are barred, in whole or in part, to the extent that Plaintiffs have used any of Google's

3  services that are enabled by the practices that Plaintiffs seek to challenge.

4                                   **TWENTY-SIXTH DEFENSE**

5       The claims in the Complaint are barred, in whole or in part, by the terms of 47 U.S.C.

6  section 230(c).

7                                  **RESERVATION OF DEFENSES**

8       Future discovery may reveal additional facts that support additional defenses presently

9  available to, but unknown to, Google.  Google reserves the right to assert additional defenses in

10 the event that discovery or investigation indicates that additional defenses would be appropriate.

11 Dated: November 21, 2013                    COOLEY LLP
                                               MICHAEL G. RHODES (116127)
12                                             WHITTY SOMVICHIAN (194463)
                                               KYLE C. WONG (224921)
13

14

15                                             */s/ Whitty Somvichian*
                                               Whitty Somvichian (194463)
16
                                               Attorneys for Defendant
17                                             GOOGLE INC.

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38.

GOOGLE INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CONSOLIDATED INDIVIDUAL AND
CLASS ACTION COMPLAINT No. 5:13-MD-002430