COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Case No. 5:13-md-02430 LHK (PSG)<br><br>**GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF DOCUMENTS UNDER SEAL**<br><br>Judge:      Hon. Lucy H. Koh<br>Dept.:       Courtroom 8, 4th Floor |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1341763/SF

GOOGLE'S ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 5:13-MD-02430 LHK (PSG)

1    Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google Inc. ("Google") files this

2  administrative motion to seal limited portions of the following documents:  Google's Opposition

3  to Plaintiffs' Motion for Class Certification; the supporting declarations of Stacey Kapadia, Brad

4  Chin, Elena Czubiak, Tobias Haamel, Maco Stewart and Whitty Somvichian; Exhibits A and B to

5  the Stewart Declaration; and Exhibits N and S to the Somvichian Declaration.  Google has

6  reviewed this information as to what is properly considered "Sealable Information."  For each

7  piece of information Google seeks to seal, it has determined that public disclosure would likely

8  cause harm to users of Google's Gmail service, or would competitive harm to Google.

9    The information that is sealable, and the reasons why it is Sealable Information, are

10  described with particularity in the Declarations of Stacey Kapadia and Han Lee (the "Kapadia

11  Declaration" and the "Lee Declaration," or "sealing declarations") filed in support of this motion.

12  If the Court desires more information, however, Google is willing to present any additional

13  information the Court may need, including by providing detailed explanations of sensitive

14  information in a confidential setting.

15  **I.      BACKGROUND**

16    This Court has considered and granted numerous administrative motions to file Google's

17  confidential and proprietary information under seal in this case, including in the predecessor

18  litigation, *Dunbar v. Google Inc.*, No. 12-cv-03305-LHK (N.D. Cal. filed Nov. 17, 2010)

19  ("*Dunbar*").[1]  On August 14 and August 18, 2013, this Court issued two orders granting Google's

20  96 requests to seal documents and portions of documents.  (*Dunbar* ECF Nos. 290, 292.)  On

21  September 25, 2013, this Court issued an order granting Google's requests to seal portions of

22  Plaintiffs' Consolidated Complaint, noting that "[t]his Court has previously credited Google's

23  concern about the competitive harm that could result from disclosure of the precise operation of

24  Gmail. . . . The Court accepted Google's theory that Google's competitors could copy its email

25  delivery mechanisms if information about these mechanisms were made public."  (ECF No. 68 at

26  5.)

27  ─────────────────────

[1] By agreement of the parties, and pursuant to this Court's order, the parties continue to use the
28  discovery produced in *Dunbar* in this case.  (ECF No. 48 at ¶ 7.1.)

Cooley LLP
Attorneys At Law
San Francisco

1341763 /SF                    1.                    Google's Admin. Mot. to File Under Seal
                                                      Case No. 5:13-md-02430 LHK (PSG)

On October 25, 2013, Plaintiffs filed their Motion for Class Certification ("Plaintiffs' Motion"). (ECF No. 85.) Because their Motion and the attached materials included information subject to the June 16, 2013 Protective Order in this case (ECF No. 48), and which describes highly confidential aspects of Google's systems for processing email, Plaintiffs sought to seal portions of Plaintiffs' Motion and 23 additional documents in their entirety. (ECF No. 87.) On October 29, 2013, Google moved to seal seven of these documents in their entirety and to make twelve documents public with limited redactions. (ECF No. 88.) Of the remaining documents filed under seal with Plaintiffs' Motion, two documents contained nothing but public information, and three documents had already been sealed by this Court, in whole or in part. (*Id.*)

To adequately respond to Plaintiffs' Motion, Google's Opposition and supporting materials similarly discuss confidential information subject to the Protective Order. Google now brings this Motion to Seal, supported by the accompanying sealing declarations, to provide the Court with a particularized showing of the competitively sensitive content and the likely harm to Google and its users if portions of Google's Opposition and supporting materials are made public. These documents contain Sealable Information, but are not entirely sealable. Accordingly, attached as Kapadia Declaration Exhibits A through C and Lee Declaration Exhibits A through E ("Kapadia Exhibits" and "Lee Exhibits," respectively) are copies of these documents with redactions narrowly tailored to protect only confidential information that, if made public, would likely harm Google or its users.

## II. LEGAL STANDARD

Courts have long recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents," which is "premised on the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Accenture LLP v. Sidhu*, No. C10-2977 TEH, 2011 U.S. Dist. LEXIS 140093, at *3 (N.D. Cal. Dec. 6, 2011) (quoting *Nixon v. Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). However, a sealing order is nevertheless appropriate where the party requesting such an order establishes that "the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1341763/SF

2.

GOOGLE'S ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 5:13-MD-02430 LHK (PSG)

When a party seeks to seal documents relating to non-dispositive motions, a sealing order is appropriate if the party shows "good cause." *See Kamahana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'") (citation omitted)); *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard . . . ."); *Rich v. Hewlett-Packard Co.*, No. C06-03361-JF, 2009 WL 2168688, at *1-2 (N.D. Cal. July 20, 2009). A party shows good cause when, for example, public disclosure of the materials would put the party at a competitive disadvantage. *See, e.g.*, *Oracle USA, Inc. v. SAP AG*, No. 07-cv-01658 PJH (EDL), 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 12, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice"). Because a motion for class certification is a non-dispositive motion, Google has applied the "good cause" standard here, and seeks to seal only information it has good cause to protect from public disclosure. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 U.S. Dist. LEXIS 6606, at *8 (N.D. Cal. Jan. 15, 2013) (holding that because motion for class certification is non-dispositive, parties need only demonstrate "good cause" to support their requests to seal).

## III.   ARGUMENT

The sealing declarations detail the good cause for sealing each redaction in the public versions of the Kapadia and Lee Exhibits. As these declarations describe in detail, public disclosure of the Sealable Information would cause Google significant economic harm by revealing sensitive aspects of Google's proprietary systems and internal decision-making processes to Google's competitors, depriving Google of competitive advantages it has earned through years of innovation. Moreover, in many cases third parties could use this information to seek to circumvent Google's systems for countering spam and viruses, harming Gmail users.

To make these issues clear for the Court, the sealing declarations each contain a table

Cooley LLP
Attorneys At Law
San Francisco

1341763/SF                                    3.                    Google's Admin. Mot. to File Under Seal
Case No. 5:13-md-02430 LHK (PSG)

1   explaining why each redaction is appropriate, and why the information sought to be redacted is

2   sealable.  As set out in these sealing declarations, the information sought to be sealed is properly

3   withheld under the Ninth Circuit's "good cause" standard.

4   **IV.   CONCLUSION**

5       Google has attempted to narrow its sealing request as much as possible, and seeks to

6   redact only sensitive information that the sealing declarations demonstrate would cause harm to

7   Google or its users if revealed publicly.  As noted, if the Court determines that it requires any

8   additional information, Google is willing to supply any additional information the Court may

9   need, including by providing detailed explanations of sensitive information in a confidential

10  setting.  For these reasons, Google respectfully asks the Court to issue an order sealing the

11  Sealable Information from the public record, and publicly filing Kapadia Exhibits A through C,

12  and Lee Exhibits A through E as the public versions of the partially sealable documents discussed

13  above.[2]

14

15  Dated: November 21, 2013           COOLEY LLP
                                     MICHAEL G. RHODES (116127)

16                                       WHITTY SOMVICHIAN (194463)
                                     KYLE C. WONG (224921)

17

18                                       /s/ Whitty Somvichian

19                                       Whitty Somvichian (194463)
                                     Attorneys for Defendant

20                                       GOOGLE INC.

21

22

23  _____

[2] Pursuant to Civil Local Rule 79-5(d)(1), the following attachments accompany this motion: (A)

24  a declaration establishing that the documents sought to be filed under seal, or portions thereof, are
sealable (the sealing declarations); (B) a proposed order that is narrowly tailored to seal only the

25  sealable material, listing in table format each document or portion thereof sought to be sealed; (C)
redacted versions of documents sought to be filed under seal ("Redacted" Kapadia and Lee

26  Exhibits); and (D) unredacted versions of documents sought to be filed under seal with the
sealable portions identified by highlighting within the text ("Unredacted" Kapadia and Lee

27  Exhibits).

28  Pursuant to Civil Local Rule 79-5(d)(2), Google will provide a courtesy copy of this filing.