COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. GMAIL LITIGATION | Case No. 5:13-md-02430 LHK (PSG)<br><br>**DEFENDANT GOOGLE INC.'S**<br><br>**(1) OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE IN SUPPORT OF CONSOLIDATED MOTION FOR CLASS CERTIFICATION (LOCAL RULE 7.3(D)), AND**<br><br>**(2) RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO GOOGLE'S EVIDENCE.**<br><br>Date:        January 16, 2014<br>Time:       1:30 p.m.<br>Judge:      Hon. Lucy H. Koh<br>Location:  Courtroom 8 – 4th Floor<br><br>Trial Date: October 20, 2014 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S OBJECTIONS
TO REPLY EVIDENCE
13-MD-2430 LHK

## GOOGLE'S OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE

Pursuant to Civil Local Rule 7.3(d), Defendant Google Inc. ("Google") hereby objects to, and moves to strike, the purported expert opinions and supporting exhibits referenced in the December 19, 2013 Declaration of Matthew Green ("Green Decl.") on the following grounds (specific paragraph-by-paragraph objections are also set forth in the table below):

1.  ***Plaintiffs cannot rely on belated expert testimony that they omitted from their moving papers.***  As a matter of fairness, courts "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Applying this rule, courts have refused to consider new analyses or opinions submitted on reply from an expert, even where the new opinions are offered ostensibly to rebut the defendant's opposition. *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 638 (D. Haw. 2008) (holding that a report is not "rebuttal in nature" when it is based on factual data that was available prior to an original report).

Here, the Green Declaration does not offer proper rebuttal testimony and is simply a belated attempt to fill gaps that Plaintiffs should have addressed in their initial moving papers. To meet their burden under Rule 23, Plaintiffs were required to show that they have a viable method to ascertain the proposed class members and identify the specific instances in which class members' emails were illegally "intercepted." Plaintiffs vaguely alluded to these issues in their Motion for Class Certification ("Mot."), but chose *not* to offer any specific proposal or any expert testimony on these critical issues.[1] Now, after Google has completed its opposition briefing, Plaintiffs have submitted for the first time a purported expert declaration that expands on, and offers alleged supporting evidence for, the conclusory assertions in Plaintiffs' Motion. This is blatant sandbagging.

For example, Plaintiffs claimed in the Motion that the specific instances of alleged illegal "interceptions" and "uses" can be identified from "Google's own documents," but did not explain what documents they were referring to and did not cite any supporting evidence. (Mot. 19:10.)

---

[1] Notably, Dr. Green relies in significant part on his own prior declaration from the class certification motion in *Dunbar*, which he now attaches as Exhibit A to his current declaration. In *Dunbar*, Plaintiff and his counsel submitted this prior declaration with the *initial moving papers* on their class certification motion, recognizing that Dr. Green's testimony addresses issues going to Plaintiff's basic burden of proof and could not be deferred to reply.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

GOOGLE INC.'S OBJECTIONS
TO REPLY EVIDENCE
13-MD-2430 LHK

Now, Plaintiffs claim in the Green Declaration that all instances of alleged illegal scanning can be gleaned from Google's "delivery logs" and by using certain specific search tools available to Google Apps Administrators. (*See* Green Decl., ¶ 21 and referenced exhibits.) To support these new assertions, Dr. Green refers to number of exhibits submitted for the first time on Reply, all of which were available to Plaintiffs when they filed the Motion. (*See* Rommel Reply Decl., Exs. YY, ZZ, AAA, BBB, CCC, DDD, EEE, & D-1.)

These belated assertions are wrong for numerous reasons. As just one example, Dr. Green claims that Google's "delivery logs" "provide virtually all of the necessary information to support any Plaintiffs' or Class Members' claims." (Green Decl., ¶ 21.) But Exhibit DDD to the Rommel Reply Declaration indicates there will be no available records for many emails, stating: "*[i]f the message is missing, the user may have deleted it* or moved it out of sight." Thus, Plaintiffs' own evidence shows there may be no way to verify a class member's claim if it involves an email that has been deleted, highlighting another fundamental problem that makes it impossible to litigate this case on a classwide basis. This is just one of a host of problems with the Green Declaration, which Google is unable to fully address because Plaintiffs strategically omitted the Green Declaration from their opening papers. The Court should not support this gamesmanship.

2.   ***Dr. Green is not qualified to provide the proffered opinions***. Dr. Green has no apparent education, experience, or expertise in the specific areas in which he purports to provide an expert opinion. In fact, Dr. Green's CV gives no indication that he has any experience at all with the delivery or processing of email. Nor does his CV reflect any experience that would be relevant to assessing whether a viable method exists to ascertain the proposed class and to identify the instances of alleged scanning. To the contrary, the bulk of Dr. Green's experience appears to be in the area of "cryptography," which is not at issue.

3.   ***Dr. Green's conclusory assertions and observations of the record are not proper expert opinions***. As further detailed below, Dr. Green's testimony consists largely of making factual observations and offering commentary on documents and deposition testimony in the record. Notably, Dr. Green's testimony does *not* involve any testing or review of actual data

Cooley LLP
Attorneys At Law
San Francisco

2.

Google Inc.'s Objections
to Reply Evidence
13-md-2430 LHK

(even though Plaintiffs have had access to Plaintiff Dunbar's email data for years). Nor does he tie his opinions to any particular knowledge or experience that might give him specialized insight into the issues in this case. Dr. Green's testimony is therefore nothing more than lay opinion and extraneous argument offered in the guise of an "expert" declaration.

4. ***Dr. Green asserts improper legal conclusions***. At various points in the declaration, Dr. Green also purports to tell the Court that certain issues present a "common question." (*See, e.g.*, Green Decl., 2:7, 5:19-20.) These are improper legal conclusions regarding the proper application of Rule 23. *Mukhtar v. Cal. State Univ.*, 299 F. 3d 1053, 1065 n.10 (2002) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (citations and emphasis omitted).

5. ***Plaintiffs violated the Protective Order***. Section 7.4 of the Protective Order in this matter required Plaintiffs to give 14 days notice to Google before providing Dr. Green with access to information marked "Highly Confidential." While Dr. Green previously had access to some Highly Confidential materials in his role as an expert in *Dunbar*, Plaintiffs have given Dr. Green access to additional Highly Confidential material that were produced or generated in the MDL (not *Dunbar*) and are thus subject to the current Protective Order. (*See* Green Decl., ¶ 3.) Plaintiffs should not be allowed to rely on testimony that relies on material provided in violation of the Protective Order.

6. ***Dr. Green's current declaration is contradicted by his own prior testimony***. While Dr. Green now opines that Google's systems have "uniform application" (Green Decl., 2:8), he notably fails to mention his prior testimony that "while there may be a uniform process for handling inbound email, *not every email will necessarily go through all steps of the process*." (Oct. 25, 2011 Green Decl.,[2] ¶ 2 (emphasis added).) As Dr. Green conceded at the time, "this stands to reason," and he gave the specific example of emails that are marked as spam, which may not undergo processing through COB or other processes. (*Id.* ¶¶ 2, 3, 5.) He further conceded that the CAT2 Mixer is also *not* uniformly applied to all emails. (*Id.*, ¶ 4.) If the court

---

[2] This report was previously submitted in the initial class certification that was filed and denied in the Eastern District of Texas. It was also attached as Exhibit C to the March 7, 2013 Somvichian Declaration to Google's Opposition to Dunbar's Class Certification Motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

GOOGLE INC.'S OBJECTIONS
TO REPLY EVIDENCE
13-MD-2430 LHK

does not strike the current Green Declaration, it should at a minimum consider all of Dr. Green's prior statements, including his prior admissions that scanning is in fact not uniform and subject to various exceptions.

7. Summary of objections. Google's specific objections to the paragraphs of the Green Declaration are summarized in the following table. :

| Paragraph of Declaration | Objections |
| --- | --- |
| Paragraphs 1 & 2 | Attaches prior declarations from Dr. Green from *Dunbar*, which should be stricken as untimely for the reasons above. |
| Paragraph 4 | Incorporates opinions from prior declarations, which are untimely for the reasons above. Also states improper legal conclusion re "common question(s)" |
| Paragraph 5 | Addresses a merits issue that is premature on class certification. Further states improper legal conclusion re legal elements of ECPA (4:13-21.) |
| Paragraph 6 | Observations and characterizations of evidence that are not appropriate expert testimony. States improper legal conclusion on what constitutes a "common question." (5:19-20.) |
| Paragraphs 7-11 (regarding COB process) | Untimely testimony on issues that were required to be addressed in Plaintiffs' moving papers, for the reasons above. Further, the statements are observations and characterizations of evidence that are not appropriate expert testimony. |
| Paragraphs 12-15 (regarding the Medley server) | Untimely testimony on a topic that was required to be addressed in Plaintiffs' moving papers. Plaintiffs alluded to Medley in their Motion and opted not to include this additional information, which was available to them at the time. In addition, the statements consist of observations and characterizations of evidence that are not appropriate expert testimony. |
| Paragraph 16 (regarding Changeling) | Untimely. Plaintiffs did not previously raise Changeling as a potential intercepting device in their initial Motion and are precluded from asserting a new theory on reply. |
| Paragraphs 17-23 (purported method of ascertaining class members and instances of alleged scanning) | Untimely testimony on the issues of ascertaining class members and identifying instances of alleged scanning, which were required to be addressed in Plaintiffs' moving papers, as discussed above. Paragraph 21 in particular addresses documents that were available to Plaintiffs when filing the Motion, which they chose to omit from their filing. |
| Paragraph 24 (Postini) | Statements are observations and characterizations of evidence that are not appropriate expert testimony. |

For all the foregoing reasons, Google respectfully requests that the Court strike the Green Declaration in its entirety, along with all exhibits referenced in the Green Declaration that were not previously included in Plaintiffs' Motion. Alternatively, if the Court does allow these materials as part of the record, Google requests a reasonable opportunity to respond in a supplemental pleading.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

GOOGLE INC.'S OBJECTIONS
TO REPLY EVIDENCE
13-MD-2430 LHK

**GOOGLE'S RESPONSES TO PLAINTIFFS' EVIDENTIARY OBJECTIONS**

Plaintiffs' scattershot evidentiary objections to Google's evidence should be denied. <u>First</u>, Plaintiffs lump together generalized categories of objections into a single paragraph for the Court and Google to sort out. But Plaintiffs bear the burden to state "specific ground" for each and every objection. Fed. R. Evid. 103(a)(1)(B); *see Torres v. Johnson Lines*, 932 F.2d 748, 752 (9th Cir. 1991) (objection waived if not specific). <u>Second</u>, the great bulk[3] of challenged material consists of authenticating various articles, deposition testimony, and public materials, and quoting relevant passages for the Court's convenience. This is not argument; nothing in these declarations or exhibits was meant to avoid page limits any more than Plaintiffs' declarations and their 100-plus exhibits were. <u>Third</u>, the articles attached to and excerpted in the Wong Declaration are not hearsay because they are not offered to prove the truth of the matter asserted. Rather, the articles show potential notice of automated scanning in Gmail to purported class members. (*See* Opp'n 4:4-5:17; 14:8-17.) *See also Hiram v. United States*, 354 F.2d 4, 6 (9th Cir. 1965) (A "newspaper article was not hearsay since it was not offered for the truth of the matter stated therein but only to show notice. . .").) <u>Fourth</u>, Plaintiffs' vague challenge to the Stewart Declaration ignore the Rule of Completeness: where a party offers only a portion of a writing, the party against whom it is offered is entitled to offer other portions of the same or related writings to avoid "misunderstanding or distortion." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) (finding "clear abuse of discretion" where court did not consider entirety of document necessary to make portion of document previously introduced not misleading). <u>Finally</u>, Google filed many of the declarations and exhibits of which Plaintiffs now complain in its opposition to class certification in *Dunbar*.[4] Tellingly, Plaintiffs did not raise a single objection to any of the proffered declarations or exhibits then.[5]

---

[3] *E.g.*, Wong Declaration paragraphs 13-26 (exs. 2-19) all describe and attach news articles.
[4] *Compare, e.g.*, Sardo Decl. Exs. A, B, C, D, & F (Docket No. 261-11, 12-cv-3305 LHK) *with* Wong Decl. Exs. 7, 9, 25, 4, & 12. The Czubiak and Haamel Declarations are virtually identical to those filed in *Dunbar* but with updated statistics.
[5] Google's exhibits to the Wong Declaration do not violate the parol evidence rule, which excludes the use of extrinsic evidence in the interpretation of contracts "when there is a single and final memorial of the understanding of the parties" to such contract. *Alling v. Universal Mfg. Corp.*, 5 Cal. App. 4th 1412, 1434 (1992). The exhibits to the Wong Declaration are offered not to aid in contract interpretation, but to address the distinct issue of consent.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

GOOGLE INC.'S OBJECTIONS
TO REPLY EVIDENCE
13-MD-2430 LHK

Dated: December 26, 2013

COOLEY LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
KYLE C. WONG (224021)

/s/ Whitty Somvichian

Attorneys for Defendant GOOGLE, INC.

1245849 /SF

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

GOOGLE INC.'S OBJECTIONS
TO REPLY EVIDENCE
13-MD-2430 LHK