UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE INC. GMAIL LITIGATION | ) Case No.: 5:13-MD-2430-LHK ) ) ) ORDER DENYING DEFENDANT'S ) MOTION FOR § 1292(b) ) CERTIFICATION FOR ) INTERLOCUTORY REVIEW ) |
| THIS DOCUMENT RELATES TO: **ALL ACTIONS** | |

On September 26, 2013, this Court granted in part and denied in part Defendant Google's Motion to Dismiss Plaintiffs' Consolidated Complaint in this multi-district litigation. *See* ECF No. 69 ("September 26, 2013 Order"). Google filed a Motion for § 1292(b) Certification for Interlocutory Review of this Court's September 26, 2013 Order. *See* ECF No. 80 ("Section 1292(b) Certification Motion"). Plaintiffs filed an Opposition. *See* ECF No. 83. This Court held a hearing on the Section 1292(b) Certification Motion on October 29, 2013. *See* ECF No. 94. Having considered the parties' filings, arguments at the hearing, and the relevant law, the Court, in its discretion, DENIES Google's Section 1292(b) Certification Motion.

Case No.:  13-MD-02430-LHK
ORDER DENYING DEFENDANT'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW

United States District Court
For the Northern District of California

## I.      LEGAL STANDARD

A district court may, in its discretion, certify an interlocutory order in a civil action for appellate review when the court is of "the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

## II.     DISCUSSION

The Court here finds that the immediate appeal of the September 26, 2013 Order will not "materially advance the termination of the litigation." 28 U.S.C. § 1292(b). The Court notes that this litigation is unlike other cases in which little to no discovery has occurred prior to the motion to dismiss. In fact, the oldest case in the instant multi-district litigation has been pending for more than three years. Furthermore, in that case, Google had an opportunity to seek appellate review of a May 23, 2011 order rejecting Google's motion to dismiss based on Google's consent and ordinary course of business exception arguments, the same arguments that are the subject of this Court's September 26, 2013 Order, but Google chose not to do so. The long and tortuous procedural history of this litigation, as set forth below, demonstrates why further delaying this three-year-old litigation for immediate appellate review is unwarranted.

The first case that makes up this multi-district litigation, *Dunbar v. Google*, was filed on November 17, 2010, in the Eastern District of Texas. *See Dunbar v. Google, Inc.* ("*Dunbar I*"), No. 10-CV-194, ECF No. 61 (E.D. Tex. May 23, 2011). Google moved to dismiss the complaint on

Case No.:  13-MD-02430-LHK
ORDER DENYING DEFENDANT'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW

United States District Court
For the Northern District of California

February 4, 2011, *see Dunbar I*, ECF No. 13 (E.D. Tex. Feb. 4, 2011), but Plaintiffs amended their complaint, *see Dunbar I*, ECF No. 17 (E.D. Tex. Feb. 21, 2011), thereby mooting the initial motion to dismiss. Google subsequently moved to dismiss the amended complaint on March 10, 2011, *see Dunbar I*, ECF No. 23 (E.D. Tex. March 10, 2011). Google's motion to dismiss was based on the "ordinary course of business" and consent exceptions to the Wiretap Act, the same exceptions at issue in this Court's September 26, 2013 Order. *See id.* at 7-11 ("Scanning in the Ordinary Course of Business is Excluded From Liability Under the Wiretap Act" and "The Alleged Interception Is Lawful Because the Gmail Account Holder Consents"). While the motion was being briefed, discovery commenced. *See Dunbar I*, ECF Nos. 42 & 43 (E.D. Tex. April 20, 2011).

After full briefing, on May 23, 2011, Judge Folsom denied in full Google's motion to dismiss. *See Dunbar I*, ECF No. 61 (E.D. Tex. May 23, 2011). Judge Folsom rejected Google's contention that Gmail users had consented to the interceptions. Judge Folsom ruled that at the pleading stage, he could not conclude that Gmail users had consented to the specific alleged interceptions at issue in the case. *Id.* at 6-7. Moreover, Judge Folsom rejected Google's "ordinary course of business" argument, holding that "[t]he applicability of the 'ordinary course of business' exception . . . cannot be resolved at the pleading stage." *Id.* Google did not, however, move for section 1292(b) certification of Judge Folsom's May 23, 2011 order despite the fact that the case at the time was only six months old, and the parties had not accrued substantial litigation expenses.

After the unappealed May 23, 2011 motion to dismiss order, discovery accelerated in *Dunbar*. The parties exchanged discovery and filed various discovery motions. In an August 17, 2011 scheduling order, Judge Folsom indicated that Google had produced 28,000 pages of documents and then subsequently produced 706,000 pages of discovery. *See Dunbar I*, ECF No. 87 (E.D. Tex. Aug. 17, 2011). Judge Folsom further set a deadline of October 25, 2011 for class discovery with a hearing on class certification set for December 8, 2011. *See id.*

Case No.:  13-MD-02430-LHK
ORDER DENYING DEFENDANT'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW

**United States District Court**
For the Northern District of California

1      The parties proceeded on this schedule, taking substantial discovery in the lead up to the

2   class certification hearing. After the hearing, on March 16, 2012, Judge Folsom entered an order

3   denying Plaintiffs' class certification motion without prejudice. *See Dunbar I*, ECF No. 156 (E.D.

4   Tex. March 16, 2012). On April 20, 2012, Google filed another motion to dismiss. *See Dunbar I*,

5   ECF No. 160 (E.D. Tex. April 20, 2012). In the alternative Google requested that the case be

6   transferred to the Northern District of California. *See id.* The motion to transfer was granted, and

7   the case was transferred to this Court and assigned to the undersigned judge on June 27, 2012. *See*

8   *Dunbar v. Google*, *Inc.* ("*Dunbar II*"), No. 12-3305, ECF No. 180 (N.D. Cal. July 23, 2012).

9      This Court held an initial Case Management Conference after transfer on August 29, 2012.

10  At that conference, though the Court declined to set a full case schedule, the Court explicitly noted

11  that "[d]iscovery may proceed as to Plaintiff's individual claims as set forth in the Second

12  Amended Class Action Compliant." *See Dunbar II*, ECF No. 207 (N.D. Cal. Aug. 30, 2012). The

13  day after the conference, Plaintiff moved for leave to amend the complaint and indicated his intent

14  to file a renewed class certification motion. *See Dunbar II*, ECF No. 205 (N.D. Cal. Aug. 28,

15  2012). After full briefing, this Court granted the motion for leave to amend. *See Dunbar II*, ECF

16  No. 226 (N.D. Cal. Dec. 12, 2012).[1] The Court found that Plaintiff had been diligent since Judge

17  Folsom's denial of the initial class certification motion and that Google would not be unduly

18  prejudiced by amendment because the Court would not reopen class discovery. *Id.* at 17-25.

19  Thereafter, Plaintiff filed a Third Amended Complaint, which Google did not move to dismiss. *See*

20

21  ─────────────
    [1] The Court's order also contained a detailed discussion of the discovery that had already been
22  undertaken. The Court noted that Plaintiff had sought information regarding Plaintiff's email
    account in May 2011, which Google had not produced. *See Dunbar II*, ECF No. 226 at 3-5 (N.D.
23  Cal. Dec. 12, 2012). Yet, at a subsequent meet and confer, Google's counsel indicated that
    Plaintiff's emails were scanned, which suggested that Google had this information. *See id.*
    Nonetheless, in December 2012, Google had not produced the information, and Plaintiff filed a
24  motion to compel, which Judge Grewal granted on January 8, 2013. *See id.* at 18-19; *Dunbar II*,
    ECF No. 244 (N.D. Cal. Jan. 8, 2013) (order granting in part motion to compel). Judge Grewal
25  ordered that all materials that were the subject of his order be produced by January 25, 2013. *See*
    *Dunbar II*, ECF No. 244 (N.D. Cal. Jan. 8, 2013).

26                                              4
27  Case No.:  13-MD-02430-LHK
    ORDER DENYING DEFENDANT'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY
    REVIEW
28

*Dunbar II*, ECF No. 228 (N.D. Cal. Dec. 14, 2013). Rather, Google answered the Third Amended complaint. *See Dunbar II*, ECF No. 246 (N.D. Cal. Jan. 14, 2013).

On January 8, 2013, this Court held a further case management conference and set a briefing schedule on Plaintiff's class certification motion. *See Dunbar II*, ECF No. 242 (N.D. Cal. Jan. 8, 2013). Under that scheduling order, Plaintiff's deadline to file a class certification motion was January 28, 2013, Defendant's opposition was due on March 7, 2013, and Plaintiff's reply was due on March 28, 2013. *See id.* The class certification motion was fully briefed pursuant to this scheduling order. *See Dunbar II*, ECF No. 249 (N.D. Cal. Jan. 28, 2013) (motion); *Dunbar II*, ECF No. 261 (N.D. Cal. March 7, 2013) (opposition); *Dunbar II*, ECF No. 269 (N.D. Cal. March 28, 2013) (reply).

While *Dunbar* was pending, five other actions involving substantially similar allegations against Google were filed in this District and throughout the country. *See Scott, et al. v. Google, Inc.*, No. 12-3413 (N.D. Cal.); *Scott v. Google, Inc.*, No. 12-614 (N.D. Fla.); *A.K. v. Google, Inc.*, No. 12-1179 (S.D. Ill.); *Knowles v. Google, Inc.*, No. 12-2022 (D. Md.); *Brinkman v. Google, Inc.*, No. 12-6699 (E.D. Pa.). On April 1, 2013, the Judicial Panel on Multidistrict Litigation issued a Transfer Order, centralizing *Dunbar* along with the five other actions in the Northern District of California before the undersigned judge. *See* ECF No. 1. At an initial case management conference on April 19, 2013, the Court ordered Plaintiffs to file a consolidated complaint on May 16, 2013, and set the briefing schedule for any motion to dismiss and scheduled a hearing for September 5, 2013. *See* ECF No. 9. The Court also set a briefing schedule on Plaintiffs' Motion for Class Certification and scheduled a hearing for January 16, 2014. *See id.* On May 6, 2013, this Court related a seventh action, *Fread v. Google, Inc.*, No. 13-1961 (N.D. Cal.), as part of this multi-district litigation. *See* ECF No. 29.

In line with the Court's scheduling order, Plaintiffs filed a Consolidated Complaint on May 16, 2013. *See* ECF No. 38. Google filed a Motion to Dismiss the Consolidated Complaint on June

Case No.: 13-MD-02430-LHK
ORDER DENYING DEFENDANT'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW

United States District Court
For the Northern District of California

1  13, 2013. *See* ECF No. 44. Plaintiffs filed their opposition to Google's Motion to Dismiss on July

2  11, 2013. *See* ECF No. 53. Google filed a reply on July 29, 2013. *See* ECF No. 56. This Court held

3  a hearing on the Motion to Dismiss on September 5, 2013. *See* ECF No. 64. The Court issued an

4  Order Granting in Part and Denying in Part the Motion to Dismiss on September 26, 2013. *See*

5  ECF No. 69.[2]

6      On October 2, 2013, the Court issued a further scheduling order, which maintained the

7  dates for class certification briefing and added deadlines for fact and expert discovery, along with

8  deadlines for dispositive motions and scheduled a pretrial conference for September 25, 2014, and

9  trial for October 20, 2014. *See* ECF No. 76. Subsequently, Plaintiff filed a Motion for Class

10  Certification, which has been fully briefed in accordance with the Court's schedule. ECF Nos. 87,

11  101, 112. The Court intends to rule on Plaintiffs' Motion for Class Certification shortly.

12      In light of this procedural history, the Court notes that this is not a case in which the parties

13  have yet to accrue substantial litigation expenses that can be avoided by immediate appeal. Rather,

14  multiple motions to dismiss have been fully briefed, argued, and ruled upon; multiple motions for

15  class certification have been fully briefed; class discovery had closed in one of the cases more than

16  two years ago; and fact discovery on the merits is set to close in less than three months. Due to the

17  _____

[2] One of the critical issues decided in this Court's September 26, 2013 Order was the scope of the
18  "ordinary course of business" exception to the Wiretap Act, under which the use of any "telephone
or telegraph instrument, equipment or facility, or any component thereof . . . being used by a
19  provider of wire or electronic communication service in the ordinary course of its business" is not
prohibited. 18 U.S.C. § 2510(5)(a)(ii). This Court narrowly construed the exception, because *inter*
20  *alia* it found that the word "ordinary" limited the exception because the modifier signaled that "not
everything that a company may want to do falls within the 'ordinary course of business'
21  exception," and because Google's interceptions violated Google's own internal policies. September
26, 2013 Order at 14, 20-21. Multiple definitions of the "ordinary course of business" have been
22  proposed. For example, Plaintiffs propose the definition of "necessary" to providing the electronic
communication service. Google proposes "within customary and routine business practices." This
23  Court's September 26, 2013 Order held that an interception must be "instrumental" to the provision
of the electronic communication services to fall within the "ordinary course of business" exception.
24  Regardless of which definition is adopted, the Court finds that factual development would be
necessary in determining whether Google's interceptions fall within the "ordinary course of
25  business" exception. For example, the Court cannot determine based on the pleadings alone what is
"necessary," "customary or routine," or "instrumental" to Google's business.

26                                            6

27  Case No.: 13-MD-02430-LHK
ORDER DENYING DEFENDANT'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY
REVIEW
28

considerable expenses that have already accrued and the fact that the current case schedule contemplates trial in October 2014, the Court finds that termination of the litigation is more likely to be materially advanced by proceeding to final judgment.[3]

## III.        CONCLUSION

For the foregoing reasons, the Court, in its discretion, DENIES Google's Section 1292(b) Certification Motion.


**IT IS SO ORDERED.**

Dated: January 27, 2014                                _____

                                                                  LUCY H. KOH
                                                                  United States District Judge

---

[3] Google contends that certification is warranted by the fact that appellate review will provide clarity not only in this litigation, but in other cases pending before the Court. However, the questions Google moves to certify do not address the thorny issues presented in other litigation pending before this Court. For example, Google does not move to certify the question whether the consent exception to the state anti-wiretapping laws compels dismissal of the complaint in the instant litigation. Determining whether the consent exception applies requires consideration of whether non-Gmail users who sent emails to Gmail users consented to Google's interceptions despite the fact that non-Gmail users had not agreed to any of Google's Terms of Service or Privacy Policies. *See* Fla. Stat. § 934.03(2)(d); Md. Code, Cts. & Jud. Proc. § 10-402(c)(3); 18 Pa. Cons. Stat. § 5704(4) (requiring that both parties to an interception consent for the consent exception to apply). The Court finds that certifying the September 26, 2013 Order for interlocutory review when Google does not seek appellate review of non-Gmail users' consent would not advance Google's stated goal in its Section 1292(b) Certification Motion of providing an authoritative decision that would have "important precedential value for other cases." Section 1292(b) Certification Motion at 10. This is so because other pending litigation, including the litigation related to the case Google cites, implicates the rights of non-users of electronic communication service providers. *See Holland v. Yahoo!, Inc.*, No. 13-4980, ECF No. 1 ¶ 21 (N.D. Cal. Oct. 25, 2013).

7

Case No.:  13-MD-02430-LHK
ORDER DENYING DEFENDANT'S MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW