Thomas R. Burke (CA State Bar No. 141930)
Jonathan L. Segal (CA State Bar No. 264238)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:     (415) 276-6500
Facsimile:      (415) 276-6599
Email:           thomasburke@dwt.com
                     jonathansegal@dwt.com

Attorneys for Media Intervenors

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE GMAIL LITIGATION | Case No. 5:13-md-02430-LHK |
| | **NOTICE OF MOTION AND MOTION OF NON-PARTY PRESS ORGANIZATIONS FOR AN ORDER TO INTERVENE AND OPPOSITION TO PARTIES' MOTION TO SEAL; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date:   June 19, 2014<br>Time:  1:30 p.m.<br>Judge: Hon. Lucy H. Koh<br>Courtroom: 8-4th Floor |

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ................................................................................................. 3

II. THE MEDIA INTERVENORS SHOULD BE PERMITTED TO INTERVENE
FOR THE PURPOSE OF OPPOSING THE PARTIES' SEALING MOTIONS .................... 4

III. THE PARTIES' MOTIONS TO SEAL SHOULD BE DENIED ............................................. 4

    A. Google Ignores the Ninth Circuit's Strong Presumption in Favor of
       Transparency. ................................................................................................................. 4

    B. Google and Plaintiff have not demonstrated good cause for sealing. ............................ 7

IV. CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods. v. Windsor*,
 521 U.S. 591 (1997) .................................................................................................................. 6

*Apple, Inc. v. Samsung Elecs. Co.*,
 2013 U.S. Dist. LEXIS 609 (N.D. Cal. 2013) ........................................................................... 7

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
 966 F.2d 470 (9th Cir. 1992) .................................................................................................. 4, 7

*Brown & Williamson Tobacco Corp. v. FTC*,
 710 F.2d 1165 (6th Cir. 1983) .................................................................................................. 7

*California ex rel. Lockyer v. Safeway, Inc.*,
 355 F. Supp. 2d 1111 (C.D. Cal. 2005) ................................................................................. 4, 7

*CBS, Inc. v. District Court*,
 765 F.2d 823 (9th Cir. 1985) ..................................................................................................... 4

*Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*,
 661 F.3d 417 (9th Cir. 2011) ..................................................................................................... 5

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
 331 F.3d 1122 (9th Cir. 2003) ................................................................................................... 4

*Gemini Aluminum Corp. v. Cal. Custom Shapes*,
 95 Cal. App. 4th 1249 (Cal. App. 4th Dist. 2002) .................................................................. 10

*Globe Newspaper Co. v. Superior Court*,
 457 U.S. 596 (1982) ........................................................................................................... 3, 4, 7

*In re High-Tech Employee Antitrust Litigation*,
 2013 U.S. Dist. LEXIS 6606 (N.D. Cal. Jan. 15, 2013) ........................................................ 6, 7

*Kamakana v. City and Cnty. of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) ............................................................................................ 5, 6, 7

*Keen v. Nestle Waters N. Am., Inc.*,
 2011 U.S. Dist. LEXIS 148874 (S.D. Ind. Dec. 28, 2011) ..................................................... 10

*Leigh v. Salazar*,
 677 F.3d 892 (9th Cir. 2012) ..................................................................................................... 5

*Mahon v. Ticor Title Ins. Co.*,
 683 F.3d 59 (2d Cir. 2012) ........................................................................................................ 6

*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*,
 20 Cal. 4th 1178 (1999) .................................................................................................... 4, 5, 7

ii

DAVIS WRIGHT TREMAINE LLP

*Oregonian Publishing Co. v. District Court*,
   920 F.2d 1462 (9th Cir. 1990) .............................................................................................. 4

*Prado-Steiman v. Bush*,
   221 F.3d 1266 (11th Cir. 2000) ............................................................................................ 6

*Press-Enterprise Co. v. Superior Court*,
   464 U.S. 501 (1984) ............................................................................................................. 4

*Press-Enterprise Co. v. Superior Court*,
   478 U.S. 1, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986) ......................................................... 1, 4

*Richmond Newspapers, Inc. v. Virginia*,
   448 U.S. 555 (1980) .................................................................................................... 4, 5, 7

*San Jose Mercury News, Inc. v. U.S. Dist. Court*,
   187 F.3d 1096 (9th Cir. 1999) .............................................................................................. 7

*United States v. Brooklier,*
   685 F.2d 1162 (9th Cir. 1982) .............................................................................................. 1

*United States v. Business of the Custer Battlefield Museum*,
   658 F.3d 1188 (9th Cir. 2011) .............................................................................................. 1

*Waller v. Georgia*,
   467 U.S. 39 (1984) ............................................................................................................... 4

**Statutes**

Cal Civ Code § 3426.1(d) .......................................................................................................... 10

**Rules**

Local Civil Rule 79-5 ...................................................................................................... 8, 9, 10

Rule 26(c) ................................................................................................................................ 7, 8

**Other Authorities**

Claire Cain Miller, *Google Accused of Wiretapping in Gmail Scans*, N.Y. TIMES (Oct. 1.,
   2013) .................................................................................................................................... 3

DAVIS WRIGHT TREMAINE LLP

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 19, 2014 at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 8, 4th Floor of this Court, located at 280 South 1st Street, San Jose, California 95113, non-party Allbritton Communications Company; Atlantic Media, Inc.; California Newspaper Publishers Association; Courthouse News Service; Forbes LLC; Gannett Co., Inc.; Investigative Reporting Workshop at American University; The McClatchy Company; MediaNews Group, Inc., d/b/a Digital First Media; National Press Photographers Association; National Public Radio, Inc.; The New York Times Company; The New Yorker; The Newspaper Guild - CWA; North Jersey Media Group Inc.; POLITICO LLC; Reporters Committee for Freedom of the Press; Reuters America LLC; The Seattle Times Company, the American Society of Newspaper Editors; Association of Alternative Newsmedia; Digital Media Law Project; First Amendment Coalition; Online News Association; the Society for Professional Journalists, and The Washington Post Company (collectively, the "Media Intervenors") will and hereby do move this Court for an order permitting the Media Intervenors to intervene in the above actions for the limited purpose of challenging restrictions on the public's right of access to court records, to oppose the Parties' pending motions to seal documents related to class certification motion.  These cases involve far-reaching issues that have the potential not only to alter the provision of email service by one of the top email providers in the world, but also to alter the way other email systems provide service.

This Motion is made on the following grounds:

1.     Under the First Amendment and the federal common law, the press and the public have a presumptive right of access to court proceedings and documents.  *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986) ("Press-Enterprise II"); *United States v. Business of the Custer Battlefield Museum*, 658 F.3d 1188, 1192 (9th Cir. 2011). There is no compelling interest sufficient to overcome the public's First Amendment and common law rights of access here, nor is the sealing of all records and docket entries "narrowly tailored" to serve any such asserted interest, especially given that the proceedings before this Court appear to be concluded, and there is no ongoing investigation. *See, e.g., United States v. Brooklier,* 685

F.2d 1162, 1172 (9th Cir. 1982).

2.  In the alternative, Google has not made a sufficient showing under the "good cause" standard to justify sealing the documents in question.

This Motion is based on the attached Memorandum Of Points And Authorities, all pleadings, records and papers on file in this action, all matters of which this Court may take judicial notice, and such further evidence and argument as may be presented during the hearing on this Motion.

For the reasons set forth, the Media Intervenors respectfully request this Court to grant its Motion, and to deny the Parties' motions to seal.

DATED this 19th day of February 2014.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


By:  _____*/s/ Thomas R. Burke*
         Thomas R. Burke

Attorneys for Media Intervenors

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT

Members of the news media – Allbritton Communications Company, American Society of News Editors, Association of Alternative Newsmedia, Atlantic Media, Inc., California Newspaper Publishers Association, Courthouse News Service, Digital Media Law Project, First Amendment Coalition, Forbes LLC, Gannett Co., Inc., Investigative Reporting Workshop at American University, The McClatchy Company, MediaNews Group, Inc., d/b/a Digital First Media, National Press Photographers Association, National Public Radio, Inc., The New York Times Company, The New Yorker, The Newspaper Guild - CWA, North Jersey Media Group Inc., Online News Association, POLITICO LLC, The Reporters Committee for Freedom of the Press, Reuters America LLC, The Seattle Times Company, the Society of Professional Journalists, and The Washington Post Company – (collectively, "Media Intervenors") file this opposition to the plaintiffs' and defendant's motions (Docket Nos. 87, 88, 101, 123, 112, and 106) to seal documents related to the class certification proceeding in this civil action.   Media Intervenors ask the Court to deny the motions to seal, and require the parties to litigate this case in the public view.

The public interest in this case cannot be overstated, as evidenced by the worldwide focus on this court's September ruling on Google's motion to dismiss.   This case has the potential to not only affect the rights of the millions of class members, but also to set precedent on vital issues of first impression for privacy law. *See, e.g.,* Claire Cain Miller, *Google Accused of Wiretapping in Gmail Scans*, N.Y. TIMES (Oct. 1., 2013) ("This ruling has the potential to really reshape the entire e-mail industry.").

Thus, the parties' efforts to litigate this case in secrecy – and in violation of clear Ninth Circuit precedent – are especially troubling.   The parties have failed to overcome the Ninth Circuit's strong presumption that records filed in a civil case are available to the public.   Neither party has presented sufficiently specific or compelling reasons to hide documents from public view.   Instead, the parties have asked the Court to reflexively seal thousands of pages of documents in a case that could impact the privacy rights of millions of Americans.   The motions

3

DAVIS WRIGHT TREMAINE LLP

1  should be denied, and all documents in this litigation should be publicly available, unless the
2  parties satisfy the high bar for demonstrating that sealing is necessary.

## II. THE MEDIA INTERVENORS SHOULD BE PERMITTED TO INTERVENE FOR THE PURPOSE OF OPPOSING THE PARTIES' SEALING MOTIONS

It is well established that the media has standing to challenge the sealing of judicial proceedings and records and to assert the public's – and its own – right of access to those records. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25, (1982) (newspaper has right to be heard on issue of exclusion from court proceedings). To that end, the Ninth Circuit has held that non-parties, like the Media Intervenors, should be permitted to intervene for the purpose of challenging limitations on the right of access. *See, e.g., Beckman Industries, Inc.* v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992). For these reasons, The Media Intervenors' request to intervene for the limited purpose of opposing the parties' motions to seal.

### III.   THE PARTIES' MOTIONS TO SEAL SHOULD BE DENIED

#### A.   Google Ignores the Ninth Circuit's Strong Presumption in Favor of Transparency.

The Court should reject Google's motions to seal, in their entirety, because they rely on the incorrect legal standard for sealing civil litigation documents. Under the First Amendment, the press and the public have a broad, presumptive right of access to judicial proceedings and court records. *See, e.g., Oregonian Publishing Co. v. District Court*, 920 F.2d 1462, 1467 (9th Cir. 1990); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980) (criminal trials); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 505-508 (1984) ("Press-Enterprise I") (voir dire); *Waller v. Georgia*, 467 U.S. 39, 47 (1984) (suppression hearings); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("Press-Enterprise II") 478 U.S. at 12-13 (preliminary hearings). *See also NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178, 1217-1218 (1999) ("NBC Subsidiary"). The common law guarantees a similar right of public access to court records. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

This right of access is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'" *Globe*

4

*Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982).  The presumption of public access "is no quirk of history."  *Richmond Newspapers*, 448 U.S. at 569, 580 n.17.  Instead, as the Supreme Court has observed, openness allows "the public to participate in and serve as a check upon the judicial process – an essential component in our structure of self-government."  *Globe Newspaper Co*., 457 U.S. at 606.  And in *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985), this Court reaffirmed that this "right of access is grounded in the First Amendment and in common law, and extends to documents filed in pretrial proceedings as well as in the trial itself."  As Judge King explained in *California ex rel. Lockyer v. Safeway, Inc*., 355 F. Supp. 2d 1111, 1124 (C.D. Cal. 2005), "[t]he courts' legitimacy in our system of government derives in large measure from our historical commitment to offering reasoned decisions publicly setting forth our rationale not only to litigants, but to the people in whose name we administer justice."

This presumption applies with equal force to civil proceedings.  *See, e.g., Richmond Newspapers*, 448 U.S. at 580 n.17 (Burger, C.J.) ("historically both civil and criminal trials have been presumptively open").  As the California Supreme Court noted, "the public has an interest in *all* civil cases, in observing and assessing the performance of its public judicial system …."  *NBC Subsidiary*, 20 Cal. 4th at 1210 (original emphasis).  There, after carefully reviewing cases from across the nation, the Court concluded that "every lower court opinion of which we are aware that has addressed the issue of First Amendment access to civil trials and proceedings has reached the conclusion that the constitutional right of access applies to civil as well as criminal trials."  *Id.* at 1208 (citations omitted; original emphasis).  Thus, it is no surprise that for more than two decades, this Circuit consistently has championed transparency and openness in criminal and civil cases.

Accordingly, the Ninth Circuit has long recognized a strong public right of access to all government documents, including judicial filings.  Government transparency "has made possible the vital work of Ida Tarbell, Rachel Carson, I.F. Stone, and the countless other investigative journalists who have strengthened our government by exposing its flaws."  *Leigh v. Salazar*, 677 F.3d 892, 897 (9th Cir. 2012).  Indeed, "courts have a duty to conduct a thorough and searching review of any attempt to restrict public access."  *Id.* at 900.

Under this strong presumption of transparency, "the public is permitted access to litigation documents and information produced during discovery." *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and citations omitted). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).

To overcome the strong presumption that civil litigation documents are public, the moving party must present "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Google seeks to ignore this well-established precedent, and urges the Court to seal the documents as long as Google merely demonstrates "good cause."[1] By arguing for this lower standard, Google fails to address the substantial public interest in the litigation documents. Google's argument is based on the incorrect assumption that motions for class-certification are non-dispositive, and therefore are entitled to a narrow exception from this Circuit's presumption of transparency.

Contrary to Google's view, the Supreme Court held that because "class certification issues are dispositive[,]" it was unnecessary to consider arguments about Article III standing issues. *Amchem Prods. v. Windsor*, 521 U.S. 591, 612 (1997); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012) (citing *Windsor*); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000) ("even ordinary class certification decisions by their very nature may radically reshape a lawsuit and significantly alter the risk-benefit calculation of the parties, leading to claims of irreparable harm.").

Google relies on *In re High-Tech Employee Antitrust Litigation*, 2013 U.S. Dist. LEXIS 6606 (N.D. Cal. Jan. 15, 2013), in which this Court concluded that a motion for class certification was a non-dispositive motion, and applied the good-cause standard to an unopposed motion to

---

[1] Plaintiffs' sealing motions do not specify which sealing standard should apply.

6

seal. We respectfully submit that the class certification motion in this case *is* dispositive. First, as discussed above, the Supreme Court has held that class certification issues are dispositive. The Supreme Court's ruling should be the final word on the issue, and therefore this Court should treat the class certification motion in this case as dispositive. Second, in its opinion in *In re High-Tech*, this Court recognized that "there may be circumstances in which a motion for class certification is case dispositive." 2013 U.S. Dist. LEXIS 6606 at *8, n.1. This lawsuit is precisely such a case, as the grant or denial of class certification will determine whether millions of Gmail users nationwide can seek damages for Google's alleged privacy violations.

Because Google applied the incorrect standard for motions to seal, and fails to address the public interest in having access to the court filings in this case, Media Intervenors urge the Court to reject the motions in their entirety. Under the more-stringent standard that applies to the sealing motions before the Court, the right of access guaranteed by the First Amendment and the common law may be overcome only by a showing of (1) "compelling reasons," (2) articulated in specific, on-the-record findings, (3) that a sealing order "is essential to preserve higher values and (4) is narrowly tailored to serve that interest." *See, e.g., Richmond Newspapers*, 448 U.S. at 580-581; Globe Newspaper Co., 457 U.S. at 604-605 (1982); *Kamakana,* 447 F.3d at 1178-1179. *See also Safeway*, 355 F. Supp. 2d at 1125; *NBC Subsidiary*, 20 Cal. 4th at 1217-1218; *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). The Ninth Circuit has made clear that only a limited array of interests are compelling enough to justify an order sealing court records. This Court has ruled that compelling reasons exist when court files might have become a vehicle for improper purposes, or if sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing. *Apple, Inc. v. Samsung Elecs. Co.,* 2013 U.S. Dist. LEXIS 609 (N.D. Cal. 2013). Having failed to apply this standard, Google has not made a sufficient showing to defeat it. *See supra* Section B.

**B.     Google and Plaintiff have not demonstrated good cause for sealing.**

If this Court were to determine that the motion for class certification is non-dispositive, it should nonetheless deny the motions to seal. Neither Google nor the plaintiffs have demonstrated

7

good cause to seal the court filings, nor have they provided any evidence that the information at issue constitutes trade secrets.

To seal a non-dispositive motion, "the party opposing disclosure has the burden of proving 'good cause,' which requires a showing that specific prejudice or harm will result if the protective order is not granted." *Id.*; *see also San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public"); *In re High-Tech Employee Antitrust Litigation.*, 2013 U.S. Dist. LEXIS 6606 at *6-7 ("Even under the 'good cause' standard of Rule 26(c), however, a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document."); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (internal quotation marks and citation omitted).

The parties also fail to meet the procedural requirements of this Court's Local Civil Rule 79-5. This rule provides that a sealing order "may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and that the request "must be narrowly tailored to seek sealing only of sealable material[.]" Local Civil Rule 79-5 also requires that motions to file documents under seal include a declaration "establishing that the document sought to be filed under seal, or portions thereof, are sealable," and caution that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* In its Commentary to this rule, the Court recognized its "policy of providing to the public full access to documents filed with the Court." *Id.*

Both parties have wholly failed to comply with the Court's procedural *and* substantive requirements for sealing. The motions to seal the class certification documents do not make the particularized showing of good cause that is required by both Ninth Circuit precedent and Local Civil Rule 79-5.

8

1    The gravamen of Google's arguments in favor of sealing is a nebulous economic harm that could result from the public disclosure of *any* information about Google's business model or technology. For instance, Google seeks to seal, in its entirely, "an email exchange between Google employees analyzing different Gmail systems' ability and proficiency at performing certain tasks." Declaration of Han Lee in Support of Defendant Google Inc.'s Administrative Motion to File Documents and Portions of Documents Under Seal ("Han Declaration") (Docket No. 88-1), ¶ 18. Google makes the unsupported conclusion that the revelation of *any* portion of this exchange would "provide Google competitors with an understanding of Gmail's internal architecture and its efforts to improve its systems." *Id.* Google provides no explanation why the email exchange must be sealed in its entirety, rather than redacting the specific details that would provide competitors with Google's trade secrets. This request clearly fails to meet Local Rule 79-5's requirement that sealing requests be narrowly tailored.

Similarly, in the same declaration, Google seeks to seal, in its entirety, a Google document titled "Gmail ads session analysis," "in which a Google employee describes in great detail an experiment he conducted in order to get a better understanding of how users interact with Gmail and why they click on ads." *Id*. at ¶ 19. Google argues that if this experiment were made public, "a Google competitor could simply copy the methodology and results of this experiment and reach Google's same conclusions without undertaking any of the cost or effort of designing its own systems and running its own experiments." *Id.* Google again fails to provide any concrete example of how disclosure of this informal experiment would cause material harm Google's business interests. Google relies on conjecture with no factual support. This broad and unsubstantiated allegation of harm clearly does not constitute "good cause." Likewise, Google violated Local Civil Rule 79-5 by failing to propose redactions that would narrowly tailor the request.

Google's motion to seal documents attached to its class certification opposition brief is equally broad and unsubstantiated. For instance, Google seeks to redact passages of an exhibit that describe "which information about its systems and activities Google creates records of, and which information it does not record." Declaration of Stacey Kapadia in Support of Defendant

9

DAVIS WRIGHT TREMAINE LLP

1  Google Inc.'s Administrative Motion to File Portions of Documents Under Seal ("Han
2  Declaration") (Docket No. 101-1), ¶ 11.  Google's only stated reason for this redaction is that
3  disclosure "would alert competitors to the types of information that Google deems worthwhile to
4  record and allow them to narrow their own recording processes in competing products, thus
5  causing Google competitive harm." *Id.*  It belies common sense to argue that competitors would
6  gain an economic advantage over Google if they were to learn about the company's records
7  retention schedules.  Under this same logic, the Court should seal *nearly any* information about
8  Google's business processes.   Google has plainly failed to demonstrate how any of its sealed or
9  redacted documents would *actually* damage Google's economic interests.  All of Google's
10 motions rely on similarly broad and unsubstantiated allegations of harm, which are not sufficient
11 under the good cause standard.
12       Indeed, while Google focuses on the remote chance that disclosure of this information
13 would damage its business, Google entirely fails to demonstrate why this information is a *trade*
14 *secret*.  Local Civil Rule 79-5 only allows litigants to seek to seal information that is a trade secret.
15 California law defines "trade secret" as "information, including a formula, pattern, compilation,
16 program, device, method, technique, or process, that:  (1) Derives independent economic value,
17 actual or potential, from not being generally known to the public or to other persons who can
18 obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are
19 reasonable under the circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1(d).
20 Google's motions entirely fail to even allege that the information at issue meets these
21 requirements.  Much of the information that Google seeks to seal relates to the general operation
22 of an email service that is freely available to millions of people worldwide.  Google does not
23 specifically allege how this information provides independent economic value.  *See Gemini*
24 *Aluminum Corp. v. Cal. Custom Shapes*, 95 Cal. App. 4th 1249, 1263 (Cal. App. 4th Dist. 2002)
25 ("When information has no independent economic value, a claim for misappropriation lacks
26 merit.").  Likewise, Google does not discuss any efforts that it has taken to maintain the secrecy of
27 this information.
28

10

Plaintiffs' requests to seal are equally troubling. Rather than provide any explanation for the reasons for its sealing requests, plaintiffs only reason is that Google had marked the documents as confidential. In other words, plaintiffs are allowing Google to unilaterally determine whether to seal the documents. *See Keen v. Nestle Waters N. Am., Inc.*, 2011 U.S. Dist. LEXIS 148874 (S.D. Ind. Dec. 28, 2011) (rejecting "a passing reference to a previously approved protective order as some sort of safe harbor that automatically permits all documents marked confidential to be filed under seal."). Plaintiffs' motions to seal fall far short of both the Ninth Circuit's substantive requirements and Local Civil Rule 79-5's procedural requirements.

In short, Media Intervenors urge this Court to reject Google's attempts to circumvent the Ninth Circuit's well-established presumptions in favor of judicial transparency. We request that the Court deny all pending motions to seal documents related to the class certification proceedings. (Docket Nos. 87, 88, 101, 123, 112, and 106).

### IV.   CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that the Court grant their Motion to Intervene and deny the Parties' motions to seal.

DATED this 19th day of February 2014.

> Respectfully submitted,
>
> DAVIS WRIGHT TREMAINE LLP
>
> By:   */s/ Thomas R. Burke*
>         Thomas R. Burke
>
> Attorneys for Third-Party Intervenors

11

Motion to Intervene and Opposition
Case No. 5:13-md-02430-LHK
DWT 23583825v1 0050033-000045