Thomas R. Burke (CA State Bar No. 141930)
Jonathan L. Segal (CA State Bar No. 264238)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        thomasburke@dwt.com
              jonathansegal@dwt.com

Attorneys for Media Intervenors

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE GMAIL LITIGATION | Case No. 5:13-md-02430-LHK <br><br> **OPPOSITION OF NON-PARTY PRESS ORGANIZATIONS TO PARTIES' MOTION TO SEAL; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ........................................................................................ 1

II. GOOGLE'S MOTION TO SEAL SHOULD BE DENIED .................................................. 1

    A. There is No Basis for Sealing the Transcript of a Public Hearing Held in Open Court ........................................................................................................ 1

    B. The Good Cause Standard is Inapplicable ................................................. 4

    C. Google's Motion is Inconsistent with its Position Opposing the Media Intervenors' Prior Motion........................................................................................ 6

III. CONCLUSION ................................................................................................................ 6

DAVIS WRIGHT TREMAINE LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
   No. 11-1846, Dkt. 1036 (N.D. Cal. June 5, 2012) ...................................................................2

*CBS, Inc. v. District Court*,
   765 F.2d 823 (9th Cir. 1985)....................................................................................................2

*D'Agnese v. Novartis Pharms. Corp.*,
   No. 12-0749, 2012 U.S. Dist. LEXIS 115489 (D. Ariz. Aug. 16, 2012) ..................................2

*Fleming v. Escort, Inc.*,
   No. 09-1052013, U.S. Dist. LEXIS 45102 (D. Idaho Mar. 27, 2013) .......................................1

*Gambale v. Deutsche Bank AG*,
   377 F.3d 133 (2d Cir. 2004) ......................................................................................................3

*Kamakana v. City and Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006)...........................................................................................2, 4, 5

*Leigh v. Salazar*,
   677 F.3d 892 (9th Cir. 2012) ....................................................................................................2

*Nebraska Press Ass'n v. Stuart*,
   427 U.S. 539 (1976) ..................................................................................................................3

*Nomura v. YouTube*,
   LLC, No. C11–1208, 2013 WL 4655755 (N.D. Cal. Aug. 28, 2013).........................................5

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*,
   No. 08-1331, 2010 U.S. Dist. LEXIS 67631 (D. N.J. July 7, 2010)...........................................2

*In re Roman Catholic Archbishop of Portland in Oregon*,
   661 F.3d 417 (9th Cir. 2011).....................................................................................................5

*TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*,
   No. 09-1531, 2012 U.S. Dist. LEXIS 58227 (D. Ariz. Apr. 25, 2012)...............................1, 2, 4

**Other Authorities**

Local Civil Rule 79-5 ........................................................................................................................5

DAVIS WRIGHT TREMAINE LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   SUMMARY OF ARGUMENT

One month after publicly discussing the facts in this matter in open court—in front of members of the public, including the press—Google is now seeking to seal portions of the transcript of the class certification hearing, held February 27, 2014. Google's motion turns the presumption in favor of public access to court records on its head. Google effectively asks this Court to make secret facts that are already part of the public record. There is no legal basis for such a request. Not only is Google's motion inconsistent with Ninth Circuit precedent on access to court documents and the long-held presumption in favor of public access to judicial records, it ignores the reality that these facts are already part of the public record and the public discussion about this matter. The request is also at odds with Google's arguments in opposition to the Media Intervenors' pending motion opposing the parties' requests to seal other documents in this matter. Google argued the open exchange of information at the hearing would "dispel any purported concerns that the Media Intervenors might have about their ability to understand (and report on)" the litigation. (*See* Def. Google's Response to Non-Party Press Organizations' Motion to Intervene and Opp'n to Parties' Motions to Seal ("Response") at 2). In reality, the Media Intervenors' concerns have only continued to increase. The Court should deny Google's motion.

## II.   GOOGLE'S MOTION TO SEAL SHOULD BE DENIED

### A.   There is No Basis for Sealing the Transcript of a Public Hearing Held in Open Court

Courts have repeatedly rejected after-the-fact attempts to redact information disclosed at public hearings, because that information is already part of the public record. *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. 09-1531, 2012 U.S. Dist. LEXIS 58227, at *9 (D. Ariz. Apr. 25, 2012) (D. Ariz. April 25, 2012) (denying a motion to seal a public transcript as a "backdoor attempt[] to seal the courtroom") (internal quotations omitted); *Fleming v. Escort, Inc.*, No. 09-1052013, U.S. Dist. LEXIS 45102, at *12 (D. Idaho Mar. 27, 2013) (denying motion to seal portions of a trial transcript in which the defendant's business and financial information were

discussed on the record); *D'Agnese v. Novartis Pharms. Corp.*, No. 12-0749, 2012 U.S. Dist. LEXIS 115489, at *4 n1 (D. Ariz. Aug. 16, 2012) ("[I]t is not the practice of this Court to 'seal' public hearings and trials or the exhibits introduced therein"); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2010 U.S. Dist. LEXIS 67631, at *12 (D. N.J. July 7, 2010) (holding that "information discussed at [a hearing] became public when it was discussed on the record in open court" and denying a motion to seal the hearing transcript). In fact, when Samsung moved for Magistrate Judge Grewal of this Court to seal a transcript of a public court hearing, Judge Grewal summarily denied the request without even issuing a written opinion. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-1846, Dkt. 1036 (N.D. Cal. June 5, 2012).

Denying such requests is in line with the longstanding presumption that the public has open access to court records. The public's right of access to court records "is grounded in the First Amendment and in common law, and extends to documents filed in pretrial proceedings as well as in the trial itself." *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985). "[C]ourts have a duty to conduct a thorough and searching review of any attempt to restrict public access." *Leigh v. Salazar*, 677 F.3d 892, 900 (9th Cir. 2012). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).

Requests to seal portions of a public transcript are incompatible with the public's right of access to court records. *See Pfizer*, 2010 U.S. Dist. LEXIS 67631, at *10 ("It does not seem appropriate for the parties to engage in an open discussion on the record, without asking the Court to restrict public access, then follow the open discussion with an ex post facto application to seal the record."); *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *7–8 (calling such a request "unusual" because "it cannot be said that the parties are seeking to retain the secrecy of any information disclosed in the transcripts, for this information has already entered the public domain.").

2

Not only does Google ignore these legal precedents, but it ignores the reality that the facts it asks the Court redact are part of the public record.[1]  They were disclosed not only to persons who attended the hearing (including the members of the media who were present), but also to those who ordered a copy of the transcript from the court reporter and to those who visited the courthouse, where any member of the public may view an un-redacted copy of the transcript.

Redacting the transcript would not remove these facts from the public discussion about this case.  Instead, it would simply create a divide between those persons who attended the hearing or accessed the transcript shortly thereafter—and thus obtained these facts from the court itself—and everyone else, who would have to rely on the others for information about the case, instead of relying on the official court record.   Neither Google nor the Court can actually make these facts secret again.  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again").  Google's request to do so is futile.  For example, reporters who attended the hearing or who accessed the transcript are likely to have far more information in their notes than could be published in their initial stories about the class certification hearing, likely including the facts that Google seeks to redact.  That information may be relevant to future stories and the media are free to include it in all future reports.  *See Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 568 (1976) ("[O]nce a public hearing had been held, what transpired there could not be subject to prior restraint.").

Google fights against this conclusion by arguing that if the media did not report on a fact they learned during the hearing immediately after the hearing, they should lose their chance to do

---

[1] To the extent Google argues its motion is made pursuant to General Order No. 59, which regulates the availably of electronic transcripts, its request does not involve the personal identifying information at the heart of that order.  *See* Gen. Order 59.3 ("Redaction is limited to the following personal identifiers which must be redacted: (a) Social Security numbers; (b) financial account numbers; (c) names of minor children; (d) dates of birth; and, (e) home addresses of individuals"); Gen. Order 59.4 ("If a party wants other information redacted from the transcript, that party must move the Court for further redaction by noticed motion…).  *See also Pfizer*, 2012 U.S. Dist. LEXIS 67631, at *10 (describing the Court's electronic transcript policy as "primarily, if not exclusively, concerned with the protection of personal identifiers.").

3

1   so. Google argues that because the details it seeks to redact were not in the initial media reports

2   that it located, the facts are "not integral to the media's ability to report on the issues." (Google

3   Inc.'s Mot. to Seal Portions of Class Certification Hearing Transcript ("Motion") at 4–5). Not

4   only does this apply the incorrect legal standard, it mischaracterizes the nature of the requested

5   redactions. All eight portions of the transcript that Google seeks to redact—which together total

6   78 words—center on the Content One Box and the Gmail delivery pipeline. Both issues were

7   central to news accounts of the class certification hearing, belying Google's conclusory assertions

8   that the media is uninterested in these topics.

9   The facts that Google seeks to redact are already part of the public record, and cannot be

10  made secret again. Accordingly, Google's motion to seal should be denied.

11  **B.     The Good Cause Standard is Inapplicable**

12  Google seeks to seal the transcript for "good cause." (Motion at 3). However, this

13  standard is wholly inapplicable to motions seeking to seal documents that are already public. *See*

14  *TriQuint*, 2012 U.S. Dist. LEXIS 58227, at *19 (holding that the *Kamakana* analysis does not

15  apply to information that is already public, because "there is no longer a favorable *presumption* of

16  public access; rather, there *is* public access" and instead requiring "extraordinary circumstances"

17  to entertain such a motion) (emphasis in original). Once information has become public record—

18  as it has in this case—"whatever interests the party seeking to seal court records may have at one

19  time claimed in maintaining the confidentiality of the information disclosed in open court would

20  appear to have already given way to the public's 'interest in understanding the judicial process.'"

21  *Id.* at *20–21. At that point, there is "no longer any use for 'compelling reasons' that would

22  otherwise be offered to 'outweigh the public's interest in disclosure.'" *Id.* at *21. Accordingly,

23  neither the "compelling reasons" nor the "good cause" standard apply, and Google has failed to

24  demonstrate any "extraordinary circumstances" that justify its proposed redactions.

25  However, even if the Court were to apply the "compelling reasons" test, it should find that

26  Google failed to demonstrate any compelling reasons sufficient to justify sealing information that

27  is already available to the public. To overcome the strong presumption that civil litigation

28

DAVIS WRIGHT TREMAINE LLP

4

1 documents are public, the moving party must present "compelling reasons supported by specific
2 factual findings that outweigh the general history of access and the public policies favoring
3 disclosure." *Kamakana*, 447 F.3d at 1178-79 (citations omitted). "The mere fact that the
4 production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
5 litigation will not, without more, compel the court to seal its records." *Id.* Google has failed to
6 make this showing. Instead, it makes the conclusory assertions that failing to redact the transcript
7 would "alert competitors to the types of processes that Gmail performs," "giv[e] third parties a
8 roadmap to how these emails are routed through the Gmail system" and "permit[] competitors to
9 emulate Google's innovations." (*See* Decl. of H. Lee in Supp. of Mot. at 6). These reasons do not
10 justify sealing a document that is already public.

12 Even if Google had shown compelling reasons to seal already-public information, its
13 request would still fail because it cannot show it is "narrowly tailored to seek sealing only of
14 sealable material" as required by Local Civil Rule 79-5. Google's request is not narrowly tailored
15 to achieve the end result it wants—making the facts secret again—because those facts are already
16 public and at least some portion of the public will have access to them, even if Google's request
17 were granted. Nor is the material at issue "sealable material" because it is already in the public
18 record. *See Nomura v. YouTube*, LLC, No. C11–1208, 2013 WL 4655755, at *1 (N.D. Cal. Aug.
19 28, 2013) (denying motion to seal records that are "highly relevant to the resolution of the motions
20 before it [and] largely publicly available").

21 In addition, even if the Court were to apply the "good cause" standard, Google's request
22 would still fail. Under that standard, the party opposing disclosure has the burden of proving
23 "specific prejudice or harm will result if the protective order is not granted." *In re Roman*
24 *Catholic Archbishop of Portland in Oregon,* 661 F.3d 417, 424 (9th Cir. 2011). Google must also
25 demonstrate that its request is narrowly tailored under Local Civil rule 79-5. Once again,
26 Google's conclusory assertions fail even to meet this lesser standard. Accordingly, Google's
27 motion should be denied.
28

5

### C. Google's Motion is Inconsistent with its Position Opposing the Media Intervenors' Prior Motion

On February 19, 2014, the Media Intervenors filed a motion to intervene and opposition to Parties' motion to seal, which remains pending. That motion is intimately connected to Google's current motion. It asks the Court to reject the Parties' requests to seal documents relating to the class certification proceedings, because those requests are incompatible with the well-establish presumptions in favor of judicial transparency.

In responding to the Media Intervenors' motion, Google relied on the fact that "the Court and the parties recently conducted a two-hour hearing on Plaintiffs' class certification motion that was open to the public and proceeded with no restrictions on the use or presentation of confidential information." (*See* Response at 2). Google contended that the lack of restrictions on what the parties said in the hearing "dispell[s] any purported concern that the Media Intervener's might have about their ability to understand (and report on) the issues raised in class certification." (*Id.*).

Despite making this argument a mere four weeks ago, Google is now seeking to redact information from the transcript of that hearing, in an attempt to have it both ways. Google's current request undermines its prior argument, and serves only to demonstrate the extent of its desire to keep the public from accessing information, even when that information is already part of the public record.

### III. CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that the Court deny Google's motion to seal.

DATED this 31st day of March 2014.    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

    By:     */s/ Thomas R. Burke*
           Thomas R. Burke

    Attorneys for Third-Party Intervenors

6