Thomas R. Burke (CA State Bar No. 141930)
Jonathan L. Segal (CA State Bar No. 264238)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:      (415) 276-6599
Email:            thomasburke@dwt.com
                    jonathansegal@dwt.com

Attorneys for Media Intervenors

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE GMAIL LITIGATION | Case No. 5:13-md-02430-LHK |
| | **NOTICE OF PENDING MOTION** |

The plaintiffs and defendant in this case have made numerous motions to seal portions of this record (Docket Nos. 87, 88, 101, 106, 112, and 123).  On February 19, 2014, Media Interveners[1] opposed these sealing requests, arguing that the parties have not satisfied the legal standards required for sealing, and that the requests ignore the Ninth Circuit's strong presumption in favor of access. (Docket No. 136).  Although all of the underlying civil actions in this multidistrict litigation have settled, the Court has not yet ruled on plaintiffs' and defendant's

---

[1] Allbritton Communications Company; Atlantic Media, Inc.; California Newspaper Publishers Association; Courthouse News Service; Forbes LLC; Gannett Co., Inc.; Investigative Reporting Workshop at American University; The McClatchy Company; MediaNews Group, Inc., d/b/a Digital First Media; National Press Photographers Association; National Public Radio, Inc.; The New York Times Company; The New Yorker; The Newspaper Guild - CWA; North Jersey Media Group Inc.; POLITICO LLC; Reporters Committee for Freedom of the Press; Reuters America LLC; The Seattle Times Company, the American Society of Newspaper Editors; Association of Alternative Newsmedia; Digital Media Law Project; First Amendment Coalition; Online News Association; the Society for Professional Journalists, and The Washington Post.

1  motions to seal or the Media Interveners' objections.  Nor does it appear that the Court has issued
2  an order addressing the redaction of a portion of the transcript of the hearing on the class-
3  certification motion.
4     Because the Court has not yet ruled on the sealing motions, thousands of pages of
5  attachments remain either heavily redacted or entirely sealed.  The public continues to have a
6  strong interest in seeing the entire factual basis for the Court's class certification ruling in a case
7  that affects the privacy of millions of Americans.  Indeed, the fact that a settlement has been
8  reached should not be an obstacle to ruling on the motion or allowing access to documents.  *See*
9  *Phillips v. General Motors Corporation*, 307 F.3d 1206, 1209 (9th Cir. 2002);  *See also Ford v.*
10 *City of Huntsville*, 242 F.3d 235, 239-242 (5th Cir. 2001) (recognizing media organization's
11 standing to challenge a post-settlement confidentiality order); *Rosado v. Bridgeport Roman*
12 *Catholic Church*, 276 Conn. 168 (2005) (allowing a media outlet to intervene in clergy child abuse
13 cases that had been withdrawn, pursuant to settlement, to make modifications to a protective order
14 and remanding the case to the trial court to decide whether unsealing is appropriate).  Accordingly,
15 the Media Interveners respectfully request that the Court to rule on the motions to seal.

17 DATED this 18th day of July 2014.          Respectfully submitted,

                                             DAVIS WRIGHT TREMAINE LLP

                                             By:  */s/ Thomas R. Burke*
                                                  Thomas R. Burke

                                             Attorneys for Third-Party Intervenors

2
NOTICE OF PENDING MOTION
Case No. 5:13-md-02430-LHK
DWT 24486966v1 0200795-000001