United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE INC. GMAIL LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | Case No.: 13-MD-02430-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS |

Plaintiffs, a number of individuals who used Gmail or exchanged emails with Gmail users, brought these cases alleging that Google violated Plaintiffs' privacy rights in the operation of Gmail. The Court denied Plaintiffs' Motion for Class Certification. *See* ECF No. 158. Thereafter, the parties settled and stipulated to dismissal, and the cases were closed. *See* ECF Nos. 175, 177.

Before the Court, however, are various Administrative Motions to File Under Seal ("Sealing Motions") filed by Plaintiffs and by Google, and a Motion to Intervene filed by a number of media entities ("Media Intervenors"), who oppose the Sealing Motions. *See* ECF Nos. 87, 88, 89, 98, 101-04, 112, 123, 130, 141, 156, 162, 163 (Sealing Motions); ECF No. 136 (Motion to Intervene and opposition to Sealing Motions); ECF No. 164 (opposition to Sealing Motion).

1
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

Plaintiffs and Google have filed responses to the Motion to Intervene, ECF Nos. 144, 145, and the Media Intervenors have filed a reply, ECF No. 150. Finally, several unopposed motions to remove incorrectly filed documents and motions to supplement the record, to which this Court will refer as "Miscellaneous Administrative Motions," are also pending. *See* ECF Nos. 97, 110, 119, 121.

Having considered the briefing, the Court GRANTS the Motion to Intervene. Furthermore, having considered the Sealing Motions, declarations in support of the Sealing Motions, and Media Intervenors' oppositions to the Sealing Motions, the Court GRANTS in part and DENIES in part the Sealing Motions. Finally, the Court GRANTS the Miscellaneous Administrative Motions.

## II.  MOTION TO INTERVENE

Media Intervenors move to intervene, contending that "[i]t is well established that the media has standing to challenge the sealing of judicial proceedings and records and to assert the public's – and its own – right of access to those records." ECF No. 136. Plaintiffs responded, stating that they "do not oppose Media Intervenors' Motion to Intervene. Plaintiffs concur with Media Intervenors, and join the Intervenors' opposition to sealing any materials filed in support of, or in opposition to, Plaintiffs' pending Consolidated Motion for Class Certification." ECF No. 144. Google also responded. In its response, Google replied to Media Intervenors' position on the merits of the Sealing Motions, but did not object to Media Intervenors' Motion to Intervene. Accordingly, the sole relief sought by Google in its response was "that the Court grant Google's pending sealing motions notwithstanding the Media Intervenors' objections." *See* ECF No. 145 at 8. Thus, because the Motion to Intervene is unopposed, the Court GRANTS the Motion to Intervene. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-1846, ECF No. 1257 (N.D. Cal. July 17, 2012) (granting Reuters America LLC's unopposed Motion to Intervene to oppose sealing requests).

## III.  SEALING MOTIONS

### A.  Procedural History

The procedural history of the merits of this case is recounted in detail in this Court's Order Denying Plaintiffs' Motion for Class Certification. *See* ECF No. 158 at 14-19. Accordingly, the

2
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

Court here summarizes only the procedural history relevant to the Court's orders on prior Sealing Motions.

After *Dunbar v. Google, Inc.*, one of the cases in this multi-district litigation, was transferred from the Eastern District of California to this Court, Plaintiff Keith Dunbar ("Dunbar") filed a Motion for Leave to Amend His Complaint. *Dunbar v. Google, Inc.* ("*Dunbar*"), No. 12-3305, ECF No. 205. In connection with that Motion, the parties filed several Sealing Motions. *Dunbar*, ECF Nos. 204, 208, 210, 213, 214. On December 12, 2012, the Court granted in part and denied in part the Sealing Motions. *Dunbar*, ECF No. 227. Specifically, the Court denied without prejudice Google's request to seal several documents where Google "fail[ed] to explain how knowledge of this information will provide either an unfair advantage to competitors or dangerous information regarding Google's processes to hackers and spammers." *Id.* at 6. In total, the Court denied Sealing Motions as to eleven documents and granted only as to two.

Google renewed its Sealing Motions as to seven of the documents and filed an additional Sealing Motion as to a newly filed document. *Dunbar*, ECF Nos. 230, 234. On August 14, 2013, this Court granted in part and denied in part the renewed and new Sealing Motions. *Dunbar,* ECF No. 290. This Court noted that "Google has narrowed its sealing requests and set forth with particularity its basis for sealing" the documents at issue. *Id.* at 4. The Court denied several Sealing Motions on the basis that the information contained in the documents sought to be sealed "ha[d] already been publicly disclosed." *Id.* at 4-6.

In the multi-district litigation, the parties moved to seal portions of the Consolidated Complaint. *See* ECF Nos. 38, 40. This Court, on September 25, 2013, granted Google's Sealing Motion as to the Consolidated Complaint. *See* ECF No. 68. The Court found that Google sought to seal two types of information. First, the Court noted that Google sought to seal "specific descriptions of how Google operates." *Id.* at 5. The Court "accepted Google's theory that Google's competitors could copy its email delivery mechanisms if information about these mechanisms were made public" and concluded that compelling reasons supported sealing this material. *Id.* Second,

3
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

the Court noted that Google sought to seal information about "how users' interactions with the Gmail system affects how messages are transmitted." *Id.* The Court found that disclosure of this information could impair Google's ability to ensure security of the email system and thus that the material was sealable. *Id.* at 5-6. The Court noted that "neither of the parties has relied upon the sealed material in their briefs on the Motion to Dismiss and that the sealed information is not material to the Court's order on the Motion to Dismiss" and that "[t]he redactions only go to specific components of the Gmail delivery process that are not likely to materially increase the public's understanding of the alleged wrongdoing in this case." *Id.* at 6, n.1.

### B.      Legal Standard

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136).

The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation

4
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* The Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted; emphasis in original). In such situations, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

Even under the "good cause" standard of Rule 26(c), however, a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document. *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

In the instant case, all but one of the pending Sealing Motions relate to the briefing on the Plaintiffs' Motion for Class Certification.[1] "[T]he Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions[,] and . . . courts in this district have reached different conclusions." *Dugan v. Lloyds TSB Bank, PLC*, No. 12-2549, 2013 WL 1435223 (N.D. Cal. Apr. 9, 2013) (internal quotation marks omitted). This Court has noted that "the vast majority of other courts within this circuit" have applied the "good cause" standard to class certification motions. *See In re High-Tech Employee Antitrust Litig.*, No. 11-2509, 2013 WL 5486230, at *2 n.1 (N.D. Cal. Sept. 30, 2013). Nevertheless, this Court has also stated, "there may be circumstances in which a motion for class certification is case dispositive." *Id.*

The Court concludes that this case presents such a circumstance. The Court's ruling on Plaintiffs' Motion for Class Certification was most likely dispositive.[2] The parties settled the case after the Court denied class certification, and the Court closed the case. The fact that the class certification motion was likely dispositive weighs in favor of applying the "compelling reasons" standard.

---

[1] One Sealing Motion relates to the First Amended Consolidated Complaint, and the Court applies the "compelling reasons" standard to that Motion. *See* ECF No. 68 (applying compelling reasons standard to motion to seal the consolidated complaint).

[2] The Ninth Circuit has held that the line between dispositive and non-dispositive is not strictly formalistic. Specifically, in *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012), the Ninth Circuit applied the "compelling reasons" standard to a *Daubert* motion, which is not ordinarily considered dispositive. The Ninth Circuit stated, "[t]hat the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue. In some cases, such as this one, a *Daubert* motion connected to a pending summary judgment motion *may be effectively dispositive* of a motion for summary judgment." *Id.* (emphasis added and internal quotation marks omitted); *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (citing *Midland* and stating that "[t]here may be exceptions to the Ninth Circuit's general rule that the 'good cause' standard applies to documents attached to motions that are nominally non-dispositive."); *Keirsey v. eBay, Inc.*, No. 12-1200, 2013 WL 5609318 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the 'compelling reasons' standard is the appropriate standard.")

Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

Moreover, the principal case cited by courts in this district that apply the "good cause" standard to class certification briefing, *Rich v. Hewlett-Packard Co.*, No. 06-03361, 2009 WL 2168688 (N.D. Cal. Jul. 20, 2009), is distinguishable. In that case, Judge Fogel stated:

> [T]he rationale for distinguishing between dispositive and non-dispositive motions in the [sealing] context is that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1180. The contested issues in Plaintiffs' motion for class certification involve the procedural requirements of F.R. Civ. Pro. 23 and relate only tangentially to the underlying merits of Plaintiffs' claim. The motion thus is not "dispositive" in the relevant sense, and a showing of good cause is sufficient to justify filing these documents under seal.

*Id.* at *1. That rationale does not apply here. The documents that Google seeks to seal relate principally to the technical Google processes that emails to and from Gmail users undergo. These details would be central to the merits of Plaintiffs' causes of action, as these details would be critical to determining whether there was in fact an interception and whether the interception fell within the scope of Plaintiffs' consent.

Accordingly, because the Court's class certification order was in fact dispositive and because the briefing on class certification that Google seeks to seal implicated the merits[3] of the underlying cause of action, the Court will apply the "compelling reasons" standard.[4]

Nevertheless, the Court notes that the precise standard is less important in a case like this. The material that the Court permits Google to seal "relates to specific descriptions of how Gmail operates," the disclosure of which "which could cause competitive harm to Google" or to "how

---

[3] This is not surprising in light of the Supreme Court's admonition that "a court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 133 S. Ct. 1184, 1194 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)).

[4] After the case was closed, Media Intervenors filed a Notice that the Sealing Motions remained pending. *See* ECF No. 178. Media Intervenors contended in their Notice that the settlement of the action did not diminish the public's interest in considering the documents. *Id.* Google filed a response, requesting that the Court not consider the arguments in Media Intervenors' Notice, or in the alternative that the Court find that Media Intervenors interest in the proceedings has been diminished by the settlement. *See* ECF No. 179. The Court finds that there is no authority suggesting that settlements alter the applicable standard for whether a document is sealable.

users' interactions with the Gmail system affects how messages are transmitted," the disclosure of which "could lead to a breach in the security of the Gmail system." ECF No. 68 at 5. Such material would be sealable under either the "good cause" or "compelling reasons" because disclosure would release a trade secret or result in use for an improper purpose.

### C.  Discussion

Applying the "compelling reasons" standard, the Court rules as stated below on the Sealing Motions. The Court is mindful of balancing the potential effects of disclosure to Google against the public's need to understand the proceedings and the Court's rulings.

| **Motion to Seal** | **Document to be Sealed** | **Ruling and Rationale** |
|---|---|---|
| 87 | Motion for Class Certification and Exhibits in Support | DENIED AS MOOT. Google narrowed its request with respect to the sealing of Plaintiffs' Motion for Class Certification and accompanying exhibits. *See* ECF Nos. 88, 89. Accordingly, the Court rules on the documents subject to these Sealing Motions below. |
| 88 | Rommel Decl., Ex. E | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Rommel Decl., Ex. G | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Rommel Decl., Ex. L | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. Contrary to Media Intervenors' contention that this request could be more narrowly tailored, the Court finds that the document contains effectively only information that is likely to be proprietary. Moreover, the Court did not rely on or reference the material contained in this document in the Court's Order Denying Plaintiffs' Motion for Class Certification, and the information in this document is not likely to enhance the public's understanding of the issues in this case. |
| | Rommel Decl., Ex. O | GRANTED as to "How to obtain it" column. The material in this column could cause competitive harm to Google because the column provides insights into how Google collects certain data. DENIED as to the rest. The |

8
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

| | | |
|---|---|---|
| | | Court agrees with Media Intervenors that the request was not narrowly tailored. The information for which sealing is denied consists of what types of information Google wants to include in user profiles and thus is highly relevant to the causes of action at issue in this case and would not cause Google competitive harm. |
| | Rommel Decl., Ex. P | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Rommel Decl., Ex. W | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific way in which Google collects certain data could cause competitive harm to Google. |
| | Rommel Decl., Ex. AA | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| 89 | Motion for Class Certification | DENIED as to Page 3, Lines 22 and 23 (from "creates" to "assigns"); Page 4, Lines 9, 10, 25, and 26; Page 5, Lines 11-14, 23; Page 6, Line 6; Page 11. GRANTED as to the rest because because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Brandon Long Deposition | DENIED as to Pages 16-20. GRANTED as to the rest. The Court finds that while specific descriptions of how Gmail operates could cause competitive harm to Google, broad statements regarding which Google teams work on what processes would not cause such harm. Indeed, Google's declaration in support of these statements state merely that "[t]hese passages reveal which servers and sub-processes play a role in the overall Gmail delivery process" and that "[d]isclosure of this confidential information would alert competitors to the types of processes that Gmail performs during the email delivery process, depriving Google of a competitive advantage it has gained through its innovative structuring of the email delivery process." ECF No. 88-1 at 13. The Court finds that this broad rationale is insufficient to seal statements such as the fact that there is a "spam team which is responsible for our spam handling." ECF No. 89-3 at 16-17. |
| | Google's Responses to Interrogatories 1-7 | DENIED as to Page 15, Lines 23-24; Page 17; Page 18, Lines 1-8; Page 28, Line 19; Page 29, Lines 1, 17-20. GRANTED as to the rest. The redacted information relates to the specific number of accounts created on various Google services and to specific information about how Google operates, the disclosure of which |

| | | |
|---|---|---|
| | | could cause competitive harm to Google. The number of accounts was not relevant to the issues decided in the Court's Order Denying Plaintiffs' Motion for Class Certification. |
| | Thompson Gawley Deposition | DENIED as to Page 105, Lines 15-17; Page 123. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Aaron Rothman Deposition | DENIED as to Page 308-19. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. Moreover, in this deposition, the redacted questions address issues on which the witness specifically lacks knowledge. |
| | Google's Third Supplemental Responses to Marquis' Interrogatories | DENIED as to text outside the footnotes on page 9; last sentence on Page 12, and first sentence of response to Interrogatory No. 3 on page 12. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Rommel Decl., Ex. M | DENIED. This email chain relates to the purposes of the alleged interceptions, and therefore is critical to public understanding of the causes of action in this case. |
| | Rommel Decl., Ex. H (Google Apps Contract) | GRANTED. The specific terms of Google's contracts are trade secrets that, if disclosed, could cause competitive harm to Google. |
| | Jack Weixel Deposition | GRANTED. The four words sought to be sealed relate to specific terms of Google's contracts that are trade secrets that, if disclosed, could cause competitive harm to Google. |
| | Google's First Supplemental Responses to Marquis' Interrogatories | DENIED as to the same material denied above in Google's Third Supplemental Responses to Marquis' Interrogatories. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Google's Answers to Plaintiff's Requests for Admission | DENIED. The phrase "Google answers as follows: Denied" in response to requests for admission is not sealable. Moreover, the declaration in support of this Sealing Motion does not provide any basis on which to seal the information. |
| | Google's Supplemental Responses to Plaintiff's Interrogatory Nos. 1, 2, 3, and 4 | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| 98 | Plaintiffs' First Amended Consolidated Complaint | GRANTED. *See* ECF No. 68 (granting Sealing Motion as to Consolidated Complaint). Media Intervenors do not oppose this Sealing Motion. |
| 101 | Google's Opposition to Plaintiffs' Class Certification Motion | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to |

10

Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

| | | |
|---|---|---|
| | | Google. |
| | Kapadia Decl. | DENIED as to Page 2, Lines 1, 14, 18-28; Page 3, Lines 1, 27; Page 4, Line 13; Page 5, Lines 1-19; Page 6, Line 23; Page 7, Line 23; Page 8, Lines 15-17; Page 10, Lines 10-21. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| 102 | Stewart Decl. | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Stacy Kapadia Deposition | DENIED as to Page 39, Lines 14-15. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Brandon Long Deposition | DENIED as to Page 18. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| 103 | Chin Decl. | GRANTED as to Page 4. The redacted information relates to a specific number of accounts created. The number of accounts was not relevant to the issues decided in the Court's Order Denying Plaintiffs' Motion for Class Certification. DENIED as to the rest. The Court is not persuaded that disclosure of the number of times that certain webpages are viewed would cause competitive harm to Google. |
| 104 | Czubiak Decl. | DENIED. The Court is not persuaded that disclosure of the number of times that certain webpages are viewed would cause competitive harm to Google. |
| | Haamel Decl. | DENIED. The Court is not persuaded that disclosure of the number of times that certain webpages are viewed would cause competitive harm to Google. |
| | Stewart Decl. | GRANTED for the reasons stated above as to ECF No. 102. |
| | Stacy Kapadia Deposition | DENIED as to Page 39, Lines 14-15. GRANTED as to the rest. *See* ECF No. 102. |
| | Brandon Long Deposition | DENIED as to Page 18. GRANTED as to the rest (as stated above). *See* ECF No. 102. |
| 105 | Somvichian Decl. | DENIED. The Court is not persuaded that disclosure of this information would cause competitive harm to Google. |
| | Google's Fourth Supplemental Responses to Marquis' Interrogatories | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Google's Second Supplemental Responses to Plaintiffs' Interrogatory No. 5 | DENIED as to Page 6, Lines 8-9; Page 7, Lines 24-25; Page 8, Lines 12-21. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |

| | | |
|---|---|---|
| 112 | Reply in Support of Class Certification and Related Exhibits | DENIED AS MOOT. Google narrowed its request with respect to the sealing of Plaintiffs' Reply in support of the Motion for Class Certification and accompanying exhibits. *See* ECF No. 123. Accordingly, the Court rules on the documents subject to this Sealing Motion below. |
| 123 | Rommel Decl., Ex. VV | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Rommel Decl., Ex. WW | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates and ideas for improvements could cause competitive harm to Google. |
| | Rommel Decl., Ex. XX | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates and ideas for improvements could cause competitive harm to Google. |
| | Rommel Decl., Ex. CCC | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Rommel Decl., Ex. III | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Reply In Support of Class Certification | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Brandon Long Deposition | DENIED as to Page 38, Lines 1, 23-24; Page 39, Line 11, 15-16. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Brandon Long Deposition | DENIED as to Page 18; Page 20, Line 23. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Thompson Gawley Deposition | DENIED as to Page 111, Lines 1-5. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Google's Second Supplemental Responses to Plaintiffs' Interrogatory No. 5 | DENIED as to Page 6, Lines 8-9; Page 7, Lines 24-25; Page 8, Lines 12-21. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |

12
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

| | | |
|---|---|---|
| | Google's Second Supplemental Responses to Marquis' Interrogatories | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Google's Fourth Supplemental Responses to Marquis' Interrogatories | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Rommel Reply Decl., Ex. SS | GRANTED. The sealed materials are web addresses for internal documents that have no relevance to the causes of action at issue in this case. |
| | Rommel Reply Decl., Ex. TT | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because information regarding what material Google considers important to collect could create competitive harm to Google. |
| | Stacy Kapadia Deposition | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Matthew Green Reply Declaration | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Matthew Green Declaration | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Matthew Green Declaration in *Dunbar* | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| 130 | Plaintiffs' Motion to Supplement the Record[5] | DENIED. Google has not filed a declaration supporting the sealing of these documents. Even if it had, these documents contain no sealable information. |
| 141 | *Diamond v. Google* Class Certification Order | GRANTED. Google seeks to seal the sealed version of a non-final order of the Marin County Superior Court. The public version of this order is publicly available at ECF No. 141-2. This Court will follow the Marin County Superior Court's lead and seal the Marin County |

---

[5] The rulings in this order as to ECF Nos. 130, 141, and 156 relate only to the sealability of these documents. The Court already ruled on the underlying motions to supplement the record in the Order Denying Plaintiffs' Motion for Class Certification. *See* ECF No. 158 at 20-21 n.8.

13
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

| | | Superior Court's sealed, non-final order. |
|---|---|---|
| | Administrative Motion to Supplement the Record | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Matthew Green Deposition | DENIED as to Page 147, Line 15. GRANTED as to the rest because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| 156 | Plaintiffs' Administrative Motion for Leave to Supplement the Record in Support of Class Certification and accompanying documents | DENIED AS MOOT. Google narrowed its request with respect to the sealing of these documents. *See* ECF No. 162. Accordingly, the Court rules on the documents subject to this Sealing Motion below. |
| 162 | Plaintiffs' Administrative Motion for Leave to Supplement the Record in Support of Class Certification | GRANTED. The Court finds that Google's request is narrowly tailored. Google seeks to seal only four words. Moreover, compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Deepak Jindal Deposition | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Han Lee Deposition | GRANTED. The Court finds that Google's request is narrowly tailored, and compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |
| | Brandon Long Deposition | GRANTED. The Court finds that Google's request is narrowly tailored. Google seeks to seal only four words. Moreover, compelling reasons support sealing because disclosure of the specific ways that Gmail operates could cause competitive harm to Google. |

**D.    Hearing Transcript**

Google moves to seal portions of the transcript of the hearing on Plaintiffs' Motion for Class Certification. *See* ECF No. 163. Media Intervenors specifically oppose this Sealing Motion on the basis that statements made at a public hearing should not be sealable in the transcript after the fact. *See* ECF No. 164. The Court DENIES this Sealing Motion for the reasons stated below.

Both the Ninth Circuit and this Court have held that material that has been publicly disclosed cannot be protected. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 570 (9th Cir. 2008) ("Once paragraph 6 of Trial Exhibit 80 is released to the public, EA will be irreparably damaged in

14
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS

a way not correctable on appeal."); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-1846, 2012 WL 4936595 (N.D. Cal. Oct. 17, 2012) ("When the information is publicly filed, what once may have been trade secret no longer will be."). Recognizing this, district courts have been skeptical of motions to seal information disclosed at hearings open to the public. *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. 09-1531, 2012 WL 1432519, at *3-8 (D. Ariz. Apr. 25, 2012) (concluding after a detailed analysis that ex post facto sealing would not be appropriate and noting that "it cannot be said that the parties are seeking to retain the secrecy of any of the information disclosed in the transcripts, for this information has already entered the public domain. There is thus an inherent logical dilemma underlying the parties' requests because information that has already entered the public domain cannot in any meaningful way be later removed from the public domain."); *Pfizer, Inc. v. Teva Pharm. USA, Inc*., No. 08-1331, 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record*. Ex-post facto sealing should not generally be permitted" (internal citations omitted; emphasis in original)).

Ex post facto sealing is even less appropriate here, where Google and Plaintiffs explicitly reached an agreement as to the scope of the hearing and the extent to which otherwise confidential information could be publicly discussed. In fact, Google made the following representations in support of its Sealing Motions of the documents discussed above: "the parties agreed to proceed with the class certification hearing in this case without any restriction on the use of confidential information. Throughout the course of the two-hour argument, Plaintiffs had every opportunity to present their class certification theories as they saw fit, with no limitations or restrictions on the scope of information that they could discuss. The Media Intervenors cannot claim that Google's sealing requests will somehow impede their ability to understand and report on the class certification issues in this case, when there has already been a fully public airing of the issues raised by Plaintiffs' motion for class certification." ECF No. 145 at 8.

In sum, where, as here, the parties did not request closure of the courtroom, Google explicitly represented that the open nature of the hearing supported its request to seal documents associated with the briefing, and the disclosures were not inadvertent, the Court will not permit an ex post facto redaction of statements made in open court in the transcript.

## IV. MISCELLANEOUS ADMINISTRATIVE MOTIONS

The Court rules as follows on the other administrative motions that are pending:

- The Court GRANTS Plaintiffs' Motion to Remove ECF No. 96. *See* ECF No. 97. Plaintiffs have refiled the document, which was not properly redacted, at ECF No. 98.
- The Court GRANTS Plaintiffs' Motion to Remove ECF No. 112-3. *See* ECF No. 121. Plaintiffs have refiled the document, which was not properly redacted, at ECF No. 122.
- The Court GRANTS the motions to submit recent decisions and to supplement the record. *See* ECF Nos. 110; 119. The Court considered these documents in its Order Denying Google's Motion for Leave to Appeal. *See* ECF No. 129.

## V. CONCLUSION

The Court GRANTS Media Intervenors' Motion to Intervene, GRANTS IN PART and DENIES IN PART the Sealing Motions, and GRANTS the other pending administrative motions for the reasons stated above.

**IT IS SO ORDERED.**

Dated: August 6, 2014

_____
LUCY H. KOH
United States District Judge

16
Case No.: 13-MD-02430-LHK
ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTIONS; GRANTING MOTION TO INTERVENE; GRANTING MISCELLANEOUS ADMINISTRATIVE MOTIONS